Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn (*Pro Hac Vice* application pending)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs*
*and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN AND LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>                         Plaintiffs,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation; PEOPLECONNECT INC., a California Corporation; CLASSMATES MEDIA CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>                         Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF CAL. CIV. CODE § 3344, AND CAL. BUS. & PROF. CODE § 17200, INTRUSION UPON SECLUSION, UNJUST ENRICHMENT<br><br><u>CLASS ACTION</u><br><br>**<u>JURY TRIAL DEMANDED</u>** |

1.     Plaintiffs MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, by and through their attorneys, make the following allegations on information and belief, except as to factual allegations pertaining to Plaintiffs, which are based on personal knowledge.

## INTRODUCTION

2.     Plaintiffs bring this class action complaint against PEOPLECONNECT, INC.; PEOPLECONNECT INC.; CLASSMATES MEDIA CORPORATION; and DOES 1 through 50, inclusive (collectively, "Classmates") for knowingly misappropriating the names, photographs, and likenesses of Plaintiffs and the class; knowingly using those names, photographs, and likenesses to advertise its products and services, including reprinted yearbooks and subscription memberships to the website Classmates.com; and knowingly using those names, photographs, and likenesses on and in reprinted yearbooks and the website Classmates.com, without obtaining prior consent from Plaintiffs and the class.

3.     Classmates' business model relies on extracting personal information from school yearbooks, including names, photographs, schools attended, and other biographical information. Classmates aggregates the extracted information into digital records that identify specific individuals by name, photograph, and other personal information, and stores the digital records in a massive online database. Classmates provides free access to some of the personal information in its database in order to drive users to purchase its two paid products – reprinted yearbooks that retail for up to $99.95, and a monthly subscription to Classmates.com that retails for up to $3 per month – and to gather registered users, from whom Classmates profits by selling targeted ads.

4.     According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the Collection contains records corresponding to millions of Californians.

5.     Classmates has not received consent from, given notice to, or provided compensation to the millions of Californians whose names, photographs, biographical

information, and identities appear in its Classmates Yearbook Collection.

6.      The names, photographs, cities of residence, schools attended, likenesses, and identities contained in the Classmates Yearbook Collection uniquely identify specific individuals.

7.      Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection to advertise, sell, and solicit the purchase of reprinted yearbooks, which retail for up to $99.95, and its "CM+" subscription membership, which retails for up to $3 per month.

8.      Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection to advertise the free version of its website, which is available to both unregistered users and registered non-paying users. Classmates derives profit from the free version of its website by (1) selling targeted ads; (2) driving users of the free version to purchase its paid products and services; and (3) on information and belief, selling the personal information it collects from registered and unregistered users to third parties.

9.      Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection on and in its products and services, by (1) selling reprinted yearbooks that contain the records; (2) selling access to the records to paying subscribers via its CM+ online membership plan; and (3) including these records on the free version of its website that is available to unregistered users and registered non-paying users.

10.     By misappropriating and misusing millions of Californian's names, photographs, and likenesses without consent, Classmates has harmed Plaintiffs and the class by denying them the economic value of their likenesses, violating their legally protected rights to exclusive use of their likenesses, and violating their right to seclusion. Classmates has also earned ill-gotten profits and been unjustly enriched.

11.     These practices, as further detailed in this complaint, violate the California right to publicity as codified in Cal. Civ. Code § 3344; the California Unfair Competition Law, Cal.

Bus. & Prof. Code § 17200 *et seq.*; California's common law right protecting against Intrusion upon Seclusion; and California Unjust Enrichment law.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative class are citizens of a state different from at least one defendant. According to available public records, defendant PeopleConnect Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. The class members are residents of California. (B) The proposed class consists of at least 100 members. Classmates advertises that its Classmates Yearbook Collection comprises records collected from "over 400,000 yearbooks." While Classmates does not publish statistics concerning the total number of records in each yearbook, or a breakdown by state, a conservative estimate would place the number of individual records corresponding to Californians in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Cal. Civ. Code § 3344 provides for damages equal to the greater of $750 per violation, the actual damages suffered by Plaintiffs, or the profits earned by Defendants attributable to the unauthorized use. Given millions of likely records in California, the amount in controversy is well over the jurisdictional amount.

13.     This Court has personal jurisdiction over the claims of Plaintiffs and the non-named class members. Classmates maintains substantial connections to the state of California and this district. Classmates maintains an office in Woodland Hills, California. Classmates advertises its products and services to prospective customers in this state and district, provides its products and services to existing customers in this state and district, and uses the misappropriated names, photographs, likenesses, images, and identities of residents of this state and district as described in this complaint.

14.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district. A substantial portion of the class members reside in this state and district. Named Plaintiff Lawrence Geoffrey Abraham resides in this district.

**INTRADISTRICT VENUE**

15.     Venue in this Division of the Northern District is proper because a substantial part of the events or omissions which give rise to the claim occurred in San Francisco County and because Plaintiff Lawrence Geoffrey Abraham lives in San Francisco.

**PARTIES**

**Defendant Classmates**

16.     Defendant PEOPLECONNECT, INC. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," and other brand names associated with the various website and services it owns and operates. It conducts business throughout this district, California, and the United States. PeopleConnect, Inc. owns and operates the website Classmates.com.

17.     Defendant PEOPLECONNECT INC. is a California corporation with its headquarters in Seattle, Washington. Defendant CLASSMATES MEDIA CORPORATION is a Delaware corporation with its headquarters in Woodland Hills, California.

18.     There are many related entities associated with the Classmates.com website. Plaintiffs are ignorant of which additional related entities were involved in the wrongdoing alleged herein. Plaintiffs therefore sues these Doe Defendants by fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of these fictitiously named Doe Defendants when they are ascertained. Each of the fictitiously named Doe Defendants is responsible for the conduct alleged in this Complaint and Plaintiffs' damages were actually and proximately caused by the conduct of the fictitiously named Doe Defendants.

**Plaintiff Lawrence Geoffrey Abraham**

19.     Plaintiff Lawrence Geoffrey Abraham is a resident of San Francisco, California. Mr. Abraham is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

20.     Mr. Abraham has never provided consent to Classmates, written or otherwise, for the use of his name, photograph, or likeness.

21.     Classmates has never notified, requested consent, or provided compensation to

Mr. Abraham for its appropriation of his name, photograph, and likeness. Mr. Abraham first became aware that his personal information and photographs are being used by Classmates through the investigation of this lawsuit.

22. Classmates' Yearbook Collection contains sixteen unique records corresponding to Mr. Abraham, all from yearbooks between the years of 1998 and 2004 from Albuquerque Academy in Albuquerque, New Mexico, where Mr. Abraham attended school. The records uniquely identify Mr. Abraham. All sixteen records include his full name and clearly identify his place of residence and school he attended. Eleven of the records include photographs in which Mr. Abraham's face is plainly visible and identifiable. Various of the records identify Mr. Abraham's participation in school activities such as track, cross country, and chess club. A representative sample of the photographs from three of these records appear as screen captures below:









23.     Classmates has and continues to knowingly use the records containing Mr. Abraham's name, photograph, and likeness to advertise, sell, and solicit the purchase of reprinted yearbooks. Users of the Classmates.com website are encouraged to enter the names of people they may know into a search bar. The search bar is indicated by an arrow labeled "Start your search here!" and promises promotional pricing on reprinted yearbooks that contain a relative, significant other, or friend.



24.     Users who enter Mr. Abraham's name receive in response a list of the sixteen records in Classmates' Yearbook Collection corresponding to Mr. Abraham. All Classmates users may search for Mr. Abraham's name and view this list, including unregistered users, registered non-paying users, and paying subscribers.



25.     When users click to view any of the records corresponding to Mr. Abraham, Classmates displays at least two forms of advertisement encouraging them to buy a copy of a reprinted yearbook containing Mr. Abraham's name, image, and likeness. First, Classmates displays a page showing the photograph of Mr. Abraham and his name, accompanied by a link marked "Own this yearbook today," which leads to a page soliciting the purchase of the

yearbook for $99.95:





26. Second, for users who do not click the link but instead continue to browse through Mr. Abraham's photographs, upon their third attempt to load a photograph, Classmates displays a pop-up window prompting the user to "Buy now" a "Hardcover Reprint" of the yearbook containing Mr. Abraham's name, photograph, and likeness for $99.95.



27. Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness to advertise, sell, and solicit the purchase of paid subscriptions to its "CM+" membership plan. Users may search for and view records containing Mr. Abraham's name, photograph, and likeness. For unregistered users and registered non-paying users, Classmates displays both the requested records and at least two forms of advertisement designed to solicit the purchase of a paid subscription to Classmates for a price ranging from $1.50 to $3 per month. First, adjacent to the list of records containing Mr. Abraham's name, photograph, and likeness, Classmates displays an advertisement prompting the user that "It's time to upgrade!" and promising several benefits to paying subscribers, including discounted prices on yearbook reprints. Users who click the link are brought to a page soliciting the purchase of a paid subscription membership.



28.     Second, unregistered users are initially shown a low-resolution version of Mr. Abraham's photograph. Unregistered users who click on Mr. Abraham's photograph looking for a higher-resolution version are shown a pop-up asking them to register in order to view "full-size yearbooks."



29.     Once users have entered the requested information, Classmates displays a second screen soliciting the purchase of a paid subscription plan, for prices ranging from $1.50 to $3. Although users do not have to pay for a subscription to view full-resolution records, Classmates does everything in its power to obscure this and make the user believe they must pay to continue. The screen is visually dominated by prompts asking users to select a paid plan and enter credit card or other payment information. A link titled "No thanks" written in miniscule font at the far top right corner of the page is the only indication users may proceed without paying money.



30.     Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness to advertise registered memberships on its website. Registered memberships are free of charge, but registered users must provide personal information including their high school, year of graduation, name, and email address. Classmates earns money from registered members by displaying targeted ads on its website. Upon information and belief, Classmates also earns money from registered members by selling their personal information to third parties.

31.     Users may search for and view records containing Mr. Abraham's name, photograph, and likeness. Unregistered users are initially shown low-resolution versions of Mr. Abraham's photographs. Unregistered users who click on a photograph of Mr. Abraham looking for a "zoomed-in" higher-resolution version are shown a pop-up soliciting them to register and promising that registration will bring benefits including "access to all yearbooks" and the ability to view "full-sized yearbooks."

32.     Classmates' purpose in appropriating and providing access to Mr. Abraham's name, photograph, and likeness on its website is to advertise, sell, and solicit the purchase of its products and services, including its yearbook reprints, paid subscription "CM+" membership plan, and non-paying registered membership plan.

33.     Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness on and in its products and services by (1) selling reprinted yearbooks that contain Mr. Abraham's name, photograph, and likeness; (2) selling access to online records containing Mr. Abraham's name, photograph, and likeness to paying subscribers of its CM+ membership plan; and (3) including online records containing Mr. Abraham's name, photograph, and likeness on the free version of its website available to unregistered users and registered non-paying users.

34.     Through its actions, Classmates has caused harm to Mr. Abraham by depriving him the fair economic value of his likeness; violating his exclusive right to control his likeness; and violating his right to freedom from intrusion upon seclusion. Classmates has earned ill-gotten profits and been unjustly enriched through its use of Mr. Abraham's name, photograph, and likeness.

**Plaintiff Meredith Callahan**

35.     Plaintiff Meredith Callahan (née Whipple) is a resident of the city of Del Mar in San Diego County, California. Ms. Callahan is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

36.     Ms. Callahan has never provided consent to Classmates, written or otherwise, for the use of her name, photograph, or likeness.

37.     Classmates has never notified, requested consent, or provided compensation to Ms. Callahan for its appropriation of her name, photograph, and likeness. Ms. Callahan first became aware that her personal information and photographs are being used by Classmates through the investigation of this lawsuit.

38.     Ms. Callahan is a published author and runs a coaching and consulting business. The image she presents online contributes to her book sales and forms a significant part of the brand and value of her business. She has a professional interest in maintaining her image and exerting control over how her name and image is used.

39.     Classmates' Yearbook Collection contains thirty-six unique records corresponding to Ms. Callahan, all from yearbooks between the years of 1996 and 1999 from Northern High School in Port Huron, Michigan, where Ms. Callahan attended school. The records uniquely identify Ms. Callahan. All thirty-six records include her full name and clearly identify her place of residence and school she attended. Thirty of the records include photographs in which Ms. Callahan's face is plainly visible and identifiable. Various of the records identify Ms. Callahan's participation in school activities such as ski club, Students Against Drunk Driving, student council, cross country, and quiz bowl. A representative sample of the photographs from three of these records appear as screen captures below:







40.     Classmates has and continues to knowingly use these records containing Ms.

Callahan's name, photograph, and likeness to advertise, sell, and solicit the purchase of

reprinted yearbooks. Users of the Classmates.com website are encouraged to enter the names of people they may know into a search bar. The search bar is indicated by an arrow labeled "Start your search here!" and promises promotional pricing on reprinted yearbooks that contain a relative, significant other, or friend.

41. Users who enter Ms. Callahan's name receive in response a list of the thirty-six records in Classmates' Yearbook Collection corresponding to Ms. Callahan (the search returns thirty-eight results, but two of those results do not in fact correspond to Ms. Callahan). All Classmates users may search for Ms. Callahan's name and view this list, including unregistered users, registered non-paying users, and paying subscribers. Immediately adjacent to the list of records corresponding to Ms. Callahan, Classmates displays an advertisement soliciting the purchase of a yearbook containing Ms. Callahan's photograph. The advertisement promises "Free shipping on the 1999 Northern High School yearbook."



42. When users click to view any of the records corresponding to Ms. Callahan, Classmates displays at least two additional forms of advertisement encouraging them to buy a copy of a reprinted yearbook containing Ms. Callahan's name, image, and likeness. First,

Classmates displays a page showing the photograph of Ms. Callahan and her name, accompanied by a link marked "Own this yearbook today," which leads to a page soliciting the purchase of the yearbook for $99.95:





43.     Second, for users who do not click the link but instead continue to browse through Mr. Callahan's photographs, upon their third attempt to load a photograph, Classmates displays a pop-up window prompting the user to "Buy now" a "Hardcover Reprint" of the yearbook containing Ms. Callahan's name, photograph, and likeness for $99.95.



44.     Classmates has and continues to knowingly use the thirty-six records containing Ms. Callahan's name, photograph, and likeness to advertise, sell, and solicit the purchase of paid subscriptions to its "CM+" membership plan. Users may search for and view records containing Ms. Callahan's name, photograph, and likeness. For unregistered users and registered non-paying users, Classmates displays both the requested records and at least two forms of advertisement designed to solicit the purchase of a paid subscription to Classmates for a price ranging from $1.50 to $3 per month. First, Classmates displays an advertisement prompting the user that "It's time to upgrade!" and promising several benefits to paying subscribers, including discounted prices on yearbook reprints. Users who click the link are

brought to a page soliciting the purchase of a paid subscription membership.



45.     In an alternate version of this advertisement, Classmates solicits the purchase of the specific Northern High School Yearbook in which Ms. Callahan's photo appear, identifying the yearbook as a "Northern High School yearbook" and displaying the cover and a page from the interior of the yearbook:



46.     Second, unregistered users are initially shown a low-resolution version of Ms. Callahan's photograph. Unregistered users who click on Ms. Callahan's photograph looking for a higher-resolution version are shown a pop-up asking them to register in order to view "full-size yearbooks."



47.     Once users have entered the requested information, Classmates displays a second screen soliciting the purchase of a paid subscription plan, for prices ranging from $1.50 to $3. Although users do not have to pay for a subscription to view full-resolution records, Classmates does everything in its power to obscure this and make the user believe they must pay to continue. The screen is visually dominated by prompts asking users to select a paid plan and enter credit card or other payment information. A link titled "No thanks" written in miniscule font at the far top right corner of the page is the only indication users may proceed without paying money.



48.     Classmates has and continues to knowingly use the thirty-six records containing Ms. Callahan's name, photograph, and likeness to advertise registered memberships on its website. Registered memberships are free of charge, but registered users must provide personal information including their high school, year of graduation, name, and email address. Classmates earns money from registered members by displaying targeted ads on its website. Upon information and belief, Classmates also earns money from registered members by selling

their personal information to third parties.

49.     Users may search for and view records containing Ms. Callahan's name, photograph, and likeness. Unregistered users are initially shown low-resolution versions of Ms. Callahan's photographs. Unregistered users who click on a photograph of Ms. Callahan looking for a higher-resolution version are shown a pop-up soliciting them to register and promising that registration will bring benefits including "access to all yearbooks" and the ability to view "full-sized yearbooks."

50.     Classmates' purpose in appropriating and providing access to Ms. Callahan's name, photograph, and likeness on its website is to advertise, sell, and solicit the purchase of its products and services, including its yearbook reprints, paid subscription "CM+" membership plan, and non-paying registered membership plan.

51.     Classmates has and continues to knowingly use the records containing Ms. Callahan's name, photograph, and likeness on and in its products and services by (1) selling reprinted yearbooks that contain Ms. Callahan's name, photograph, and likeness; (2) selling access to online records containing Ms. Callahan's name, photograph, and likeness to paying subscribers of its CM+ membership plan; and (3) including online records containing Ms. Callahan's name, photograph, and likeness on the free version of its website available to unregistered users and registered non-paying users.

52.     Through its actions, Classmates has caused harm to Ms. Callahan by depriving her the fair economic value of her likeness; violating her exclusive right to control her likeness; and violating her right to freedom from intrusion upon seclusion. Classmates has earned ill-gotten profits and been unjustly enriched through its use of Ms. Callahan's name, photograph, and likeness.

### STATEMENT OF COMMON FACTS

53.     Classmates' business model relies on collecting personal information from hundreds of thousands of school yearbooks. Classmates scans yearbooks into a digital format, then extracts personal information including names, photographs, schools attended, years of attendance, cities of residence, and biographical details. Classmates aggregates the extracted

information into digital records associated with specific individuals. Classmates then uses the records to advertise and sell its products and services. Those products and services include reprinted yearbooks, which Classmates sells for up to $99.95, and subscription memberships to the website Classmates.com, which Classmates sells for up to $3 per month.

54.     According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the class includes millions of Californians whose names, photographs, and likenesses appear in the Classmates Yearbook Collection.

55.     Classmates did not ask consent from, given notice to, or provide compensation to Plaintiffs or the class before using their names, photographs, and biographical information.

56.     The names, photographs, cities of residence, likeness, and identities that Classmates aggregates into individual records uniquely identify specific individuals.

57.     Classmates knowingly uses the names, photographs, and likenesses of Plaintiffs and the class to advertise, sell, and solicit the purchase of its products and services, including (1) reprinted yearbooks; (2) its "CM+" subscription membership; and (3) the free version of its website, from which Classmates profits by selling targeted advertisements and driving users to its paid products and subscriptions.

58.     Classmates employs a variety of advertising techniques through which it exploits the names, photographs, and likenesses of Plaintiffs and the class, many of which are detailed in the Plaintiff-specific portion of this complaint. Across all of the advertising techniques it uses, Classmates seeks to translate its users' interest in seeing pictures of and learning personal details about Plaintiffs and the class, into the purchase of a Classmates product or service (or the use of a website from which Classmates drives profit).

59.     Classmates knowingly uses the names, photographs, and likenesses of Plaintiffs and the class on and in its products and services by including the records it has created about Plaintiffs and the class in the reprinted yearbooks it sells, and on its website.

60.     Although Classmates does not disclose how it created its Yearbook Collection,

there is a section of the Classmates website encouraging users to donate old yearbooks to Classmates. At least some, and possibly all, of its Yearbook Collection was built via such donations.

61.     With the exception of the implied consent of the donor (who may or may not personally appear in the donated yearbook), Classmates makes no attempt to contact or gain the consent of the people whose names, photographs, likenesses, biographical information, and identifies appear in a donated yearbook. Classmates does not require or even suggest the donor should ask the consent of the people who appear in the yearbook to have their names, photographs, and images digitally extracted and aggregated into records sold and used for advertising by Classmates.

62.     The vast majority of people whose personal information Classmates has digitally extracted and aggregated in its Classmates Yearbook Collection have no business relationship with Classmates, are not Classmates subscribers, and are not subject to a Terms of Service or any other agreement with Classmates.

63.     Through its actions, Classmates has caused harm to Plaintiffs and the class by depriving them the fair economic value of their likenesses; violating their exclusive rights to control their likenesses; and violating their rights to freedom from intrusion upon seclusion. Classmates has earned ill-gotten profits and been unjustly enriched through its use of the names, photographs, and likenesses of Plaintiffs and the class.

64.     Classmates knowing misappropriation of names, likenesses, photographs, and other personal information, and use of those names, likenesses, photographs, and other personal information in selling and advertising its products and services, violates California's Right of Publicity statute, Cal. Civ. Code § 3344; the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.; California's common law right protecting against Intrusion upon Seclusion; and California Unjust Enrichment law.

## CLASS ALLEGATIONS

65.     Plaintiffs bring this complaint on behalf of themselves and a class of all California residents who (a) are not currently subscribers of any Classmates services, (b) have

never donated a yearbook to Classmates, and (c) whose names, photographs, and/or likenesses were extracted from yearbooks by Classmates and placed on the Classmates website as part of its Yearbook Collection, without Classmates obtaining their consent. Excluded from the class are (a) Plaintiffs' counsel; (b) Classmates, its officers and directors, counsel, successors and assigns; (c) any entity in which Classmates has a controlling interest; and (d) the judge to whom this case is assigned and the judge's immediate family.

66.     The members of the proposed class are so numerous that joinder of individual claims is impracticable. Classmates represents that its Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the names and likeness of hundreds, sometimes thousands of individuals. Even accounting for the fact that only a portion of the yearbooks are from California, that some individuals in Classmates' database are deceased or no longer reside in California, and that the class excludes current Classmates subscribers (Classmates has about 4 million subscribers worldwide), the class likely numbers in the millions.

67.     There are significant questions of fact and law common to the members of the class. These issues include:

     a.  Whether Classmates' extraction and aggregation of personal information about Plaintiffs and the class members, including names, yearbook photographs, yearbook years, cities of residence, schools attended, and interest and hobbies, in its Classmates Yearbook Collection, and selling of that information via reprinted yearbooks and paid subscription plans, constitute the knowing use of another's name, photograph, or likeness, in any manner, on or in products, merchandise or goods within the meaning of Cal. Civ. Code § 3344;

     b.  Whether Classmates' extraction and aggregation of personal information about Plaintiffs and the class members, including names, yearbook photographs, yearbook years, cities of residence, schools attended, and interests and hobbies, and use of that information in the advertising techniques described in this complaint, constitutes the knowing use of another's name, photograph, or

likeness for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services, within the meaning of Cal. Civ. Code § 3344;

c. Whether Plaintiffs and the class consented to the use of their names, photographs, and likenesses in Classmates products and advertisements;

d. Whether Classmates' use of names, photographs, and likeness constitutes a use in connection with news or public affairs for which consent is not required;

e. Whether Classmates' conduct as described in this complaint violated California's Unfair Competition Law;

f. Whether Classmates was unjustly enriched as a result of the conduct described in this complaint; and

g. Whether Plaintiffs and members of the class are entitled to injunctive, declaratory and monetary relief as a result of Classmates' conduct as described in this complaint.

68. Plaintiffs' claims are typical of those of the proposed class. Plaintiffs and all members of the proposed class have been harmed by Classmates misappropriation and misuse of their names, likenesses, photographs, and other personal information.

69. The proposed class representatives will fairly and adequately represent the proposed class. The class representatives' claims are co-extensive with those of the rest of the class, and they are represented by qualified counsel experienced in class action litigation of this nature.

70. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed class is impracticable. Many members of the class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute

concerning Classmates' common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

71.     The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Classmates has acted on ground generally applicable to the proposed class, such that final injunctive and declaratory relief is appropriate with respect to the class as a whole.

72.     The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

## FIRST CAUSE OF ACTION
### (Cal. Civ. Code § 3344)

73.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

74.     California's Right of Publicity Statute, California Civil Code § 3344, prohibits and provides damages for the knowing misappropriation of a name, voice, signature, photograph, or likeness in advertising or soliciting without prior consent.

75.     By engaging in the forgoing acts and omissions, Classmates knowingly used class members' names, photographs, and likenesses in its products and services for the purpose of advertising and selling its services, without class members' consent.

76.     Each use of a class member's name, photograph, or likeness is a separate and distinct violation of California Civil Code § 3344 giving rise to damages.

77.     Plaintiffs seek declaratory, injunctive, and monetary damages for themselves and on behalf of each member of the proposed class as provided for in California Civil Code § 3344, including statutory damages equal to the greater of $750 per violation, actual damages, or profits from Classmates' illegal actions, punitive damages, and the award of attorneys' fees and costs in the event Plaintiffs prevail in this action.

78. Defendants, and each of them, have been guilty of oppression, fraud, and/or malice and despicable conduct warranting an award of exemplary and/or punitive damages under the provisions of Cal. Civ. Code § 3294. The foregoing conduct has been approved, authorized and/or ratified by each Defendants' officers, directors and/or managing agents as required by the provisions section 3294.

\\\

\\\

## SECOND CAUSE OF ACTION
### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

79. Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

80. Classmates has and is engaged in unfair competition, as that term is defined in the California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq.* ("UCL").

81. As described in this complaint, Classmates' misappropriation and use without consent of Plaintiffs' and class members' names, photographs, likenesses, and personal information is a violation of California's Right to Publicity Statute, Cal. Civ. Code § 3344.

82. By engaging in the conduct described in this complaint and violating California law, Classmates engaged in and continues to engage in "unlawful" business acts and practices prohibited by the UCL.

83. By engaging in the conduct described in this complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, Classmates engaged in and continues to engage in "unfair" business acts and practices prohibited by the UCL.

84. As a result of Classmates' actions, Plaintiffs and the class have been injured. Plaintiffs and members of the class each lost the economic value of their likenesses, their exclusive right to control their likenesses, and their freedom from intrusion upon seclusion. Plaintiffs and members of the class also lost the right to refuse consent and protect their privacy, as guaranteed by California law.

## THIRD CAUSE OF ACTION
### (Intrusion Upon Seclusion)

85.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

86.     Plaintiffs and class members have a reasonable expectation of privacy in their personal information, including their photographs and biographical details.

87.     Classmates intentionally intruded on the seclusion of Plaintiffs and the class by appropriating their names, likeness, photographs, and biographical information, and using the appropriated information to advertise and sell online services.

88.     Classmates' misuse of personal information reveals private facts in which a reasonable person would expect privacy. It maintains, sells, and advertises using records that reveal intimate details about subjects' private lives, including ages, locations, biographical details, and photographs.

89.     Plaintiffs and members of the class were harmed by Classmates' intrusion into their private affairs as detailed in the compliant.

90.     Among other remedies, Plaintiffs and members of the class seek damages, including punitive damages in light of Classmates' conscious disregard of Plaintiffs' and class members privacy rights and exploitation of their personal information for profit.

91.     Defendants, and each of them, have been guilty of oppression, fraud, and/or malice and despicable conduct warranting an award of exemplary and/or punitive damages under the provisions of Cal. Civ. Code § 3294. The foregoing conduct has been approved, authorized and/or ratified by each Defendants' officers, directors and/or managing agents as required by the provisions section 3294.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

92.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

93.     Plaintiffs and members of the class have conferred an unwarranted benefit on Classmates. Classmates' business model centers around using personal information that

rightfully belongs to Plaintiffs and members of the class to sell its products and services. Classmates uses the personal information it misappropriated without consent. Each sale of a reprinted yearbook that contains records that rightfully belong to class members, each "CM+" subscription sold to users who then gain access to records that rightfully belong to class members, and all advertising revenue collected from the delivery of ads on pages displaying records that rightfully belong to class members, represents an unwarranted benefit conferred upon Classmates by the class.

94. Under principles of equity and good conscience, Classmates should not be permitted to retain the benefits it gained by its actions.

95. Plaintiffs and members of the class have suffered loss as a direct result of Classmates' conduct.

96. Among other remedies, Plaintiffs, on their own behalf and on behalf of absent class members, seek the imposition of a constructive trust and restitution of proceeds Classmates received as a result of the conduct described in this complaint, as well as an award of attorneys' fees, costs, and interest pursuant to Cal. Civ. Proc. Code § 1021.5.

## PRAYER FOR RELIEF

97. WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situation, hereby demand judgment against Defendant Classmates as follows:

(a) For an order certifying the proposed class and appointing Plaintiffs and their counsel to represent the class;

(b) For a declaration that Classmates' acts and omissions constitute a knowing misappropriation of names, likeness, photographs, and other personal information, and infringe on protected privacy rights, in violation of California law;

(c) For preliminary and permanent injunctive relief enjoining and preventing Classmates from continuing to operate its Classmates website and expand its databases without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(d) For an order enjoining Classmates from continuing the unlawful and unfair conduct described in this complaint;

(e) For restitution for Plaintiffs and members the class for the value that Defendants derived from misappropriating their likenesses;

(f) For an award of damages, including without limitation damages for actual harm, profits earned by Classmates, and statutory damages;

(g) For an award of reasonable attorneys' fees and costs incurred by Plaintiffs and the class members; and

(h) For an award of other relief in law and equity to which Plaintiffs and the class members may be entitled.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: December 17, 2020

By:       /s/ Michael F. Ram
Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (To be admitted *Pro Hac Vice*))
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs*
*and the Proposed Class*