**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar. No. 269109)
kspelman@jenner.com
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone:  213 239-5100
Facsimile:   213 239-5199


**JENNER & BLOCK LLP**
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
353 North Clark Street
Chicago, Illinois 60654
Telephone:  312 222-9350
Facsimile:   312 527-0484

Attorneys for Defendant
PeopleConnect, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN AND LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation; PEOPLECONNECT INC., a California Corporation; CLASSMATES MEDIA CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:20-cv-09203-EMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF PEOPLECONNECT, INC.'S MOTION TO DISMISS**<br><br>Complaint Filed: December 18, 2020<br><br>Hearing Date: April 29, 2021<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5 |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on April 29, 2021 at 1:30 p.m., or as soon thereafter as the Court is available, in Courtroom 5 of the federal courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant PeopleConnect, Inc. ("PeopleConnect") will and hereby does move the Court stay discovery pending resolution of Defendant's Motion to Dismiss.

PeopleConnect's motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the concurrently-filed Motion to Dismiss, Request for Judicial Notice and exhibits attached thereto, any additional briefing on this subject, and any evidence and arguments that will be presented to the Court at the hearing on this matter.

Dated: March 19, 2021                           JENNER & BLOCK LLP


By: */s/ Kate T. Spelman*
Kate T. Spelman
Debbie L. Berman
Wade A. Thomson

Attorneys for Defendant
PeopleConnect, Inc.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether discovery should be stayed in this matter until the Court has an opportunity to resolve PeopleConnect's Motion to Dismiss.

Defendant PeopleConnect, Inc. ("PeopleConnect") respectfully requests that the Court stay discovery in this matter until the Court's ruling on PeopleConnect's pending motion to dismiss. Counsel for Plaintiffs have informed Defendant that they oppose the request for relief in this motion.

A stay of discovery pending resolution of Defendant's motion to dismiss is appropriate because the motion to dismiss raises important threshold issues of constitutional and statutory immunity that would dispose of the entire case. Indeed, it is almost *certain* to be dispositive of the entire case, as Judge Beeler recently dismissed a virtually identical lawsuit bringing the same claims, regarding the same conduct, filed by these same Plaintiffs against *Ancestry.com* based on the defendant's immunity from suit under Section 230 of the Communications Decency Act ("CDA"). *See Callahan v. Ancestry.com*, No. 20-CV-8437, 2021 WL 783524 (N.D. Cal. Mar. 1, 2021). The cases are so similar that if (and when) that decision becomes final in the coming weeks, Plaintiffs likely will be estopped from disputing that Section 230 bars their claims here. Defendant raises the same immunity argument in their pending motion to dismiss and, crucially, the benefits of such immunity would be significantly diminished if Defendant were compelled to engage in discovery before their motion is decided.

But that is not all. Defendant raises four entirely dispositive issues, including that Plaintiffs agreed to arbitrate their claims, Defendant is entitled to CDA immunity, Defendant is entitled to First Amendment immunity, and Plaintiffs' claims are barred as by the California anti-SLAPP statute, any one of which if accepted by the Court would be sufficient to warrant dismissal of Plaintiffs' complaint in its entirety. So there clearly is a "potential" for Defendant's motion to dispose of this entire matter. Moreover, the motion to dismiss can be resolved without the expense and burden of discovery. For these reasons, this Court should stay discovery pending resolution of Defendant's motion to dismiss.

## **BACKGROUND**

The full background of this action is set forth in PeopleConnect's pending motion to dismiss. *See* ECF No. 26 ("MTD"). Plaintiffs Meredith Callahan and Lawrence Geoffrey Abraham ("Plaintiffs"), in pursuit of a putative class action, filed a Complaint asserting four causes of action against PeopleConnect, Inc. stemming from the operation of Classmates.com, a large online library of digitized yearbooks. Class Action Complaint ¶¶ 73–96, ECF No. 2 ("Compl."). The causes of action include: (1) violation of

California's Right of Publicity Statute, Cal. Civ. Code § 3344; (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et. seq.* ("UCL"); (3) intrusion upon seclusion; and (4) unjust enrichment. Compl. ¶¶ 73–96.

Defendant has moved to dismiss that complaint on four grounds, any one of which would be sufficient to resolve the entire matter. First, because Plaintiffs agreed to litigate their disputes with Defendant in arbitration, rather than in federal court litigation. Second, because Section 230 of the Communications Decency Act makes Defendant immune from all of Plaintiffs' claims. Third, because the First Amendment also makes Defendant immune from suit. Fourth, because Plaintiffs' complaint is a SLAPP, dismissible under California law. Defendant also has argued that three of Plaintiffs' four claims are preempted by Section 301 of the Copyright Act and that Plaintiffs have failed to plausibly allege a viable theory for relief as to all four of their claims.

Defendant is now seeking an order staying discovery until this Court has had opportunity to resolve their motion to dismiss. They are doing so because it would be needlessly burdensome to require discovery while Defendant's strong legal arguments are pending before the Court.

## **ARGUMENT**

"Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)). "Second, the court must determine whether the pending motion can be decided absent discovery." *Id.* (citing *Pac. Lumber Co.*, 220 F.R.D. at 352.) Both prongs are met here.

*First*, the motion to dismiss "has the potential to be dispositive." *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (granting discovery stay where "every claim in [the] complaint would be subject to dismissal" if motion to dismiss were granted); *see also In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (granting discovery stay where a "motion to dismiss present[ed] strong arguments for dismissal" on one defendant's set of claims). Defendant has moved to

dismiss based on a range of arguments, any one of which would be dispositive of the entire case—namely, that Plaintiffs have entered into a binding agreement to arbitrate their claims against Defendant, that Section 230 of the Communications Decency Act and the First Amendment bar Plaintiffs' claims, and that Plaintiffs' lawsuit amounts to an unlawful SLAPP suit prohibited by California law. Defendant's additional arguments—that three of Plaintiffs' four claims are preempted by the Copyright Act and that Plaintiffs have failed to plausibly allege *any* cause of action—also would be case dispositive should Defendant prevail. Significantly, Judge Beeler recently dismissed a *virtually identical* suit involving the same Plaintiffs, represented by the same legal counsel, bringing the same causes of action, regarding the same yearbooks. *See Callahan*, 2021 WL 783524. Thus, to the extent this Court is required to "take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted[,]" there clearly is a significant "potential[]" that Defendant's motion could resolve the entire matter. *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *1 (citation omitted).

In particular, Judge Beeler found that Plaintiffs' claims were not actionable because the defendants in that case had immunity under Section 230 of the Communications Decency Act. The fact that Judge Beeler's decision rests on a finding of immunity is significant because it is especially appropriate to stay discovery where, as here, a defendant's dispositive motion raises issues of immunity. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity."). It has long been recognized that immunity from suit is meant to immunize defendants not just from a potentially adverse judgment, but from the burdens of litigation entirely. *See, e.g., Dyroff v. Ultimate Software Grp., Inc.*, No. 17-CV-05359-LB, 2017 WL 5665670, at *11 (N.D. Cal. Nov. 26, 2017), *aff'd*, 934 F.3d 1093 (9th Cir. 2019) ("[S]ection 230 must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles.") (quoting *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008)). Permitting discovery before a court rules on immunity contravenes this long-established principle.

This principle is even more potent where, as in this case, a defendant raises a First Amendment defense. The First Amendment has been accepted as a basis to "immunize[]" defendants from "misappropriation claims." *New Kids On The Block v. News Am. Pub., Inc.*, 745 F. Supp. 1540, 1547 (C.D. Cal. 1990), *aff'd*, 971 F.2d 302 (9th Cir. 1992). This reflects the chilling effect inherent in any cause of action that seeks to impose liability for constitutionally protected speech. *See, e.g.*, *Reno v. Am. C.L. Union*, 521 U.S. 844, 871–72, (1997) ("[T]he CDA is a content-based regulation of speech. The vagueness of such a regulation raises special First Amendment concerns because of its obvious chilling effect on free speech."); *Occupy Fresno v. Cnty. of Fresno*, 835 F. Supp. 2d 849, 870–71 (E.D. Cal. 2011) (reasoning "[t]he chilling effect that both sections could have on speech is considerable" in evaluating "the public interest factor" in a constitutional challenge to ordinances prohibiting gathering and a "handbill ban"). Such a chilling effect is achieved any time the exercise of constitutionally protected triggers the burdens and intrusions inherent in discovery.[1]

Moreover, courts also often stay discovery pending resolution of motions to compel arbitration. *See, e.g.*, *Stiener v. Apple Comput., Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (collecting cases); *see also Arik v. Meyers*, No. 2:19-CV-01908-JAD-NJK, 2020 WL 515843, at *1, *3 (D. Nev. Jan. 31, 2020). This practice reflects that "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators" and it follows that "a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent." *Stiener*, 2007 WL 4219388, at *1 (citation omitted). So the fact that Defendant is arguing that Plaintiffs' agreed to arbitrate provides yet another reason for why it would be "prudent" to stay discovery in this matter until the motion to dismiss is resolved. *Id.*

---

[1] It is for this reason that California law provides for an *automatic* stay of discovery when an anti-SLAPP motion is filed. Cal. Civ. Proc. Code § 425.16(g); *see id.* § 425.16(a) (noting that "it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process"). While that rule does not extend to federal court under *Erie* principles, "[t]he conflict . . . is lessened" when, as in this case, "an anti-SLAPP motion challenges the legal sufficiency of Plaintiffs' claims (rather than the factual basis for the claims), and is thus in the nature of a Rule 12(b)(6) motion to dismiss." *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2013 WL 12129944, at *3 (C.D. Cal. Jan. 14, 2013) (collecting cases). Defendant's anti-SLAPP argument challenges "the legal sufficiency of Plaintiffs' claims" and thus this Court "retains the inherent discretion to stay proceedings in view of the purposes of the anti-SLAPP statute." *See id.*

*Second*, this Court can rule on Defendant's motion to dismiss without discovery. *See Cellwitch*, 2019 WL 5394848, at *2 (holding the defendant "met its burden under the second prong" when "the Court only need[ed] to look at the pleadings in order to issue a decision about its motion to dismiss" and that "no other discovery is needed for the resolution of" the motion to dismiss); *see also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.") Indeed, four of Defendant's arguments are that as a matter of law they cannot be sued at all, regardless of what any discovery would show: (1) due to immunity under Section 230 of the Communications Decency Act; (2) due to immunity under the First Amendment; (3) because Plaintiffs' complaint is an unlawful SLAPP under California law; and (4) because Plaintiffs have entered into an arbitration agreement with Defendant.[2]

*Finally*, the equities favor staying discovery. "The Ninth Circuit has explained that a stay of discovery is consistent with the purpose of a Rule 12(b)(6) motion to dismiss, which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Braun v. Yahoo*, No. 17-CV-06294-SVK, 2018 WL 10809622, at *2 (N.D. Cal. Mar. 28, 2018) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). "'It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.'" *Id.* (quoting *Rutman Wine Co.*, 829 F.2d at 738). Given the pending motion to dismiss is potentially dispositive of the entire case and can be decided without discovery, allowing the parties to engage in discovery before the motion is decided would be costly and inefficient. *See Cellwitch, Inc.*, 2019 WL 5394848, at *2 ("In the interest of judicial efficiency and conserving the Court's resources, the Court finds that [the defendant] has met its burden to stay discovery

---

[2] Because courts addressing motions to compel arbitration may look beyond the four corners of a complaint to resolve the issue of arbitrability they will on occasion permit parties opposing a motion to compel to conduct limited discovery on arbitrability issues. *E.g.*, *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1164 (S.D. Cal. 2011). But where such discovery is allowed, courts nonetheless grant partial stays of discovery on unrelated issues. *E.g.*, *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *2 (N.D. Cal. Feb. 14, 2017) (granting a motion to stay discovery in part pending resolution of a motion to compel arbitration). That would not be appropriate here, however, as all relevant discovery regarding the arbitrability issue, which turns entirely upon the conduct of Plaintiffs' counsel, already is in Plaintiffs' possession.

7
DEFENDANT'S MOTION TO STAY DISCOVERY – 3:20-cv-09023-EMC

1 pending a decision on the upcoming motion to dismiss."). Any discovery engaged in before the resolution of a motion to dismiss would become moot if this Court grants the motion in its entirety. Furthermore, Plaintiffs will suffer no harm in waiting until the resolution of the motion to dismiss to begin conducting discovery. *See Cellwitch, Inc.*, 2019 WL 5394848, at *2.

## **CONCLUSION**

For the foregoing reasons, this Court should grant PeopleConnect's motion to stay discovery.

Dated:  March 19, 2021

JENNER & BLOCK LLP

By: /s/ *Kate T. Spelman*
    Kate T. Spelman
    Debbie L. Berman
    Wade A. Thomson

    Attorneys for Defendant
    PeopleConnect, Inc.