1  Michael F. Ram (SBN 104805)
2  mram@forthepeople.com
   Marie N. Appel (SBN 187483)
3  mappel@forthepeople.com
   MORGAN & MORGAN
4  COMPLEX LITIGATION GROUP
   711 Van Ness Avenue, Suite 500
5  San Francisco, CA 94102
6  Telephone: (415) 358-6913
   Telephone: (415) 358-6293
7
8  Benjamin R. Osborn (appearing *Pro Hac Vice*)
   102 Bergen Street
9  Brooklyn, NY 11201
   Phone: (347) 645-0464
10 Email: ben@benosbornlaw.com
11
   *Attorneys for Plaintiffs*
12 *and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation; PEOPLECONNECT INC., a California Corporation; CLASSMATES MEDIA CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:20-cv-09203-EMC<br><br>OPPOSITION TO MOTION TO STAY DISCOVERY<br><br>Hearing Date: April 29, 2021<br>Time: 1:30 P.M.<br>Location: Courtroom 5<br>The Honorable Edward M. Chen |

## I. INTRODUCTION

Plaintiffs Meredith Callahan and Lawrence Geoffrey Abraham ("Plaintiffs") filed a complaint against Defendant Classmates.com ("Classmates")[1] in this action for (1) violation of California's Right of Publicity Statute, Cal. Civ. Code § 3344; (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (3) intrusion upon seclusion; and (4) unjust enrichment. Class Action Complaint For Violation Of Cal. Civ. Code § 3344, And Cal. Bus. & Prof. Code § 17200, Intrusion Upon Seclusion, Unjust Enrichment (ECF 2)("Compl.") ¶¶ 73-96. Plaintiffs allege that Classmates "knowingly use[s] the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection on and in its products and services" that include an online subscription service, reprinted yearbooks and targeted ads to drive Internet users to first its free site, and to entice users to purchase a subscription. *E.g.,* Compl. ¶¶ 8, 9, 26, 27. Classmates has moved to dismiss the complaint and now also moves to stay discovery pending the resolution of the motion to dismiss. Classmates's motion to stay discovery should be denied because Classmates has not met the high burden of showing that a stay of discovery is appropriate. Here, Classmates's motion to dismiss will not dispose of the entire case, and resolution of the motion to dismiss involves factual issues thus discovery should be permitted, not stayed. Accordingly, Classmates's motion to stay discovery should be denied.

## II. STATEMENT OF RELEVANT FACTS[2]

Defendant Classmates digitally scanned and extracted the names and photographs of millions of students, then created a searchable database on which Classmates users may search by name and location for the photograph of any student. Compl. ¶¶ 3, 24, 31. Classmates used student names and photographs to advertise and promote website subscriptions costing $3 per month and reprinted yearbook copies costing $99.95. *Id.* ¶ 7. Classmates's primary advertising technique is to provide limited access to low-resolution versions of student photographs for free

---

[1] Classmates.com is owned and operated by PeopleConnect, Inc., the named Defendant in this lawsuit. Plaintiffs refer to Classmates.com and PeopleConnect, Inc. collectively as "Classmates."
[2] A complete statement of facts is set out in Plaintiffs' Opposition to Defendant's Motion to Dismiss and Motion to Strike filed in conjunction with this brief.

on its website. Compl. ¶¶ 3, 8, 9, 28, 29, 31, 46, 47, 57.  Classmates uses the photos and information to entice users to click to see more to sign up for a paid monthly subscription plan or to purchase yearbook reprints.  *Id.* ¶¶ 23-32, 41-50.  Plaintiffs are individuals whose likenesses in photos and information was used, without their consent, by Classmates to solicit new paid users of its web site.  *Id.* ¶¶ 2, 5, 10, 20, 36, 37, 55, 61.

III.	ARGUMENT

    A.	**Defendant has not met the high burden to show a stay of discovery is appropriate.**

"[T]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery[.]"  *San Francisco Tech. v. Kraco Enterprises LLC*, No. 5:11-CV-00355 EJD, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011) (internal citations omitted).

A party seeking a stay of discovery carries the heavy burden of making a "strong showing" why discovery should be denied.  *See, e.g.*, *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (party seeking a stay of discovery carries the heavy burden of making a "strong showing" why discovery should be denied).  Defendant's idle speculation and argument in conclusory fashion that its motion to dismiss will succeed does not meet the high burden to justify a stay in discovery.  *Gray v. First Winthrop Corp*. 133 F.R.D. 39, 40 (N.D. Cal. 1990).

Northern District courts apply a two-pronged test to determine whether to say discovery pending resolution of a dispositive motion.  "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.  [Citations.]  Second, the court must determine whether the pending motion can be decided absent discovery.  [Citations.]"  *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003)).  "In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted."  *Id.* at *1 (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011)).

Here, neither requirement of the test is met. Even if the motion to dismiss were meritorious, which it is not, it would not dispose of the entire case. In addition, the motion to dismiss raises factual issues that should *not* be resolved without discovery. Accordingly, the Court should deny Classmate's motion to stay.

### 1. The pending motion to dismiss, if granted, would not be dispositive of the entire case.

In determining whether a pending motion would potentially dispose of the entire case, or at least of the issue at which discovery is directed, "the Court should . . . take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000). Here, Classmate's motion to dismiss does not demonstrate an "immediate and clear possibility" that its motion will be granted.

#### a) *Plaintiffs are not required to arbitrate their claims against Classmates.*

Plaintiffs did not agree to arbitrate their claims with Classmates. Plaintiffs are not Classmates users and do not have accounts on Classmates.com. ECF No. 1 at ¶¶ 19, 35. Plaintiffs never saw the Terms of Service ("TOS") that included the arbitration agreement. Paragraph 13 of Exhibit 1 to Declaration Of Tara Mcguane (ECF 27) ("Mcguane Decl."). Thus, Plaintiffs never assented to the arbitration provision. Nor did Plaintiffs' counsel's investigation bind Plaintiffs to the arbitration agreement. First, Classmates' TOS forbids the creation of accounts "on behalf of another person" and states that the user "may not assign or transfer your rights to any third party." Paragraphs 5, 14 of Exhibit 1 to Mcguane Decl. Thus, a user has no authority to create an agreement on behalf of any other person. *See County of Contra Costa v. Kaiser Found. Health*, 47 Cal. App. 4th 237, 243 (1996) ("All nonsignatory arbitration cases are grounded in the authority of the signatory to contract . . . on behalf of the nonsignatory."). Next, a signatory to an arbitration agreement (here, Classmates) cannot enforce an arbitration agreement against non-signatories (Plaintiffs). *See Wallace v. Amsurg Holdings, Inc.*, No. 6:15-cv-01548-MC, 2015 WL 7568592, at *5 (D. Or. Nov. 24, 2015) (stating "[b]asic fairness

principles" preclude "the extraordinary step of binding a nonsignatory to an arbitration agreement." (quoting *Legacy Wireless Services, Inc. v. Human Capital, L.L.C.,* 314 F. Supp. 2d 1045, 1055 (D. Or. 2004)).  In addition, the arbitration agreement is unconscionable and thus cannot be enforced.

Thus, Classmates cannot require Plaintiffs to arbitrate here.

### b) The Communications Decency Act Does not preempt Plaintiffs' claims.

Section 230 of the Communications Decency Act ("CDA") does not bar Plaintiffs' claims because Classmates has created much of the content at issue.  Classmates extracted images of Plaintiffs and information about Plaintiffs to create new content in the form of an online database, advertisements, marketing e-mails, banners, and messages.  Compl. (ECF 2) ¶¶ 3, 24, 31.  Moreover, as discussed more thoroughly in Plaintiffs' Opposition to Motion to Dismiss and Motion to Strike, Classmates' misappropriation is not protected by section 230 because the content from which Classmates extracted information, the yearbooks, was not intended by its original creators to be published on the Internet. *Batzel v. Smith*, 333 F.3d 1018, 1034 (9th Cir. 2003), *superseded in part by statute on other grounds as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766–67 (9th Cir. 2017) (CDA immunity exists only "when a third person or entity that created or developed the information in question furnished it to the provider or user under circumstances in which a reasonable person . . . would conclude that the information *was provided for publication on the Internet*) (emphasis added); *Fair v. Roommates*, 521 F.3d 1157, 1170-71 (9th Cir. 2008) ("[I]f the editor publishes material that *he does not believe was tendered to him for posting online*, then he is the one making the affirmative decision to publish, and so he . . . [is] not entitled to CDA immunity.") (emphasis added).  Because Classmates has created the content at issue, and because the extracted information that Classmates used was not intended to be posted on the Internet, The CDA does not apply, and Defendant's motion to dismiss is not dispositive on this basis.

\\\

\\\

          c)        ***The First Amendment does not provide Classmates with immunity.***

Classmates's argument that the First Amendment protects its dissemination of the Plaintiffs' photos and information should be rejected. The First Amendment does not protect the dissemination of personal information and images of other people where, as here, no public interest or transformative use is involved. See *Hilton v. Hallmark Cards*, 599 F.3d 894, 909 n.11 (9th Cir. 2010) ("We . . . leave for another day the question of whether the First Amendment furnishes a defense to misappropriation of publicity that is broader than the transformative use or public interest."). Thus, the First Amendment does not shield Classmates from Plaintiffs' claims.

          d)        ***California's anti-SLAPP statute does not shield defendant's conduct.***

California's anti-SLAPP statute does not apply here as the information at issue is not one of public interest, which is required for it to apply. To prevail, a plaintiff must show "that the act or acts of which the plaintiff complains were taken in furtherance of the [defendant's] right of petition or free speech . . . in connection with a public issue." *Hilton,* 599 F.3d at 903 (internal quotations omitted). Under California law, decades-old personal information about a private citizen's activities in high school is not a "public issue." *See Weinberg v. Feisel*, 110 Cal. App. 4th 1122, 1132 (2003) (a matter "of concern to the speaker and a relatively small, specific audience is not a matter of public interest"); *Rivero v. Am. Fed'n of State, County, Mun. Emps.*, 105 Cal. App. 4th 913 (2003) (Matters of public interest must concern a person or entity "in the public eye," "conduct that could directly affect a large number of people," or "a topic of widespread public interest.").

Because the information at issue here – decades-old images and information regarding private citizen's – is not a public issue, Classmates' anti-SLAPP motion will not prevail.

\\\

\\\

\\\

\\\

### e) The Copyright Act does not protect Classmates from Plaintiffs' claims.

The Copyright Act does not apply because it is the information and images of plaintiffs which are at issue (not the yearbooks) and cannot be copyrighted. When a defendant does not hold copyright in a work, there is no preemption. *See KNB Enterprises v. Matthews*, 78 Cal. App. 4th 362 (2000) (finding no copyright preemption and stating, "[w]e do not believe a [California right to publicity] claim is preempted under *Fleet* [*v. CBS, Inc.*, 50 Cal. App. 4th 1911 (1996)] where, as here, the defendant has no legal right to publish the copyrighted work.") Because Classmates did not obtain permission from the copyright holders before it extracted names, photographs, and likenesses from yearbooks, the Copyright Act does not apply to preempt Plaintiffs' claims. Compl. ¶ 61.

### 2. Resolution of Classmates's motion to dismiss involves factual issues.

The Ninth Circuit has repeatedly stated that discovery is appropriate even when a Rule 12(b) motion is pending whenever, as here, the motion raises factual issues. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds, Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (*en banc*). Where the discovery sought is relevant to the basis for the potentially dispositive motion, the Ninth Circuit has found that it can be an abuse of discretion for a court to prevent a party from conducting such discovery. *See Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (abuse of discretion to stay discovery relevant to potentially dispositive motion to dismiss).

Classmates' Motion to Dismiss and to Strike raises numerous factual issues requiring discovery:

- Classmates asserts that it is protected by the CDA. Immunity under the CDA depends on the following factual issues: (1) whether Classmates received communications from yearbook authors indicating they intended the content to be posted online; (2) the degree of Classmates' agency in selecting which yearbooks to copy; and (3) the extent and nature of Classmates' design choices in creating records and promotional messages. *See Batzel v. Smith*, 333 F.3d 1018, 1034 (9th Cir. 2003); *Fair v. Roommates*, 521 F.3d

1157 (9th Cir. 2008).

- Classmates asserts copyright preemption. This implicates: (1) whether Classmates holds copyright in yearbooks or asks permission from copyright holders; and (2) whether the design and implementation of Classmates' advertising scheme is such that it does injury to Plaintiffs' personas, rather than merely republishing a copyrighted work. *See Downing v. Abercrombie Fitch*, 265 F.3d 994 (9th Cir. 2001).

- Classmates asserts Plaintiffs have not alleged injury. This implicates the economic value Classmates' places on its use of Plaintiffs' likenesses, which may be revealed via internal communications on marketing strategy; communications with investors; and clickthrough and conversion rates on advertisements using the Plaintiffs' likenesses. *See Fraley v. Facebook, Inc.,* 830 F. Supp. 2d 785, 806-07 (N.D. Cal. 2011).

- Classmates asserts the pop-up messages, webpages, buttons, and banner ads on its website do not constitute "advertising." This implicates the visual design and website flow of all on-site marketing material deployed by Classmates, only a portion of which is represented in the Complaint, and the full scope of which can be known only via discovery.

- Classmates asserts its conduct is protected by the First Amendment, which implicates whether Classmates had a commercial purpose in creating the records and advertisements giving rise to this complaint. Conclusively determining Classmates' intentions may require discovery of its internal communications. *See, e.g., Fraley,* 830 F. Supp. 2d at 804-05.

- Classmates asserts, incorrectly, that Plaintiffs are subject to its TOS. This raises the questions of whether the TOS is procedurally and substantively unconscionable, and whether the TOS effectively puts users on constructive notice of its terms. Resolving these questions requires facts about: (1) the design, presentation, and wording of the messages giving notice of the TOS; (2) how often users click the TOS hyperlink and review the TOS before creating an account; (3) to what extent users who have created Classmates accounts are in fact aware of the arbitration provision; and (4) whether and

with what frequency Classmates' users have effectively made use of the opt-out clause. *See Mohamed v. Uber Techs., Inc*., 836 F.3d 1102, 1111 (9th Cir. 2016).

If the Court were inclined to grant Classmates' motion to dismiss on any of the bases Classmates asserts, the Court should first allow discovery.

## IV.  CONCLUSION

For all of the above reasons, Classmates's motion to stay discovery should be denied.

Respectfully submitted,

MORGAN & MORGAN
COMPLEX LITIGATION GROUP

Dated: April 16, 2021          By:        /s/ Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Benjamin R. Osborn (appearing *Pro Hac Vice*)
102 Bergen Street
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs
and the Proposed Class*