**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar. No. 269109)
kspelman@jenner.com
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:     213 239-5199

**JENNER & BLOCK LLP**
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:     312 527-0484

Attorneys for Defendant PeopleConnect, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN AND LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs.<br><br>   v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>      Defendant. | Case No. 3:20-cv-09203-EMC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF PEOPLECONNECT, INC.'S MOTION TO DISMISS**<br><br>Hearing Date: May 13, 2021<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5 |

## INTRODUCTION

Since the filing of this Motion, the Court entered an order vacating the initial Case Management Conference to be reset after resolution of PeopleConnect's motion to dismiss. *See* ECF No. 31. PeopleConnect's motion to stay discovery may be moot in light of that order, but, to the extent it is not, it should be granted.

In its motion to stay discovery (ECF No. 28 ("Mot.")), PeopleConnect, Inc. ("PeopleConnect") explained that a stay of discovery pending resolution of its motion to dismiss is appropriate because that motion raised important threshold issues that are potentially (and indeed, likely) dispositive of this entire matter. *See* Mot. These threshold issues include Plaintiffs' agreement to arbitrate their claims, and PeopleConnect's immunity from suit under Section 230 of the Communications Decency Act ("CDA"), the First Amendment, and California's anti-SLAPP statute—any one of which, if accepted by the Court, would warrant dismissal of Plaintiffs' complaint in its entirety. Indeed, a court in this district dismissed nearly identical claims brought by these very same Plaintiffs against a similar website last month based on CDA immunity. *See Callahan v. Ancestry.com*, No. 20-CV-8437-LB, 2021 WL 783524 (N.D. Cal. Mar. 1, 2021).

Plaintiffs' primary response is to argue the merits of PeopleConnect's motion to dismiss. But nothing in their argument comes near showing that PeopleConnect's motion to dismiss is not at least "potentially" dispositive of their claims, particularly in light of the *Ancestry.com* decision that is directly on point. Plaintiffs also claim there are purported "factual issues" raised by PeopleConnect's motion to dismiss, but none of these "issues" are actually raised by PeopleConnect's motion, which challenges the legal sufficiency of Plaintiffs' complaint. Therefore, PeopleConnect's motion for a stay of discovery while its motion to dismiss is pending should be granted. Indeed, another court recently stayed discovery pending resolution of PeopleConnect's motion to dismiss in an almost identical action. *See* Minute Entry, *Bonilla v. PeopleConnect, Inc. et al.*, No. 1:21-cv-00051 (N.D. Ill. Apr. 6, 2021), ECF No. 31.

## ARGUMENT

The parties agree that courts apply a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. First, courts ask whether the motion is "potentially

dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citation omitted). Second, courts ask "whether the pending motion can be decided absent discovery." *Id.* (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)). Both elements are satisfied here, and the balance of equities weighs heavily in favor of a stay.

**A.  PeopleConnect's Motion Is At Least Potentially Dispositive Of Plaintiffs' Entire Case.**

Plaintiffs first argue that "[e]ven if the motion to dismiss were meritorious, which it is not, it would not dispose of the entire case." ECF No. 33, at 3 ("Resp."). But Plaintiffs offer no explanation as to how, if PeopleConnect prevails on any of the bases for its motion to dismiss, any of their claims would survive dismissal. They would not. *See, e.g.*, *Callahan*, 2021 WL 783524, at *8 (granting motion to dismiss entire complaint which pled the same claims Plaintiffs raise here based on CDA immunity); *Tompkins v. 23andMe, Inc.*, No. 5:13-CV-05682-LHK, 2014 WL 2903752, at *18 (N.D. Cal. June 25, 2014) (granting motion to compel arbitration and dismissing all claims), *aff'd*, 840 F.3d 1016 (9th Cir. 2016); *Sarver v. Chartier*, 813 F.3d 891, 902–05 (9th Cir. 2016) (affirming dismissal of plaintiff's right of publicity claim under California's anti-SLAPP statute and First Amendment).

Plaintiffs then proceed to argue the merits of PeopleConnect's motion to dismiss arguments. *See* Resp. 3–6. As set out below and more fully in the concurrently filed Reply In Support Of Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12 And Motion To Strike Pursuant To California Code Of Civil Procedure § 425.16 ("MTD Reply"), however, Plaintiffs' arguments on the merits of PeopleConnect's motion to dismiss are incorrect. More importantly for purposes of the motion to stay, none of Plaintiffs' arguments show that PeopleConnect's arguments are not "*potentially* dispositive" of Plaintiffs' claims, which is all that is needed to warrant a stay of discovery. *In re Nexus 6p*, 2017 WL 3581188, at *1 (emphasis added); *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (granting motion to stay discovery when "the motion [to dismiss] ha[d] the potential to be dispositive"). Plaintiffs cannot make this showing, particularly in light of the court's dismissal of identical claims by these same Plaintiffs under the CDA in *Ancestry.com*. Moreover, Plaintiffs do not and cannot dispute that courts routinely stay discovery pending resolution of a motion to dismiss in

cases where parties raise immunity and arbitration defenses, like those raised by PeopleConnect. *See* Mot. 5–6; *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity."); *Stiener v. Apple Comput., Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at \*1 (N.D. Cal. Nov. 29, 2007) (collecting cases staying discovery pending resolution of motion to compel arbitration); Minute Entry, *Bonilla v. PeopleConnect, Inc. et al.*, No. 1:21-cv-00051 (N.D. Ill. Apr. 6, 2021), ECF No. 31 (staying discovery pending resolution of motion to dismiss raising arbitrability, CDA, First Amendment, and Copyright Act defenses).

As for Plaintiffs' contentions regarding the merits of PeopleConnect's motion to dismiss arguments, they are simply wrong. *See generally* MTD Reply. *First*, contrary to Plaintiffs' argument (based entirely on an out-of-state case) that an arbitration agreement entered by an agent cannot be enforced against a non-signatory, Resp. 3, California law clearly holds that non-signatories, such as Plaintiffs, can be compelled to arbitrate their claims based on their agent's (here their lawyer's) agreement to arbitrate on their behalf. *See* MTD Reply at 2; *see, e.g.*, *Tamsco Properties, LLC v. Langemeier*, 597 F. App'x 428, 429 (9th Cir. 2015) ("Under California law, when a nonsignatory and one of the parties to an arbitration agreement have an agency relationship, the arbitration agreement may be enforced against the nonsignatory."); *Indep. Living Res. Ctr. San Francisco v. Uber Techs., Inc.*, No. 18-CV-06503-RS, 2019 WL 3430656, at \*4 (N.D. Cal. July 30, 2019) (compelling plaintiffs to arbitrate because plaintiffs' lawyers consented to terms of use requiring arbitration).

*Second*, Plaintiffs claim the CDA does not apply because PeopleConnect "has created much of the content at issue." Resp. 4. This exact argument was just addressed and rejected in *Ancestry.com*. 2021 WL 783524, at \*6. That reasoning is sound. *See* MTD Reply at 3–5. Plaintiffs further argue that the CDA does not apply because the yearbook information "was not intended by its original creators to be published on the Internet." Resp. 4. But that is irrelevant. The relevant issue is whether the persons who "provided" the yearbooks at issue to PeopleConnect consented and, as Plaintiffs allege, users donated the yearbooks and provided "implied consent" to publish the yearbooks online. Compl. ¶¶ 60–61; *see Caraccioli v. Facebook, Inc.*, 700 F. App'x 588, 589–90 (9th Cir. 2017). *See* MTD Reply at 4–5.

*Third*, Plaintiffs claim the First Amendment does not protect PeopleConnect's conduct. Resp. 5. But courts have repeatedly recognized that speech that informs, entertains, or disseminates information, such as yearbooks, is protected by the First Amendment. *See* MTD Reply at 13; *see, e.g.*, *New Kids On The Block v. News Am. Pub., Inc.*, 745 F. Supp. 1540, 1546 (C.D. Cal. 1990), *aff'd*, 971 F.2d 302 (9th Cir. 1992); *Kincaid v. Gibson*, 236 F.3d 342, 351 (6th Cir. 2001). Plaintiffs claim that PeopleConnect's yearbooks receive no First Amendment protection because "no public interest or transformative use" is involved, Resp. 5, but no such First Amendment limit exists. *See* MTD Reply at 13 n.7. In any event, PeopleConnect's publication of yearbooks is a matter of "public interest," as Plaintiffs' own allegations make clear. *See* MTD Reply at 13 n.7; *e.g.*, Compl. ¶ 66 (alleging that PeopleConnect has over "4 million subscribers worldwide" and its yearbook collection numbers "over 400,000 yearbooks in the United States").

*Fourth*, and similarly, Plaintiffs claim that California's anti-SLAPP statute does not apply because PeopleConnect's publication of yearbooks is not speech on a matter "of public interest." Resp. 5. But yearbooks, and the names and photos contained therein, are of significant interest to the general public and, more specifically, to school alumni communities that well exceed the size of communities that California courts have found sufficiently large to have a public interest. *See* MTD Reply at 14; *see, e.g.*, *Ruiz v. Harbor View Cmty. Ass'n*, 134 Cal. App. 4th 1456, 1468–69 (2005) (residents of 523 lots); *Grenier v. Taylor*, 234 Cal. App. 4th 471, 482–83 (2015) (550 to 1,000 church members); *Damon v. Ocean Hills Journalism Club*, 85 Cal. App. 4th 468, 479 (2000) (3,000 homeowners' association members).

*Fifth*, Plaintiffs attempt to impose a requirement that a defendant must hold a copyright for Copyright Act preemption to apply. Resp. 6. But no such rule exists. *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1154-55 (9th Cir. 2010) (rejecting argument "that the right of publicity is preempted by the Copyright Act only when the distribution is made by the exclusive copyright holder"). Courts have found Copyright Act preemption applies regardless of whether the work at issue is even copyrighted at all. *See* MTD Reply at 6; *See, e.g.*, *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1124 (N.D. Cal. 2001); *see also Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017).

In sum, Plaintiffs' arguments against dismissal of their claims are incorrect and, in any event, do not come close to showing that PeopleConnect's arguments are not at least "potentially dispositive" of their claims. *In re Nexus 6p*, 2017 WL 3581188, at *1.

**B.      PeopleConnect's Motion To Dismiss Can Be Resolved Without Discovery.**

Plaintiffs purport to identify "factual issues" that are "raised" by PeopleConnect's motion to dismiss, Resp. 6–8, but they do no such thing. They also do not cite to a single case where a motion to stay discovery pending resolution of a motion to dismiss was denied on this basis. Instead, here, because the motion to dismiss can be decided "without additional discovery," a stay is warranted. *In re Nexus 6p*, 2017 WL 3581188, at *2. The relevant question as to all of the Rule 12(b)(6) defenses that PeopleConnect raises in its motion to dismiss is the legal sufficiency of Plaintiffs' pleadings; resolution of that question does not involve any factual issues, let alone the purported issues of fact Plaintiffs identify. *See Cellwitch*, 2019 WL 5394848, at *2 (holding that defendant met its burden under this prong because "the Court only need[ed] to look at the pleadings in order to issue a decision about its motion to dismiss").[1] That is why no discovery was necessary for the Court to dismiss Plaintiffs' claims in *Ancestry.com*.

As to PeopleConnect's arbitration defense under Rule 12(b)(3), Plaintiffs claim there are factual issues relating to whether the TOS are unconscionable. Resp. 6–7. But Plaintiffs do not actually argue that the TOS are unconscionable in their response to PeopleConnect's motion to dismiss—they merely "reserve the right" to make such an argument in the future. ECF No. 32, at 3 n.3. Regardless, a stay pending resolution of a motion to compel arbitration is appropriate even when a party raises a claim of unconscionability. *See, e.g.*, *Arik v. Meyers*, No. 2:19-CV-01908-JAD-NJK, 2020 WL 515843, at *2 (D. Nev. Jan. 31, 2020) (granting discovery stay even where plaintiff raised the argument of unconscionability). No other discovery is necessary to resolve PeopleConnect's motion to compel arbitration, as the motion turns entirely on the conduct of Plaintiffs' counsel and thus any relevant facts are already in Plaintiffs' possession. *See* Mot. 7 n.2. Even if arbitration-related discovery were necessary, a stay of merits-based discovery is still appropriate. *See id.*

---

[1] Plaintiffs' reliance on *Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.* is misplaced because the Ninth Circuit actually affirmed a stay of discovery pending resolution of a motion to dismiss. 5 F.3d 378, 383 (9th Cir. 1993).

### C.     The Equities Favor A Discovery Stay.

PeopleConnect's opening brief explained that the equities further support a discovery stay. Mot. 7. Plaintiffs do not dispute this in their opposition. Indeed, the equities weigh heavily in favor of a stay of discovery given the numerous threshold issues raised by PeopleConnect's motion to dismiss, including PeopleConnect's arbitration defenses and immunity defenses. PeopleConnect's defenses are intended to immunize defendants not just from a judgment, but from the burdens of litigation entirely. *See Dyroff v. Ultimate Software Grp., Inc.*, No. 17-CV-05359-LB, 2017 WL 5665670, at *11 (N.D. Cal. Nov. 26, 2017), *aff'd*, 934 F.3d 1093 (9th Cir. 2019) ("[S]ection 230 must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles."). Allowing discovery under these circumstances would contravene this principle and cause a chilling effect on PeopleConnect's constitutionally protected speech. *See, e.g.*, *Reno v. Am. C.L. Union*, 521 U.S. 844, 871–72 (1997).

### <u>CONCLUSION</u>

For the foregoing reasons, PeopleConnect's motion to stay discovery pending resolution of its motion to dismiss should be granted.

Dated: April 23, 2021                      Respectfully submitted,

JENNER & BLOCK LLP

By:      /s/ *Kate T. Spelman*
Kate T. Spelman
Debbie L. Berman
Wade A. Thomson

Attorneys for Defendant PeopleConnect, Inc.