**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar. No. 269109)
kspelman@jenner.com
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone:    213 239-5100
Facsimile:    213 239-5199

**JENNER & BLOCK LLP**
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:    312 222-9350
Facsimile:    312 527-0484

Attorneys for Defendant PeopleConnect, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN AND LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>                                    Plaintiffs.<br><br>          v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br>                                    Defendant. | Case No. 3:20-cv-09203-EMC<br><br>**MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S DECISION TO DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Hearing Date: August 5, 2021<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5 |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on August 5, 2021 at 1:30 p.m., or as soon thereafter as the Court is available, in Courtroom 5 of the federal courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant PeopleConnect, Inc. ("PeopleConnect") will and hereby does move the Court stay the proceedings pending resolution of Defendant's appeal of the Court's order denying its motion to compel arbitration. In the alternative, if the Court does not grant this motion, PeopleConnect respectfully requests that the Court reset the current hearing date on the pending motion to dismiss, as its counsel has a conflict on the hearing date recently set by the Court of July 9, 2021.

PeopleConnect's motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, and any evidence and arguments that will be presented to the Court at the hearing on this matter.

Dated: July 1, 2021

JENNER & BLOCK LLP

By: /s/ *Kate T. Spelman*
Kate T. Spelman
Debbie L. Berman
Wade A. Thomson
Attorneys for Defendant PeopleConnect, Inc.

# INTRODUCTION

Defendant PeopleConnect, Inc. ("PeopleConnect") respectfully submits this motion to stay proceedings in this action pending PeopleConnect's appeal of this Court's May 18, 2021 decision denying PeopleConnect's motion to compel arbitration. In the alternative, if the Court does not grant this motion, PeopleConnect respectfully requests that the Court reset the current hearing date on the pending motion to dismiss, as its counsel has a conflict on the hearing date recently set by the Court of July 9, 2021.

Plaintiffs' attorney—who it is undisputed is Plaintiffs' agent—agreed to arbitrate any disputes related to the Classmates.com website. Plaintiffs want to avoid that agreement and litigate their claims in federal court. Though this Court decided that Plaintiffs could not be bound by their attorney-agent's assent, PeopleConnect has appealed that decision to the Ninth Circuit. While PeopleConnect pursues that appeal, this litigation should be stayed. That is the clear result from balancing all the relevant factors.

*First*, PeopleConnect can make a strong showing of a likelihood of prevailing in its appeal. As the Court acknowledged, its Order conflicts with that of another decision of this district, *Indep. Living Res. Ctr. San Francisco v. Uber Techs., Inc.*, 18-CV-06503-RS, 2019 WL 3430656 (N.D. Cal. July 30, 2019) [hereinafter "*Uber*"]. ECF No. 40, at 9 (the "Order"). The Ninth Circuit may well find that *Uber* is rightly decided and that the authority this Court emphasized, *Blanton v. Womancare, Inc.*, 38 Cal.3d 396 (Cal. 1985), is, in fact, distinguishable. Moreover, even if the Court believes that outcome is unlikely, it cannot be denied that PeopleConnect's appeal presents an important and recurring issue the Ninth Circuit has never before addressed. It thus is plain that the appeal at least presents serious legal questions that the Ninth Circuit should have every opportunity to resolve, which in and of itself strongly favors a stay.

*Second*, PeopleConnect will be harmed without a stay. To be sure, it now is all but certain that PeopleConnect will prevail in its motion to dismiss, given that the recent decision in *Callahan et al., v. Ancestry.com Inc.* ("*Ancestry II*"), No. 20-CV-08437-LB, 2021 WL 2433893 (N.D. Cal. June 15, 2021), collaterally estops Plaintiffs from re-litigating their already failed arguments against immunity under Section 230 of the Communications Decency Act, *see* ECF 26 at 6 n.5; ECF 35 at 4 n.1. Still, adjudicating the motion to dismiss while the possibility of arbitration remains live places PeopleConnect in an untenable position. If the Court grants the motion to dismiss and the Ninth Circuit reverses the arbitration ruling PeopleConnect would be forced to relitigate the same meritorious arguments in arbitration. On the other

hand, if the Court denies the motion to dismiss and the Ninth Circuit reverses, the Court's ruling may prejudice the arbitration, depriving PeopleConnect of a core benefit of arbitration.

This case is not one in which a stay limited to the presentation and resolution of dispositive motions, but that would allow discovery to proceed, strikes a reasonable balance. The remainder of PeopleConnect's motion to dismiss remains pending and, as PeopleConnect explained in its motion to stay discovery pending the resolution of its motion to dismiss, PeopleConnect's motion to dismiss raises important issues of constitutional and statutory immunity (including the aforementioned immunity under Section 230 of the Communications Decency Act). Those immunities are immunities from suit. Requiring PeopleConnect to engage in discovery while those potentially meritorious claims of immunity remain pending effectively deprives PeopleConnect of the full benefit of that immunity. Furthermore, the discovery permitted under the relevant arbitration rules would be far narrower than what would be permitted in civil discovery. Permitting full civil discovery to proceed in this case thus raises the serious risk of allowing unnecessary and needlessly expensive and intrusive discovery to go forward in a matter that may well not require it.

*Third*, there simply is no credible argument that Plaintiffs or other third parties would be harmed by a stay. They will lose neither access to evidence nor the ability to join new plaintiffs.

*Fourth*, the public interest favors PeopleConnect. Federal policy regarding arbitration favors staying this case so long as this case could potentially be adjudicated before an arbitrator.

In sum, this case presents strong reasons for the Court to defer any further litigation in this matter until the Ninth Circuit has had its say. PeopleConnect thus respectfully requests that the Court stay all litigation in this case pending the resolution of its appeal.

## **ARGUMENT**

Courts in the Ninth Circuit are not required to grant stays pending an appeal of a denial of a motion to compel arbitration. *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990); *but see Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263–64 (4th Cir. 2011) (noting split over whether stays are mandatory). But they have the discretion to grant stays pending such appeals after considering the usual criteria for a stay pending appeal: (1) likelihood of success on the merits, (2) irreparable harm, (3) harm to other interested parties, and (4) the public interest. *Ward v. Est. of Goossen*, No. 14-CV-03510, 2014 WL 7273911, at *1 (N.D. Cal. Dec. 22, 2014). These factors are evaluated on a "continuum," the "extremes"

1   of which arise if there is either "a probability of success on the merits and the possibility of irreparable

2   injury" or the appeal raises "serious legal questions . . .  and the balance of hardships tips sharply in

3   petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quotation omitted).

4   **I.      PeopleConnect Is Likely To Succeed On The Merits Of Its Appeal.**

5          To support a stay, a moving party is not required to prove it is more likely than not that it will be

6   successful. *Id.* at 966. Rather, the moving party may either "make a 'strong showing' on the merits" of

7   success on appeal or show "that its appeal raises 'serious legal questions,' even if the moving party only

8   has a minimal chance of prevailing[.]" *Mohamed v. Uber Techs., et al*, 115 F. Supp. 3d 1024, 1028 (N.D.

9   Cal. 2015) (granting partial stay) (quotations omitted). This case meets both standards.

10         **A.  PeopleConnect Can Make a "Strong Showing" on the Merits.**

11         PeopleConnect can make a "strong showing" on the merits of its appeal. The basic elements of this

12  case are not disputed. Plaintiffs' attorney is their agent. Plaintiffs' attorney registered the Classmates.com

13  account used to create the Complaint. Counsel agreed to the arbitration provision in the terms of service

14  ("TOS"). He never opted out of that agreement. Plaintiffs benefited from counsel's assent to the TOS by

15  including screenshots in the Complaint that were available only because their attorney-agent agreed.

16         Under ordinary principles of agency law, that should be enough for Plaintiffs to be bound by their

17  counsel's assent to the TOS. In nonetheless denying PeopleConnect's motion to compel arbitration, the

18  Court held that attorney-agents cannot bind their clients to arbitration provisions without client consent.

19  *See* Order at 8–9 (noting there was "no indication that Plaintiffs expressly authorized their counsel to enter

20  into the arbitration agreement," there was no "suggestion that Plaintiffs, after the fact, ratified the agreement

21  to arbitrate," and "the mere fact of the attorney-client relationship does not give rise to either [implied

22  actual authority or apparent authority] with respect to any agreement to arbitrate"). Though Plaintiffs did

23  not cite *Blanton* in their briefing, the Court was clear that it derived this principle from *Blanton*.[1]

24         The court's reliance on *Blanton* presents significant questions on appeal. Initially, it is not at all

25  clear that *Blanton* warrants the weight the Court placed on it. In *Blanton*, plaintiff's counsel agreed to

26

27  _____
    [1] Because Plaintiffs did not cite *Blanton* in their briefing, PeopleConnect did not have opportunity to
    address and distinguish *Blanton* prior to oral argument when the Court raised *Blanton sua sponte*.
28  Plaintiffs' omission underscores *Blanton's* inapplicability to the case at hand.

binding arbitration "contrary to [his client's] express instructions." 38 Cal. 3d at 399. Here, there is nothing to suggest that Plaintiffs instructed their counsel *not* to agree to arbitration. This Court previously has found such a distinction persuasive. *See Kanbar v. O'Melveny & Myers*, 849 F. Supp. 2d 902, 912–13 & n.2 (N.D. Cal. 2011) (distinguishing *Blanton* where there was "nothing to indicate that . . . [the plaintiff] instructed her attorney not to agree to arbitration"). Perhaps even worse, Blanton's lawyer agreed that the defendant's attorney could have exclusive right to select a member of the defense bar as the sole arbitrator, and that any damages would be limited to $15,000. *Blanton*, 38 Cal. 3d at 400. When Blanton realized what her attorney had agreed to, she immediately repudiated the agreement and fired the attorney. *Id.* at 400, 402. This was a far cry from the circumstances at issue in this case. There are no such one-sided provisions in the Classmates TOS and Plaintiffs did not repudiate what their counsel had done; instead, they sought to benefit from their counsel's agreement by incorporating the fruits of his access to Classmates.com—most of all screenshots from secured portions of the website—into their Complaint.

Perhaps most significantly, however, this case differs from *Blanton* in that Plaintiffs' counsel here agreed to arbitration *before* Plaintiffs filed their complaint, *before* Plaintiffs' demanded a jury trial, and thus *before* the right to a jury trial attached. That is particularly notable because in 2005, the California Supreme Court clearly articulated that arbitration agreements entered into prior to any dispute, which waive "an entire package of trial rights," are valid. *Grafton Partners v. Superior Ct.*, 116 P.3d 479, 490 (Cal. 2005) (explaining that "the Legislature has enacted a comprehensive scheme authorizing predispute arbitration agreements (§ 1280 et seq.), expressing a strong state policy favoring arbitration" and it "therefore is rational for the Legislature to promote the use of arbitration . . . by permitting predispute agreements"). Thus, by virtue of the pre-litigation waiver here, *Blanton*'s concern (echoed in the Order) about waiving the substantial right to a jury trial is not relevant, because it had not attached at the time of waiver. *Blanton*, 38 Cal. 3d at 407; Order at 8.

In all events, the Court's application of *Blanton* conflicts directly with *Uber*. The Court did not distinguish this case from *Uber*, and there is nothing to separate the two cases. Yet the Court dismissed *Uber* for failing to "address *Blanton* or the concerns raised therein." Order at 9. But *Uber* did not need to address *Blanton* because the two cases do not conflict. Again, *Blanton* addressed a situation where: (1) the principal instructed her attorney-agent *not* to agree to arbitration; (2) the agreement came two days before

trial; and (3) the principal immediately repudiated her attorney's actions. *Blanton*, 38 Cal. 3d at 403, 407–08. *Uber*, on the other hand, addressed a scenario indistinguishable from this case: before filing a complaint, an agent-attorney agreed to arbitration while "acting within the scope of the agency," because testing the Uber application was within the scope of the dealings for which the agent *did have authority*. *Uber*, 2019 WL 3430656, at *4. *Uber* also aligns with the weight of California authority. *See Hui Ma v. Golden State Renaissance Ventures, LLC*, No. 3:21-CV-00856-WHO, 2021 WL 2190912 (N.D. Cal. May 31, 2021) (attorney bound clients to arbitrate without specific authorization to agree). Indeed, the court in *Uber* relied on the fact that under California law an "agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had been entered into on his own account, accrue to the principal." Cal. Civ. Code § 2330. Here, of course, Plaintiffs do not dispute that their counsel had authority to prepare and file a complaint and that accessing Classmates.com was part and parcel of that effort.

The Court also was mistaken in believing PeopleConnect's position forces Plaintiffs to choose between violating Rule 11 and waiving the right to a judicial forum. Order at 10. Plaintiffs did not face any such "Hobson's choice" because the TOS allow a user to opt out of arbitration within 30 days of registering. McGuane Decl., Ex. 1, § 13(D), ECF No. 27. Plaintiffs' counsel easily could have conducted the necessary investigation to fulfill their Rule 11 duties and *also* retained the right to a judicial forum, but simply did not do so. And though Plaintiffs' counsel for the first oral argument called the opt-out procedure "illusory," *see* Motion to Compel Oral Argument Tr. at 18:19–19:21, ECF No. 45, the claim is baseless.[2]

**B. PeopleConnect's Appeal Presents Serious Legal Questions.**

Even if the above did not make a "strong showing," the question PeopleConnect's appeal presents—whether under California law an attorney has actual or apparent authority to bind his client to an

---

[2] Following oral argument in this case, counsel for Plaintiffs made the same conclusory assertion on behalf of other clients in a filing submitted in another case. *See* Pls. Opp. to Defs. Mot. Dismiss at 7, *Bonilla v. PeopleConnect, Inc.*, No. 21-cv-00051 (N.D. Ill. June 7, 2021), ECF 34, but PeopleConnect showed in response that Plaintiffs' evidence that the procedure was illusory—the deletion of counsel's alter-ego account following his request to opt out–reflected inadvertence in a single case, rather than a practice that would render the opt-out procedure as a whole "illusory," Reply in Supp. of Mot. to Dismiss at 3, *Bonilla v. PeopleConnect, Inc.*, No. 21-cv-00051 (N.D. Ill. June 21, 2021), ECF 45.

arbitration agreement where doing so is within the scope of an authorized act —plainly qualifies as a serious legal question. "[S]erious legal questions" include questions "so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *Martinez-Gonzalez v. Elkhorn Packing Co., LLC*, No. 18-CV-05226-EMC, 2020 WL 733228, at *2 (N.D. Cal. Feb. 13, 2020) (granting partial stay). "In this district, a serious legal question generally includes (1) a 'matter[] of first impression within the Ninth Circuit,' (2) a 'constitutional question,' or (3) 'a pressing legal issue which urges the Ninth Circuit to hear the case.'" *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, No. 19-CV-00792-EMC, 2021 WL 1772808, at *3 (N.D. Cal. Mar. 19, 2021) (quotation omitted) (granting partial stay).

By that standard, the question at issue in the appeal is a serious one. For one thing, while several district courts have addressed the issue, the Ninth Circuit has never grappled with it. Lack of Ninth Circuit authority is one indicator of a serious legal question. *See id.*; *Echevarria v. Aerotek, Inc.*, No. 16-CV-04041-BLF, 2019 WL 3207812, at *2 (N.D. Cal. July 16, 2019) (finding serious legal issue raised "in the absence of a Ninth Circuit case squarely on point") (granting motion to stay); *see also Murphy v. DirecTV, Inc.*, No. 2:07-CV-06465-FMC-VBKx, 2008 WL 8608808, at *2 (C.D. Cal. July 1, 2008) (finding serious legal issue where "there is a paucity of authority on the issue") (granting motion to stay). For another, the Order in this case conflicts with another district court decision on virtually identical facts in *Uber*, as well as the decision in *Hui Ma*. An issue that already has divided district courts in this Circuit and that will often recur as attorneys investigate potential cases involving websites whose TOS include arbitration provisions, certainly qualifies as "a pressing legal issue which urges the Ninth Circuit to hear the case." *Yeomans*, 2021 WL 1772808, at *3. PeopleConnect's appeal thus at least raises "serious legal questions" supporting a stay. *Mohamed*, 115 F. Supp. 3d at 1028.

## II.     PeopleConnect Will Suffer Irreparable Harm If The Case Proceeds.

Because PeopleConnect has "a probability of success on the merits," it need only show "the possibility of irreparable injury." *Leiva-Perez*, 640 F.3d at 964. What is more, even if the Court finds that PeopleConnect's appeal raises only a "serious legal question," it still is the case that "the balance of hardships tips sharply in [PeopleConnect's] favor." *Id.*

1

**A.  Proceeding on the Motion to Dismiss Will Harm PeopleConnect.**

2

As this Court has recognized, "both the monetary and non-monetary harm to [PeopleConnect] from

3

the actual *adjudication* of this case on the merits in federal court would likely constitute a significant

4

irreparable injury were the arbitration forum wrongly denied." *Mohamed*, 115 F. Supp. 3d at 1034. Without

5

a stay, PeopleConnect will have to expend much time and expense on this case, in exchange for rulings

6

that will either be rendered futile or prejudice PeopleConnect's position should the Ninth Circuit send the

7

dispute to arbitration. There is clear inequity in that outcome, regardless of how the Court resolves

8

PeopleConnect's motion to dismiss.

9

This Court has noted this dilemma before. On the one hand, if the Court rules on the motion to

10

dismiss while PeopleConnect's motion to compel arbitration remains on appeal, and the Ninth Circuit

11

reverses, the Court's determinations "may be for naught, and the parties will have expended significant

12

resources to obtain what, in all likelihood, would constitute non-binding advisory opinions." *Id.* On the

13

other hand, if the Ninth Circuit were to reverse and "any ruling on the merits by the Court [were] to have

14

some binding effect on the arbitration, [PeopleConnect] would lose the benefit of arbitration." *Id.* A stay,

15

by contrast, would protect against these inequitable results.

16

**B.  Allowing Discovery While the Appeal Pends Would Also Harm PeopleConnect.**

17

Though the Court sometimes grants partial stays—suspending dispositive motions or trial practice

18

but allowing for discovery—the circumstances of this case do not fit such a solution. A partial stay that

19

allows for discovery still would irreparably harm PeopleConnect.

20

For one thing, this is not in the normal post-motion-to-dismiss posture, in which discovery would

21

precede any potential dispositive motions practice in which the parties might engage. In such

22

circumstances, allowing discovery while holding off on briefing or trial might make sense. Unique here,

23

however, is the posture of this case. PeopleConnect has filed a motion to dismiss, which remains pending.

24

That motion makes not just typical merits arguments as to the viability of Plaintiffs' causes of action, but

25

also several threshold immunity and constitutional arguments. PeopleConnect argues, for instance, that the

26

27

28

Communications Decency Act immunizes PeopleConnect's actions against Plaintiffs' claims[3]; that the Copyright Act preempts nearly all of their claims; that the First Amendment protects PeopleConnect's conduct; and that California's Anti-SLAPP law bars Plaintiffs' suit. ECF No. 26, at 5–11, 19–25. These forms of immunity would prohibit all litigation in this Court, including discovery.

Indeed, as PeopleConnect explained in its motion to stay discovery pending the resolution of the motion to dismiss, it is especially appropriate to stay discovery until a court has had opportunity to resolve a defense of immunity. *See* ECF 28 at 5 (citing authorities). This reflects that an immunity from suit is meant to immunize defendants not just from a potentially adverse judgment, but from all the burdens of litigation. That benefit would be lost if Plaintiffs are able to engage in costly and intrusive discovery while that defense remains pending. And here, PeopleConnect has raised not only a statutory immunity defense under the Communications Decency Act, but also a related constitutional defense under the First Amendment. As PeopleConnect explained in seeking a stay of discovery pending resolution of the motion to dismiss, requiring PeopleConnect to engage in discovery while that defense remains unresolved would itself have a chilling effect on PeopleConnect's constitutionally protected speech. *See id*. at 6 (citing authorities). Consistent with these considerations, the Court already has deferred the initial case management conference until after disposition of the motion to dismiss. *See* ECF 31.

Also, unlike cases where the Court has permitted discovery to proceed pending appeal of a denial of arbitration, the discovery that is available in arbitration of this matter is not anywhere as broad as discovery permitted in court. The parties' arbitration agreement is governed by the Consumer Rules of the American Arbitration Association ("AAA"), McGuane Decl. Ex. 1, § 13(B)(i), ECF 27, which provide for very limited discovery, *see* AAA Consumer R. R-22(a), (c). The arbitrator may only allow "specific documents and other information [including identities of witnesses] to be shared between the consumer and business," and only if doing so would allow the arbitration to "remain a fast and economical process." *Id.* R. R-22(a). No other exchanges are authorized. *Id.* R. R-22(c). And unlike in traditional civil discovery,

---

[3] Plaintiffs are the same plaintiffs whose right of publicity suit regarding a materially identical online library of yearbooks recently was dismissed with prejudice in *Ancestry II* based in part on the application of Section 230. *See* 2021 WL 2433893, at \*5–6. That final decision collaterally estops Plaintiffs from re-litigating their already failed arguments against immunity under Section 230. *See* ECF 26 at 6 n.5; ECF 35 at 4 n.1.

any information exchanges require the permission of the arbitrator, which may not be forthcoming. *Id.* R. R-22(a). Thus, this is not a case in which "discovery would likely be obtained in either arbitration or court," *Martinez-Gonzalez*, 2020 WL 733228, at *3, nor one in which "proceeding with pre-trial discovery now will save the parties time if the Ninth Circuit sends them to" arbitration. *Yeomans.*, 2021 WL 1772808, at *4. Here, "[t]he contrast, in time and expense, between the arbitration process . . . and the process of litigation in federal court is substantial." *Ward*, 2014 WL 7273911, at *4.

Furthermore, the AAA Consumer Rules allow arbitrators to entertain "a dispositive motion" prior to any document production *at all*. AAA Consumer R. R-33. Should the Ninth Circuit reverse and order arbitration, PeopleConnect likely would file a motion to dismiss with the arbitrator upon the same legal bases as its motion to dismiss before this Court. If the arbitrator agrees with one or more of those arguments, the arbitrator likely would issue an award for PeopleConnect without ever reaching discovery. Thus, should discovery be allowed to proceed in this case, when it might otherwise be dismissed at the outset by the arbitrator, "the advantages of arbitration—speed and economy—[would be] lost forever." *Murphy.*, 2008 WL 8608808, at *2 (quoting *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir.1984)).

## III.   Plaintiffs Will Not Suffer Any Harm If This Case Is Stayed Pending Appeal.

"[W]hen a defendant appeals an order refusing to compel arbitration, the general disadvantage to plaintiff caused by delay of proceedings is usually outweighed by the potential injury to defendant from proceeding in district court during pendency of appeal." *Echevarria*, 2019 WL 3207812, at *3 (quotation omitted). "[A] plaintiff may be able to show prejudice by citing particular witnesses or documents that may be adversely affected by a stay." *Id.* Here, however, Plaintiffs cannot show that they will suffer any specific harm beyond the harm inherent in delay from a stay.

There is not, for instance, any reason to believe that potential witnesses might become unavailable. Further, "the parties are all aware of their obligations to preserve evidence," so a stay will not risk loss of evidence or endanger Plaintiffs' ability to identify class members based on PeopleConnect's records. *Mohamed*, 115 F. Supp. 3d at 1034. PeopleConnect also intends to prosecute its appeal expeditiously, without taking extensions for its briefs, to allow for a swift decision by the Ninth Circuit. And if motions and other proceedings likewise are stayed, potential additional plaintiffs or class members will suffer no harm from not being able to join the case in the interim. *Cf. id.* at 1035.

**IV.     A Stay Of Proceedings Pending Appeal Is In The Public Interest.**

The Federal Arbitration Act "embodies a clear federal policy in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). "[Q]uestions of arbitrability must be addressed with a healthy regard for th[is] federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Congress has determined that this interest outweighs any countervailing interest in litigating state-law claims in federal court when the parties may have agreed to arbitrate claims. *See id.* at 24–25 (holding that all doubts regarding arbitrability must be resolved in favor of arbitration). And certainly, "substantial judicial resources would be wasted if" the claims were litigated in this Court, "only for the Ninth Circuit later to determine that it should have been dismissed here." *Echevarria*, 2019 WL 3207812, at *4. The public interest therefore supports a stay. At the least, "[t]he public interest factor is neutral." *Mohamed*, 115 F. Supp. 3d at 1035.

## CONCLUSION

For the foregoing reasons, the Court should stay proceedings in this case, including the pending motion to dismiss and potential discovery, pending appeal of its decision denying PeopleConnect's motion to compel arbitration. If the Court does not grant this motion and stay the hearing on the pending motion to dismiss, PeopleConnect requests that the hearing date be reset, as its counsel has a conflict on July 9.

Dated: July 1, 2021                          Respectfully submitted,

JENNER & BLOCK LLP

By:   /s/ *Kate T. Spelman*
Kate T. Spelman
Debbie L. Berman
Wade A. Thomson

Attorneys for Defendant PeopleConnect, Inc.