Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Benjamin R. Osborn (*Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs*
*and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br>PEOPLECONNECT, INC., a Delaware Corporation,<br>        Defendant. | Case No.: 3:20-cv-09203-EMC<br><br>OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL OF DENIAL OF MOTION TO COMPEL ARBITRATION<br><br>Complaint Filed: Dec. 18, 2020<br><br>The Honorable Edward M. Chen |

1

## I.   PRELIMINARY STATEMENT

Based on long-established principles of contract and agency law, as described in *Blanton v. Womancare, Inc.*, 38 Cal. 3d 396 (1985), the Court denied Classmates' motion to compel arbitration. ECF No. 40 ("Order"). Despite dispositive authority directly on point, Classmates chose to appeal this Court's Order. ECF No. 47. The appeal has little chance of succeeding. Nevertheless, Classmates now seeks to stay the district court action pending its meritless appeal. The motion should be denied. *See, e.g., Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 954 (N.D. Cal. June 5, 2019) (denying stay when "the Court resolved [the appellant's] arguments through application of well-settled contract and agency principles.").

The Court has discretion to deny a stay out of concern for precisely the sort of delay tactics Classmates is attempting here. *See Britton v. Co-op. Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (an automatic stay "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration.").

## II.   LEGAL STANDARD FOR MOTION TO STAY

The denial of a motion to compel arbitration does not result in a mandatory stay. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). "A stay pending appeal is a matter of judicial discretion, not of right." *In re Pac. Fertility Ctr. Litig.*, Case No.18-cv-01586-JSC, 2019 WL 2635539, at *3-4 (N.D. Cal. June 27, 2019) (citing *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012)). The party requesting the stay "bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433 (2009).

> Courts consider four factors:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) [whether the] public interest [favors a stay].

*In re Carrier IQ, Inc.*, 2014 WL 2922726, at *1 (N.D. Cal. June 13, 2014) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1986)). The first two factors "are the most critical." *Nken*, 557

1

U.S. at 434.

If the party requesting a stay cannot make a "strong showing" of likely success on the merits, the party "must at a minimum show that its appeal presents a substantial case on the merits." *In re Pac. Fertility Ctr. Litig.*, 2019 WL 2635539, at *3 (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011)). The "substantial case on the merits" standard is alternatively articulated as whether the appeal raises "serious legal questions." *Id.; accord Martinez-Gonzalez v. Elkhorn Packing Co., LLC*, No. 18-cv-05226-EMC, 2020 WL 733228, at *2 (N.D. Cal. Feb. 13, 2020). If a stay is to be granted based on "serious legal issues," the party must also "show that the balance of hardships tilts sharply in its favor absent a stay." *Mohamed v. Uber Technologies*, 115 F. Supp. 3d 1024, 1029 (N.D. Cal. 2015) (Chen, J.).

## III.   ARGUMENT

### A.   Classmates has failed to show a likelihood of success on the merits.

Classmates has failed to demonstrate a "strong showing" of likely success. Nor does its appeal raise any genuine matters of first impression or constitutional issues that qualify as "serious legal issues." Accordingly, this Court may deny Classmates' motion without addressing the remaining factors. *See In re Pac. Fertility Ctr. Litig.*, 2019 WL 2635539, at *5 ("The first two factors in the traditional stay test are the most important. Indeed, a court need not consider the remaining factors unless it concludes that the moving party has made an adequate showing on the first two.") (citing *Nken*, 556 U.S. at 435).

#### 1.   Classmates has failed to make a "strong showing" on the merits.

On May 18, the Court denied Classmates' motion to compel arbitration. ECF No. 40 ("Order"). Relying on well-settled contract and agency principles established in *Blanton v. Womancare, Inc.*, 38 Cal. 3d 396 (1985), the Court found that "absent client consent or ratification, a lawyer cannot bind a client to an arbitration agreement by virtue of the attorney-client relationship alone." ECF No. 40 at 8:29-9:1. The Court found it is undisputed that Plaintiffs' counsel "did not have express authorization" to bind their clients to arbitration with Classmates, nor is there "any suggestion that Plaintiffs, after the fact, ratified" an agreement. *Id.* at 9:9-12. Indeed, "Counsel's actions in accessing the Classmates.com website and registering

for two accounts just before filing suit were clearly done . . . in anticipation of litigation." *Id.* at 9:17-19.  "*Blanton* is binding on this Court because the issue is . . . a matter of state law." *Id.* at 9:1-3. The rule in *Blanton* "is consistent with federal law, which requires a *knowing* waiver of the right to a judicial forum." *Id.* at 9:6-9 (citing *Kummetz v. Tech Mold*, 152 F.3d 1153, 1155 (9th Cir. 1998)).

Classmates will claim before the Ninth Circuit that the rule in *Blanton* applies only when clients expressly "instruct[] their counsel *not* to agree to arbitration," an argument this Court rejected as "not persuasive." ECF No. 49 at 4:1-3; ECF No. 40 at 9:14-17. Classmates fails to provide any authority supporting this supposed limitation. It cites *Kanbar v. O'Melveny & Myers*, but *Kanbar* interpreted *Blanton* exactly as this Court did, finding that "a waiver of the right to a judicial forum is a decision that belongs to the client and not the client's attorney." 849 F. Supp. 2d 902, 913 (N.D. Cal. 2011) (citing *Blanton,* 38 Cal. 3d at 404).

In *Kanbar* the plaintiff was bound because "she personally made the decision to stipulate to arbitration." *Id.* The case hinged on the fact that, "[the plaintiff's] attorney did not stipulate without her consent." *Id.* Nothing in *Kanbar* supports or even suggests that *Blanton* applies only when clients expressly instruct their attorneys *not* to waive their rights. Even if Classmates' invented "express instruction" limitation found support in the law (which it does not), it is undisputed that counsel accessed Classmates' website "in the course of counsel's representation of Plaintiffs for and in anticipation of litigation." ECF 40 at 8:16-20. An express instruction to prepare and file a lawsuit is reasonably interpreted to include an instruction *not* to enter an arbitration agreement that may preclude filing suit.

Nor does Classmates cite any authority to support its claims that *Blanton* applies only when the agreement at issue contains "one-sided terms," and only when the client "repudiated the agreement" within some (unspecified) timeframe. ECF No. 49 at 4:7-12. Classmates merely asserts these supposed limitations on *Blanton* without support or explanation. Both *Blanton* and the present case turn on the issue of contract formation, *i.e.,* whether an agreement exists between Plaintiffs and Classmates. The specific terms, and whether the Plaintiffs "repudiated" a (nonexistent) agreement, are irrelevant to the issue at hand.

OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL OF DENIAL OF MOTION TO COMPEL ARBITRATION                CASE NO.: 3:20-CV-09203-EMC

1        Classmates repeats the same "timing" argument upon which it relied at oral argument on

2  the motion to compel, arguing that the present case is different from *Blanton* because "Plaintiffs'

3  counsel here agreed to arbitration *before* Plaintiff filed their complaint." ECF No. 49 at 4:13-14.

4  This is a distinction without a difference. As this Court wrote, "[t]he distinction PeopleConnect

5  seeks to draw as to the precise timing of the registration has no logical basis." ECF No. 40 at

6  9:19-20. Nor does Classmates provide any logical basis in its motion to stay.

7        Classmates will attempt to convince the Ninth Circuit that *Blanton* "conflicts directly

8  with *Uber*." ECF No. 49 at 4:24 (citing *Indep. Living Res. Ctr. San Francisco v. Uber Techs.,*

9  *Inc.*, 18-CV-06503-RS, 2019 WL 3430656 (N.D. Cal. July 30, 2019)). In fact, there is no

10  conflict. Contrary to Classmates' assertion that this Court "did not distinguish this case from

11  *Uber*" (ECF No. 49 at 4:24-26), this Court's Order noted that "the actions of Plaintiffs' counsel

12  here do not serve as the basis of Plaintiffs' claims – *i.e.*, counsel's use of the Classmates.com

13  website is not the factual predicate for Plaintiffs' claims." ECF No. 40 at 9:25-27. As Plaintiffs

14  argued in their briefing on the initial motion to compel, this distinguishes the present case from

15  *Uber*, in which the plaintiffs' claims <u>arose from their agent's use of the Uber application</u>. ECF 32

16  at 4:11-14. Furthermore, even were there a conflict between *Blanton* and *Uber*, the Court

17  observed that *Uber* "is not binding" and fails to "address *Blanton* and the concerns raised

18  therein." ECF No. 40 at 9:21-24. Classmates can provide no reason – much less a "strong

19  showing" – why the Ninth Circuit would reach a different conclusion.

20        Classmates' attempt to rely on *Hui Ma v. Golden State Renaissance Ventures, LLC*, only

21  further illustrates the frivolousness of their appeal. No. 3:21-CV-00856-WHO, 2021 WL

22  2190912 (N.D. Cal. May 31, 2021). Classmates characterizes *Hui Ma* as a case in which an

23  "attorney bound clients to arbitrate without specific authorization to agree." ECF No. 49 at 5:5-7.

24  In fact, the opposite is true. In *Hui Ma*, the clients granted express authority to their attorney "to

25  execute, acknowledge, swear to and file . . . the Partnership Agreement . . . and any

26  amendments." *Hui Ma*, 2021 WL 2190912, at *3. The Partnership Agreement "contain[ed] an

27  arbitration provision." *Id*. at *2. This stands in contrast to our case, where it is undisputed

28  Plaintiffs did not grant their counsel authority to enter any agreement with Classmates.

OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL OF DENIAL OF
MOTION TO COMPEL ARBITRATION        CASE NO.: 3:20-CV-09203-EMC

In its Order, this Court expressed concern that Classmates' position would force plaintiffs onto the "horns of a dilemma" between "either fil[ing] suit without doing the necessary pre-suit investigation" required under Fed. R. Civ. P. 11 and 12, or "waiv[ing] the right to a judicial forum, a right protected under the First Amendment." ECF No. 40 at 10:6-13 (citation omitted). On appeal to the Ninth Circuit, Classmates' only intended response is that there is no dilemma because "the TOS allow a user to opt out of arbitration within 30 days of registering" and "Plaintiffs' counsel . . . simply did not do so." ECF No. 49 at 5:13-18.

Classmates offers no reason why the Plaintiffs' First Amendment rights should turn so crucially on counsel's choice to opt out of arbitration after visiting the website to investigate their clients' legal claims. The Terms of Service ("TOS") state that the right to deploy the arbitration procedures describe therein may not be "assign[ed] or transfer[ed] . . . to any third party." ECF No. 27 at 22. Even had Plaintiffs authorized counsel to agree to arbitration on their behalf – which they did not – under the language of the TOS the right to pursue arbitration would never have passed to the Plaintiffs. Because the right to invoke arbitration cannot pass from the attorney to her clients, whether the attorney opts out on her own account is irrelevant.

In any case, Classmates' supposed "right to opt out" cannot save it from the dilemma this Court described, because Classmates rejected counsel's attempt to opt out. As Plaintiffs' counsel explained at oral argument, counsel attempted to opt-out of arbitration with an account he created on April 16, 2021, for the purpose of further investigating this and related cases against Classmates. *See* Motion to Compel Oral Argument Tr. (ECF No. 45) at 18:19–19:21. Classmates responded by immediately terminating his account without warning and without any means of redress. *Id.* Attached to this Opposition is a Declaration counsel entered in a parallel Illinois case showing the opt-out procedures he followed and the termination message Classmates sent in response. Exhibit 1.

In the present motion, Classmates admits that it responded to counsel's opt-out request by terminating the account. ECF No. 49 at 5, n.2. But it claims the deletion "reflected inadvertence in a single case, rather than a practice." *Id.* Absent discovery, Plaintiffs have no way of verifying Classmates' ordinary practice in responding to opt-out requests. Regardless, Classmates'

OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL OF DENIAL OF
MOTION TO COMPEL ARBITRATION                    CASE NO.: 3:20-CV-09203-EMC

ordinary practice is irrelevant, because it is undisputed that <u>in this very case Classmates terminated counsel's account in response to an opt-out request</u>. This deprived him of the ability to conduct pre-suit investigation, and would represent a troubling denial of his clients' First Amendment rights if Classmates' arbitration arguments were upheld on appeal.

**2.   Classmates failed to show that its appeal presents "serious legal questions."**

The Ninth Circuit has not fully defined what makes a legal question "serious," but district court judges have shed light on the issue. *Mohamed*, 115 F. Supp. 3d at 1028-29. "Judge Koh has suggested that '[f]or a legal question to be 'serious,' it must be a 'question going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation.'" *Id.* (quoting *Guifu Li v. A Perfect Franchise, Inc.*, No. 10–cv–1189–LHK, 2011 WL 2293221, at *3 (N.D. Cal. Jun. 8, 2011)). In the Ninth Circuit, "serious legal questions often concern constitutionality." *Id.* They may also concern "genuine matters of first impression within the Ninth Circuit" or "otherwise address a pressing legal issue which urges that the Ninth Circuit hear the case." *Id.* (quoting *Morse v. Servicemaster Global Holdings, Inc.,* No. C10–628–SI, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013)). Classmates does not attempt to argue – nor could it – that its appeal presents a constitutional issue. Instead, it argues its appeal presents (1) an issue of first impression in the Ninth Circuit, and (2) a pressing legal issue. ECF No. 49 at 6:9-21. Classmates is wrong on both counts.

First, Classmates claims that the "Ninth Circuit has never grappled with" the "issue in the appeal." ECF No. 49 at 6:9-10. It is not clear what issue Classmates believes to be one of first impression, because its motion never bothers to define one. Construing the relevant issue as "whether *Blanton* controls when an attorney may compromise her client's rights to pursue a claim," the Ninth Circuit has repeatedly weighed in to the affirmative. *See, e.g., Blackthorne Publishing, Inc. v. Black*, 210 F.3d 381, 381 (9th Cir. 2000) ("California 'law is well settled that an attorney must be specifically authorized to . . . compromise a claim.'") (quoting *Blanton*, 38 Cal. 3d 396 at 404); *Allen v. Barnes*, 329 F. App'x 740, 741 (9th Cir. 2009) (citing *Blanton* for the proposition that an attorney must have specific authority to settle a client's claim).

Second, Classmates falls back on the spurious "conflict" between this Court's Order and

OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL OF DENIAL OF
MOTION TO COMPEL ARBITRATION                    CASE NO.: 3:20-CV-09203-EMC

the *Uber* decision, which Classmates falsely asserts presented "virtually identical facts." ECF No. 49 at 6:15-17.[1] As explained above in Part A(1), there is no conflict, because unlike the plaintiffs in *Uber*, "counsel's use of the Classmates.com website is not the factual predicate for Plaintiffs' claims." ECF No. 40 at 9:25-27. Plaintiffs' claims arise from Classmates' theft and use of their likenesses without permission, a harm that exists and persists regardless of their counsel's use of the website. Even if this Court's Order did present a conflict with *Uber* (which it does not), Classmates cites no authority to support the idea that the existence of conflicting district court decisions automatically creates a "pressing legal issue."[2]

**B.    Classmates failed to show irreparable harm.**

Even if Classmates could establish a "strong showing" of likely success or that its appeal presents "serious legal questions" – which it cannot – its motion still must fail because Classmates cannot show that it will be "irreparably injured" by the denial of a stay (*In re Carrier IQ,* 2014 WL 2922726, at *1), much less that "the balance of hardships tilts sharply in its favor." *Mohamed*, 115 F. Supp. 3d at 1029.

Classmates identifies only one "harm" it would suffer if the case proceeds: Classmates "will have to expend much time and expense on this case." ECF No. 49 at 7:4-7. But as this Court concluded in a decision Classmates cites, litigation expenses do not constitute irreparable injury. *See, e.g., Mohamed*, 115 F. Supp. 3d at 1032-33 ("nearly all courts have concluded that incurring litigation expenses does not amount to an irreparable harm") (gathering cases and quoting *Guifu Li*, 2011 WL 2293221, at *4). This stands to reason, because arbitration would

---

[1] Classmates also falsely asserts this case conflicts with *Hui Mai*. ECF No. 49 at 6:15-17. As explained above, in fact *Hui Mai* interpreted *Blanton* exactly as this Court did.

[2] Classmates incorrectly cites this Court's decision in *Yeomans v. World Fin. Grp. Ins. Agency*, No. 19-cv-00792-EMC, 2021 WL 1772808 (N.D. Cal. Mar. 19, 2021), as one in which a "pressing legal issue" existed because the issue was one that had "divided district courts in this Circuit." ECF No. 49 at 6:5-8. This is incorrect. In *Yeomans*, this Court granted a partial stay – but allowed discovery to continue – based on its finding that the "Ninth Circuit has yet to address the question at bar." 2021 WL 1772808, at *4. The existence of a conflicting orders at the district court level was not part of the court's stated rationale. Indeed, this Court noted that "almost all district courts agree with this Court's analysis." *Id.*

OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL OF DENIAL OF
MOTION TO COMPEL ARBITRATION                    CASE NO.: 3:20-CV-09203-EMC

"include[] substantial discovery and motions practice such that continuing to litigate in federal court would [result] in little to no loss of time and money." *Id.* (quoting *Ward v. Estate of Goossen*, No. 14-cv-03510-THE, 2014 WL 7273911, at *3 (N.D. Cal. Dec. 22, 2014)). Classmates incorrectly asserts that the discovery allowed under the American Arbitration Association rules is "not anywhere as broad as discovery permitted in court." ECF No. 49 at 8:17-19. In fact, the rules contain no limitations on the topics or breadth of discovery, providing that "if any party asks," the arbitrator "may direct . . . specific documents and other information to be shared between the consumer and business" and may direct "further information exchange [as] needed to provide for a fundamentally fair process." AAA Consumer R. R-22(a), (c).

As Classmates correctly notes, *Mohamed* recognizes that "the monetary and non-monetary harm . . . from the actual *adjudication*" of a case "on the merits" can constitute irreparable injury "if the arbitration forum was wrongly denied." 115 F. Supp. 3d. at 1034. Because of the early stage of the proceedings, there would be no injury to Classmates were this case to proceed. An "adjudication . . . on the merits" is far down the road.  Discovery has not yet commenced. Classmates contends it would suffer irreparable harm if made to argue its various affirmative defenses in federal court rather than at arbitration. ECF No. 49 at 7:2-9:14. But this argument rings hollow, because the parties have already completed briefing on all of Classmates' purported defenses, and the timeline for hearing dispositive motions is far more favorable to Classmates in federal court than under the AAA Consumer Rules. *Compare* AAA Consumer R. R-33 (an arbitrator "may," but is not required to, allow the filing of dispositive motions); *with* Fed. R. Civ. P. 12(b) (defendant can file dispositive motions as of right at the outset of the case).

**C.     A stay would cause Plaintiffs substantial injury.**

A stay would cause substantial injury to the Plaintiffs. First, it would delay the entry of an injunction prohibiting Classmates' unauthorized and invasive use of their photographs as minors in materials promoting Classmates' products, a harm that is ongoing every day Classmates is allowed to persist in its illegal conduct. *See Bradberry v. T-Mobile USA, Inc*, 2007 WL 2221076, at *4 (N.D. Cal., Aug. 2, 2007) ("delay in litigation constitute[s] a substantial injury to [the plaintiff]" and "weights against granting a stay"). Second, a stay would increase the risk of lost

OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL OF DENIAL OF
MOTION TO COMPEL ARBITRATION              CASE NO.: 3:20-CV-09203-EMC

evidence. *See id.* Classmates assures the Court that it is "aware of [its] obligations to preserve evidence" (ECF No. 49 at 9:23-25), but fails to state whether it has acted on those obligations. We do not know, for instance, whether Classmates has issued a litigation hold to prevent the deletion of electronic evidence.

**D.      The public interest favors denying Classmates' motion to stay.**

California has a substantial public interest in protecting its citizens from the unauthorized use of their photographs as minors to promote a website with which they have no affiliation. *See* Cal. Civ. Code § 3344. As Judge Koh recently recognized, California law recognizes that individuals "have a property interest in their personal information." *Calhoun v. Google LLC*, No. 20-CV-05146-LHK, 2021 WL 1056532, at *24 (N.D. Cal. Mar. 17, 2021). California has a substantial interest in preventing and remedying the theft of that property.

Classmates argues that the Federal Arbitration Act evinces a "clear federal policy in favor of arbitration." ECF No. 49 at 10:2. That policy is irrelevant where, as here, the parties dispute whether an arbitration agreement exists. *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014) ("If the parties contest the existence of an arbitration agreement, the presumption in favor of arbitrability does not apply.").

## IV.      CONCLUSION

For the above-stated reasons, Plaintiffs respectfully request this Court deny Classmates' motion to stay proceedings pending its appeal of this Court's order denying its motion to compel arbitration.

Dated: July 13, 2021                                By:      /s/ Michael F. Ram
                                                              Michael F. Ram

                                                     Michael F. Ram (SBN 104805)
                                                     mram@forthepeople.com
                                                     Marie N. Appel (SBN 187483)
                                                     mappel@forthepeople.com
                                                     MORGAN & MORGAN
                                                     COMPLEX LITIGATION GROUP
                                                     711 Van Ness Avenue, Suite 500
                                                     San Francisco, CA 94102
                                                     Telephone: (415) 358-6913
                                                     Facsimile: (415) 358-6923

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Benjamin R. Osborn
(admitted *Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

*Attorneys for Plaintiffs
and the Proposed Class*

OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL OF DENIAL OF
MOTION TO COMPEL ARBITRATION              CASE NO.: 3:20-CV-09203-EMC