**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar. No. 269109)
kspelman@jenner.com
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: 213 239-5100
Facsimile: 213 239-5199

**JENNER & BLOCK LLP**
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
353 North Clark Street
Chicago, Illinois 60654
Telephone: 312 222-9350
Facsimile: 312 527-0484

Attorneys for Defendant PeopleConnect, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN AND LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs.<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br>Defendant. | Case No. 3:20-cv-09203-EMC<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 AND MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**<br><br>Hearing Date: September 2, 2021<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5 |

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................1

I.   The Ancestry.com Complaint And The PeopleConnect Complaint. ................................1

II.  The *Ancestry.com* Motion To Dismiss............................................................................3

III. The Pending Motion To Dismiss In This Case ................................................................5

ARGUMENT .........................................................................................................................5

I.   The *Ancestry.com* Court Addressed The Identical Issue To The One Presented Here....6

II.  Plaintiffs Actually Litigated The Section 230 Issue To Final Judgment In *Ancestry.com*. ...........10

III. The Section 230 Issue Was Necessarily Decided In *Ancestry.com*. ..............................12

CONCLUSION....................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baiul v. NBC Sports*,
    732 F. App'x 529 (9th Cir. 2018) ..................................................................................11

*Batzel v. Smith*,
    333 F.3d 1018 (9th Cir. 2003) ........................................................................................8

*Callahan v. Ancestry.com Inc.*,
    No. 20-cv-08437, 2021 WL 2433893 (N.D. Cal. June 15, 2021).................................. *passim*

*Callahan v. Ancestry.com Inc.*,
    No. 20-cv-08437, No. 2021 WL 783524 (N.D. Cal. Mar. 1, 2021) ...............................3, 4, 11

*Collins v. D.R. Horton, Inc.*,
    505 F.3d 874 (9th Cir. 2007) ........................................................................................12

*Delannoy v. Woodlawn Colonial, L.P. (In re Delannoy)*,
    615 B.R. 572 (9th Cir. B.A.P. 2000)..............................................................................13

*Diamond Ranch Acad., Inc. v. Filer*,
    No. 14-CV-751, 2016 WL 633351 (D. Utah Feb. 17, 2016) ..........................................8

*Dow Agrosciences, LLC v. Bates*,
    No. 01-CV-331, 2003 WL 22660741 (N.D. Tex. Oct. 14, 2003) ...................................5

*Evans v. Hewlett-Packard Co.*,
    No. C 13-02477, 2013 WL 5594717 (N.D. Cal. Oct. 10, 2013).....................................13

*Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*,
    521 F.3d 1157 (9th Cir. 2008) ........................................................................................8

*FTC Comm'n v. Accusearch, Inc.*,
    No. 06-CV-105-D, 2007 WL 4356786 (D. Wyo. Sept. 28, 2007)..................................8

*Gelb v. Royal Globe Ins. Co.*,
    798 F.2d 38 (2d Cir. 1986).............................................................................................12

*Goddard v. Google, Inc.*,
    No. C 08-2738, 2008 WL 5245490 (N.D. Cal. Dec. 17, 2008) ......................................13

*Green v. Mansour*,
    474 U.S. 64 (1985)..........................................................................................................5

*Howard v. City of Coos Bay*,
    871 F.3d 1032 (9th Cir. 2017) ........................................................................................7

*Howard Carr Cos. v. Cumberland Farms, Inc.*,
    456 F. Supp. 3d 462 (N.D.N.Y. 2020)............................................................................6

*Irving Nat'l Bank v. Law*,
    10 F.2d 721 (2d Cir. 1926).............................................................................................12

*Jayne v. City of Anderson*,
   No. CIV S-11-1465, 2011 WL 3819580 (E.D. Cal. Aug. 24, 2011) ........................................10

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
   458 F.3d 244 (3d Cir. 2006)..................................................................................................12

*Kimzey v. Yelp! Inc.*,
   836 F.3d 1263 (9th Cir. 2016) ...................................................................................6, 7, 8, 10

*Klayman v. Zuckerberg*,
   753 F.3d 1354 (D.C. Cir. 2014) ...............................................................................................8

*Mahan v. Perez*,
   No. 16-cv-2024, 2016 WL 7048997 (N.D. Cal. Dec. 5, 2016)...............................................11

*Masson v. New Yorker Magazine, Inc.*,
   85 F.3d 1394 (9th Cir. 1996) .................................................................................................10

*McCray v. Marriott Hotel Servs., Inc.*,
   902 F.3d 1005 (9th Cir. 2018) ...............................................................................................13

*McQuillion v. Schwarzenegger*,
   369 F.3d 1091 (9th Cir. 2004) ..........................................................................6, 10, 11, 12

*Missud v. California*,
   No. C-14-1503, 2014 WL 3367953 (N.D. Cal. July 8, 2014) ................................................10

*Phil-Insul Corp. v. Airlite Plastics Co.*,
   854 F.3d 1344 (Fed. Cir. 2017)........................................................................................12, 13

*Robi v. Five Platters, Inc.*,
   838 F.2d 318 (9th Cir. 1998) .................................................................................................11

*SEC v. Stein*,
   906 F.3d 823 (9th Cir. 2018) ...........................................................................................7, 8, 9

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
   531 U.S. 497 (2001).................................................................................................................5

*Singh v. Wells Fargo Bank, N.A.*,
   No. 18-cv-07376, 2018 WL 6511152 (N.D. Cal. Dec. 11, 2018)..........................................11

*Sparlin v. Countrywide Home Loans Inc.*,
   548 F. App'x 485 (9th Cir. 2013) ..........................................................................................11

*State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*,
   425 F.3d 708 (9th Cir. 2005) .................................................................................................10

*TD Optical Design, Ltd. v. DAC Int'l, Inc.*,
   No. CV 17-8616, 2018 WL 6307897 (C.D. Cal. Mar. 30, 2018) .........................................5, 6

*Trevino v. Gates,*
   99 F.3d 911 (9th Cir. 1996) .....................................................................................................6

*Tripati v. Henman*,
    857 F.2d 1366 (9th Cir. 1988) ...........................................................................................12

*Tuitama v. Nationstar Mortg. LLC*,
    No. CV 14-09956, 2015 WL 12744269 (C.D. Cal. Apr. 13, 2015) ..........................................6

*Villamar v. Hersh*,
    37 F. App'x 919 (9th Cir. 2002) ........................................................................................11

*Wachovia Secs., LLC v. Loop Corp.*,
    No. 05 C 3788, 2011 WL 710681 (N.D. Ill. Feb. 18, 2011).......................................................6

*Wenke v. Forest Lab'ys, Inc.*,
    796 F. App'x 383 (9th Cir. 2020) .........................................................................................9

*In re Westgate-Cal. Corp.*,
    642 F.2d 1174 (9th Cir. 1981) ...........................................................................................12

**Statutes**

47 U.S.C. § 230................................................................................................................................5

California Business & Professions Code § 17200 .......................................................................1, 3

California Civil Code § 3344.........................................................................................................1, 3

**Other Authorities**

Restatement (First) of Judgments § 68 (Am. L. Inst. 1942) ...........................................................12

Restatement (Second) of Judgments § 27 (Am. L. Inst. 1982).......................................................13

**INTRODUCTION**

Plaintiffs brought this exact suit against another yearbook website and lost. Plaintiffs' claims here thus should be dismissed with prejudice. Specifically, these same Plaintiffs (Meredith Callahan and Lawrence Geoffrey Abraham) pleaded the same causes of action (violation of California Civil Code § 3344, violation of California Business & Professions Code § 17200, intrusion upon seclusion, and unjust enrichment) based on the same theory (the unauthorized presentation of images from their school yearbooks on a website) in *Callahan v. Ancestry.com Operations Inc.*, No. 20-cv-08437 (N.D. Cal.).[1] After PeopleConnect filed its Motion to Dismiss and its Reply in Support, *see* PeopleConnect ECF No. 26; 35, the court in the *Ancestry.com* case dismissed Plaintiffs' claims with prejudice because *inter alia* they are barred by Section 230 of the Communications Decency Act ("Section 230"). *Callahan v. Ancestry.com Inc.*, No. 20-cv-08437, 2021 WL 2433893 (N.D. Cal. June 15, 2021) ("*Ancestry.com II*").

Plaintiffs cannot relitigate issues and arguments they lost in *Ancestry.com*. But that is what Plaintiffs are now doing. *Ancestry.com* resolves that Section 230 grants a website engaged in materially indistinguishable conduct immunity from all of Plaintiffs' claims. So there now is only one proper resolution of PeopleConnect's Motion to Dismiss: The Court should hold that Plaintiffs are precluded from contesting the application of Section 230 and dismiss the Complaint with prejudice.

**BACKGROUND**

**I.    The Ancestry.com Complaint And The PeopleConnect Complaint.**

On November 30, 2020, Meredith Callahan and Lawrence Geoffrey Abraham—the Plaintiffs in this case—filed a separate complaint in the Northern District of California naming Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC as defendants (hereinafter "Ancestry"). Ancestry ECF No. 1. That complaint was later amended. Ancestry ECF No. 32. The amended complaint pleaded four causes of action: (1) violation of the California Right of Publicity Statute, Cal. Civ. Code § 3344; (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (3) intrusion upon seclusion under California law; and (4) unjust enrichment under California law. *Id.* at 35-

---

[1] Citations in this memorandum to the record in this litigation shall read "PeopleConnect ECF No. __." Citations in this memorandum to the record in the *Ancestry.com* litigation shall read Ancestry ECF No. __."

38. On December 18, 2020, Callahan and Abraham filed a separate complaint in this Court naming PeopleConnect as a defendant. PeopleConnect ECF No. 2. In it, they pleaded the same four causes of action pleaded in their Ancestry Complaint. *See id*. at 28–31.

The two complaints contained materially identical allegations. For example:

| PeopleConnect Complaint | Ancestry Amended Complaint |
| --- | --- |
| "Plaintiffs bring this class action complaint against [PeopleConnect] for knowingly misappropriating the names, photographs, and likenesses of Plaintiffs and the class; knowingly using those names, photographs, and likenesses to advertise its products and services, including reprinted yearbooks and subscription memberships to the website Classmates.com; and knowingly using those names, photographs, and likenesses on and in reprinted yearbooks and the website Classmates.com, without obtaining prior consent from Plaintiffs and the class." PeopleConnect ECF No. 2, ¶ 2. | "Plaintiffs bring this class action complaint against [Ancestry] for knowingly misappropriating the photographs, likenesses, names, and identities of Plaintiffs and the class; knowingly using those photographs, likenesses, names, and identities for the commercial purpose of selling access to them in Ancestry products and services; and knowingly using those photographs, likenesses, names, and identities to advertise, sell, and solicit purchases of Ancestry services and products; without obtaining prior consent from Plaintiffs and the class." Ancestry ECF No. 32, ¶ 2. |
| "Classmates' business model relies on extracting personal information from school yearbooks, including names, photographs, schools attended, and other biographical information. Classmates aggregates the extracted information into digital records that identify specific individuals by name, photograph, and other personal information, and stores the digital records in a massive online database." *Id*. ¶ 3. | "Ancestry's business model relies on amassing huge databases of personal information, including names, photographs, addresses, places of birth, estimated ages, schools attended, and other biological information …. The main subject of this lawsuit is Ancestry's "U.S., School Yearbooks, 1900-1999" database ("Ancestry Yearbook Database"). To construct its Yearbook Database, Ancestry extracted personal information from school yearbooks." *Id*. ¶ 3. |
| "Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection on and in its products and services." *Id*. ¶ 9. | "Ancestry knowingly uses the names, photographs, cities of residence, schools attended, estimated ages, likenesses, and identities in its Ancestry Yearbook Database on and in its products and services." *Id*. ¶ 6. |
| "Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection to advertise, sell, and solicit the purchase of reprinted | "Ancestry knowingly uses the names, photographs, cities of residence, schools attended, estimated ages, likenesses, and identities in its Ancestry Yearbook Database to advertise, sell, and solicit the purchase of its monthly subscription products and services, including its |

| | |
|---|---|
| yearbooks … and its "CM+" subscription membership." *Id*. ¶ 7. | "U.S. Discovery," "World Explorer," and "All Access" subscription plans." *Id*. ¶ 7. |
| "Although Classmates does not disclose how it created its Yearbook Collection, there is a section of the Classmates website encouraging users to donate old yearbooks to Classmates. At least some, and possibly all, of its Yearbook Collection was built via such donations." *Id*. ¶ 60. | "Ancestry does not disclose how it created the Ancestry Yearbook Database. Plaintiffs are ignorant of the methods by which Ancestry acquires yearbooks and digitally extracts their contents. There is a section of Ancestry's website encouraging visitors to donate their old yearbooks to Ancestry, so it is possible some of the Yearbook Database was built via such donations." *Id*. ¶ 64. |
| "Classmates knowing misappropriation of names, likenesses, photographs, and other personal information, and use of those names, likenesses, photographs, and other personal information in selling and advertising its products and services, violates California's Right of Publicity statute, Cal. Civ. Code § 3344; the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; California's common law right protecting against Intrusion upon Seclusion; and California Unjust Enrichment law." *Id*. ¶ 64. | "Ancestry's knowing misappropriation of names, likenesses, photographs, and other personal information, and use of those names, likenesses, photographs, and other personal information in selling and advertising its products and services, violates California's Right of Publicity statute, Cal. Civ. Code § 3344; the California statute protecting publicity rights of deceased persons, Cal. Civ. Code § 3344.1; the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; California's common law right protecting against Intrusion upon Seclusion; and California Unjust Enrichment law." *Id.* ¶ 77. |

**II.     The *Ancestry.com* Motion To Dismiss**

Ancestry moved to dismiss Plaintiffs' complaint on numerous grounds, including that Plaintiffs' claims "are foreclosed by Section 230 of the Communications Decency Act." Ancestry ECF No. 13 at 13-16 (N.D. Cal. Jan. 4, 2021). The court granted Ancestry's motion. *See Callahan v. Ancestry.com Inc.*, No. 20-cv-08437, No. 2021 WL 783524 (N.D. Cal. Mar. 1, 2021) ("*Ancestry.com I*").

Regarding Section 230, the court explained that "[i]mmunity from liability exists for (1) a provider or user of an interactive computer service, (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker of (3) information provided by another information content provider." *Id*. at *5 (citation omitted). It then held that under that test, Ancestry "is immune from liability." *Id*. The court rejected the same argument that Plaintiffs make here—that Section 230 did not apply because Ancestry did not "obtain the content from the author of the content." *Id*. at *6. In doing so, the *Ancestry.com* court

explained that Section 230 "immunizes an interactive computer service provider that passively displays content that is created entirely by third parties," regardless of who supplied it to the website. *Id*. at *6 (internal quotation marks and citations omitted). It also rejected Plaintiffs' argument that Ancestry "creates content" by "extract[ing] yearbook data (names, photographs, and yearbook date), put[ting] the content on its webpages and in its email solicitations, add[ing] information (such as an estimated birth year and age), and add[ing] interactive buttons (such as a button prompting a user to upgrade to a more expensive subscription)." *Id*. The court held that Ancestry did not create the allegedly objectionable content because it "did not contribute 'materially' to the content" and merely took "information and photos from the donated yearbooks and republish[ed] them on its website in an altered format." *Id*. (citation omitted). The *Ancestry.com* court also held that Callahan and Abraham "have not plausibly pleaded Article III standing" because their allegations "do not establish [a constitutional injury in fact]." *Id*. at *4–5. In doing so, the court dismissed with leave to amend. *Id*. at *5.

Plaintiffs filed an amended complaint. Ancestry ECF No. 32. Once more, Ancestry moved to dismiss. Ancestry ECF No. 33. In dismissing the amended complaint, the court rejected all three of Plaintiffs' Section 230 arguments. First, the court rejected the argument that Ancestry had failed to show it was not the content creator because it had not conclusively demonstrated that it did not obtain at least some of the yearbooks by "scraping [them] from websites or copying [them] from libraries." *Ancestry II*, 2021 WL 2433893, at *5. The court instead explained that "Ancestry is not a content provider" as it "obviously did not create the yearbooks" and instead "used information provided by another information-content provider." *Id*. Second, the court rejected Plaintiffs' argument that as a matter of law Section 230 applies only "if the yearbook creator intended the content to be published online." *Id*. at *6. It instead held that Section 230 "immunizes an interactive computer service provider that passively displays content that is created entirely by third parties," regardless of any such permission. *Id*. (internal quotation marks and citations omitted). Third, the court rejected the argument "that Ancestry created content by taking the records and putting them in popup ads and emails to promote website subscriptions." *Id*. at *7. It found instead that "Ancestry did not transform the content and just offered it in a different form." *Id*. The

*Ancestry.com* court also held that the Amended Complaint failed to allege a concrete injury. The court dismissed the case with prejudice. *Id*.

**III.  The Pending Motion To Dismiss In This Case**

PeopleConnect moved to dismiss Plaintiffs' claims on March 19, 2021. PeopleConnect ECF No. 26. PeopleConnect argued *inter alia* that it too is immune from all of Plaintiffs' four claims under Section 230. *Id*. at 6–9. In response, Plaintiffs made two of the same arguments it made with respect to the amended complaint in *Ancestry.com*. First, they argued "a website enjoys immunity [under Section 230] only for content the creator intended to be published on the Internet." PeopleConnect ECF No. 32 at 5. Second, they argued that PeopleConnect should be viewed as the creator of the content on its website because it "extracted names and photographs, used those names and photographs to generate searchable records, and used those records to promote sales of website subscriptions." *Id*. at 7.

## ARGUMENT

"[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). As a matter of federal common law, when a dismissal is based on state substantive law, a court determines the preclusive effect of the prior decision by reference to "the law that would be applied by state courts in the State in which the federal diversity court sits"—here, California. *See id*. But when applying state preclusion law would be "incompatible with federal interests," "federal reference to state law will not obtain." *Id.* at 509.

Here, the *Ancestry.com* court dismissed Plaintiffs' claims based upon Section 230. *See Ancestry.com*, 2021 WL 2433893, at *5-7. Section 230, of course, is an express federal preemption statute. *See* 47 U.S.C. § 230(e)(3). Accordingly, this is a case where federal interests compel the application of federal preclusion principles. That is because "a nationally uniform policy enforcing a federal preemptive regime," and thus protecting the supremacy of federal law, is a quintessential "federal interest[]." *Dow Agrosciences, LLC v. Bates*, No. 01-CV-331, 2003 WL 22660741, at *22 (N.D. Tex. Oct. 14, 2003) (citing *Semtek*, 531 U.S. at 509); *see Green v. Mansour*, 474 U.S. 64, 68 (1985) (noting "federal interest in assuring the supremacy of [federal] law"); *see also TD Optical Design, Ltd. v. DAC Int'l, Inc.*, No. CV 17-8616,

2018 WL 6307897, at *5 (C.D. Cal. Mar. 30, 2018) (refusing to apply California preclusion where rule barring preclusion to dismissals for failure to prosecute contrary to federal interests); *Tuitama v. Nationstar Mortg. LLC*, No. CV 14-09956, 2015 WL 12744269, at *8 (C.D. Cal. Apr. 13, 2015) (same).[2]

The Ninth Circuit has held that under federal preclusion law, "[t]hree factors must be considered before applying collateral estoppel: '(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.'" *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (quoting *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996)). All of these elements are present here. The central issue with respect to Section 230 immunity is identical in both cases—whether a website that republishes yearbooks and yearbook snippets, even in an altered format, is presenting "information provided by another information content provider." *See Kimzey v. Yelp! Inc.,* 836 F.3d 1263, 1268 (9th Cir. 2016). That is an issue Plaintiffs actually litigated to a final judgment in *Ancestry.com*. And the *Ancetry.com* court's adjudication of that issue also was "necessary" to the outcome reached by that court under the pertinent legal standards.

Plaintiffs, therefore, cannot relitigate in this Court the application of Section 230 to their identical causes of action predicated on legal theories that are indistinguishable from the ones they actually litigated to judgment in *Ancestry.com*. PeopleConnect's Motion to Dismiss should be granted.

I. **The *Ancestry.com* Court Addressed The Identical Issue To The One Presented Here.**

Issue preclusion, also referred to as collateral estoppel, is available on all issues addressed in a previous case that are "identical" to issues presented in a second case. *McQuillion*, 369 F.3d at 1096. A critical issue in *Ancestry.com* was whether Section 230 bars Plaintiffs' claims because Plaintiffs' claims sought to impose liability on: "(1) a provider or user of an interactive computer service (2) whom a plaintiff

---

[2] *See also, e.g.*, *Howard Carr Cos. v. Cumberland Farms, Inc.*, 456 F. Supp. 3d 462, 473 (N.D.N.Y. 2020) (federal court's interest in managing docket outweighs state preclusion rules that might permit serial litigation); *Wachovia Secs., LLC v. Loop Corp.*, No. 05 C 3788, 2011 WL 710681, at *3 (N.D. Ill. Feb. 18, 2011) (federal court's interest "in enforcing the finality of orders from other federal district courts" sufficiently strong to justify disregarding contrary state preclusion rule).

seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Kimzey*, 836 F.3d at 1268 (citation omitted). Plaintiffs in *Ancestry.com* did not dispute that the first two elements were met. Ancestry ECF No. 19 at 11-13; Ancestry ECF No. 38 at 14-19.[3] Thus the question before the *Ancestry.com* court was whether a "provider or user of an interactive computer service"—*i.e.*, a website—that presents yearbooks the website did not create, as well as snippets from those yearbooks, is presenting "information provided by another information content provider." *Kimzey,* 836 F.3d at 1268. Or as the *Ancestry.com* court put it more precisely given Plaintiffs' allegations, the dispositive question there was whether Section 230 applies if a website "tak[es] information and photos from … yearbooks and republish[es] them on its website in an altered format." *Ancestry.com II*, 2021 WL 2433893, at *5.

The dispositive issue here is identical to what was before the court in *Ancestry.com*. Courts "typically look to four factors … to determine whether two issues are 'identical' for purposes of issue preclusion[.]" *SEC v. Stein*, 906 F.3d 823, 828-29 (9th Cir. 2018). Those factors, which "are not applied mechanistically," are:

   (1)   Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?

   (2)   Does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?

   (3)   Could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?

   (4)   How closely related are the claims involved in the two proceedings?

*Id.* at 829 (quoting *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017)). Each factor supports a finding that the issue regarding Section 230 immunity presented in these two cases is identical.

*First*, there is more than "substantial overlap" between arguments in the two cases—the only two arguments Plaintiffs have made to this Court are word-for-word identical to arguments they made in

---

[3] Plaintiffs also do not contest those elements in this case. *See* PeopleConnect ECF No. 32 at 5-7.

*Ancestry.com*. Plaintiffs argued to this Court that Section 230 does not apply because "a website enjoys immunity only for content the creator intended to be published on the internet." PeopleConnect ECF No. 32 at 5 (citing *Batzel v. Smith*, 333 F.3d 1018, 1034 (9th Cir. 2003) and *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC,* 521 F.3d 1157, 1170-71 (9th Cir. 2008)); *see id.* at 6 (citing *FTC Comm'n v. Accusearch, Inc.*, No. 06-CV-105-D, 2007 WL 4356786 (D. Wyo. Sept. 28, 2007)). They made the same argument, citing the same authorities, in *Ancestry.com*—"a website enjoys immunity only for content the creator intended to be published on the Internet." Ancestry ECF No. 38 at 16 (citing *Batzel*, 333 F.3d at 1034 and *Fair,* 521 F.3d at 1170-71); *see id*. at 17 (citing *Trade Comm'n*, 2007 WL 4356786). Plaintiffs then argued here that when a website "extract[s] names and photographs, us[es] those names and photographs to generate searchable records, and us[es] those records to promote sales of website subscriptions and yearbook reprints," PeopleConnect ECF No. 32 at 7, it creates content, rather than "passive[ly] host[s] … information provided by another information content provider," *Kimzey,* 836 F.3d at 1265, 1268; *see* PeopleConnect ECF No. 32 at 7 (arguing that "[b]ecause Classmates made every decision leading to the illegal commercial use of Plaintiffs' likenesses, it is Classmates alone that bears responsibility") (citing *Fair*, 521 F.3d at 1169; *Diamond Ranch Acad., Inc. v. Filer*, No. 14-CV-751, 2016 WL 633351, at *21 (D. Utah Feb. 17, 2016); *Klayman v. Zuckerberg*, 753 F.3d 1354, 1358 (D.C. Cir. 2014)). Again, Plaintiffs made this word-for-word argument, citing the same authorities, in *Ancestry.com*—Section 230 does not apply if a website "extract[s] names and photographs, use[s] those names and photographs to generate searchable records, and use[s] those records to promote sales of website subscriptions and yearbook reprints." Ancestry ECF No. 38 at 15-16; *see id*. at 16 ("[b]ecause Ancestry made every decision leading to the illegal commercial use of Plaintiffs' likenesses, it is Ancestry alone that bears responsibility") (citing *Fair*, 521 F.3d at 1169; *Diamond Ranch Acad.,* 2016 WL 633351, at *21; *Klayman*, 753 F.3d at 1358).

*Second*, every argument Plaintiffs have made to this Court goes to the "application of the same rule of law as that involved" in *Ancestry.com*. *See Stein*, 906 F.3d at 829. Again, the issue in both cases is whether Section 230 bars Plaintiffs' claims. And the *Ancestry.com* court rejected as a matter of law both the arguments Plaintiffs have made to this Court for why the only disputed element of Section 230's

immunity test does not apply. Indeed, with respect to Plaintiffs' claim that "a website enjoys immunity only for content the creator intended to be published on the Internet," Ancestry ECF No. 38 at 16, the *Ancestry.com* court held that "no case supports the conclusion that [Section 230] immunity applies only if the website operator obtained the third-party content from the original author. To the contrary, the Act immunizes an interactive computer service provider that passively displays content that is created entirely by third parties." *Ancestry.com II*, 2021 WL 2433893, at *6 (internal quotation marks and citations omitted). And with respect to Plaintiffs' claim that Section 230 does not apply to a website that "extract[s] names and photographs, use[s] those names and photographs to generate searchable records, and use[s] those records to promote sales of website subscriptions and yearbook reprints, Ancestry ECF No. 38 at 15, the *Ancestry.com* court explained that a website does not "create[] content by taking the records and putting them in popup ads and emails to promote website subscriptions" because such actions do "not transform the content and just offer[] it in a different form." *Ancestry.com II*, 2021 WL 2433893, at *7.[4]

*Third*, even though this case and *Ancestry.com* concern different websites, "pretrial preparation and discovery related to the matter presented in" *Ancestry.com* could "reasonably be expected to have embraced the matter sought to be presented" in this case. *See Stein*, 906 F.3d at 829. There is no difference at all with respect to the yearbooks presented on the two websites—they are the same. In fact, Classmates.com licenses its library of yearbooks to Ancestry.com, for use on its website. Declaration of Clint Smith ¶ 3.

*Fourth*, the claims in this action are "closely related" to the claims in *Ancestry.com*. *See Stein*, 906 F.3d at 829; *see also Wenke v. Forest Lab'ys, Inc.*, 796 F. App'x 383, 385–86 (9th Cir. 2020) (finding claims related where "they share factual predicates"). Plaintiffs here have pleaded the same four causes of action they pleaded in *Ancestry.com*. *Compare* Ancestry ECF No. 32 at 35–38, *with* PeopleConnect ECF No. 2 at 28–31. And those claims all are predicated on the exact same theory—that a website cannot present

---

[4] The court in *Ancestry.com* rejected a third argument Plaintiffs have not (as of yet) made to this Court: that if a website obtains a yearbook "by scraping it from websites or copying it from libraries," rather than through donations from third-parties, Section 230 does not apply. *Ancestry.com II*, 2021 WL 2433893, at *5 ("This argument does not change the court's conclusion that Ancestry is not a content provider. Ancestry obviously did not create the yearbooks. Instead, it necessarily used information provided by another information-content provider and is immune under § 230(c)(1)."). *Id.*

Plaintiffs' images and information from their school yearbooks without their consent. Plaintiffs themselves have rightly called the *Ancestry.com* litigation "the related case Plaintiffs are pursuing against Ancestry.com." PeopleConnect ECF No. 32 at 22. There simply is no difference between the causes of action or legal theories Plaintiffs have advanced in the two cases and the same Section 230 analysis controls.

In sum, this case presents the same issue that was before the court in *Ancestry.com*: whether a website that republishes yearbooks and yearbook snippets, even if the website does so in an altered format, meets the third element of the test for Section 230 immunity—that the website " present information provided by another information content provider." *See Kimzey*, 836 F.3d at 1268 (citation omitted). It thus is plainly proper to apply principles of issue preclusion to Plaintiffs.

## II. Plaintiffs Actually Litigated The Section 230 Issue To Final Judgment In *Ancestry.com*.

The second element of collateral estoppel requires that "the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation." *McQuillion*, 369 F.3d at 1096 (citation omitted). This element has three components, all of which are easily satisfied here.

First, "the party against whom preclusion is asserted" must be the same as, or in privity with, the party who litigated the prior proceeding. *See id*. There is no question that is true here. Meredith Callahan and Lawrence Geoffrey Abraham are the Plaintiffs in both cases. PeopleConnect ECF No. 2, ¶ 1; Ancestry ECF No. 38, ¶ 1. That is enough. "The fact that there [is] [a different] defendant[] in this action does not prevent the application of collateral estoppel," as the "Ninth Circuit has recognized the validity of defensive, nonmutual collateral estoppel, where a defendant precludes a plaintiff from relitigating an issue that the plaintiff had previously litigated unsuccessfully against a different party." *Missud v. California*, No. C-14-1503, 2014 WL 3367953, at *3 (N.D. Cal. July 8, 2014) (citing *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 713 n.3 (9th Cir. 2005)); *see Masson v. New Yorker Magazine, Inc.*, 85 F.3d 1394, 1400 (9th Cir. 1996); *Jayne v. City of Anderson*, No. CIV S-11-1465, 2011 WL 3819580, at *4 (E.D. Cal. Aug. 24, 2011). This rule makes particular sense here, where Plaintiffs claims in both actions arise from the presentation of the same yearbooks. Smith Decl. ¶ 3.

Second, the estopped party must have "actually litigated" the issue. *McQuillion*, 369 F.3d at 1096. This means the issue being precluded "must have been actually decided after a full and fair opportunity for litigation." *Singh v. Wells Fargo Bank, N.A.*, No. 18-cv-07376, 2018 WL 6511152, at *2 (N.D. Cal. Dec. 11, 2018) (quoting *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988)). That plainly is true here. There can be no doubt that the court in *Ancestry.com* actually decided both that Section 230 bars Plaintiffs' claims and that each of the same arguments Plaintiffs have presented to this Court contesting the application of Section 230 are meritless. *Ancestry.com II*, 2021 WL 2433893, at *6–7 (concluding that "Ancestry has immunity," that there was no merit to Plaintiffs arguments that Section 230 "applies only if the website operator obtained the third-party content from the original author" and that websites "create[] content by taking the [yearbook] records and putting them in popup ads and emails to promote website subscriptions"). Nor can Plaintiffs be heard to complain that they did not have a "full and fair opportunity" to litigate this issue. The Section 230 issue was prominently featured in Ancestry's motion to dismiss. Ancestry ECF No. 13 at 13-16. Plaintiffs in turn responded to that argument. Ancestry ECF No. 19 at 11-13. And the district court initially dismissed their claims with leave to amend, *see Ancestry.com I*, 2021 WL 783524, at *3, giving Plaintiffs yet another opportunity to address the issue by seeking to cure their allegations, Ancestry ECF No. 32. And Ancestry's motion to dismiss the amended complaint again addressed Section 230, Ancestry ECF No. 33 at 9-11, giving Plaintiffs still another chance to address the question in response, Ancestry ECF No. 38 at 14-19.

Third, the requirement of "actual[] litigat[ion]" means the issue must have been the subject of "a final decision." *Villamar v. Hersh*, 37 F. App'x 919, 920 (9th Cir. 2002). It is well established that a "'dismissal for failure to state a claim' constitutes a final judgment on the merits" for preclusion purposes. *Sparlin v. Countrywide Home Loans Inc.*, 548 F. App'x 485, 486 (9th Cir. 2013) (citation omitted); *see Baiul v. NBC Sports*, 732 F. App'x 529, 532 (9th Cir. 2018) (dismissal with prejudice on Copyright Act preemption grounds triggers preclusion). That is exactly what the court did in *Ancestry.com*—it dismissed Plaintiffs' claims "with prejudice." *Ancestry.com II*, 2021 WL 2433893, at *7. It makes no difference that Plaintiffs now have appealed that judgment, for it is well established that as a matter of federal preclusion law, "'a final judgment retains its collateral effect, if any, while pending appeal.'" *Mahan v. Perez*, No.

16-cv-2024, 2016 WL 7048997, at *4 (N.D. Cal. Dec. 5, 2016) (quoting *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007)); *see also Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) ("To deny preclusion in these circumstances would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation.").

**III.     The Section 230 Issue Was Necessarily Decided In *Ancestry.com*.**

Finally, the Section 230 issue also was "a critical and necessary part of the judgment" in *Ancestry.com*. *See McQuillion*, 369 F.3d at 1096 (citation omitted). The fact that the *Ancestry.com* court had an alternative basis for dismissal does not alter this conclusion.

"Where the judgment is based upon the matters litigated as alternative grounds," the Ninth Circuit has adopted the approach of the First Restatement on Judgments, which dictates that "the judgment is determinative on both grounds, although either alone would have been sufficient to support the judgment. Thus, if the defendant interposes two defenses … and both of the issues are found in favor of the defendant, a judgment for the defendant is not based on one of the issues more than on the other." Restatement (First) of Judgments § 68 cmt. n (Am. L. Inst. 1942); *see In re Westgate-Cal. Corp.*, 642 F.2d 1174, 1176–77 (9th Cir. 1981) (adopting First Restatement); *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1356 n.2 (Fed. Cir. 2017) (listing Ninth Circuit as among the majority of circuits that follow the First Restatement); *see also Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 254 (3d Cir. 2006) (noting that even when a court bases its decision on multiple grounds, "it is reasonable to expect that such a finding is the product of careful judicial reasoning"); *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 (2d Cir. 1986) (explaining that "[t]he general rule in this Circuit is that 'if a court decides a case on two grounds, each is a good estoppel' because "[t]he possibility that a losing litigant might not seek appellate review on one of the grounds because the other is clearly decided correctly is thought insufficient to allow relitigation") (quoting *Irving Nat'l Bank v. Law*, 10 F.2d 721, 724 (2d Cir. 1926)).[5] Because Section 230 was one of the basis for *Ancestry.com*'s dismissal, this factor has been satisfied.

---

[5] A minority of courts follow the approach of the Second Restatement, which recommends that a judgment based on the determination of two independent issues should not be "conclusive with respect to either issue

Moreover, the fact the alternative holding addressed Article III standing does not change this result. Ancestry raised Section 230 (as PeopleConnect does here) fundamentally as a preemption argument. *See, e.g., Evans v. Hewlett-Packard Co.*, No. C 13-02477, 2013 WL 5594717, at *3 (N.D. Cal. Oct. 10, 2013) (calling Section 230 when applied to state law claims an express preemption provision); *Goddard v. Google, Inc.*, No. C 08-2738, 2008 WL 5245490, at *6 (N.D. Cal. Dec. 17, 2008) (same). Of course, "[p]reemption is a matter of subject matter jurisdiction," just like Article III standing. *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018). The *Ancestry.com* Section 230 holding thus is, as that court explained, an alternative holding regarding subject matter jurisdiction, rather than a merits issue reachable only if standing exists.

## CONCLUSION

For the foregoing reasons and those identified in the Motion to Dismiss and to Strike, the Complaint should be dismissed with prejudice because PeopleConnect is immune from suit under Section 230 of the Communications Decency Act.

Dated: July 27, 2021

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ *Kate T. Spelman*
Kate T. Spelman
Debbie L. Berman
Wade A. Thomson

Attorneys for Defendant PeopleConnect, Inc.

---

standing alone." Restatement (Second) of Judgments § 27 cmt. i (Am. L. Inst. 1982); *see Phil-Insul Corp.*, 854 F.3d at 1356 n.2 (discussing split). Moreover, California courts have refused to adopt the Second Restatement. *Delannoy v. Woodlawn Colonial, L.P.* (*In re Delannoy*), 615 B.R. 572, 585-86 (9th Cir. B.A.P. 2000), *aff'd* --- F. App'x ---, 2021 WL 1923744, at *2 (9th Cir. May 13, 2021) In all events, Plaintiffs' appeal of the *Ancestry.com* decision regarding Section 230 means the necessity element also is met under the approach of the Second Restatement. *See* Restatement (Second) of Judgments § 27 cmt. o.