Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Benjamin R. Osborn (*Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs*
*and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br>      Defendant. | Case No.: 3:20-cv-09203-EMC<br><br>**OPPOSITION TO MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF SUPPLEMENTAL MEMORANDUM**<br><br>Complaint Filed: Dec. 18, 2020<br>Judge Edward M. Chen |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   PRELIMINARY STATEMENT

Classmates has litigated and lost three defenses it asserts in this case: immunity under the Communications Decency Act ("CDA"); copyright preemption; and protection under the First Amendment. On August 10, District Judge Pechman of the Western District of Washington denied Classmates' motion to dismiss in *Knapke v. PeopleConnect Inc*, 2:21-cv-00262-MJP, Dkt. No. 25 (W.D. Wash. filed Aug. 10, 2021). As here, in *Knapke* the plaintiff asserted claims under a state right of publicity statute arising from Classmates' use of photographs in on-site advertisements. *Id.* at 2. The court ruled that Classmates "is not entitled to protection under the CDA" because Classmates is an "information content provider" with respect to the "advertisements using [the plaintiff]'s identity." *Id.* at 7; *see also id.* ("The offending content is generated by Classmates and the advertisement is not merely some passive display of content created by another entity."). The court distinguished *Ancestry* on grounds that the court in *Ancestry* "focused on defendant's online display of yearbooks created by third parties," while the thrust of the plaintiff's complaint was "Classmates' use of a yearbook photo in stand-alone advertisements it uses to lure in potential customers." *Id.* at 8 (*citing Callahan v. Ancestry.com, Inc.*, No. 20-CV-08437-LB, 2021 WL 783524, at \*5 (N.D. Cal. Mar. 1, 2021) ("*Ancestry I*"). The *Knapke* Order also rejected Classmates' copyright preemption defense, finding that "[t]he non-consensual use of [the plaintiff's] name and likeness for advertising causes the claim to fall outside of the Copyright Act's preemption." *Knapke*, at 8-10. The Order also rejected Classmates' First Amendment defense, ruling that "Classmates' advertisement at issue is commercial speech" and finding that the state right of publicity statute "appropriately advances [the state's] interest in enabling its citizens to protect the non-consensual commercial exploitation of their likeness without overbroadly prohibiting commercial speech." *Id.* at 14-17.

The *Knapke* Order has issue preclusive effect in this case regardless of choice of law. Under both federal and Washington state law, the *Knapke* Order is final for purposes of collateral estoppel even if appeal is available. The remaining non-equitable requirements for offensive nonmutual collateral estoppel are also satisfied.

With respect to CDA immunity, as Plaintiffs argued in their initial Opposition, the equities weigh against applying issue preclusion against either party because there are conflicting judgments on the books. *See* ECF No. 63 at 7. With respect to copyright preemption and First Amendment protection, the equities weigh in favor of applying issue preclusion against Classmates. Classmates has already litigated and lost those issues after a full and fair opportunity. And in contrast to the CDA immunity issue, there is no conflicting judgment.

Accordingly, Plaintiffs respectfully request this Court deny Classmates' motion to apply issue preclusion against Plaintiffs with respect to CDA immunity. Plaintiffs also respectfully request that the Court enter an Order finding that Classmates is precluded by *Knapke* from asserting its affirmative defenses of copyright preemption and First Amendment protection.

## II.     LEGAL STANDARD

As set forth in Plaintiffs' initial Opposition, California law governs the preclusive effect of the *Ancestry II* Order. ECF No. 63 at * 1-2, *citing Semtek International Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001). Under the same rule, Washington law governs the preclusive effect of the *Knapke* Order. *See Semtek*, at 508 (preclusive effect determined by "the law that would be applied by state courts in the State in which the federal diversity court sits.").

Under Washington law, issue preclusion applies if "(1) the issue decided in the prior adjudication is identical to the one presented in the second proceeding, (2) the prior adjudication ended in a final judgment on the merits, (3) the party against whom the doctrine is asserted was a party or in privity with the party to the prior adjudication, and (4) application of the doctrine does not work an injustice." *State v. Longo*, 185 Wash. App. 804, 808 (Wash. Ct. App. 2015) (*quotation omitted*). Courts will apply offensive nonmutual preclusion if the preceding requirements are met and (5) "the party against whom preclusion is sought . . . had a full and fair opportunity to litigate the issue." *State v. Mullin-Coston*, 152 Wn. 2d 107, 113-14 (Wash. 2004).

Classmates argues that federal issue preclusion law governs the preclusive effect of district court rulings regarding Classmates' federal law defenses. ECF No. 60-2 at 5-6; ECF No. 64-2 at 2-3 (arguing that federal issue preclusion law applies under *Semtek* because of the "indisputable federal interest in enforcing federal judgments" regarding when "specific [state]

claims are preempted by a federal statute"). Federal law regarding offensive nonmutual collateral estoppel is substantially similar to Washington law. Under federal law, offensive nonmutual issue preclusion applies if "(1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action." *Syverson v. Intnl. Business Machines*, 472 F.3d 1072, 1078 (9th Cir. 2006) (*internal citations omitted*). Like Washington law, federal law considers equitable factors. Courts may "take potential shortcoming or indices of unfairness into account when considering whether to apply offensive nonmutual issue preclusion, even where the above-listed standard prerequisites are met." *Id.* (*citing Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)).[1]

## III.   ARGUMENT

### A.   Classmates' CDA, Copyright Preemption, and First Amendment Defenses are Identical to the Defenses it Asserted and Lost in *Knapke*.

Federal courts "typically look to four factors … to determine whether two issues are 'identical' for purposes of issue preclusion." *SEC v. Stein*, 906 F.3d 823, 828-29 (9th Cir. 2018). Those factors, which "are not applied mechanistically," are:

(1) Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?

(2) Does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?

(3) Could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?

(4) How closely related are the claims involved in the two proceedings?

---

[1] Because the plaintiff's claim in *Knapke* arises under Ohio law, there is an argument to be made that Ohio rather than Washington law applies. Ohio law is substantially similar to Washington and federal law. *See Jabr v. Ohio Dep't of Job & Family Servs.*, 2020 Ohio 6941, 5 (Ohio Ct. App. 2020) (listing elements of issue preclusion); *Price v. Carter Lumber Co.*, 985 N.E.2d 236, 245 (Ohio Ct. App. 2012) (offensive nonmutual issue preclusion available when the party "had his day in court and was permitted to fully litigate the specific issue").

*Id.* at 829 (*quoting Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017)). Here, each factor supports a finding that the issues addressed in *Knapke* are identical to the issues in Classmates' asserted federal defenses here.[2]

    <u>First</u>, there is "substantial overlap" between the arguments Classmates advanced in *Knapke* and the arguments it advanced here. As illustrated by example in the table below, Classmates made the same arguments, cited the same authority, and often used word-for-word identical language across the relevant briefing in *Knapke* and in this case:

| Issue | *Callahan v. PeopleConnect*[3] | *Knapke v. PeopleConnect*[4] |
|---|---|---|
| **CDA** | "Plaintiffs' claims are premised on PeopleConnect's republication and distribution of content from student yearbooks, Compl. ¶¶ 3, 7–11, 60, 75, 81, 87, 93, and thus are "directed against [PeopleConnect] in its capacity as a publisher or speaker," *Kimzey*, 836 F.3d at 1268." *Id.* at 7.<br><br>"Plaintiffs made the same allegation regarding how Ancestry obtains yearbooks, and the court nonetheless held that Ancestry was "immune" because it "did not create the underlying yearbook records and instead obtained them from third parties." *Ancestry.com*, 2021 WL 783524, at \*1, \*5. That follows from the many other courts that have held that businesses that search or ask for information from other sources and republish it in new forms receive Section 230 immunity. *E.g., Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1268–69 (D.C. Cir. 2019)." *Id.* at 7. | "Plaintiff's claim is premised on PeopleConnect's republication and distribution of content from student yearbooks, Compl. ¶¶ 2, 6–7, 13–14, and thus is "directed against [PeopleConnect] in its capacity as a publisher or speaker," *Kimzey*, 836 F.3d at 1268." *Id.* at 7.<br><br>"Based on similar allegations, the Ancestry.com court held that Ancestry was immune because it "did not create the underlying yearbook records and instead obtained them from third parties." 2021 WL 783524, at \*1, \*5. That follows from the many other courts that have held that businesses that search or ask for information from other sources and republish it in new forms receive Section 230 immunity. *E.g., Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1268–69 (D.C. Cir. 2019)." *Id.* at 7-8. |

---

[2] Unlike federal law, Washington law does not break down the "identical issue" inquiry into sub-factors. *See, e.g., State v. Barnes*, at 650-51.
[3] Motion to Dismiss, ECF No. 26.
[4] Motion to Dismiss, 2:21-cv-00262-MJP, Dkt. No. 13 (W.D. Wash. filed May 3, 2021).

| | | | |
|---|---|---|---|
| 1 | **Copyright Preemption** | "Yearbooks are copyrightable because they are "[w]orks of authorship" containing "pictorial, graphic," and "literary works," 17 U.S.C. § 102; or "compilations" thereof, *id.* § 103; *see id.* § 101 (defining "work[s] of authorship" to include "books" and defining "pictorial" and "graphic" works to include "photographs"). That is why the Copyright Office has granted copyright protection for school yearbooks." *Id.* at 9. | "Yearbooks are copyrightable because they are "[w]orks of authorship" containing "pictorial, graphic," and "literary works," 17 U.S.C. § 102; or "compilations" thereof, *id.* § 103; *see id.* § 101 (defining "[l]iterary works" to include "books" and defining "pictorial" and "graphic" works to include "photographs"). That is why the Copyright Office has granted copyright protection for school yearbooks." *Id.* at 8. |
| | | "Second, the rights asserted under Plaintiffs' § 3344, UCL, and unjust enrichment claims, Compl. ¶¶ 73–84, 92–96, are the same "rights governed exclusively by copyright law." *Maloney*, 853 F.3d at 1011. These "exclusive rights" include the right to publicly "display" the work, "reproduce" it, and "distribute copies … to the public by sale." 17 U.S.C. § 106. These are the rights Plaintiffs seek to hold PeopleConnect liable for exercising—displaying the yearbooks and snippets of the yearbooks to the public on Classmates.com, reproducing their yearbooks in hard copy and digitally, and distributing copies of the yearbooks to customers by selling them in print and digitally via subscription membership." *Id.* at 10. | "Second, the rights asserted under Plaintiff's ORPS claim is the same "rights governed exclusively by copyright law." *Maloney*, 853 F.3d at 1011. These "exclusive rights" include the right to publicly "display" the work and "reproduce" it. *Id.* at 1019. These are the rights Plaintiff seeks to hold PeopleConnect liable for exercising— reproducing and displaying the excerpts of the yearbooks to the public on Classmates.com." *Id.* at 9. |
| | | "Plaintiffs' inaccurate use of the word "advertising" throughout their Complaint makes no difference to this analysis—in *Maloney*, for example, the plaintiffs alleged the defendant used their "names, images, and likenesses … for the purpose of advertising" and both the district court and the Ninth Circuit nonetheless held that those claims were preempted." *Id.* at 10 n. 6. | "Plaintiff's inaccurate use of the word "advertising" throughout her Complaint makes no difference to this analysis— in *Maloney*, for example, the plaintiffs alleged the defendant used their "names, images, and likenesses … for the purpose of advertising" and both the district court and the Ninth Circuit nonetheless held that those claims were preempted." *Id.* at 9 n. 4. |

OPPOSITION TO MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF
SUPPLEMENTAL MEMORANDUM - 5
CASE NO.: 3:20-CV-09203-EMC

| First Amendment | "As courts have long recognized, where a person's name, image, or likeness is used in speech for "informative or cultural" purposes, the First Amendment renders the use "immune" from liability. *New Kids on the Block v. News Am. Publ'g, Inc.*, 745 F. Supp. 1540, 1546 (C.D. Cal. 1990), *aff'd*, 971 F.2d 302 (9th Cir. 1992)." *Id.* at 19. | "As courts have long recognized, where a person's name, image, or likeness is used in speech for "informative or cultural" purposes, the First Amendment renders the use "immune" from liability. *New Kids on the Block v. News Am. Publ'g, Inc.*, 745 F. Supp. 1540, 1546 (C.D. Cal. 1990), *aff'd*, 971 F.2d 302 (9th Cir. 1992)." *Id.* at 18. |
|---|---|---|
| | ""There can be no serious argument about the fact that, in its most basic form, the yearbook serves as a forum in which student editors present pictures, captions, and other written material, and that these materials constitute expression for purposes of the First Amendment." *Kincaid v. Gibson*, 236 F.3d 342, 351 (6th Cir. 2001); *see Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011). And online sources of information, such as the "biographical information" Plaintiffs seek to prevent PeopleConnect from releasing, also are protected. Compl. ¶ 55. *Kincaid*, 236 F. 3d at 351; *Sorrell*, 564 U.S. at 570; *see IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1121–22 (9th Cir. 2020) (holding that "online database of information" including biographical information protected by First Amendment); *Dex Media W., Inc*, 696 F.3d at 964–65 (holding that "the yellow pages directories are entitled to full First Amendment protection")." *Id.* at 19. | "Indeed, "[t]here can be no serious argument about the fact that, in its most basic form, the yearbook serves as a forum in which student editors present pictures, captions, and other written material." *Kincaid v. Gibson*, 236 F.3d 342, 351 (6th Cir. 2001). And the "written material" within those yearbooks, id., such as the "biographical information" Plaintiff seeks to prevent PeopleConnect from releasing, are likewise protected. *See* Compl. ¶ 2; *see Sorrell*, 564 U.S. at 570; *Vrdolyak v. Avvo*, Inc., 206 F. Supp. 3d 1384, 1388–89 (N.D. Ill. 2016) (holding that the First Amendment protects online directory of attorneys, and that the directory constitutes expression for purposes of the First Amendment); *Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 954 (9th Cir. 2012) (concluding that "the yellow pages directories qualify for full protection under the First Amendment")." *Id.* at 18. |

Second, the rules of law governing Classmates' asserted CDA, copyright preemption, and First Amendment defenses are the same. Classmates' briefing in *Callahan* cites the same case law as its briefing in *Knapke* for the same propositions. *Compare* ECF No. 26; *with Knapke*, 2:21-cv-00262-MJP, Dkt. No. 13 (W.D. Wash., Motion to Dismiss filed May 3, 2021).

<u>Third</u>, any discovery regarding Classmates' asserted federal defenses would have been the same across the two cases. The relevant factual issues are all related on the design and functioning of Classmates' on-site advertising. In *Knapke* the plaintiff is asserting claims on behalf of Ohio residents under Ohio law, while in this case Plaintiffs are asserting claims on behalf of California residents under California law. There is no difference between the design and functioning of Classmates' website as applied to photographs from each of those states. Classmates misappropriates and exploits Ohio residents' photographs in the same way it misappropriates and exploits those of California residents. *Compare* ECF No. 2, at ¶¶ 19-52; *with Knapke*, Dkt. No. 1, at ¶¶ 2-14 (screenshots and text describing Classmates' misappropriation and misuse of individuals' photographs).

<u>Fourth</u>, the relevant claims involved in the two proceedings are the same. In *Knapke* and the present case, the plaintiffs brought statutory right of publicity claims under state law, and Classmates asserted affirmative defenses under the CDA, copyright law, and the First Amendment. The right of publicity laws of Ohio and California are substantially similar. *Compare* Cal. Civ. Code § 3344 (forbidding the use of a "likeness . . . on or in products . . . or for purposes of advertising or selling . . . without such person's prior consent"); *with* Ohio Rev. Code Ann. § 2741 (forbidding the use of "any aspect of an individual's persona for a commercial purpose" without "written consent"). While there are differences between the Ohio and California statutes, none of those differences are relevant to the three federal defenses at issue.

**B.    Classmates had a Full and Fair Opportunity to Litigate its Federal Defenses, and the Defenses were Actually Litigated.**

The same corporate entity, PeopleConnect, Inc., is the named defendant in both *Knapke* and the present case. *Compare* ECF No. 2; *with Knapke*, Dkt. No. 1.

Classmates had ample opportunity to litigate its CDA, copyright preemption, and First Amendment defenses before the court in *Knapke*. Classmates filed a twenty-four-page Motion to Dismiss in which it devoted two pages to each of its CDA and copyright preemption arguments and three pages to its First Amendment argument. *Knapke*, Dkt. No. 13 (filed May 3, 2021). In response to the plaintiffs' Opposition, Classmates filed a twelve-page Reply in which it devoted

an additional two pages to the CDA, one page to copyright preemption, and two pages to the First Amendment. *Id.*, Dkt. No. 19 (filed July 1, 2021).

This is more than enough to fulfill the "full and fair opportunity" requirement. Under Washington law, courts will find the parties had a "full and fair opportunity to litigate" unless the record reveals some "procedural . . . irregularity" such as "an informal, expedited hearing with relaxed evidentiary standards." *Christensen v. Grant County Hosp*, 152 Wn. 2d 299, 309 (Wash. 2004). No such irregularity exists.

Under federal law, courts consider at least two factors: (1) whether "procedural opportunities unavailable in the first action . . . could readily cause a different result in the second action"; and (2) whether "a party had good reason not to contest an issue vigorously during the first action and did not, in fact, vigorously contest the issue." *Maciel v. C.I.R*, 489 F.3d 1018, 1023 (9th Cir. 2007) (*quotation omitted)*. Neither factor applies here. Both *Knapke* and the present action are being pursued in Federal district court. The relevant procedural opportunities are the same. Classmates had every reason to vigorously pursue its affirmative federal defenses in *Knapke*, as indeed it did.

## C. The *Knapke* Order is a Final Judgment Rejecting Classmates' CDA, Copyright Preemption, and First Amendment Defenses.

The *Knapke* Order is a final judgment disposing of Classmates' CDA, copyright preemption, and First Amendment arguments. *Knapke*, at 19-20 ("Classmates' [sic] raises a substantial number of arguments in its efforts to obtain dismissal . . . These all fall short of the mark. . . As such, the Court DENIES the Motion."). Because the *Knapke* Order denied Classmates' motion to dismiss and allowed the case to proceed, the rulings on all three defenses were "essential" to the judgment and were "necessarily" determined. *Cf. Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1031 (C.D. Cal. 2009); *Avolio v. Cedars Golf, LLC*, No. 48016-6-II, at *12 (Wash. Ct. App. Nov. 15, 2016).

Under both Washington and federal law, a judgment is final for purposes of issue preclusion even if appeal is available. *City of Des Moines v. Personal Property Identified as $81,231*, 943 P.2d 669, 675 (Wash. Ct. App. 1997) ("a party is precluded from relitigating issues previously determined while an appeal as to those issues is pending"); *Robi v. Five Platters,*

*Inc.*, 838 F.2d 318, 327 (9th Cir. 1988) ("[I]n federal courts . . . the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal.").[5]

**D.      There Would be no Injustice to Classmates from Applying Equitable Estoppel to its Copyright Preemption and First Amendment Defenses.**

Both Washington and federal law recognize that even when the requirements for nonmutual offensive collateral estoppel are met, the court may exercise its discretion not to apply issue preclusion if doing so would be unfair or inequitable. *State v. Longo*, 185 Wash. App. at 808; *Syverson v. Intnl. Business Machines*, 472 F.3d at 1078.

Federal law recognizes at least two relevant "indicia of unfairness": <u>first</u>, when there are "inconsistent judgements on the books," which may indicate "reasonable resolutions of doubt as to the . . . appropriate application of a legal rule"; and <u>second</u>, when the party "might be afforded procedural opportunities in the later action that were unavailable in the first and that could readily cause a different result." *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1033-35 (C.D. Cal. 2009). As discussed in Part B above, there are no relevant differences in the procedural opportunities available to Classmates.[6]

There are inconsistent judgements with respect to Classmates' CDA defense. Four district courts have now ruled that the CDA does not immunize websites that collect personal information without permission, then use that personal information to sell websites. *See Knapke v. PeopleConnect Inc*, 2:21-cv-00262-MJP, Dkt. No. 25 (W.D. Wash. filed Aug. 10, 2021); *Kolebuck-Utz v. Whitepages Inc*., No. C23-0053-JCC, 2021 WL 1575219 (W.D. Wash. Apr. 22, 2021); *Lukis v. Whitepages Inc*., 454 F. Supp. 3d 746 (N.D. Ill. 2020); *FTC v. Accusearch, Inc.*, No. 06-CV105-D, 2007 WL 4356786 (D. Wyo. Sep. 28, 2007), *aff'd*, 570 F.3d 1187 (10th Cir.

---

[5] The same is true in Ohio. *In re C.B.*, 2019 Ohio 5023 (Ohio Ct. App. 2019) (collateral estoppel may apply to any "final, appealable order").

[6] As Plaintiffs wrote in their initial Opposition, courts may also decline to apply issue preclusion on equitable grounds when the party "was deprived of crucial evidence" or when the court has reason to believe the prior ruling was in error. ECF No. 63 at 7 (*citing Blonder-Tongue*, 402 U.S. 313, 333 (1971); *Eureka Fed. S L v. Amer. Cas. Co. of Reading*, 873 F.2d 229, 234 (9th Cir. 1989). Neither circumstance applies to the *Knapke* Order. As the entity who owns and operates Classmates.com, Classmates possesses all of the relevant evidence. Nor is there any reason to believe the *Knapke* court's ruling was in error.

2009). However, one district court has reached the opposite conclusion. *Ancestry II*. Because of this split in authority, it would be inequitable to apply issue preclusion against either the Plaintiffs or Classmates with respect to the CDA. *See Grisham*, at 1014.

By contrast, there are no inconsistent judgments on the books with respect to Classmates' copyright preemption and First Amendment defenses. Accordingly, there is no inequity in applying issue preclusion against Classmates on those issues.

**IV. CONCLUSION**

For the above-stated reasons, Plaintiffs respectfully request this Court issue an order (1) declining to apply issue preclusion against either party with respect to Classmates' asserted CDA defense; and (2) holding that Classmates is precluded by *Knapke* from relitigating the copyright preemption and First Amendment defense it has already argued and lost.

Dated: August 12, 2021

By:   /s/ Michael F. Ram     
        Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn
(Admitted *Pro Hac Vice*)
102 Bergen St. Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

*Attorney for Plaintiffs*
*and the Proposed Class*