**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar. No. 269109)
kspelman@jenner.com
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:      213 239-5199


**JENNER & BLOCK LLP**
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
353 North Clark Street
Chicago, Illinois 60654
Telephone:     312 222-9350
Facsimile:      312 527-0484

Attorneys for Defendant PeopleConnect, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN AND LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>                           Plaintiffs.<br><br>     v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>                           Defendant. | Case No. 3:20-cv-09203-EMC<br><br>**DEFENDANT PEOPLECONNECT, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' COLLATERAL ESTOPPEL CLAIMS**<br><br>Hearing Date: September 9, 2021<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5 |

# INTRODUCTION

Plaintiffs are desperate. Another court in this district has held, twice, that Plaintiffs' claims are foreclosed by Section 230 of the Communications Decency Act. *Callahan v. Ancestry.com Inc.*, No. 20-cv-08437, 2021 WL 2433893 (N.D. Cal. June 15, 2021); *Callahan v. Ancestry.com Inc.*, No. 20-cv-08437, 2021 WL 783524 (N.D. Cal. Mar. 1, 2021). PeopleConnect has shown Plaintiffs cannot relitigate that identical issue in this Court, ECF No. 60-2, and that the few arguments Plaintiffs advance in their response requested by the Court do not change this conclusion, *see* ECF No. 64-2.[1]

Now, to get another bite at the apple, Plaintiffs have seized on the recent denial of PeopleConnect's motion to dismiss in *Knapke v. PeopleConnect Inc.*, No. C21-262, 2021 WL 3510350 (W.D. Wash. Aug. 10, 2021), to argue that *Knapke* has a preclusive effect that, first, allows this Court to address the Section 230 issue and, second, prevents PeopleConnect from raising altogether the other federal defenses *Knapke* rejected. *See* ECF No. 68. Plaintiffs' position is entirely without merit. Collateral estoppel is available only when there has been a final judgment. Under clear Ninth Circuit law, denials of motions to dismiss are not final judgments. Indeed, the denial of the motion to dismiss in *Knapke* does not preclude PeopleConnect from raising the same defenses at summary judgment and at trial in that case, let alone in this one. Plaintiffs' new requests for offensive non-mutual collateral estoppel thus should be rejected out of hand.

But Plaintiffs *have* litigated the Section 230 issue to a final judgment. The *Ancestry.com* judgment resolves that because of Section 230, Plaintiffs cannot prevail as a matter of law. So this case presents a textbook application of defensive non-mutual collateral estoppel. The Court thus should find that Plaintiffs are precluded from contesting the application of Section 230 and dismiss the Complaint with prejudice.

# ARGUMENT

I. **Federal Preclusion Law Governs This Issue.**

Plaintiffs are wrong from the start because they cite the wrong law. Federal preclusion law, not Washington state preclusion law, applies. Under *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), although courts generally "determine the preclusive effect of the prior decision by

---

[1] Also before the Court is PeopleConnect's motion to stay litigation in this matter pending resolution of its appeal of the Court's decision regarding arbitration. *See* ECF Nos. 49; 47.

reference to the law of the state where the rendering federal diversity court sits," they look to federal law if "the state law is incompatible with federal interests." *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1247 & n.5 (9th Cir. 2017); *see* ECF Nos. 60-2 at 5-6; 64-2 at 1-3 (discussing *Semtek*). Here, the rendering court was the Western District of Washington. This Court thus applies Washington preclusion law, unless doing so "is incompatible with federal interests." Because Plaintiffs ask the Court to find offensive non-mutual collateral estoppel as to a prior judgment entered by a *federal* court on questions of *federal* preemption and *federal* constitutional law that *federal* preclusion law considers final, to the extent federal preclusion law and Washington preclusion law conflict, the Court applies federal preclusion law.

Federal preclusion law recognizes that although in both offensive and defensive non-mutual collateral estoppel "the party against whom estoppel is asserted has litigated and lost in an earlier action," *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 881 (9th Cir. 2007), the two circumstances have differing bases, *see Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329-31 (1979) ("offensive use of collateral estoppel does not promote judicial economy in the same manner as defensive use does" and "offensive use of collateral estoppel … may be unfair to a defendant" in circumstances that would not arise in defensive postures).[2] Offensive estoppel thus "is governed by slightly different principles than the historic defensive use of the issue preclusion claim." *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 821-22 (11th Cir. 1985) (citation omitted).

"The prerequisites for offensive non-mutual collateral estoppel are whether: '(1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in

---

[2] The Washington Supreme Court has never recognized offensive non-mutual collateral estoppel, but one of the courts of appeals has recognized it. *See State Farm Fire & Cas. Co. v. Ford Motor Co.*, 346 P.3d 771, 774 n.4 (Wash. Ct. App. 2015). Because when "deciding an issue of state law … the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it," *see Hayes v. Cnty. of San Diego*, 658 F.3d 867, 870 (9th Cir. 2011) (citation omitted), PeopleConnect assumes without conceding that, if Washington preclusion law applies, Washington law permits offensive non-mutual collateral estoppel. The elements of offensive non-mutual collateral estoppel under Washington law are similar to the federal elements. *See State Farm Fire & Cas. Co.*, 346 P.3d at 774 ("The party seeking collateral estoppel must establish four elements: (1) the issue sought to be precluded is identical to that involved in the prior action; (2) the issue was determined by a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.").

the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior action.'" *Collins*, 505 F.3d at 882 n.8 (quoting *Syverson v. IBM*, 472 F.3d 1072, 1078 (9th Cir. 2007)). Even when those elements are met, if "the application of offensive collateral estoppel would be unfair to a defendant, a trial judge should not allow the use of collateral estoppel." *Id*. at 882 (citation omitted). This is a distinction with defensive non-mutual collateral estoppel. *See Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013) (holding that element of collateral estoppel that "special circumstances rendering estoppel unfair, applies only to the use of offensive (non-mutual) collateral estoppel by the plaintiff"); *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 548 (5th Cir. 2013) ("These equitable considerations apply only to 'offensive collateral estoppel.'") (citation omitted); *see also Swate v. Hartwell (In re Swate)*, 99 F.3d 1282, 1290 (5th Cir.1996) (noting that some decisions improperly suggest equitable factor applies to all collateral estoppel situations).[3]

The dispositive element here is that collateral estoppel requires that "the issue was decided in a final judgment." *Collins*, 505 F.3d at 882 n.8. In this case, that requirement likewise implicates the critical distinction between offensive and defensive collateral estoppel. Finality does obtain from the *granting* of a motion to dismiss. That is why Plaintiffs are estopped by the granting of the motion to dismiss and dismissal with prejudice in *Ancestry.com*. But the *denial* of a motion to dismiss is *not* a final judgment, as the defendant can continue to press the same defenses through summary judgment and trial. Plaintiffs, therefore, cannot rely on *Knapke* to manufacture a case for *offensive* non-mutual collateral estoppel.

---

[3] In opposing PeopleConnect's argument for *defensive* non-mutual collateral estoppel, Plaintiffs erroneously raised this consideration, in particular cases holding that it is "unfair" to apply estoppel if there are conflicting rulings on the same legal issue. *See* ECF No. 63 at 7. As PeopleConnect has previously explained and as noted above, this is not a consideration in defensive estoppel claims, *see* ECF No. 64-2 at 3-5, and the one case Plaintiffs have ever cited for its existence is not to the contrary, *see Grisham v. Phillip Morris, Inc.*, 670 F. Supp. 2d 1014, 1035 (C.D. Cal. 2009) (refusing to find *offensive* non-mutual collateral estoppel). Moreover, Plaintiffs continue to wrongfully insist that there *are* multiple conflicting rulings. ECF No. 68 at 9-10. There is only one final judgment regarding the Section 230 issue presented by this case, *Ancestry.com*, and a non-final denial of a motion to dismiss in another, *Knapke*. Of the other three cases Plaintiffs cite for the supposed conflict, two also are non-final, interlocutory orders denying motions to dismiss that concern different websites, *Kolebuck-Utz v. Whitepages Inc.,* No. C21-0053, 2021 WL 1575219 (W.D. Wash. Apr. 22, 2021); *Lukis v. Whitepages Inc.,* 454 F. Supp. 3d 746 (N.D. Ill. 2020), and the third also concerns an entirely different website, *FTC v. Accusearch, Inc.,* No. 06-CV-105-D, 2007 WL 4356786 (D. Wyo. Sep. 28, 2007). Thus, there is no issue of inconsistent final judgments between the parties in this case concerning the website at issue in this case.

**II.     There Is No Preclusion Because Denial Of A Motion To Dismiss Is Not A Final Judgment.**

Plaintiffs seek to impose offensive non-mutual collateral estoppel based on the denial of PeopleConnect's motion to dismiss in *Knapke*. That argument fails. It is fundamental that "[d]enial of a motion to dismiss for failure to state a claim ordinarily is not a final judgment that will support issue preclusion on the sufficiency of an identical complaint filed in a different action. This is clear if the first action remains pending." 18A Charles Alan Wright et al., Federal Practice & Procedure § 4439, Westlaw (3d ed. database updated Apr. 2021).[4] This makes sense. "[D]enial of a motion to dismiss is *not* a final judgment on the merits because the action continues after the denial." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285 (5th Cir. 2006).

The Ninth Circuit is strict on this point. It looks to the Second Restatement of Judgments, *e.g. Luben Industries, Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983), which provides that there is a "final judgment" for purposes of collateral estoppel only if the prior adjudication of an issue in another action was "sufficiently firm," Restatement (Second) of Judgments § 13 (Am. L. Inst. 1982); *see id*. cmt. g ("The test of finality … is whether the conclusion in question is *procedurally definite*." (emphasis added)). The Ninth Circuit has held that this means an order is not "sufficiently firm" if it is "interlocutory," "subject to free revision by the court on its own motion or on motion of any party at any time before judgment," or "could not have been the subject of an appeal" when decided. *Luben Indus.*, 707 F.2d at 1040; *see Spink v. Lockheed Corp.*, 60 F.3d 616, 624-25 (9th Cir. 1995) (holding that denial of motion to dismiss not sufficiently firm to support offensive collateral estoppel because it was not appealable when entered), *rev'd on other grounds* 517 U.S. 882 (1996); *see also Tannenbaum v. Corbis Sygma*, No. 02 Civ. 5066, 2002 WL 31778813, at *2 (S.D.N.Y. Dec. 12, 2002) (refusing to preclude Copyright Act preemption defense

---

[4] *Accord JCorps Int'l, Inc. v. Charles & Lynn Schusterman Family Found.*, No. 20-CV-35, 2021 WL 2371233, at *4 (N.D. Okla. June 9, 2021); *Ensminger v. Fair Collections & Outsourcing, Inc.*, No. 16-CV-02173, 2016 WL 6905882, at *5 (D. Kan. Nov. 23, 2016); *McMillan v. Lowe's Home Ctrs., LLC*, No. 15-CV-00695, 2016 WL 232319, at *4 (E.D. Cal. Jan. 20, 2016); *Nickerson-Reti v. Bank of Am., N.A.*, Civil No. 13-12316, 2014 WL 2945198, at *9 n.10 (D. Mass. June 26, 2014); *Lowenstern v. Residential Credit Sols.*, C.A. No. 11-11760, 2013 WL 697108, at *4 (D. Mass. Feb. 25, 2013).

previously rejected by state court in denial of motion to dismiss because decision "was not a final judgment on the merits but, rather, a denial of a motion to dismiss at the pleading stage").[5]

Unsurprisingly, the limited relevant Washington case law is the same. Whether it be a motion to dismiss or a motion for summary judgment, the denial of a dispositive motion is not sufficiently final to establish collateral estoppel. *See In re Personal Restraint of Pelot*, No. 40291-9-I, 2001 WL 803801, at *2 (Wash. Ct. App. July 16, 2001) (per curiam) (because denial of a "motion to dismiss was not a final order or judgment" neither res judicata or collateral estoppel applies); *see also In re Estate of Jones*, 287 P.3d 610, 615 (Wash. Ct. App. 2012) ("[T]he denial of a summary judgment is not a final order and has no preclusive effect on further proceedings.").

This rule is particularly apt in the context of the denial of a motion to dismiss based on federal preemption or for failure to state a claim. All the *Knapke* court did by denying PeopleConnect's motion to dismiss is to find that the facts alleged, when viewed in the light most favorable to the plaintiff, state a claim sufficient for the lawsuit to proceed. There is nothing "final" about that determination. Indeed, it is well established that the same arguments regarding the viability of the claims can be raised again at summary judgment and at trial based on the facts actually presented. *E.g.*, *VIA Techs., Inc. v. SONICBlue Claims, LLC*, 782 F. Supp. 2d 843, 858 (N.D. Cal. 2011) (rejecting argument that denial of motion to dismiss can be considered "law of the case" for purposes of determining whether summary judgment may be granted on same claim); *Williams v. Metcalfe*, No. C 08-3907, 2010 WL 530109, at *4 (N.D. Cal. Feb. 6, 2010) ("The denial of the motion to dismiss the deliberate indifference claim does not preclude defendants from making substantially similar arguments in a motion for summary judgment that is supported by evidence in the proper form.").

---

[5] This is true even when the prior ruling is the denial of a motion for summary judgment. *St. Paul Fire & Marine Ins. Co. v. F.H.*, 55 F.3d 1420, 1425 (9th Cir. 1995) (refusing to apply collateral estoppel to partial summary judgment order because "it could not have been appealed … when it was entered"); *see Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1272 (5th Cir. 1986) ("[A]n order granting partial summary judgment has no res judicata or collateral estoppel effect.") (internal quotation marks and citation omitted).

Thus, it is not surprising that Plaintiffs do not cite any case in which offensive non-mutual collateral estoppel was based on a previous *denial* of a motion to dismiss.[6] Indeed, the cases Plaintiffs cite are wholly inapposite. In one, the court *declined* to apply offensive non-mutual collateral estoppel with respect to findings and holdings entered by the trial court and affirmed by the appellate court because they were not necessary to the decision; the issue of finality was not the basis for the ruling. *See Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1037 (C.D. Cal. 2009). In another, the Ninth Circuit *reversed* a finding of offensive non-mutual collateral estoppel the district court had imposed based on: (1) an order granting a motion to dismiss; (2) an order entering a preliminary injunction; and (3) a final judgment entered in a state court litigation. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 327, 330 (9th Cir. 1988). And in both Washington state court decisions Plaintiffs cite, the courts affirmed orders of *defensive* collateral estoppel, one based on findings made in a final and dispositive order of an administrative agency, *Avolio v. Cedars Golf, LLC*, No. 48016-6-II, 2016 WL 6708089, at *3-4 (Wash. Ct. App. Nov. 15, 2016), and another on a Fourth Amendment claim in a civil forfeiture proceeding based on a final criminal judgment, *City of Des Moines v. Pers. Prop. Identified as $81,231 in U.S. Currency*, 943 P.2d 669, 674 (Wash. Ct. App. 1997). So all Plaintiffs' cases demonstrate is the unremarkable position that under Washington and federal law, a judgment may be final "even if appeal is available." ECF No. 68 at 8. While this is relevant to PeopleConnect's argument for the application of estoppel based on the dismissal with prejudice of Plaintiffs' claims, it is irrelevant to Plaintiffs' claim for estoppel because PeopleConnect *cannot* appeal the denial of its motion to dismiss in *Knapke* because an "[o]rder denying [a] motion to dismiss is not a final decision of the district court. It is an interlocutory order and therefore, not subject to immediate appellate review." *Stansbury v. Calderon*, 147 F.3d 1193, 1193 (9th Cir. 1998).

---

[6] While not cited by Plaintiffs, PeopleConnect notes there are a handful of out-of-circuit decisions in which an issue resolved in a motion to dismiss denial was deemed final for purposes of collateral estoppel. Those cases, however, are readily distinguishable from this case, as they did not involve rulings regarding the viability on the pleadings of substantive preemption or constitutional defenses. *E.g. Gilldorn Sav. Ass'n v. Com. Sav. Ass'n*, 804 F.2d 390, 395-96 (7th Cir. 1986) (holding that district court erred by not granting estoppel to prior state court ruling that claims were not forfeited for failure to bring them as compulsory counterclaims in federal court action); *but see Schor v. Abbott Labs.*, 457 F.3d 608, 615 (7th Cir. 2006) (distinguishing *Gilldorn* and suggesting it applies only in rare circumstances). Moreover, at least one court has also noted that these authorities conflict with Ninth Circuit law. *McMillan*, 2016 WL 232319, at *4 (suggesting that *Gilldorn* conflicts with Ninth Circuit precedent).

In sum, the law is clear that a denial of a motion to dismiss is not a final judgment and, therefore, cannot be the basis for finding offensive non-mutual collateral estoppel. The lack of finality in the *Knapke* judgment is dispositive.[7] The Court thus need go no further—there simply is no merit to Plaintiffs' claim for offensive non-mutual collateral estoppel.

## CONCLUSION

For the foregoing reasons, and those identified in PeopleConnect's Memorandum and its Motion to Dismiss and Strike, Plaintiffs' claims should be dismissed with prejudice because PeopleConnect is immune from suit under Section 230 of the Communications Decency Act.

Dated: August 23, 2021                              Respectfully submitted,

                                                           JENNER & BLOCK LLP

                                   By:   /s/ *Kate T. Spelman*
                                           Kate T. Spelman
                                           Debbie L. Berman
                                           Wade A. Thomson

                                         Attorneys for Defendant PeopleConnect, Inc.

---

[7] Plaintiffs also cannot establish other elements of preclusion. First, Plaintiffs have never denied that the Section 230 issue here is identical to the Section 230 issue addressed in *Ancestry.com*. In *Knapke*, however, the court viewed the Section 230 issue raised by that complaint as "distinguishable" from the one resolved in *Ancestry.com*. 2021 WL 3510350, at *4. So while PeopleConnect disagrees that the cases are distinguishable, the point is that Plaintiffs cannot show the issues actually decided are identical if the rendering court explicitly distinguished the issue it addressed from the one presented here. Second, the *Knapke* court's ruling conflicts with well-established Ninth Circuit and Supreme Court precedent regarding Copyright Act preemption and the First Amendment and thus cannot form the basis for offensive non-mutual collateral estoppel. *See Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, PA,* 873 F.2d 229, 234 (9th Cir. 1989). Finally, although Plaintiffs ask that PeopleConnect be entirely precluded "from asserting its affirmative defenses of copyright preemption and First Amendment protection," ECF No. 68 at 2; *see id*. at 10 (same), all the court in *Knapke* resolved is that the specific allegations in that particular complaint were sufficient to overcome the motion to dismiss. Because both defenses remain viable in *Knapke* at summary judgment and at trial, they must be available here, as the effect of collateral estoppel cannot be broader here than it is in *Knapke* itself.