Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Benjamin R. Osborn (*Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs
and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br>Defendant. | Case No.: 3:20-cv-09203-EMC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF COLLATERAL ESTOPPEL**<br><br>Complaint Filed: Dec. 18, 2020<br>Judge Edward M. Chen |

# ARGUMENT

Classmates concedes it is the same defendant that litigated and lost affirmative defenses of CDA immunity, copyright preemption, and First Amendment protection. *See Knapke v. PeopleConnect Inc*, 2:21-cv-00262-MJP, Dkt. No. 25 (W.D. Wash. filed Aug. 10, 2021). Classmates concedes the on-site advertisements at issue in *Knapke* are the same on-site advertisements at issue here. *See* Plaintiffs' Opp. ("Opp."), ECF No. 68 at 7; Defendant's Response ("Response"), ECF No. 70. Classmates concedes it advances the same three affirmative defenses here it did in *Knapke*, citing the same legal authorities for the same propositions, often in identical language. Opp. at 3-6; Response. Classmates concedes it had a full and fair opportunity to litigate these affirmative defenses in *Knapke*, and in fact vigorously pursued these defenses. Opp. at 8; Response.

Having effectively conceded all but one of the elements of non-mutual offensive collateral estoppel,[1] Classmates' response boils down to two arguments. First, Classmates argues that despite the existence of conflicting judgments on CDA immunity, this Court should apply collateral estoppel against Plaintiffs because equitable considerations do not apply in the context of defensive, as opposed to offensive, collateral estoppel. *Id.,* at 3. Second, Classmates argues that *Knapke* should not have preclusive effect because the denial of a motion to dismiss cannot be a "final judgment" under federal preclusion law. Response, at 3-7. Classmates is wrong on both counts.

---

[1] In a footnote on the last page, Classmates makes the conclusory assertion that the issues the *Knapke* Court addressed in its dismissal of their affirmative defenses of CDA, copyright preemption, and First Amendment defenses are not the same issues present here. ECF No. 70 at 7 n. 7. But Classmates fails to identify a single difference. Classmates points out that the *Knapke* court distinguished *Ancestry II*. But the grounds on which *Knapke* distinguished *Ancestry II* apply equally here. Classmates offers no reason why they should not.

In the same footnote, Classmates asserts that *Knapke's* rulings on copyright preemption and the First Amendment conflict with "well-established Ninth Circuit and Supreme Court precedent." ECF No. 70 at 7 n.7. But the argument is undeveloped. Classmates does not say which collateral estoppel element it believes is undermined, or why the existence of authority they believe to be in tension with *Knapke* means they should be allowed to delay this case and waste judicial resources re-litigating issues they have already lost.

| PLAINTIFFS' REPLY IN SUPPORT OF COLLATERAL ESTOPPEL | - 1 - | CASE NO. 3:20-CV-0903 |

### A. Because equitable considerations apply to offensive collateral estoppel, this Court should decline to apply preclusion to the CDA issue.

With respect to the CDA issue, Classmates concedes that the judgment against Classmates in *Knapke* conflicts with the judgment against Plaintiffs in *Ancestry II*. *See* Response, at 7 n. 7 (*Knapke* case is not distinguishable from *Ancestry II*). Nevertheless, Classmates contends that the conflicting judgments are irrelevant because equitable considerations do not apply to defensive collateral estoppel. *Id.* at 3. In other words, Classmates claims that unfairness is a one-way street: the Court should not apply estoppel against Classmates if doing so would be unfair; but it must mechanically apply estoppel against Plaintiffs regardless of unfairness. *Id.* This is not the law.

Classmates relies exclusively on Fifth Circuit cases to support its claim that "equitable considerations apply only to 'offensive collateral estoppel.'" Response, at 3 (*quoting Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 548 (5th Cir. 2013)); *see also id.* (*citing Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013); *Swate v. Hartwell (In re Swate)*, 99 F.3d 1282, 1290 (5th Cir. 1996)). Whatever the law may be in the Fifth Circuit, in the Ninth Circuit equitable considerations are relevant for defensive collateral estoppel just as they are for offensive collateral estoppel. *See, e.g. Eureka Fed. S L v. Amer. Cas. Co. of Reading*, 873 F.2d 229, 234 (9th Cir. 1989) (declining to apply defensive collateral estoppel because "its effect would be unfair" to the plaintiff); *Missud v. City of San Francisco*, No. 15-cv-05596-JCS, 2017 WL 1064984 at *13 n. 13 (N.D. Cal. Mar. 21, 2017) (applying equitable factors to the application of defensive collateral estoppel); *see also Blonder-Tongue v. University Foundation*, 402 U.S. 313, 333-34 (1971) (defensive collateral estoppel "will necessarily rest on the trial courts' sense of justice and equity."). The same is true in Washington. *See, e.g.*, *State v. Longo*, 185 Wash. App. 804, 808 (Wash. Ct. App. 2015) (declining to apply defensive collateral estoppel because doing so "would work an injustice").[2]

The existence of conflicting judgments is one of the equitable factors courts in the Ninth Circuit consider prior to applying collateral estoppel. *See Grisham v. Philip Morris, Inc.*, 670 F.

---

[2] Plaintiffs cited *Missud, Blonder-Tongue*, and *State v. Longo* in their Opposition filed August 3, 2021. ECF No. 63 at 6-7.

1  Supp. 2d 1014, 1033-35 (C.D. Cal. 2009) (*quoting Parklane Hosiery Co. v. Shore*, 439 U.S. 322,
2  330-31 (1979)). Classmates argues that because *Grisham* and *Parklane* involved offensive
3  estoppel, they have no application in the context of defensive estoppel. Response, at 3 n. 3. But
4  Classmates offers no logical reason why the existence of conflicting judgments should be
5  excluded as an equitable consideration simply because the party seeking estoppel is the
6  defendant. The reasoning of *Grisham* applies equally in the context of defensive estoppel:
7  allowing estoppel in the face of conflicting judgments would encourage "cherry-picking" the
8  most favorable judgment while "ignoring the various judgments" that came out the other way.
9  *See Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1033 (C.D. Cal. 2009). This is
10 precisely what Classmates is attempting. *See* Response at 3 n. 3 (arguing that *Ancestry II* has
11 preclusive effect while *Knapke* does not, and attempting to distinguish three additional adverse
12 district court opinions).

13       Classmates identifies only two circumstances in which offensive collateral estoppel can
14 present unique considerations. Neither circumstance applies here. First, offensive collateral
15 estoppel can be uniquely unfair if the defendant had "little incentive to defend vigorously" the
16 action on which estoppel is based. *Parklane*, 439 U.S. at 330; *see also* Response, at 2. Here,
17 Classmates concedes it vigorously litigated its affirmative defenses in *Knapke*. *See* pg. 1 *above*.
18 Second, "offensive estoppel . . . does not promote judicial economy in the same manner that is
19 promoted by defensive use." *Id.* at 322. But this is true only "where a plaintiff could easily have
20 joined in the earlier action." *Id.* Here, Plaintiffs could not have joined the *Knapke* suit, because
21 the *Knapke* complaint brings claims under a different state's law. It is the affirmative defenses
22 asserted by Classmates, not the Plaintiffs' claims, that are identical between the two actions.

23       In short, because *Ancestry II* and *Knapke* conflict,[3] it would be inequitable to apply either
24 offensive or defensive collateral estoppel with respect to the CDA.

---

26 [3] As Plaintiffs have previously argued, *Ancestry II* also conflicts with *Kolebuck-Utz v.*
27 *Whitepages Inc.*, No. C23-0053-JCC, 2021 WL 1575219 (W.D. Wash. Apr. 22, 2021); *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746 (N.D. Ill. 2020); and *FTC v. Accusearch, Inc.*, No. 06-
28 CV105-D, 2007 WL 4356786 (D. Wyo. Sep. 28, 2007), *aff'd*, 570 F.3d 1187 (10th Cir. 2009). *See* Opp. at 9-10.

| PLAINTIFFS' REPLY IN SUPPORT OF COLLATERAL ESTOPPEL | - 3 - | CASE NO. 3:20-CV-09203 |
|---|---|---|

### B. The *Knapke* court's denial of Classmates' CDA, copyright preemption, and First Amendment defenses is a final judgment under Federal preclusion law.

Classmates implies that the Ninth Circuit follows the Fifth Circuit rule regarding the preclusive effect of the denial of a motion to dismiss. Response, at 4 (quoting the Fifth Circuit rule that "[D]enial of a motion to dismiss is *not* a final judgment," and stating in the very next sentence that "The Ninth Circuit is strict on this point."). In fact, the Ninth Circuit does not follow the Fifth Circuit "on this point." In the Ninth Circuit, there is no categorical rule against giving preclusive effect to a denial of a motion to dismiss. Classmates cites no contrary authority.

Rather, the Ninth Circuit recognizes that courts have discretion in applying the relevant factors to determine when a specific judgment is "sufficiently firm" to merit preclusive effect. *See Luben Industries, Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983) (district court acted "well within its discretion" in determining whether a previous judgment was "sufficiently firm"). Courts consider several factors: (1) whether "the decision was avowedly tentative"; (2) whether "the parties were fully heard"; (3) whether "the court supported its decision with a reasoned opinion"; and (4) whether "the decision was subject to appeal or was in fact reviewed on appeal." *Id.*; *see also Alzheimer's Inst. of Am. v. Eli Lilly & Co.*, 128 F. Supp. 3d 1249 (N.D. Cal. 2015) (*quoting Luben*).

No single factor is necessary. In particular, the fourth factor is not required: an order need not be appealable for issue preclusion to apply. "As both *Syverson* and *Luben* clarify, the finality requirement for collateral estoppel is *lower* than the level of finality required for appeal." *Alzheimer's*, at 1255 (*quoting Syverson v. Intnl. Business Machines*, 472 F.3d 1072, 1079 (9th Cir. 2006); *Luben*, at 1040). Rather than focusing solely on appealability, "the proper query . . . is whether the court's decision *on the issue as to which preclusion is sought* is final." *Syverson*, at 1079 (emphasis in original). "Finality in the context of issue preclusion. . . may mean little more than that that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id.* (*quotation omitted*).

Here, three of the four *Luben* factors counsel in favor of preclusive effect for the *Knapke* Court's rejection of Classmates' three affirmative defenses. There is nothing tentative about the

three rulings. *See Knapke*, at 8 ("As alleged, Classmates is the publisher of its own content, which is unprotected by the CDA"); *id.*, at 9 ("The non-consensual use of Knapke's name and likeness for advertising causes the claim to fall outside of the Copyright Act's preemption."); *id.*, at 17 ("The Court. . . finds that the Right of Publicity Law comports with [the] First Amendment and Knapke's claim does not infringe upon it."). Classmates does not contest it was fully heard. And the *Knapke* Court's was well reasoned, offering detailed rationales for each denial of Classmates' defenses. *See id.* The *Knapke* Order does not grant Classmates leave to re-plead its affirmative defenses, nor does it suggest openness to further argument. *Knapke*, at 8, 9, 17. And with the possible exception of the CDA, nothing in the Order suggests the introduction of new evidence might sway the Court's opinion. *Compare Knapke*, at 8 (denying CDA immunity "[a]s alleged"); *with id.* at 9 (denying copyright preemption on the legal grounds that "advertisements. . . are not works of authorship" under the Copyright Act); *id.* at 17 (denying First Amendment protection on the legal grounds that "advertisement . . . is commercial speech" and "the Right of Publicity Law comports with [the] First Amendment.").

Classmates argues the *Knapke* rulings are not "final" because "the same arguments regarding the viability of the claims can be raised again at summary judgment and at trial based on the facts actually presented." Response, at 5. The cases Classmates cites do not support this proposition. In *VIA Techs., Inc. v. SONICBlue Claims, LLC*, 782 F. Supp. 2d 843, 857 (N.D. Cal. 2011), the defendant argued that the court's dismissal of the <u>defendant's</u> "bad faith" claims against the plaintiff should preclude the <u>plaintiff</u> from asserting "bad faith" claims against the defendant. The court rejected this argument because the defendant was asserting preclusion in the wrong direction, not because its previous dismissal wasn't "final." *Id. Williams* does not concern issue preclusion. *See Williams v. Metcalfe*, No. C 08-3907, 2010 WL 530109 (N.D. Cal. Feb. 6, 2010). In *Williams*, the court denied a motion to dismiss while stating that the defendants could "make substantially similar arguments in a motion for summary judgment that is supported by evidence." *Id.* at *4. The denials in *Knapke* include no such proviso.

*Knapke* conclusively dismissed Classmates' arguments, with no hint they can be resurrected at summary judgment or trial. *See Knapke,* at 8, 9, 17. *Knapke* rejected affirmative

defenses for which Classmates bears the burden of pleading and proof. *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses") (*citations omitted*). Classmates failed to plead cognizable affirmative defenses. Nothing in *Knapke* suggests it will get another bite at the apple.

While the *Knapke* rulings on Classmates' affirmative defenses are not yet subject to appeal, appealability is not a necessary element for preclusion. *See Syverson*, at 1079; *Alzheimer's*, at 1255. Classmates cites *Luben* for the categorical rule that "an order is not sufficiently firm . . . if it could not have been the subject of an appeal when decided." Response at 4 (*quoting Luben*, at 1040). That is not what *Luben* says. In fact, as explained above, *Luben* rules that whether "the decision was subject to appeal" is one of several "factors that are relevant to the determination of firmness." Classmates cites *Spink v. Lockheed Corp*., 60 F.3d 616 (9th Cir. 1995) for the same categorical rule, but again the case does not say what Classmates claims. At best, *Spink* stands for the proposition that a district court does not abuse its discretion if it decides not to apply preclusion because the previous order is appealable, <u>not</u> that a district court <u>must</u> do so. *Id.* at 625.

In fact, several courts in the Ninth Circuit have held found non-appealable rulings to be "sufficiently firm" under *Luben*. *See Alzheimer's*, at 1255 (interlocutory order regarding attorneys' fees); *Ambrosia v. Cogent Communications, Inc.*, No. 14-cv-02182-RS, 2014 WL 4744409 at *4 (N.D. Cal. Sep. 22, 2014) (decertification decision). *See also In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F.3d 763, 767 (7th Cir. 2003) (interlocutory order denying class certification was "sufficiently firm") (*overruled on other grounds, Smith v. Bayer Corp*., 564 U.S. 299 (2011)).

The Seventh Circuit has recognized that a denial of a motion to dismiss may have preclusive effect. *See Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804 F.2d 390, 393 (7th Cir. 1986) (giving preclusive effect to denial of motion to dismiss when "[t]he parties . . . had sufficient opportunity to be heard. . . and the judge was amply advised of the arguments") (*citation omitted*). Classmates incorrectly characterizes *McMillan* as finding that *Gilldorn*

"conflict[s] with Ninth Circuit law." Response at 6 n. 6 (*citing McMillan v. Lowe's Home Ctrs., LLC*, No. 15CV-00695, 2016 WL 232319, at *4 (E.D. Cal. Jan. 20, 2016)). In fact, *McMillan* cited *Gilldorn* with approval. After summarizing *Gilldorn*, the *McMillan* court wrote that "the reasoning in *Gilldorn* gives us pause" before concluding that nevertheless the weight of Ninth Circuit precedent "weighs against. . . issue preclusion in this instance." *Id.* Contrary to Classmates' mischaracterization, nothing in *McMillan* suggests a "conflict" between Ninth Circuit law and *Gilldorn's* conclusion that a denial of a motion to dismiss may give rise to preclusion.

Despite Classmates' attempts to invent new categorical rules, in truth this Court has wide discretion under *Luben* to determine whether the rulings in *Knapke* are "sufficiently firm" to have preclusive effect. Because three of the four *Luben* factors weigh in favor of preclusion, the Court should find that *Knapke* is "sufficiently firm," and that Classmates is therefore estopped from re-litigating its copyright preemption and First Amendment defenses.

Dated: August 26, 2021  By:   /s/ Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn
(admitted *Pro Hac Vice*)
102 Bergen St. Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

*Attorney for Plaintiffs
and the Proposed Class*