**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar. No. 269109)
kspelman@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:     213 239-5199

**JENNER & BLOCK LLP**
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
353 North Clark Street
Chicago, Illinois 60654
Telephone:     312 222-9350
Facsimile:     312 527-0484

Attorneys for Defendant PeopleConnect, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN AND LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs.<br><br>        v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br>                    Defendant. | Case No.3:20-cv-09203-EMC<br><br>The Honorable Edward M. Chen<br><br>**DEFENDANT PEOPLECONNECT, INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Defendant PeopleConnect, Inc. ("PeopleConnect" or "Defendant"), by and through its undersigned counsel, hereby answers and states affirmative and other defenses to Plaintiffs Meredith Callahan and Lawrence Geoffrey Abraham ("Plaintiffs")' Class Action Complaint ("Complaint").

For ease of reference, PeopleConnect has included in this Answer the headings and allegations used in the Complaint, but does not thereby admit the truth of those headings or allegations or any inference that could be drawn from them.

## NATURE OF ACTION

1.      Plaintiffs MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, by and through their attorneys, make the following allegations on information and belief, except as to factual allegations pertaining to Plaintiffs, which are based on personal knowledge.

**ANSWER:**   PeopleConnect lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1 and on that basis denies these allegations.

## INTRODUCTION

2.      Plaintiffs bring this class action complaint against PEOPLECONNECT, INC.; PEOPLECONNECT INC.; CLASSMATES MEDIA CORPORATION; and DOES 1 through 50, inclusive (collectively, "Classmates") for knowingly misappropriating the names, photographs, and likenesses of Plaintiffs and the class; knowingly using those names, photographs, and likenesses to advertise its products and services, including reprinted yearbooks and subscription memberships to the website Classmates.com; and knowingly using those names, photographs, and likenesses on and in reprinted yearbooks and the website Classmates.com, without obtaining prior consent from Plaintiffs and the class.

**ANSWER:**   PeopleConnect admits that Plaintiffs bring this complaint styled as a putative class action against PeopleConnect, Inc. PeopleConnect denies that Plaintiffs bring this complaint against PeopleConnect Inc., Classmates Media Corporation, and DOES 1 through 50, as this Court entered an order dismissing PeopleConnect Inc, a California corporation, and Classmates Media Corporation on March 22, 2021. Answering further, PeopleConnect denies that PeopleConnect Inc., a California corporation, is affiliated with PeopleConnect, Inc., a Delaware corporation, and further denies that Classmates Media Corporation has had any connection to PeopleConnect, Inc. since the filing of this lawsuit. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 2.

3.     Classmates' business model relies on extracting personal information from school yearbooks, including names, photographs, schools attended, and other biographical information. Classmates aggregates the extracted information into digital records that identify specific individuals by name, photograph, and other personal information, and stores the digital records in a massive online database. Classmates provides free access to some of the personal information in its database in order to drive users to purchase its two paid products – reprinted yearbooks that retail for up to $99.95, and a monthly subscription to Classmates.com that retails for up to $3 per month – and to gather registered users, from whom Classmates profits by selling targeted ads.

**ANSWER:**     PeopleConnect denies the allegations of paragraph 3.

4.     According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the Collection contains records corresponding to millions of Californians.

**ANSWER:**     PeopleConnect admits the Classmates.com website contains over 400,000 yearbooks. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 4.

5.     Classmates has not received consent from, given notice to, or provided compensation to the millions of Californians whose names, photographs, biographical information, and identities appear in its Classmates Yearbook Collection.

**ANSWER:**     The allegations of paragraph 5 consist of legal conclusions and as such, no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 5. Answering further, PeopleConnect denies that it must obtain consent from Californians whose names, photographs, biographical information, and identities appear in its Classmates Yearbook Collection or that those Californians are entitled to notice or compensation.

6.     The names, photographs, cities of residence, schools attended, likenesses, and identities contained in the Classmates Yearbook Collection uniquely identify specific individuals.

**ANSWER:**     PeopleConnect denies the allegations in paragraph 6.

7.     Classmates knowingly uses the names, photographs, cities of residence, schools attended,

1  likenesses, and identities in its Classmates Yearbook Collection to advertise, sell, and solicit the purchase

2  of reprinted yearbooks, which retail for up to $99.95, and its "CM+" subscription membership, which

3  retails for up to $3 per month.

4      **ANSWER:**   PeopleConnect denies the allegations of paragraph 7.

5      8.      Classmates knowingly uses the names, photographs, cities of residence, schools attended,

6  likenesses, and identities in its Classmates Yearbook Collection to advertise the free version of its website,

7  which is available to both unregistered users and registered non-paying users. Classmates derives profit

8  from the free version of its website by (1) selling targeted ads; (2) driving users of the free version to

9  purchase its paid products and services; and (3) on information and belief, selling the personal information

10  it collects from registered and unregistered users to third parties.

11      **ANSWER:**   PeopleConnect denies the allegations of paragraph 8.

12      9.      Classmates knowingly uses the names, photographs, cities of residence, schools attended,

13  likenesses, and identities in its Classmates Yearbook Collection on and in its products and services, by (1)

14  selling reprinted yearbooks that contain the records; (2) selling access to the records to paying subscribers

15  via its CM+ online membership plan; and (3) including these records on the free version of its website that

16  is available to unregistered users and registered non-paying users.

17      **ANSWER:**   PeopleConnect denies the allegations of paragraph 9.

18      10.      By misappropriating and misusing millions of Californian's names, photographs, and

19  likenesses without consent, Classmates has harmed Plaintiffs and the class by denying them the economic

20  value of their likenesses, violating their legally protected rights to exclusive use of their likenesses, and

21  violating their right to seclusion. Classmates has also earned ill-gotten profits and been unjustly enriched.

22      **ANSWER:**   PeopleConnect denies the allegations of paragraph 10.

23      11.      These practices, as further detailed in this complaint, violate the California right to publicity

24  as codified in Cal. Civ. Code § 3344; the California Unfair Competition Law, Cal. Bus. & Prof. Code §

25  17200 *et seq.*; California's common law right protecting against Intrusion upon Seclusion; and California

26  Unjust Enrichment law.

27      **ANSWER:**   PeopleConnect denies the allegations of paragraph 11.

28                                  **JURISDICTION AND VENUE**

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative class are citizens of a state different from at least one defendant. According to available public records, defendant PeopleConnect Inc. [sic] is incorporated in Delaware and has its principal place of business in Seattle, Washington. The class members are residents of California. (B) The proposed class consists of at least 100 members. Classmates advertises that its Classmates Yearbook Collection comprises records collected from "over 400,000 yearbooks." While Classmates does not publish statistics concerning the total number of records in each yearbook, or a breakdown by state, a conservative estimate would place the number of individual records corresponding to Californians in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Cal. Civ. Code § 3344 provides for damages equal to the greater of $750 per violation, the actual damages suffered by Plaintiffs, or the profits earned by Defendants attributable to the unauthorized use. Given millions of likely records in California, the amount in controversy is well over the jurisdictional amount.

**ANSWER:**     The allegations contained in paragraph 12 consist of legal conclusions to which no response is required. To the extent a response is required, PeopleConnect admits only that the Complaint purports to allow the Court to exercise jurisdiction under 28 U.S.C. § 1332(d), that PeopleConnect, Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington, and that the Classmates.com website houses hundreds of thousands of yearbooks. PeopleConnect lacks knowledge or information sufficient to form a belief about the citizenships of the Plaintiffs and most members of the putative class. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 12.

13.     This Court has personal jurisdiction over the claims of Plaintiffs and the non-named class members. Classmates maintains substantial connections to the state of California and this district. Classmates maintains an office in Woodland Hills, California. Classmates advertises its products and services to prospective customers in this state and district, provides its products and services to existing customers in this state and district, and uses the misappropriated names, photographs, likenesses, images, and identities of residents of this state and district as described in this complaint.

**ANSWER:** The allegations of paragraph 13 consist of a legal conclusion to which no response is required and refer to a dismissed defendant unrelated to PeopleConnect, Inc., so no response is required. To the extent a response is required, PeopleConnect admits that it conducts business in California and otherwise denies the allegations of paragraph 13.

14. Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district. A substantial portion of the class members reside in this state and district. Named Plaintiff Lawrence Geoffrey Abraham resides in this district.

**ANSWER:** The allegations of paragraph 14 consist of legal conclusions to which no response is required. To the extent a response is required, PeopleConnect lacks sufficient knowledge to form a belief as to the true residency of Plaintiff Lawrence Geoffrey Abraham or other putative class members and on that basis denies that allegation. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 14.

## INTRADISTRICT VENUE

15. Venue in this Division of the Northern District is proper because a substantial part of the events or omissions which give rise to the claim occurred in San Francisco County and because Plaintiff Lawrence Geoffrey Abraham lives in San Francisco.

**ANSWER:** Paragraph 15 consists of a legal conclusion to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 15.

## PARTIES

**Defendant Classmates**

16. Defendant PEOPLECONNECT, INC. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," and other brand names associated with the various website and services it owns and operates. It conducts business throughout this district, California, and the United States. PeopleConnect, Inc. owns and operates the website Classmates.com.

1    **ANSWER:**    PeopleConnect admits that PeopleConnect, Inc. is a Delaware corporation with its

2    headquarters in Seattle, Washington and that it owns and operates Classmates.com. PeopleConnect denies

3    the remaining allegations of paragraph 16.

4    17.    Defendant PEOPLECONNECT INC. is a California corporation with its headquarters in

5    Seattle, Washington. Defendant CLASSMATES MEDIA CORPORATION is a Delaware corporation

6    with its headquarters in Woodland Hills, California.

7    **ANSWER:**    Plaintiffs dismissed PeopleConnect Inc., a California corporation, and Classmates

8    Media Corporation, which are not related to the Defendant PeopleConnect, Inc., a Delaware corporation,

9    and thus no response to Paragraph 17 is required.

10    18.    There are many related entities associated with the Classmates.com website. Plaintiffs are

11    ignorant of which additional related entities were involved in the wrongdoing alleged herein. Plaintiffs

12    therefore sues [sic] these Doe Defendants by fictitious names. Plaintiffs will amend this Complaint to allege

13    the true names and capacities of these fictitiously named Doe Defendants when they are ascertained. Each

14    of the fictitiously named Doe Defendants is responsible for the conduct alleged in this Complaint and

15    Plaintiffs' damages were actually and proximately caused by the conduct of the fictitiously named Doe

16    Defendants.

17    **ANSWER:**    PeopleConnect denies the allegations of paragraph 18.

18    **Plaintiff Lawrence Geoffrey Abraham**

19    19.    Plaintiff Lawrence Geoffrey Abraham is a resident of San Francisco, California. Mr.

20    Abraham is not a subscriber of any Classmates products or services and is not subject to any Terms of

21    Service or any other agreement with Classmates.

22    **ANSWER:**    PeopleConnect lacks sufficient knowledge to form a belief as to whether Mr.

23    Abraham is a resident of San Francisco, California or whether he is a subscriber of any Classmates products

24    or services and on that basis denies those allegations. PeopleConnect denies the remaining allegations of

25    paragraph 19.

26    20.    Mr. Abraham has never provided consent to Classmates, written or otherwise, for the use

27    of his name, photograph, or likeness.

28

1

2

**ANSWER:**     Paragraph 20 contains a legal conclusion for which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 20.

3

4

5

6

21.     Classmates has never notified, requested consent, or provided compensation to Mr. Abraham for its appropriation of his name, photograph, and likeness. Mr. Abraham first became aware that his personal information and photographs are being used by Classmates through the investigation of this lawsuit.

7

8

9

10

11

12

**ANSWER:**     The first allegation of paragraph 21 contains a legal conclusion for which no response is required. To the extent a response is required, PeopleConnect denies the allegation. Answering further, PeopleConnect denies that it must obtain consent from Californians whose names, photographs, and biographical information appear in its Classmates Yearbook Collection or that those Californians are entitled to notice or compensation. PeopleConnect lacks sufficient knowledge to form a belief as to the truth of the remaining allegation of paragraph 21 and on that basis denies the allegation.

13

14

15

16

17

18

19

20

22.     Classmates' Yearbook Collection contains sixteen unique records corresponding to Mr. Abraham, all from yearbooks between the years of 1998 and 2004 from Albuquerque Academy in Albuquerque, New Mexico, where Mr. Abraham attended school. The records uniquely identify Mr. Abraham. All sixteen records include his full name and clearly identify his place of residence and school he attended. Eleven of the records include photographs in which Mr. Abraham's face is plainly visible and identifiable. Various of the records identify Mr. Abraham's participation in school activities such as track, cross country, and chess club. A representative sample of the photographs from three of these records appear as screen captures below:

21

22

23

24

25

26

27

28





**ANSWER:**     PeopleConnect admits that the Classmates Yearbook Collection contains yearbooks between the years of 1998 and 2004 from Albuquerque Academy in Albuquerque, New Mexico and also contains pictures of numerous students. Answering further, PeopleConnect denies that Mr. Abraham's name and photographs are included in the records because his name and images have been suppressed on the Classmates.com website. PeopleConnect denies the remaining allegations of paragraph 22.

23.     Classmates has and continues to knowingly use the records containing Mr. Abraham's name, photograph, and likeness to advertise, sell, and solicit the purchase of reprinted yearbooks. Users of the Classmates.com website are encouraged to enter the names of people they may know into a search bar. The search bar is indicated by an arrow labeled "Start your search here!" and promises promotional pricing on reprinted yearbooks that contain a relative, significant other, or friend.

1



2

3

4

5

6

7

8

9

10

11

12   **ANSWER:**   PeopleConnect denies the allegations of paragraph 23.

13   24.   Users who enter Mr. Abraham's name receive in response a list of the sixteen records in

14   Classmates' Yearbook Collection corresponding to Mr. Abraham. All Classmates users may search for Mr.

15   Abraham's name and view this list, including unregistered users, registered non-paying users, and paying

16   subscribers.

17



18

19

20

21

22

23

24

25

26

27

28   **ANSWER:**   PeopleConnect denies the allegations of paragraph 24.

25.     When users click to view any of the records corresponding to Mr. Abraham, Classmates displays at least two forms of advertisement encouraging them to buy a copy of a reprinted yearbook containing Mr. Abraham's name, image, and likeness. First, Classmates displays a page showing the photograph of Mr. Abraham and his name, accompanied by a link marked "Own this yearbook today," which leads to a page soliciting the purchase of the yearbook for $99.95:





**ANSWER:**     PeopleConnect denies the allegations of paragraph 25.

26.     Second, for users who do not click the link but instead continue to browse through Mr. Abraham's photographs, upon their third attempt to load a photograph, Classmates displays a pop-up window prompting the user to "Buy now" a "Hardcover Reprint" of the yearbook containing Mr. Abraham's name, photograph, and likeness for $99.95.



**ANSWER:**     PeopleConnect denies the allegations of paragraph 26.

27.     Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness to advertise, sell, and solicit the purchase of paid subscriptions to its "CM+" membership plan. Users may search for and view records containing Mr. Abraham's name, photograph, and likeness. For unregistered users and registered non-paying users, Classmates displays both the requested records and at least two forms of advertisement designed to solicit the purchase of a paid subscription to Classmates for a price ranging from $1.50 to $3 per month. First, adjacent to the list of records containing Mr. Abraham's name, photograph, and likeness, Classmates displays an advertisement prompting the user that "It's time to upgrade!" and promising several benefits to paying subscribers, including discounted prices on yearbook reprints. Users who click the link are brought to a page soliciting the purchase of a paid subscription membership.

1

2

3

4

5

6

7

8

9

10

11



12   **ANSWER:**   PeopleConnect denies the allegations of paragraph 27.

13   28.   Second, unregistered users are initially shown a low-resolution version of Mr. Abraham's

14   photograph. Unregistered users who click on Mr. Abraham's photograph looking for a higher-resolution

15   version are shown a pop-up asking them to register in order to view "full-size yearbooks."

16

17

18

19

20

21

22

23

24

25

26



27   **ANSWER:**   PeopleConnect denies the allegations of paragraph 28.

28   29.   Once users have entered the requested information, Classmates displays a second screen

1  soliciting the purchase of a paid subscription plan, for prices ranging from $1.50 to $3. Although users do

2  not have to pay for a subscription to view full-resolution records, Classmates does everything in its power

3  to obscure this and make the user believe they must pay to continue. The screen is visually dominated by

4  prompts asking users to select a paid plan and enter credit card or other payment information. A link titled

5  "No thanks" written in miniscule font at the far top right corner of the page is the only indication users

6  may proceed without paying money.



19  **ANSWER:**    PeopleConnect denies the allegations of paragraph 29.

20       30.    Classmates has and continues to knowingly use the sixteen records containing Mr.

21  Abraham's name, photograph, and likeness to advertise registered memberships on its website. Registered

22  memberships are free of charge, but registered users must provide personal information including their

23  high school, year of graduation, name, and email address. Classmates earns money from registered

24  members by displaying targeted ads on its website. Upon information and belief, Classmates also earns

25  money from registered members by selling their personal information to third parties.

26       **ANSWER:**    PeopleConnect admits that registered users must provide their high school, year of

27  graduation, name, and email address. PeopleConnect denies the remaining allegations of paragraph 30.

28       31.    Users may search for and view records containing Mr. Abraham's name, photograph, and

likeness. Unregistered users are initially shown low-resolution versions of Mr. Abraham's photographs. Unregistered users who click on a photograph of Mr. Abraham looking for a "zoomed-in" higher-resolution version are shown a pop-up soliciting them to register and promising that registration will bring benefits including "access to all yearbooks" and the ability to view "full-sized yearbooks."

**ANSWER:**   PeopleConnect denies the allegations of paragraph 31.

32.   Classmates' purpose in appropriating and providing access to Mr. Abraham's name, photograph, and likeness on its website is to advertise, sell, and solicit the purchase of its products and services, including its yearbook reprints, paid subscription "CM+" membership plan, and non-paying registered membership plan.

**ANSWER:**   PeopleConnect denies the allegations of paragraph 32.

33.   Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness on and in its products and services by (1) selling reprinted yearbooks that contain Mr. Abraham's name, photograph, and likeness; (2) selling access to online records containing Mr. Abraham's name, photograph, and likeness to paying subscribers of its CM+ membership plan; and (3) including online records containing Mr. Abraham's name, photograph, and likeness on the free version of its website available to unregistered users and registered non-paying users.

**ANSWER:**   PeopleConnect denies the allegations of paragraph 33.

34.   Through its actions, Classmates has caused harm to Mr. Abraham by depriving him the fair economic value of his likeness; violating his exclusive right to control his likeness; and violating his right to freedom from intrusion upon seclusion. Classmates has earned ill-gotten profits and been unjustly enriched through its use of Mr. Abraham's name, photograph, and likeness.

**ANSWER:**   PeopleConnect denies the allegations of paragraph 34.

**Plaintiff Meredith Callahan**

35.   Plaintiff Meredith Callahan (née Whipple) is a resident of the city of Del Mar in San Diego County, California. Ms. Callahan is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

1      **ANSWER:**   PeopleConnect lacks sufficient knowledge to form a belief as to what Ms.

2   Callahan's maiden name is or whether she is a resident of the city of Del Mar in San Diego, California and

3   on that basis denies those allegations. PeopleConnect denies the remaining allegations of Paragraph 35.

4      36.   Ms. Callahan has never provided consent to Classmates, written or otherwise, for the use of

5   her name, photograph, or likeness.

6      **ANSWER:**   Paragraph 36 contains a legal conclusion for which no response is required. To the

7   extent a response is required, PeopleConnect denies the allegations of paragraph 36.

8      37.   Classmates has never notified, requested consent, or provided compensation to Ms.

9   Callahan for its appropriation of her name, photograph, and likeness. Ms. Callahan first became aware that

10  her personal information and photographs are being used by Classmates through the investigation of this

11  lawsuit.

12     **ANSWER:**   The first allegation of paragraph 37 contains a legal conclusion to which no response

13  is required. To the extent a response is required, PeopleConnect denies the allegation. Answering further,

14  PeopleConnect denies that it must obtain consent from Californians whose names, photographs,

15  biographical information, and identities appear in its Classmates Yearbook Collection or that those

16  Californians are entitled to notice or compensation. PeopleConnect lacks sufficient knowledge to form a

17  belief as to the truth of the remaining allegation of paragraph 37 and on that basis denies the allegation.

18     38.   Ms. Callahan is a published author and runs a coaching and consulting business. The image

19  she presents online contributes to her book sales and forms a significant part of the brand and value of her

20  business. She has a professional interest in maintaining her image and exerting control over how her name

21  and image is used.

22     **ANSWER:**   PeopleConnect lacks sufficient knowledge to form a belief as to the truth of the

23  allegations of paragraph 38 and on that basis denies the allegations.

24     39.   Classmates' Yearbook Collection contains thirty-six unique records corresponding to Ms.

25  Callahan, all from yearbooks between the years of 1996 and 1999 from Northern High School in Port

26  Huron, Michigan, where Ms. Callahan attended school. The records uniquely identify Ms. Callahan. All

27  thirty-six records include her full name and clearly identify her place of residence and school she attended.

28  Thirty of the records include photographs in which Ms. Callahan's face is plainly visible and identifiable.

Various of the records identify Ms. Callahan's participation in school activities such as ski club, Students Against Drunk Driving, student council, cross country, and quiz bowl. A representative sample of the photographs from three of these records appear as screen captures below:





**ANSWER:**   PeopleConnect admits that the Classmates Yearbook Collection contains yearbooks between the years of 1996 and 1999 from Northern High School in Port Huron, Michigan, and also contains pictures of numerous students. Answering further, PeopleConnect denies that Ms. Callahan's name and photographs are included in the records because her name and images have been suppressed on the Classmates.com website. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 39.

40.    Classmates has and continues to knowingly use these records containing Ms. Callahan's name, photograph, and likeness to advertise, sell, and solicit the purchase of reprinted yearbooks. Users of the Classmates.com website are encouraged to enter the names of people they may know into a search bar. The search bar is indicated by an arrow labeled "Start your search here!" and promises promotional pricing on reprinted yearbooks that contain a relative, significant other, or friend.

**ANSWER:**   PeopleConnect denies the allegations of paragraph 40.

41.    Users who enter Ms. Callahan's name receive in response a list of the thirty-six records in Classmates' Yearbook Collection corresponding to Ms. Callahan (the search returns thirty-eight results, but two of those results do not in fact correspond to Ms. Callahan). All Classmates users may search for Ms. Callahan's name and view this list, including unregistered users, registered non-paying users, and paying subscribers. Immediately adjacent to the list of records corresponding to Ms. Callahan, Classmates

displays an advertisement soliciting the purchase of a yearbook containing Ms. Callahan's photograph. The advertisement promises "Free shipping on the 1999 Northern High School yearbook."



**ANSWER:**   PeopleConnect denies the allegations of paragraph 41.

42.   When users click to view any of the records corresponding to Ms. Callahan, Classmates displays at least two additional forms of advertisement encouraging them to buy a copy of a reprinted yearbook containing Ms. Callahan's name, image, and likeness. First, Classmates displays a page showing the photograph of Ms. Callahan and her name, accompanied by a link marked "Own this yearbook today," which leads to a page soliciting the purchase of the yearbook for $99.95:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



25   **ANSWER:**   PeopleConnect denies the allegations of paragraph 42.

26      43.   Second, for users who do not click the link but instead continue to browse through Mr.

27   Callahan's photographs, upon their third attempt to load a photograph, Classmates displays a pop-up

28   window prompting the user to "Buy now" a "Hardcover Reprint" of the yearbook containing Ms.

1   Callahan's name, photograph, and likeness for $99.95.



13          **ANSWER:**     PeopleConnect denies the allegations of paragraph 43.

14          44.    Classmates has and continues to knowingly use the thirty-six records containing Ms.

15   Callahan's name, photograph, and likeness to advertise, sell, and solicit the purchase of paid subscriptions

16   to its "CM+" membership plan. Users may search for and view records containing Ms. Callahan's name,

17   photograph, and likeness. For unregistered users and registered non-paying users, Classmates displays both

18   the requested records and at least two forms of advertisement designed to solicit the purchase of a paid

19   subscription to Classmates for a price ranging from $1.50 to $3 per month. First, Classmates displays an

20   advertisement prompting the user that "It's time to upgrade!" and promising several benefits to paying

21   subscribers, including discounted prices on yearbook reprints. Users who click the link are brought to a

22   page soliciting the purchase of a paid subscription membership.

1

2

3

4

5

6

7

8

9

10

11



12  **ANSWER:**    PeopleConnect denies the allegations of paragraph 44.

13      45.      In an alternate version of this advertisement, Classmates solicits the purchase of the specific

14  Northern High School Yearbook in which Ms. Callahan's photo appear, identifying the yearbook as a

15  "Northern High School yearbook" and displaying the cover and a page from the interior of the yearbook:

16

17

18

19

20

21

22

23

24

25

26



27  **ANSWER:**    PeopleConnect denies the allegations of paragraph 45.

28      46.      Second, unregistered users are initially shown a low-resolution version of Ms. Callahan's

photograph. Unregistered users who click on Ms. Callahan's photograph looking for a higher-resolution version are shown a pop-up asking them to register in order to view "full-size yearbooks."



**ANSWER:**   PeopleConnect denies the allegations of paragraph 46.

47.   Once users have entered the requested information, Classmates displays a second screen soliciting the purchase of a paid subscription plan, for prices ranging from $1.50 to $3. Although users do not have to pay for a subscription to view full-resolution records, Classmates does everything in its power to obscure this and make the user believe they must pay to continue. The screen is visually dominated by prompts asking users to select a paid plan and enter credit card or other payment information. A link titled "No thanks" written in miniscule font at the far top right corner of the page is the only indication users may proceed without paying money.



**ANSWER:**     PeopleConnect denies the allegations of paragraph 47.

48.     Classmates has and continues to knowingly use the thirty-six records containing Ms. Callahan's name, photograph, and likeness to advertise registered memberships on its website. Registered memberships are free of charge, but registered users must provide personal information including their high school, year of graduation, name, and email address. Classmates earns money from registered members by displaying targeted ads on its website. Upon information and belief, Classmates also earns money from registered members by selling their personal information to third parties.

**ANSWER:**     PeopleConnect admits that registered users must provide their high school, year of graduation, name, and email address. PeopleConnect denies the remaining allegations of paragraph 48.

49.     Users may search for and view records containing Ms. Callahan's name, photograph, and likeness. Unregistered users are initially shown low-resolution versions of Ms. Callahan's photographs. Unregistered users who click on a photograph of Ms. Callahan looking for a higher-resolution version are shown a pop-up soliciting them to register and promising that registration will bring benefits including "access to all yearbooks" and the ability to view "full-sized yearbooks."

**ANSWER:**     PeopleConnect denies the allegations of paragraph 49.

1    50.    Classmates' purpose in appropriating and providing access to Ms. Callahan's name,

2   photograph, and likeness on its website is to advertise, sell, and solicit the purchase of its products and

3   services, including its yearbook reprints, paid subscription "CM+" membership plan, and non-paying

4   registered membership plan.

5    **ANSWER:**    PeopleConnect denies the allegations of paragraph 50.

6    51.    Classmates has and continues to knowingly use the records containing Ms. Callahan's

7   name, photograph, and likeness on and in its products and services by (1) selling reprinted yearbooks that

8   contain Ms. Callahan's name, photograph, and likeness; (2) selling access to online records containing Ms.

9   Callahan's name, photograph, and likeness to paying subscribers of its CM+ membership plan; and (3)

10  including online records containing Ms. Callahan's name, photograph, and likeness on the free version of

11  its website available to unregistered users and registered non-paying users.

12   **ANSWER:**    PeopleConnect denies the allegations of paragraph 51.

13   52.    Through its actions, Classmates has caused harm to Ms. Callahan by depriving her the fair

14  economic value of her likeness; violating her exclusive right to control her likeness; and violating her right

15  to freedom from intrusion upon seclusion. Classmates has earned ill-gotten profits and been unjustly

16  enriched through its use of Ms. Callahan's name, photograph, and likeness.

17   **ANSWER:**    PeopleConnect denies the allegations of paragraph 52.

18   ## STATEMENT OF COMMON FACTS

19   53.    Classmates' business model relies on collecting personal information from hundreds of

20  thousands of school yearbooks. Classmates scans yearbooks into a digital format, then extracts personal

21  information including names, photographs, schools attended, years of attendance, cities of residence, and

22  biographical details. Classmates aggregates the extracted information into digital records associated with

23  specific individuals. Classmates then uses the records to advertise and sell its products and services. Those

24  products and services include reprinted yearbooks, which Classmates sells for up to $99.95, and

25  subscription memberships to the website Classmates.com, which Classmates sells for up to $3 per month.

26   **ANSWER:**    PeopleConnect denies the allegations of paragraph 53.

27   54.    According to the Classmates.com website, Classmates' Yearbook Collection contains

28  records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the

total number of records in the Collection or a breakdown by state, it is likely the class includes millions of Californians whose names, photographs, and likenesses appear in the Classmates Yearbook Collection.

**ANSWER:**   PeopleConnect admits the Classmates.com website contains over 400,000 yearbooks. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 54.

55.     Classmates did not ask consent from, given notice to, or provide compensation to Plaintiffs or the class before using their names, photographs, and biographical information.

**ANSWER:**   The allegations of paragraph 55 consist of legal conclusions for which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 55. Answering further, to the extent Plaintiffs refer to information contained in yearbook previews, PeopleConnect denies any characterization that the information is "their[s]" as it implies ownership over publicly available information, which cannot be owned as a matter of law. PeopleConnect further denies that consent or notice is necessary or that Plaintiffs are entitled to any sum of money and, therefore, denies the allegations of paragraph 55.

56.     The names, photographs, cities of residence, likeness, and identities that Classmates aggregates into individual records uniquely identify specific individuals.

**ANSWER:**   PeopleConnect denies the allegations of paragraph 56.

57.     Classmates knowingly uses the names, photographs, and likenesses of Plaintiffs and the class to advertise, sell, and solicit the purchase of its products and services, including (1) reprinted yearbooks; (2) its "CM+" subscription membership; and (3) the free version of its website, from which Classmates profits by selling targeted advertisements and driving users to its paid products and subscriptions.

**ANSWER:**   PeopleConnect denies the allegations of paragraph 57.

58.     Classmates employs a variety of advertising techniques through which it exploits the names, photographs, and likenesses of Plaintiffs and the class, many of which are detailed in the Plaintiff-specific portion of this complaint. Across all of the advertising techniques it uses, Classmates seeks to translate its users' interest in seeing pictures of and learning personal details about Plaintiffs and the class, into the purchase of a Classmates product or service (or the use of a website from which Classmates drives profit).

1      **ANSWER:**    PeopleConnect denies the allegations of paragraph 58.

2      59.    Classmates knowingly uses the names, photographs, and likenesses of Plaintiffs and the

3 class on and in its products and services by including the records it has created about Plaintiffs and the

4 class in the reprinted yearbooks it sells, and on its website.

5      **ANSWER:**    PeopleConnect denies the allegations of paragraph 59.

6      60.    Although Classmates does not disclose how it created its Yearbook Collection, there is a

7 section of the Classmates website encouraging users to donate old yearbooks to Classmates. At least some,

8 and possibly all, of its Yearbook Collection was built via such donations.

9      **ANSWER:**    PeopleConnect admits the allegations of paragraph 60.

10      61.    With the exception of the implied consent of the donor (who may or may not personally

11 appear in the donated yearbook), Classmates makes no attempt to contact or gain the consent of the people

12 whose names, photographs, likenesses, biographical information, and identifies appear in a donated

13 yearbook. Classmates does not require or even suggest the donor should ask the consent of the people who

14 appear in the yearbook to have their names, photographs, and images digitally extracted and aggregated

15 into records sold and used for advertising by Classmates.

16      **ANSWER:**    The allegations of paragraph 61 consist of legal conclusions for which no response

17 is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 61.

18 Answering further, to the extent Plaintiffs refer to information contained in yearbook previews,

19 PeopleConnect denies any characterization that the information is "their[s]" as it implies ownership over

20 publicly available information, which cannot be owned as a matter of law. PeopleConnect further denies

21 that consent or notice is necessary and, therefore, denies the allegations of paragraph 61.

22      62.    The vast majority of people whose personal information Classmates has digitally extracted

23 and aggregated in its Classmates Yearbook Collection have no business relationship with Classmates, are

24 not Classmates subscribers, and are not subject to a Terms of Service or any other agreement with

25 Classmates.

26      **ANSWER:**    PeopleConnect denies the allegations of paragraph 62.

27      63.    Through its actions, Classmates has caused harm to Plaintiffs and the class by depriving

28 them the fair economic value of their likenesses; violating their exclusive rights to control their likenesses;

and violating their rights to freedom from intrusion upon seclusion. Classmates has earned ill-gotten profits and been unjustly enriched through its use of the names, photographs, and likenesses of Plaintiffs and the class.

**ANSWER:** PeopleConnect denies the allegations of paragraph 63.

64. Classmates knowing misappropriation of names, likenesses, photographs, and other personal information, and use of those names, likenesses, photographs, and other personal information in selling and advertising its products and services, violates California's Right of Publicity statute, Cal. Civ. Code § 3344; the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; California's common law right protecting against Intrusion upon Seclusion; and California Unjust Enrichment law.

**ANSWER:** PeopleConnect denies the allegations of paragraph 64.

**CLASS ALLEGATIONS**

65. Plaintiffs bring this complaint on behalf of themselves and a class of all California residents who (a) are not currently subscribers of any Classmates services, (b) have never donated a yearbook to Classmates, and (c) whose names, photographs, and/or likenesses were extracted from yearbooks by Classmates and placed on the Classmates website as part of its Yearbook Collection, without Classmates obtaining their consent. Excluded from the class are (a) Plaintiffs' counsel; (b) Classmates, its officers and directors, counsel, successors and assigns; (c) any entity in which Classmates has a controlling interest; and (d) the judge to whom this case is assigned and the judge's immediate family.

**ANSWER:** PeopleConnect admits only that Plaintiffs purport to bring this complaint on behalf of a class and that Plaintiffs claim to define this class as set forth in paragraph 65. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 65.

66. The members of the proposed class are so numerous that joinder of individual claims is impracticable. Classmates represents that its Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the names and likeness of hundreds, sometimes thousands of individuals. Even accounting for the fact that only a portion of the yearbooks are from California, that some individuals in Classmates' database are deceased or no longer reside in California, and that the class excludes current Classmates subscribers (Classmates has about 4 million subscribers worldwide), the class likely numbers in the millions.

1      **ANSWER:**    Paragraph 66 consists of a legal conclusion to which no response is required. To the

2 extent a response is required, PeopleConnect denies the allegations of paragraph 66.

3      67.    There are significant questions of fact and law common to the members of the class. These

4 issues include:

5            a.    Whether Classmates' extraction and aggregation of personal information about

6                Plaintiffs and the class members, including names, yearbook photographs, yearbook

7                years, cities of residence, schools attended, and interest and hobbies, in its Classmates

8                Yearbook Collection, and selling of that information via reprinted yearbooks and paid

9                subscription plans, constitute the knowing use of another's name, photograph, or

10                likeness, in any manner, on or in products, merchandise or goods within the meaning

11                of Cal. Civ. Code § 3344;

12            b.    Whether Classmates' extraction and aggregation of personal information about Plaintiffs

13                and the class members, including names, yearbook photographs, yearbook years, cities

14                of residence, schools attended, and interests and hobbies, and use of that information in

15                the advertising techniques described in this complaint, constitutes the knowing use of

16                another's name, photograph, or likeness for purposes of advertising or selling, or

17                soliciting purchases of products, merchandise, goods or services, within the meaning

18                of Cal. Civ. Code § 3344;

19            c.    Whether Plaintiffs and the class consented to the use of their names, photographs, and

20                likenesses in Classmates products and advertisements;

21            d.    Whether Classmates' use of names, photographs, and likeness constitutes a use in

22                connection with news or public affairs for which consent is not required;

23            e.    Whether Classmates' conduct as described in this complaint violated California's

24                Unfair Competition Law;

25            f.    Whether Classmates was unjustly enriched as a result of the conduct described in this

26                complaint; and

27            g.    Whether Plaintiffs and members of the class are entitled to injunctive, declaratory and

28                monetary relief as a result of Classmates' conduct as described in this complaint.

1    **ANSWER:**    Paragraph 67 consists of legal conclusions to which no response is required. To the

2    extent a response is required, PeopleConnect denies the allegations of paragraph 67, including subparts a

3    through g.

4        68.    Plaintiffs' claims are typical of those of the proposed class. Plaintiffs and all members of

5    the proposed class have been harmed by Classmates misappropriation and misuse of their names,

6    likenesses, photographs, and other personal information.

7        **ANSWER:**    Paragraph 68 consists of a legal conclusion to which no response is required. To the

8    extent a response is required, PeopleConnect denies the allegations of paragraph 68.

9        69.    The proposed class representatives will fairly and adequately represent the proposed class.

10   The class representatives' claims are co-extensive with those of the rest of the class, and they are

11   represented by qualified counsel experienced in class action litigation of this nature.

12       **ANSWER:**    Paragraph 69 consists of a legal conclusion to which no response is required. To the

13   extent a response is required, PeopleConnect denies the allegations of paragraph 69.

14       70.    A class action is superior to other available methods for the fair and efficient adjudication

15   of these claims because individual joinder of the claims of all members of the proposed class is

16   impracticable. Many members of the class do not have the financial resources necessary to pursue this

17   claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost

18   of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in

19   which individualized cases would proceed. Individual litigation would greatly increase the time and

20   expense needed to resolve a dispute concerning Classmates' common actions towards an entire group.

21   Class action procedures allow for the benefits of unitary adjudication, economy of scale, and

22   comprehensive supervision of the controversy by a single court.

23       **ANSWER:**    Paragraph 70 consists of a legal conclusion to which no response is required. To the

24   extent a response is required, PeopleConnect denies the allegations of paragraph 70.

25       71.    The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules

26   of Civil Procedure. Classmates has acted on ground [sic] generally applicable to the proposed class, such

27   that final injunctive and declaratory relief is appropriate with respect to the class as a whole.

28

1    **ANSWER:**    Paragraph 71 consists of a legal conclusion to which no response is required. To the

2    extent a response is required, PeopleConnect denies the allegations of paragraph 71.

3        72.    The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and

4    fact common to class members predominate over questions affecting individual members, and a class

5    action is superior to other available methods for fairly and efficiency adjudicating the controversy.

6    **ANSWER:**    Paragraph 72 consists of a legal conclusion to which no response is required. To the

7    extent a response is required, PeopleConnect denies the allegations of paragraph 72.

8
9                        **FIRST CAUSE OF ACTION**
                         **(Cal. Civ. Code § 3344)**

10       73.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of

11   this complaint.

12   **ANSWER:**    No response is required to paragraph 73 to the extent the allegations relate to the

13   "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

14   yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

15   such alleged use. To the extent a response is required, PeopleConnect denies such allegations. For

16   remaining allegations, PeopleConnect admits that Plaintiffs purport to incorporate by reference the

17   allegations contained in all preceding paragraphs of this complaint, and PeopleConnect repeats and

18   incorporates by reference its responses to each of the preceding paragraphs as if fully set out here.

19       74.    California's Right of Publicity Statute, California Civil Code § 3344, prohibits and provides

20   damages for the knowing misappropriation of a name, voice, signature, photograph, or likeness in

21   advertising or soliciting without prior consent.

22   **ANSWER:**    No response is required to paragraph 74 to the extent the allegations relate to the

23   "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

24   yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

25   such alleged use. To the extent a response is required, PeopleConnect denies such allegations. Further,

26   paragraph 74 does not contain allegations of fact and, as such, no response is required. To the extent a

27   response is required, PeopleConnect denies the remaining allegations of paragraph 74 as an incomplete

28   description of the statute. PeopleConnect refers to that statute for its true meaning and effect.

75.     By engaging in the forgoing acts and omissions, Classmates knowingly used class members' names, photographs, and likenesses in its products and services for the purpose of advertising and selling its services, without class members' consent.

**ANSWER:**     No response is required to paragraph 75 to the extent the allegations relate to the "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on such alleged use. To the extent a response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining allegations of paragraph 75.

76.     Each use of a class member's name, photograph, or likeness is a separate and distinct violation of California Civil Code § 3344 giving rise to damages.

**ANSWER:**     No response is required to paragraph 76 to the extent the allegations relate to the "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on such alleged use. To the extent a response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining allegations of paragraph 76

77.     Plaintiffs seek declaratory, injunctive, and monetary damages for themselves and on behalf of each member of the proposed class as provided for in California Civil Code § 3344, including statutory damages equal to the greater of $750 per violation, actual damages, or profits from Classmates' illegal actions, punitive damages, and the award of attorneys' fees and costs in the event Plaintiffs prevail in this action.

**ANSWER:**     No response is required to paragraph 77 to the extent the allegations relate to the "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on such alleged use. To the extent a response is required, PeopleConnect denies such allegations. For the remaining allegations, PeopleConnect admits that Plaintiffs purport to seek declaratory, injunctive, and monetary damages for themselves and on behalf of each member of the proposed class, but denies that such relief is appropriate.

78.     Defendants, and each of them, have been guilty of oppression, fraud, and/or malice and

1  despicable conduct warranting an award of exemplary and/or punitive damages under the provisions of

2  Cal. Civ. Code § 3294. The foregoing conduct has been approved, authorized and/or ratified by each

3  Defendants' officers, directors and/or managing agents as required by the provisions section 3294.

4  **ANSWER:**   No response is required to paragraph 78 to the extent the allegations relate to the

5  "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

6  yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

7  such alleged use. To the extent a response is required, PeopleConnect denies such allegations.

8  PeopleConnect denies the remaining allegations of paragraph 78.

9

## SECOND CAUSE OF ACTION
### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

10

11  79.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of

12  this complaint.

13  **ANSWER:**   No response is required to paragraph 79 to the extent the allegations relate to the

14  "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

15  yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

16  such alleged use. Further, no response is required to paragraph 79 to the extent this cause of action is "based

17  on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a

18  response is required, PeopleConnect denies such allegations. For remaining allegations, PeopleConnect

19  admits that Plaintiffs purport to incorporate by reference the allegations contained in all preceding

20  paragraphs of this complaint, and PeopleConnect repeats and incorporates by reference its responses to

21  each of the preceding paragraphs as if fully set out here.

22  80.    Classmates has and is engaged in unfair competition, as that term is defined in the California

23  Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq.* ("UCL").

24  **ANSWER:**   No response is required to paragraph 80 to the extent the allegations relate to the

25  "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

26  yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

27  such alleged use. Further, no response is required to paragraph 80 to the extent this cause of action is "based

28  on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a

1   response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining

2   allegations of paragraph 80.

3        81.    As described in this complaint, Classmates' misappropriation and use without consent of

4   Plaintiffs' and class members' names, photographs, likenesses, and personal information is a violation of

5   California's Right to Publicity Statute, Cal. Civ. Code § 3344.

6        **ANSWER:**    No response is required to paragraph 81 to the extent the allegations relate to the

7   "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

8   yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

9   such alleged use. Further, no response is required to paragraph 81 to the extent this cause of action is "based

10   on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a

11   response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining

12   allegations of paragraph 81.

13        82.    By engaging in the conduct described in this complaint and violating California law,

14   Classmates engaged in and continues to engage in "unlawful" business acts and practices prohibited by the

15   UCL.

16        **ANSWER:**    No response is required to paragraph 82 to the extent the allegations relate to the

17   "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

18   yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

19   such alleged use. Further, no response is required to paragraph 82 to the extent this cause of action is "based

20   on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a

21   response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining

22   allegations of paragraph 82.

23        83.    By engaging in the conduct described in this complaint, including profiting from the sale

24   and use in advertising of personal information it misappropriated without consent, Classmates engaged in

25   and continues to engage in "unfair" business acts and practices prohibited by the UCL.

26        **ANSWER:**    No response is required to paragraph 83 to the extent the allegations relate to the

27   "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

28   yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

1  such alleged use. Further, no response is required to paragraph 83 to the extent this cause of action is "based
2  on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a
3  response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining
4  allegations of paragraph 83.

5      84.    As a result of Classmates' actions, Plaintiffs and the class have been injured. Plaintiffs and
6  members of the class each lost the economic value of their likenesses, their exclusive right to control their
7  likenesses, and their freedom from intrusion upon seclusion. Plaintiffs and members of the class also lost
8  the right to refuse consent and protect their privacy, as guaranteed by California law.

9      **ANSWER:**    No response is required to paragraph 84 to the extent the allegations relate to the
10  "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted
11  yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on
12  such alleged use. Further, no response is required to paragraph 84 to the extent this cause of action is "based
13  on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a
14  response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining
15  allegations of paragraph 84.

16
                              **THIRD CAUSE OF ACTION**
17                              **(Intrusion Upon Seclusion)**

18      85.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of
19  this complaint.

20      **ANSWER:**    No response is required to paragraph 85 because the Court dismissed this cause of
21  action. To the extent a response is required, PeopleConnect denies the allegations of paragraph 85 and
22  every allegation that relates to Plaintiffs' Intrusion Upon Seclusion claim.

23      86.    Plaintiffs and class members have a reasonable expectation of privacy in their personal
24  information, including their photographs and biographical details.

25      **ANSWER:**    No response is required to Paragraph 86 because the Court dismissed this cause of
26  action. To the extent a response is required, PeopleConnect denies the allegations of paragraph 86.

27      87.    Classmates intentionally intruded on the seclusion of Plaintiffs and the class by
28  appropriating their names, likeness, photographs, and biographical information, and using the appropriated

information to advertise and sell online services.

**ANSWER:**   No response is required to Paragraph 87 because the Court dismissed this cause of action. To the extent a response is required, PeopleConnect denies the allegations of paragraph 87.

88.   Classmates' misuse of personal information reveals private facts in which a reasonable person would expect privacy. It maintains, sells, and advertises using records that reveal intimate details about subjects' private lives, including ages, locations, biographical details, and photographs.

**ANSWER:**   No response is required to Paragraph 88 because the Court dismissed this cause of action. To the extent a response is required, PeopleConnect denies the allegations of paragraph 88.

89.   Plaintiffs and members of the class were harmed by Classmates' intrusion into their private affairs as detailed in the compliant.

**ANSWER:**   No response is required to Paragraph 89 because the Court dismissed this cause of action. To the extent a response is required, PeopleConnect denies the allegations of paragraph 89.

90.   Among other remedies, Plaintiffs and members of the class seek damages, including punitive damages in light of Classmates' conscious disregard of Plaintiffs' and class members privacy rights and exploitation of their personal information for profit.

**ANSWER:**   No response is required to Paragraph 90 because the Court dismissed this cause of action. To the extent a response is required, PeopleConnect denies the allegations of paragraph 90.

91.   Defendants, and each of them, have been guilty of oppression, fraud, and/or malice and despicable conduct warranting an award of exemplary and/or punitive damages under the provisions of Cal. Civ. Code § 3294. The foregoing conduct has been approved, authorized and/or ratified by each Defendants' officers, directors and/or managing agents as required by the provisions section 3294.

**ANSWER:**   No response is required to Paragraph 91 because the Court dismissed this cause of action. To the extent a response is required, PeopleConnect denies the allegations of paragraph 91.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

92.   Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

1   **ANSWER:**   No response is required to paragraph 92 to the extent the allegations relate to the

2   "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

3   yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

4   such alleged use. To the extent a response is required, PeopleConnect denies such allegations. For the

5   remaining allegations, PeopleConnect admits that Plaintiffs purport to incorporate by reference the

6   allegations contained in all preceding paragraphs of this complaint, and PeopleConnect repeats and

7   incorporates by reference its responses to each of the preceding paragraphs as if fully set out here.

8   93.   Plaintiffs and members of the class have conferred an unwarranted benefit on Classmates.

9   Classmates' business model centers around using personal information that rightfully belongs to Plaintiffs

10  and members of the class to sell its products and services. Classmates uses the personal information it

11  misappropriated without consent. Each sale of a reprinted yearbook that contains records that rightfully

12  belong to class members, each "CM+" subscription sold to users who then gain access to records that

13  rightfully belong to class members, and all advertising revenue collected from the delivery of ads on pages

14  displaying records that rightfully belong to class members, represents an unwarranted benefit conferred

15  upon Classmates by the class.

16  **ANSWER:**   No response is required to paragraph 93 to the extent the allegations relate to the

17  "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

18  yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

19  such alleged use. To the extent a response is required, PeopleConnect denies such allegations.

20  PeopleConnect denies the remaining allegations of paragraph 93.

21  94.   Under principles of equity and good conscience, Classmates should not be permitted to

22  retain the benefits it gained by its actions.

23  **ANSWER:**   No response is required to paragraph 94 to the extent the allegations relate to the

24  "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted

25  yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on

26  such alleged use. To the extent a response is required, PeopleConnect denies such allegations.

27  PeopleConnect denies the remaining allegations of paragraph 94.

28  95.   Plaintiffs and members of the class have suffered loss as a direct result of Classmates'

conduct.

      **ANSWER:**   No response is required to paragraph 95 to the extent the allegations relate to the "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on such alleged use. To the extent a response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining allegations of paragraph 95.

      96.    Among other remedies, Plaintiffs, on their own behalf and on behalf of absent class members, seek the imposition of a constructive trust and restitution of proceeds Classmates received as a result of the conduct described in this complaint, as well as an award of attorneys' fees, costs, and interest pursuant to Cal. Civ. Proc. Code § 1021.5.

      **ANSWER:**   No response is required to paragraph 96 to the extent the allegations relate to the "use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted yearbooks," as the Court found this cause of action preempted by the Copyright Act to the extent based on such alleged use. To the extent a response is required, PeopleConnect denies such allegations. For the remaining allegations, PeopleConnect admits that Plaintiffs purport to seek the imposition of a constructive trust and restitution and attorneys' fees, cost, and interest, on behalf of the entire proposed class, but denies that such relief is appropriate.

## **PRAYER FOR RELIEF**

      97.    WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situation, hereby demand judgment against Defendant Classmates as follows:

      (a)  For an order certifying the proposed class and appointing Plaintiffs and their counsel to represent the class;

      (b)  For a declaration that Classmates' acts and omissions constitute a knowing misappropriation of names, likeness, photographs, and other personal information, and infringe on protected privacy rights, in violation of California law;

      (c)  For preliminary and permanent injunctive relief enjoining and preventing Classmates from continuing to operate its Classmates website and expand its databases without appropriate safeguards to ensure people's personal information is not used illegally

1  without their consent;

2  (d)  For an order enjoining Classmates from continuing the unlawful and unfair conduct

3  described in this complaint;

4  (e)  For restitution for Plaintiffs and members the class for the value that Defendants

5  derived from misappropriating their likenesses;

6  (f)  For an award of damages, including without limitation damages for actual harm, profits

7  earned by Classmates, and statutory damages;

8  (g)  For an award of reasonable attorneys' fees and costs incurred by Plaintiffs and the class

9  members; and

10  (h)  For an award of other relief in law and equity to which Plaintiffs and the class members

11  may be entitled.

12  **ANSWER:**   PeopleConnect denies that Plaintiffs are entitled to any relief, including class

13  certification or any of the other requested relief. PeopleConnect denies any remaining allegations not

14  previously addressed in this Answer.

15  ## JURY TRIAL DEMAND

16  Plaintiffs hereby demand a jury trial for all individual and Class claims so triable.

17  **ANSWER**: PeopleConnect admits only that Plaintiffs have requested a jury trial. PeopleConnect

18  demands a jury trial for all individual and Class claims so triable.

19  ## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

20  PeopleConnect incorporates by reference the above answers as though fully set forth here and, in

21  further answer to the Complaint, asserts the following affirmative and other defenses, which does not

22  relieve the Plaintiffs of the burden of proof for each and every element of their claims, for damages to

23  which Plaintiffs allege they are entitled, or for any other matter upon which Plaintiffs bear the burden of

24  proof as a matter of law. PeopleConnect does not intend to characterize any particular defense as

25  "affirmative." Additional facts and evidence in support of the following defenses will be developed during

26  discovery and presented in a motion for summary judgment and/or opposition to any motion by Plaintiffs

27  for class certification.

28  ## FIRST DEFENSE (ARBITRATION)

Plaintiffs' and certain proposed class members' claims are barred by an arbitration provision that prohibits Plaintiffs' claims from being brought in this forum.[1]

## SECOND DEFENSE (WAIVER)

Plaintiffs' and proposed class members' claims are barred in whole or in part by waiver.

## THIRD DEFENSE (CLASS ACTION BAR)

Plaintiffs' claims are barred by a class action waiver to the extent Plaintiffs purport to bring class claims. Thus, Plaintiffs' claims must be brought solely in their individual capacities and may not be brought in a representative or consolidated capacity.

## FOURTH DEFENSE (LACK OF ACTIONABLE INJURY AND STATUTORY STANDING)

Plaintiffs' and proposed class members' claims are barred in whole or in part because Plaintiffs and purported class members have suffered no actionable injury, including the loss of money or property as required by Cal. Bus. & Prof. Code § 17204.

## FIFTH DEFENSE (FAILURE TO STATE A CLAIM)

Plaintiffs' and proposed class members' claims are barred in whole or in part because, for each cause of action alleged in the Complaint, Plaintiffs fail to state a claim upon which relief can be granted.

## SIXTH DEFENSE (INFORMATION IS NOT PRIVATE)

Plaintiffs' and proposed class members' claims are barred in whole or in part because the information at issue is not private.

## SEVENTH DEFENSE (UNJUST ENRICHMENT)

Plaintiffs' and proposed class members' claims are barred in whole or in part because Plaintiffs would be unjustly enriched by any recovery from PeopleConnect.

## EIGHTH DEFENSE (STATUTORY EXEMPTIONS)

Plaintiffs' and proposed class members' claims are barred in whole or in part by California Civil Code Section 3344 ("§ 3344")'s statutory exemptions, including the "public affairs" exception. Cal Civ. Code § 3344(d).

## NINTH DEFENSE (CONSENT)

---

[1] PeopleConnect appealed this Court's Order Denying Defendant's Motion to Compel Arbitration.

Plaintiffs' and proposed class members' claims are barred in whole or in part because they consented to the use of their identities in yearbooks. Certain class members' claims are barred in whole or in part because they consented to the use of their identities on Classmates.com.

### TENTH DEFENSE (STATUTES OF LIMITATIONS)

Plaintiffs' and certain proposed class members' claims are barred in whole or in part by the applicable statutes of limitation.

### ELEVENTH DEFENSE (LACHES)

Plaintiffs' and proposed class members' claims are barred in whole or in part by the doctrine of laches.

### TWELFTH DEFENSE (FIRST AMENDMENT)

Plaintiffs' and proposed class members' claims are barred in whole or in part because PeopleConnect's yearbook previews are protected by the First Amendment of the U.S. Constitution. The publication of yearbooks, including publicly available information, is newsworthy, informational, noncommercial speech that is entitled to First Amendment protection, regardless of whether the yearbooks are sold for profit. Plaintiffs' alleged theory of § 3344 liability, if given effect, would cause suppression and censorship of First Amendment protected speech.

### THIRTEENTH DEFENSE (OVERBREADTH)

Plaintiffs' and proposed class members' claims are barred in whole or in part by the First and Fourteenth Amendments of the U.S. Constitution because § 3344 is unconstitutionally overbroad in that it prohibits speech, including the publication of publicly available, newsworthy information about people.

### FOURTEENTH DEFENSE (STATUTORY DAMAGES BARRED)

Plaintiffs' and proposed class members' claims are barred in whole or in part because the statutory damages provision of § 3344 violates the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution in that statutory damages are excessive, severe, and wholly disproportionate to the harm allegedly suffered by Plaintiff and/or any putative class member.

### FIFTEENTH DEFENSE (PUNITIVE DAMAGES BARRED)

Plaintiffs' and proposed class members' claim for punitive damages is barred in whole or in part because it would violate PeopleConnect's guarantees of due process, equal protection, protection against

excessive fines, and protection against multiple punishments under the U.S. Constitution. An award of punitive damages in this case would grossly exceed any legitimate interest in punishment and deterrence for the publication of publicly available, newsworthy information.

### SIXTEENTH DEFENSE (COMMUNICATIONS DECENCY ACT)

Plaintiffs' and proposed class members' claims are barred in whole or in part by the Communications Decency Act, 47 U.S.C. § 230, because PeopleConnect is an interactive computer service provider that is immune from liability for the information about people available through its website. In addition, PeopleConnect displays information about people created by and provided by third party data providers.

### SEVENTEENTH DEFENSE (COPYRIGHT ACT)

Plaintiffs' and proposed class members' claims are preempted in whole or in part by the Copyright Act because yearbooks are copyrightable works, and federal copyright law would be the exclusive means of redress if Plaintiffs allegedly suffered a harm from their dissemination.

### EIGHTEENTH DEFENSE (DORMANT COMMERCE CLAUSE)

Plaintiffs' and proposed class members' claims are barred in whole or in part by the Dormant Commerce Clause to the extent Plaintiffs seek to apply § 3344 to speech or conduct occurring outside California.

### NINETEENTH DEFENSE (EXTRATERRITORIALITY DOCTRINE)

Plaintiffs' and proposed class members' claims are barred in whole or in part by California's extraterritoriality doctrine to the extent Plaintiffs seek to apply § 3344 to speech or conduct occurring outside California.

### TWENTIETH DEFENSE (OPT-OUT)

Plaintiffs' and proposed class members' claims are barred in whole or in part by PeopleConnect's opt-out procedure because PeopleConnect already has procedures in place to remove data from the Classmates website.

### TWENTY-FIRST DEFENSE (INCIDENTAL USE)

Plaintiffs' and proposed class members' claims are barred in whole or in part by the doctrine of incidental use.

1

## TWENTY-SECOND DEFENSE (CLASS ACTION INAPPROPRIATE)

2   The proposed putative class fails to meet the requirements of Fed. R. Civ. P. 23 and thus this lawsuit

3   cannot be maintained as a class action.

4

## TWENTY-THIRD DEFENSE (COLLATERAL ESTOPPEL)

5   Plaintiffs' and proposed class members' claims are barred in whole or in part by the doctrine of

6   collateral estoppel.

7

## TWENTY-FOURTH DEFENSE (RESERVATION OF ADDITIONAL DEFENSES)

8   PeopleConnect reserves the right to seek leave to amend this Answer and add, delete, and/or modify

9   affirmative and other defenses based upon legal theories, facts, and circumstances which may be developed

10   through discovery or otherwise.

11   WHEREFORE, PeopleConnect respectfully requests that this Court enter judgment in its favor and

12   against Plaintiffs, dismiss the claims against PeopleConnect with prejudice, award all costs, expenses, and

13   attorneys' fees to PeopleConnect as the prevailing party under Cal. Civ. Code § 3344(a), and grant

14   PeopleConnect such other relief as the Court deems just and appropriate.

15

16   Dated:  December 1, 2021                    JENNER & BLOCK LLP

17                                           By: /s/ *Kate T. Spelman*

18                                               Kate T. Spelman
                                                 Debbie L. Berman
19                                               Wade A Thomson
                                                 Attorneys for Defendant PeopleConnect, Inc.

20

21

22

23

24

25

26

27

28