FILED

MAR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEREDITH CALLAHAN; LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs-Appellees,<br><br> v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>        Defendant-Appellant. | No.   21-16040<br><br>D.C. No. 3:20-cv-09203-EMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted March 11, 2022
San Francisco, California

Before: WALLACE, THOMAS, and McKEOWN, Circuit Judges.

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant PeopleConnect, Inc. ("PeopleConnect") appeals from the district court's order denying their motion to compel arbitration of Plaintiffs' privacy-related claims.  We affirm.  We have jurisdiction pursuant to 9 U.S.C. § 16.  We review an order denying a motion to compel arbitration de novo.  *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 909 (9th Cir. 2020).

At issue in this appeal is whether Plaintiffs are bound by their attorney's arbitration agreement with PeopleConnect, which is a matter of state agency law.  Plaintiffs' counsel did not have implied actual authority or apparent authority to bind his clients to arbitration.  The California Supreme Court has held that attorneys may not impair their client's substantial rights—including by binding the client to arbitration—without the client's consent.  *Blanton v. Womancare, Inc.*, 696 P.2d 645 (Cal. 1985).  This rule is not preempted by the Federal Arbitration Act because it is a generally applicable rule; it does not single out arbitration agreements for disfavored treatment.  *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421 (2017).

Plaintiffs did not ratify their counsel's agreement to arbitrate by accepting the benefits of the agreement or by failing to repudiate the agreement.  "[R]atification through the acceptance of benefits requires knowledge of the relevant circumstances."  *LAOSD Asbestos Cases*, 240 Cal. Rptr. 3d 1, 21 (Cal. Ct.

App. 2018) (citation omitted). There is considerable doubt on this record that the Plaintiffs received any "benefits" that would trigger ratification, such as a settlement or receipt of payment. *See, e.g., Alvarado Cmty. Hosp. v. Superior Court*, 173 Cal. App. 3d 476, 482 (Cal. Ct. App. 1985). In any event, at the time the complaint was filed, there was no evidence Plaintiffs knew the arbitration agreement existed, that their counsel had executed it, or that they had a right to rescind it. By the time Plaintiffs were alerted to this information, any information derived from their counsel's use of the website had already been publicly filed and had become part of the litigation. At that stage, it was no longer possible for Plaintiffs to avoid "accepting" any of these purported "benefits." *See, e.g.*, *Boling v. Pub. Emp. Rels. Bd.*, 216 Cal. Rptr. 3d 757, 793 (Cal. Ct. App. 2017), *rev'd on other grounds*, 422 P.3d 552 (Cal. 2018) ("[R]atification [by acceptance of benefits] has no application when the principal is unable to decline the benefits of an agent's unauthorized actions." (citing *Pac. Bone, Coal & Fertilizer Co. v. Bleakmore*, 254 P. 618, 620 (Cal. Ct. App. 1927))).

Additionally, after Plaintiffs became aware of the arbitration agreement, they repudiated it. Plaintiffs took "immediate action to express dissatisfaction with [their attorney's] arbitration [agreement] on [their] behalf." *NORCAL Mut. Ins. Co.*

*v. Newton*, 100 Cal. Rptr. 2d 683, 695 (Cal. Ct. App. 2000).  Thus, the district court properly concluded that Plaintiffs did not ratify the agreement.

**AFFIRMED.**