1  Michael F. Ram (SBN 104805)
   mram@forthepeople.com
2  Marie N. Appel (SBN 187483)
   mappel@forthepeople.com
3  MORGAN & MORGAN
4  COMPLEX LITIGATION GROUP
   711 Van Ness Avenue, Suite 500
5  San Francisco, CA 94102
   Telephone: (415) 358-6913
6  Telephone: (415) 358-6293

7  *Attorneys for Plaintiffs and the Proposed Class*

8  *Additional Counsel Listed in Signature*

## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 3:20-cv-09203-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE TO CERTIFY AN IMMEDIATE APPEAL**<br><br>Complaint Filed: Dec. 18, 2020<br><br>Hearing Date: June 9, 2022<br>Hearing Time: 1:30 p.m.<br><br>Judge Edward M. Chen, Courtroom 5 |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.   This Court Has Already Rejected PeopleConnect's Collateral Estoppel Argument, and PeopleConnect Cannot Meet the Standard for Reconsideration. .................................... 2

    II.  Certification of Interlocutory Appeal is Not Warranted .................................................. 6

        A.  PeopleConnect's request for certification under § 1292(b) should be denied as untimely. ............................................................................................................. 6

        B.  PeopleConnect cannot meet the requirements for certification of an interlocutory appeal under § 1292(b). ................................................................... 6

            1.  PeopleConnect failed to show a controlling question of law because its immunity under the CDA implicates a question of fact. ................................ 7

            2.  PeopleConnect cannot show a substantial ground for difference of opinion.... 9

            3.  PeopleConnect cannot show interlocutory appeal would materially advance the ultimate termination of this case. ........................................................... 11

CONCLUSION....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
No. 16-cv-00923, 2018 WL 2761855 (N.D. Cal. June 8, 2018) .................................................. 10

*Batzel v. Smith*,
333 F.3d 1018 (9th Cir. 2003) ......................................................................................... 4, 8, 9, 10

*Bennett v. SimplexGrinnell LP*,
No. 11-cv-01854-JST, 2014 WL 4244045 (N.D. Cal. Aug. 25, 2014) .......................................... 12

*Bonilla v. Ancestry.com Operations Inc.*,
No. 20-C-07390, 2021 WL 5795306 (N.D. Ill. Dec. 7, 2021) ............................................. 2, 3, 4, 9

*Boshears v. PeopleConnect, Inc.*,
No. 21-cv-1222, 2022 WL 888300 (W.D. Wash. Mar. 25, 2022) ....................................... 2, 3, 4, 10

*Callahan v. Ancestry*,
No. 20-cv-08437-LB, 2021 WL 2433893 (N.D. Cal. June 15, 2021) .................. 1, 2, 3, 4, 5, 6, 10

*Callahan v. PeopleConnect, Inc.,*
No. 20-CV-09203-EMC, 2021 WL 5050079 (N.D. Cal. Nov. 1, 2021) ......................................... 1

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ................................................................................................ 7, 9, 10

*Fair Hous. Council v. Roommates.com, LLC,*
521 F.3d 1157 (9th Cir. 2008), ................................................................................................ 4, 8, 9

*FTC v. Accusearch, Inc.*,
No. 06-cv-105, 2007 WL 4356786 (D. Wyo. Sep. 28, 2007) ........................................................ 3, 9

*Gorromeo v. Zachares*,
15 F. App'x 555 (9th Cir. 2001) .......................................................................................................... 6

*Hansen Beverage Co. v. Innovation Ventures, LLC*,
No. 08-CV-1166, 2010 WL 743750 (S.D. Cal. Feb. 25, 2010) .................................................... 10

*Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*,
No. 13-cv-04863-JST, 2016 WL 5905935 (N.D. Cal. Oct. 11, 2016) ............................................ 7

*In re Cement Antitr. Litig.*,
673 F.2d 1020 (9th Cir. 1981) .......................................................................................................... 7

*Kellman v. Spokeo*,
No. 3:21-CV-08976-WHO, 2022 WL 1157500 (N.D. Cal. Apr. 19, 2022) ..................... 2, 3, 4, 11

*Knapke v. PeopleConnect*,
553 F. Supp. 3d 865 (W.D. Wash. 2021)......................................................................... 2, 3, 5, 10

*Kolebuck-Utz v. Whitepages Inc.*,
2021 WL 1575219 (W.D. Wash. Apr. 22, 2021) ....................................................................... 3

*Kona Enterprises, Inc. v. Est. of Bishop*,
229 F.3d 877 (9th Cir. 2000) ..................................................................................................... 4

*Krause v. RocketReach LLC*,
No. 21-cv-1938, 2021 WL 4282700 (N.D. Ill. 2021) ................................................................ 3

*Lukis v. Whitepages Inc.*,
 454 F. Supp. 3d (N.D. Ill. 2020) ............................................................................................... 3

*Missud v. City & Cnty. of S.F.*,
No. 15-cv-05596, 2017 WL 1064984 (N.D. Cal. Mar. 21, 2017) ............................................. 4

*Romoland Sch. Dist. v. Inland Empire Energy Ctr.*,
548 F.3d 738 (9th Cir. 2008) ..................................................................................................... 7

*Sessa v. Ancestry.com*,
2021 WL 4245359 (D. Nev. Sept. 16, 2021) ....................................................................... 3, 10

*Shurance v. Planning Control Intern., Inc.*,
839 F.2d 1347 (9th Cir. 1988) ................................................................................................. 12

*Siegel v. Zoominfo Techs., LLC*,
2021 WL 4306148 (N.D. Ill. Sept. 22, 2021) ............................................................................ 3

*Spears v. Washington Mut. Bank FA*,
No. C-08-00868 RMW, 2010 WL 54755 (N.D. Cal. Jan. 8, 2010) ........................................... 6

*Steering Comm. v. United States*,
6 F.3d 572 (9th Cir. 1993) ......................................................................................................... 7

**Rules**

Fed. R. App. P. 4 ..................................................................................................................... 2, 6

## INTRODUCTION

Defendant PeopleConnect, Inc. is attempting to relitigate an issue it already lost before this Court. On November 1, 2021, this Court denied PeopleConnect's request to give collateral estoppel effect to Judge Beeler's decision in *Ancestry II* regarding the Communications Decency Act ("CDA"). *Callahan v. PeopleConnect, Inc.,* No. 20-CV-09203-EMC, 2021 WL 5050079, at *4-5 (N.D. Cal. Nov. 1, 2021) (citing *Callahan v. Ancestry*, No. 20-cv-08437-LB, 2021 WL 2433893 (N.D. Cal. June 15, 2021) ("*Ancestry II*")). This Court rested its decision on two grounds. First, because the plaintiffs in *Ancestry II* "appealed Judge Beeler's decisions to the Ninth Circuit," there was as yet "no final judgment" for purposes of collateral estoppel. *Id.*, at *4. Second, this Court ruled that *Ancestry II* "should not be given preclusive effect given that other district courts have reached differing conclusions on CDA immunity in similar cases." *Id.*, at *5. Proceeding to the merits, this Court ruled against PeopleConnect on the issue of CDA immunity, finding PeopleConnect's argument "not persuasive" and disagreeing with Judge Beeler's decision in *Ancestry II* because it was "not consistent with the express definition of information content provider under the CDA." *Id.*, at *7.

Although improperly styled as a "Motion for Judgment on the Pleadings," PeopleConnect's motion in fact asks this Court to reconsider its November 1 Order. *See* Dkt. 99, at *8. PeopleConnect's implicit motion for reconsideration should be denied. First, PeopleConnect's motion is improper because it does not even try to meet the standard required for reconsideration. Second, PeopleConnect could not meet the standard had it tried, because there are no new facts and no intervening change in controlling law that would merit reconsideration. The sole factor PeopleConnect identifies as having changed between November 1 and the present is that the plaintiffs dismissed their appeal of *Ancestry II* on March 7, 2022. *See* Dkt. No. 99, at *13. This is irrelevant to the second ground on which this Court rejected collateral estoppel, *i.e.*, that it would be "unfair" to apply collateral estoppel against plaintiffs because "other district courts have reached differing conclusions on CDA immunity in similar cases." 2021 WL 5050079, at *5.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE TO CERTIFY AN IMMEDIATE APPEAL
(No. 3:20-CV-09203-EMC) - 1

Indeed, since this Court issued its Order on November 1, three additional decisions have held against the application of CDA immunity on similar facts. *Bonilla v. Ancestry.com Operations Inc.*, No. 20-C-07390, 2021 WL 5795306, at *4 (N.D. Ill. Dec. 7, 2021); *Kellman v. Spokeo*, No. 3:21-CV-08976-WHO, 2022 WL 1157500, at *13 (N.D. Cal. Apr. 19, 2022); *Boshears v. PeopleConnect, Inc.*, No. 21-cv-1222, 2022 WL 888300, at *11-12 (W.D. Wash. Mar. 25, 2022). In *Boshears*, as in *Knapke v. PeopleConnect*, 553 F. Supp. 3d 865, 875 (W.D. Wash. 2021), PeopleConnect was the defendant and the facts were identical to those present here. In light of these additional decisions, the reasoning behind this Court's conclusion that it would be "unfair" to apply collateral estoppel has only gotten stronger in the intervening months.

PeopleConnect's motion "in the alternative" to certify an interlocutory appeal under 28 U.S.C. § 1292(b) should also be denied. The request is untimely because it comes more than thirty days after the Order PeopleConnect seeks to appeal. *See* Fed. R. App. P. 4(a). Even were it timely, PeopleConnect cannot carry its burden because the issue implicates a question of fact, there is no "substantial ground for difference of opinion" on the issue of CDA immunity, and immediate appeal would not "materially advance the ultimate termination of the litigation." *See* § 1292(b).

## ARGUMENT

### I. This Court Has Already Rejected PeopleConnect's Collateral Estoppel Argument, and PeopleConnect Cannot Meet the Standard for Reconsideration.

On November 1, 2021, this Court denied PeopleConnect's request to give collateral estoppel effect to Judge Beeler's decision in *Ancestry II* regarding the Communications Decency Act ("CDA"). The Court wrote:

> Plaintiffs argue[] persuasively that *Ancestry* should not be given preclusive effect given that other district courts have reached differing conclusions on CDA immunity in similar cases. . . [E]ven where the technical requirements are all met, the doctrine is to be applied only where such application comports with fairness and sound public policy. . . [A] trial court should not allow the use of offensive collateral estoppel where application would be unfair to the defendant – *e.g.*, if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant . . . Similar concerns should inform defensive collateral estoppel as well.

2021 WL 5050079, at *5 (quotations omitted). To date, at least eleven courts, including this one, have rejected PeopleConnect's CDA immunity argument, holding that websites that use personal information or photographs to advertise subscriptions without permission from the subjects or content creators do not have CDA immunity. 2021 WL 5050079, at *5; *Sessa v. Ancestry.com*, 2021 WL 4245359, at *9-11 (D. Nev. Sept. 16, 2021) (Nevada right of publicity); *Knapke*, 553 F.Supp.3d, at 874-75 (Ohio right of publicity); *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d at 763 (N.D. Ill. 2020) (Illinois right of publicity); *Kolebuck-Utz v. Whitepages Inc.*, 2021 WL 1575219, at *3 (W.D. Wash. Apr. 22, 2021) (Ohio right of publicity); *Krause v. RocketReach LLC*, No. 21-cv-1938, 2021 WL 4282700, at *4 (N.D. Ill. 2021) (Illinois right of publicity); *Bonilla*, 2021 WL 5795306, at *4 (Illinois right of publicity); *Kellman*, 2022 WL 1157500, at *13 (California, Ohio, and Indiana right of publicity); *Boshears*, 2022 WL 888300, at *11-12 (Indiana right of publicity); *Siegel v. Zoominfo Techs., LLC*, 2021 WL 4306148, at *4 (N.D. Ill. Sept. 22, 2021); *FTC v. Accusearch, Inc.*, No. 06-cv-105, 2007 WL 4356786, at *3-6 (D. Wyo. Sep. 28, 2007) (FTC action for unfair business practices), *aff'd*, 570 F.3d 1187 (10th Cir. 2009). Several of these decisions considered and expressly rejected the reasoning in *Ancestry II. See* 2021 WL 5050079, at *5; *Sessa*, 2021 WL 4245359, at *9-11; *Knapke*, 2021 WL 3510350, at *4. In other words, the count is now eleven to one, with eleven district courts rejecting PeopleConnect's argument and only one accepting it. In these circumstances, this Court's decision not to give collateral estoppel effect to *Ancestry II* because that decision is "inconsistent with one or more previous judgments" is well-supported.

PeopleConnect's motion does nothing more than ask the Court to reconsider its prior Order. To be sure, PeopleConnect claims that its "motion is *not* one for reconsideration of this Court's prior Order." Dkt. No. 99, at *14 (emphasis in original). But PeopleConnect then proceeds to re-argue the same points, relying on the same authority, that this Court considered and rejected in its November 1, 2021, Order. For example, PeopleConnect argues that "considerations of fairness and sound public policy" should apply only to offensive estoppel, not defensive estoppel, Dkt. No.

99, at *17. PeopleConnect already made this argument, and the Court considered and rejected it. *See, e.g.*, Dkt. No. 70, at *4 n. 3 (arguing that unfairness "is not a consideration in defensive estoppel claims"); 2021 WL 5050079, at *5 (rejecting this argument). PeopleConnect then attempts to undermine the authorities upon which the Court relied in its prior Order. Dkt. No. 99, at *17-18 (criticizing this Court's reliance on the Restatement Second of Judgments and *Missud v. City & Cnty. of S.F.*, No. 15-cv-05596, 2017 WL 1064984, at *12–13 n.13 (N.D. Cal. Mar. 21, 2017)). However much PeopleConnect may protest that it is not asking for reconsideration, the relief it seeks and the arguments it makes show this is precisely what it is asking for.

PeopleConnect cannot meet the burden required to show reconsideration is appropriate. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under N.D. Cal. Local Rule 7-9 (b), a party seeking reconsideration must move for leave and must show "[t]he emergence of new material facts or a change of law" or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments." PeopleConnect cannot meet these standards.

There has been no intervening change in the controlling law that would merit reconsideration of this Court's decision that it would be unfair to apply collateral estoppel against Plaintiffs. PeopleConnect does not argue otherwise. *See* Dkt. No. 99, at *20-22 (repeating the same arguments that this Court rejected in its November 1 Order, and appealing to the same authorities, *i.e.*, *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008), and *Ancestry II*). The only relevant change in law since November 1 is that at least three additional courts have joined this Court in rejecting PeopleConnect's argument for CDA immunity. *See Kellman*, 2022 WL 1157500, at *13; *Bonilla*, 2021 WL 5795306, at *4; *Boshears*, 2022 WL 888300, at *11-12. *Boshears* involved substantially identical claims brought against PeopleConnect, strengthening Plaintiff's argument that it would be especially

unfair to apply collateral estoppel in favor of PeopleConnect when PeopleConnect itself has lost two rulings on precisely this issue. *See* Dkt. No. 71-1, at *2-4 (arguing that, in light of the decision against PeopleConnect in *Knapke,* 2021 WL 3510350, at *3-4, it would be inequitable to apply collateral estoppel on the issue of CDA immunity against either party).

PeopleConnect does not argue this Court committed "clear error," nor that the Court showed a "manifest failure . . . to consider material facts or dispositive legal arguments," *see* Dkt. No. 99, which leaves discovery of "new material evidence" or "new material facts." There are none. The only new factor PeopleConnect identifies is that plaintiffs voluntarily dismissed their appeal of *Ancestry II* on March 7, 2022. *See* Dkt. No 99, *13. This is not a "fact" relevant to Plaintiffs' case against PeopleConnect. Even if it were, it is not "material" to this Court's finding that it would be unfair to give collateral estoppel effect in favor of PeopleConnect in light of the many decisions rejecting PeopleConnect's position (two of which PeopleConnect was a party to). PeopleConnect asserts that Plaintiffs' voluntary dismissal of an appeal in another case somehow shifts the equities "strongly [in] favor [of] barring Plaintiffs" from "relitigating here an issue that they already lost." Dkt. No. 99, at *16; *see also id.*, at *17 (asserting that "whatever the equities were before, they have changed.") But PeopleConnect fails to explain *why* the equities "have changed." *See id.* They have not. This Court based its finding that it would be "unfair" to apply collateral estoppel against Plaintiff not on the pending appeal of *Ancestry II*, but rather on the existence of "one or more previous judgments in favor of" Plaintiffs' position. 2021 WL 5050079, at *5. As explained above, since the time of this Court's Order, three additional courts have ruled in favor of Plaintiffs' position, one of which ruled <u>against PeopleConnect</u>. That plaintiffs voluntarily dismissed their appeal in *Ancestry II* is irrelevant.

This Court should reject PeopleConnect's attempt to reargue an issue it already litigated and lost. PeopleConnect has not identified an intervening change of law, clear error, or newly discovered material evidence that would merit reconsideration of the Court's November 1 Order

declining to give collateral estoppel effect to *Ancestry II*, let alone grant a motion for judgment on the pleadings. PeopleConnect's motion must be denied.

## II. Certification of Interlocutory Appeal is Not Warranted

PeopleConnect's motion in the alternative to certify an interlocutory appeal under 28 U.S.C. § 1292(b) should be denied because it is untimely, and because PeopleConnect cannot establish any of the three statutory requirements needed to justify this narrow exception to the final judgment rule.

### A. PeopleConnect's request for certification under § 1292(b) should be denied as untimely.

Under Fed. R. App. P. 4(a)(4)(A), a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." This requirement "encompasses both final judgments and appealable interlocutory orders." *Gorromeo v. Zachares*, 15 F. App'x 555, 556 (9th Cir. 2001) (unpublished). Here, PeopleConnect seeks interlocutory appeal of a portion of the Order this Court entered on November 1, 2021. *See* Dkt. No. 76, at *5-9 (rejecting application of collateral estoppel on the issue of CDA immunity). Accordingly, the time for PeopleConnect to seek interlocutory appeal under § 1292(b) expired on December 1, 2021, and its request must be denied as untimely. *See, e.g.*, *Spears v. Washington Mut. Bank FA*, No. 08-cv-00868 RMW, 2010 WL 54755, at *2 (N.D. Cal. Jan. 8, 2010) (denying untimely request for interlocutory appeal where there was a "lack of any justification for its delay in seeking certification."). PeopleConnect offers no justification for its delay.

### B. PeopleConnect cannot meet the requirements for certification of an interlocutory appeal under § 1292(b).

Even were it timely, PeopleConnect's request for certification of interlocutory appeal should be denied because PeopleConnect cannot establish the requirements necessary to justify this exceptional relief. Under the final judgment rule, "parties may appeal only from orders which end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting *Romoland Sch. Dist. v. Inland*

*Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008)). Here, PeopleConnect attempts to invoke "the narrow exception to the final judgment rule embodied in 28 U.S.C. § 1292(b)." *See id.* A district court may certify interlocutory appeal only "in exceptional situations." *In re Cement Antitr. Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Pursuant to § 1292(b), a district judge may certify an order for interlocutory appeal only if three requirements are met: (1) the "order involves a controlling question of law"; (2) the question of law is one "as to which there is substantial ground for difference of opinion"; and (3) interlocutory appeal "may materially advance the ultimate termination of the litigation." "[T]he party pursuing the interlocutory appeal bears the burden of . . . demonstrating . . . that all three § 1292(b) requirements are met." *Couch*, 611 F.3d at 633. Here, PeopleConnect's motion cannot meet any of the three requirements.

### 1. PeopleConnect failed to show a controlling question of law because its immunity under the CDA implicates a question of fact.

A "controlling question of law" may only be found in those "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement*, 673 F. 2d at 1026. Interlocutory appeal is expressly limited to "question[s] of law," and therefore "a mixed question of law and fact, by itself, is not appropriate for permissive interlocutory review." *Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*, No. 13-cv-04863-JST, 2016 WL 5905935, at *2 (N.D. Cal. Oct. 11, 2016) (quoting *Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993)) (cleaned up). This Court has already ruled that whether PeopleConnect is entitled to CDA immunity implicates a "question of fact," and was therefore inappropriate for decision as a matter of law on PeopleConnect's Rule 12(b)(6) motion.

In the November 1 Order, this Court wrote:

> [T]he Court concludes that, at the very least, **there is a question of fact** as to whether a reasonable person in the position of PeopleConnect (the service provider) would conclude that the yearbook authors/publishers (the information content providers) intended the yearbooks to be published on the internet . . . [I]t is obvious that the yearbook users/purchasers were not the creators or developers of the yearbooks. PeopleConnect cannot claim the benefit of CDA immunity, absent a reasonable basis to believe that the yearbook authors/publishers intended for there

> to be publication on the Internet. **This presents a question of fact** that cannot be resolved at the 12(b)(6) phase of proceedings.

2021 WL 5050079, at *7-8 (emphasis added) (citing *Batzel*, 333 F.3d at 1035 and *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 11357, 1171 (9th Cir. 2008)). Accordingly, this Court has ruled that the issue on which PeopleConnect seeks certification under § 1292(b) presents a **question of fact** and cannot be resolved as a matter of law. *See* Dkt. No. 99, at *11 (issue for which PeopleConnect seeks certification). After the Court issued its Order, Plaintiffs served a document request seeking "Documents related to how Classmates obtained the photographs, names, and other information in the Yearbook Database, including Documents sufficient to show whether yearbook publishers indicated to Classmates they intended yearbooks to be published online as a part of the Yearbook Database." Osborn Decl., Ex. 1, RFP No. 10. Plaintiffs re-served the same request after the Ninth Circuit affirmed this Court's denial of PeopleConnect's motion to compel arbitration. Osborn Decl., Ex. 2, RFP No. 12. PeopleConnect has yet to respond to this request. Because the issue of whether PeopleConnect "is immune from liability under 47 U.S.C. § 230" implicates an unresolved question of fact that is the subject of ongoing discovery, certification of the issue as a "question of law" under § 1292(b) is not appropriate. *See* Dkt. No. 99, at *11.

Arguing that the issue "is a purely legal one," PeopleConnect ignores the language in this Court's Order and asserts that this Court's decision flowed solely "from [its] interpretation of Section 230." *See* Dkt. No. 99, at *19 (quotation omitted). In *Allen v. Conagra Foods, Inc.*, No. 3:13-cv-01279, 2019 WL 1466889, at *2 (N.D. Cal. Feb. 6, 2019), the court rejected a similar attempt to recast a mixed question of law and fact as a pure question of law. The *Allen* court ruled that a federal regulation did not preempt the plaintiffs' claims. *Id.*, at *2. The defendant sought interlocutory review, arguing that the court's "interpretation of [the regulation]" was "a question of law." *Id.*, at *3. Denying the defendant's § 1292(b) motion, the court wrote:

> [Defendant] is not appealing this Court's statement of the relevant standards. [Defendant] seeks review of my application of the relevant standards to the facts alleged by plaintiffs. [Defendant's] attempts to articulate a purely legal question make clear that, however formulated, it is not possible to separate the facts of this case from any question it wants the Ninth Circuit to answer . . . The facts alleged

> in the complaint cannot be extricated from my discussion or from any conclusion I reached. Accordingly, the Ninth Circuit would lack jurisdiction over any interlocutory appeal.

*Id.*, at *2 (citation omitted). Here, as in *Allen*, the facts "cannot be extricated" from this Court's November 1 ruling on CDA immunity. PeopleConnect does not assert this Court mis-stated the language of § 230 or controlling Ninth Circuit precedent. Rather, PeopleConnect seeks "review of [this Court's] application of the relevant standards to the facts." Accordingly, as in *Allen*, PeopleConnect's request for interlocutory appeal should be denied.

### 2. PeopleConnect cannot show a substantial ground for difference of opinion.

The statute does not define what constitutes a "substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b). The Ninth Circuit has offered guidance, writing that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633.

None of these situations are present here. PeopleConnect does not contend that "the circuits are in dispute." *See* Dkt. No. 99, at *20-24. Nor could it. Courts outside this Circuit are unanimous in finding CDA immunity does not apply to websites that collect personal information from public sources and use it to advertise website subscriptions. *See, e.g.*, *Bonilla*, 2021 WL 5795306, at *4; *Accusearch, Inc.*, 2007 WL 4356786, at *3-6. There is no question of foreign law at issue. Nor is there a "novel and difficult question[] of first impression." *See Couch*, 611 F.3d at 633. This Court's ruling flowed from a straightforward reading of the CDA's language and controlling Ninth Circuit precedent in *Batzel* and *Roommates*. 2021 WL 5050079, at *6-7. Even were this Court to construe the relevant issue narrowly as relating <u>only</u> to CDA immunity for websites that advertise subscriptions using personal information or photographs, this issue is neither "novel" nor one of "first impression," having been addressed in at least twelve decisions from courts around the country, the first of which issued in 2007. *See* cases cited in Part A *above*.

PeopleConnect argues that, because one court has disagreed with the other eleven that have weighed in on the issue, there is necessarily a "substantial ground for difference of opinion" within the meaning of § 1292(b). *See* Dkt. No. 99, at *20 (citing *Ancestry II*). This is incorrect. As the Ninth Circuit has recognized, "just because counsel contends that one precedent rather than another is controlling does not mean there is a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F. 3d at 633 (quotation omitted). *See also Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-cv-00923, 2018 WL 2761855, at *3 (N.D. Cal. June 8, 2018) ("The mere fact that other courts have taken a different approach does not demonstrate a substantial difference of opinion under the meaning of § 1292(b)").

"A district court has a duty to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166, 2010 WL 743750, at *3 (S.D. Cal. Feb. 25, 2010) (quotation omitted). Here, the only "opposition" PeopleConnect has identified to this Court's ruling is the ruling in *Ancestry II*. *See* Dkt. No. 99, at *21. That eleven courts have disagreed with Judge Beeler's reasoning in *Ancestry II* suggests the decision does not on its own establish "substantial ground for dispute." In rejecting the reasoning in *Ancestry II*, this Court did not indicate the issue was a difficult one, writing that "Judge Beeler's ruling appears to turn on her view that an information content provider could be people or entities *other* than the yearbook author/publisher. . . But that view is not consistent with the express definition of 'information content provider' under the CDA." 2021 WL 5050079, at *7.

PeopleConnect argues that, because some of the district courts that have rejected PeopleConnect's CDA immunity argument articulated a different ground than that on which this Court relied, "there is considerable confusion in the law." Dkt. No. 99, at *23-24 (citing *Sessa*, *Boshears*, and *Knapke*). This argument fails. First, the *Sessa* court explicitly agreed with the ground upon which this Court relied, *i.e.* that under *Batzel* a website must have a reasonable belief

the yearbook creators provided the content for publication online in order to enjoy CDA immunity. *Sessa*, 2021 WL 4245359, at *11 ("[T]he yearbook publishers, not those who sent Ancestry yearbooks, are the relevant information content providers . . . [T]he mere existence of the hard copy yearbooks does not indicate that the publishers 'provided' the yearbooks for publication on the internet.") (citing *Batzel*, 333 F. 3d 1018, 1020-21). Second, PeopleConnect offers no authority to support the proposition that the existence of district court decisions relying on alternate grounds to reach the same conclusion somehow constitutes "substantial ground for difference of opinion" meriting the exceptional relief of interlocutory appeal. That PeopleConnect's CDA argument likely fails for multiple reasons is not a reason to grant interlocutory appeal. *See Kellman*, 2022 WL 1157500, at *13 (rejecting similar CDA immunity argument and stating that "[t]here are likely several reasons that [the defendant website's] conduct is not immunized by the CDA.").

### 3. PeopleConnect cannot show interlocutory appeal would materially advance the ultimate termination of this case.

PeopleConnect argues that allowing interlocutory appeal "will materially advance" the litigation because "resolution as to the Section 230 immunity issue would fully resolve this action." Dkt. No. 99, at *17. PeopleConnect is wrong.

If this Court grants PeopleConnect's requested interlocutory appeal, the result can only be delay of this litigation, no matter how the Ninth Circuit decides the appeal. If the Ninth Circuit were to affirm this Court's ruling that PeopleConnect must show a "reasonable basis to believe that the yearbook authors/publishers intended for there to be publication on the Internet," then the case will return for this Court to consider the same question of fact the parties are currently in the process of resolving. *See* Osborn Decl., at Exs. 1 & 2 (relevant document requests). If the Ninth Circuit were to reverse, this would not "fully end the litigation," because this Court would still need to resolve the question of whether PeopleConnect is an "information content provider" because it developed the on-screen advertisements giving rise to Plaintiffs' complaint. *See* 2021 WL 5050079, at *5 (not addressing this alternate ground for denying CDA immunity). Where, as here, interlocutory appeal likely would only serve to prolong the litigation, interlocutory appeal

should be denied. *See, e.g.*, *Shurance v. Planning Control Intern., Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).

When evaluating whether a § 1292(b) appeal would materially advance the litigation, a court should examine how long the case has been pending. *See, e.g.*, *Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST, 2014 WL 4244045, at *3 (N.D. Cal. Aug. 25, 2014) ("[T]hat this action has been pending for more than three years . . . weighs significantly against interlocutory review."). Here, Plaintiffs filed their complaint on December 18, 2020, and the case has been pending for nearly a year and a half. Dkt. No. 2. PeopleConnect already sought and obtained interlocutory appeal of this Court's ruling denying PeopleConnect's motion to compel arbitration, *see* Dkt. No. 47 (notice of appeal), resulting in a three-judge panel of the Ninth Circuit unanimously affirming this Court's ruling in an unpublished four-paragraph opinion. Dkt. No. 92. As a result of PeopleConnect's unsuccessful appeal, this case was stayed for nearly four months from December 20, 2021, until April 11, 2022. *See* Dkt. Nos. 87, 97. PeopleConnect's untimely request for interlocutory appeal of yet another issue is an attempt to further delay these proceedings without valid cause. On March 11, this Court ordered the parties to submit a Joint Case Management Statement by May 3, and to participate in an Initial Case Management Conference on May 10. It is time for this litigation to move forward.

## CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court DENY PeopleConnect's motion for reconsideration (improperly styled as a "Motion for Judgment on the Pleadings") and DENY PeopleConnect's motion in the alternative "To Certify an Immediate Appeal Under 28 U.S.C. § 1292(b)."

Dated: May 3, 2022               By: */s/ Benjamin R. Osborn*
                                     Benjamin R. Osborn (*Pro Hac Vice*)
                                     ben@benosbornlaw.com
                                     LAW OFFICE OF BENJAMIN R. OSBORN
                                     102 Bergen Street
                                     Brooklyn, NY 11201
                                     Telephone: (347) 645-0464

                                     Raina C. Borrelli (*Pro Hac Vice*)
                                     raina@turkestrauss.com
                                     Samuel J. Strauss (*Pro Hac Vice*)
                                     sam@turkestrauss.com
                                     TURKE & STRAUSS LLP
                                     613 Williamson St., Suite 201
                                     Madison, Wisconsin 53703-3515
                                     Telephone: (608) 237-1775
                                     Facsimile: (608) 509-4423

                                     Michael F. Ram (SBN 104805)
                                     mram@forthepeople.com
                                     Marie N. Appel (SBN 187483)
                                     mappel@forthepeople.com
                                     MORGAN & MORGAN
                                     COMPLEX LITIGATION GROUP
                                     711 Van Ness Avenue, Suite 500
                                     San Francisco, CA 94102
                                     Telephone: (415) 358-6913
                                     Facsimile: (415) 358-6923

                                     *Attorneys for Plaintiffs and the Proposed Classes*

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

Dated: May 3, 2022                        */s/ Raina C. Borrelli*
                                          Raina C. Borrelli

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR IN THE ALTERNATIVE TO CERTIFY AN IMMEDIATE APPEAL
(No. 3:20-CV-09203-EMC) - 13

# CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 3rd day of May, 2022.

> TURKE & STRAUSS LLP
>
> By:   */s/ Raina C. Borrelli*
>       Raina C. Borrelli *Admitted Pro Hac Vice*
>       raina@turkestrauss.com
>       TURKE & STRAUSS LLP
>       613 Williamson St., Suite 201
>       Madison, WI 53703
>       Telephone: (608) 237-1775
>       Facsimile: (608) 509-4423