1  Michael F. Ram (SBN 104805)
   mram@forthepeople.com
2  Marie N. Appel (SBN 187483)
   mappel@forthepeople.com
3  MORGAN & MORGAN
4  COMPLEX LITIGATION GROUP
   711 Van Ness Avenue, Suite 500
5  San Francisco, CA 94102
   Telephone: (415) 358-6913
6  Facsimile: (415) 358-6293
7
   *Attorneys for Plaintiffs and the Proposed Class*
8
   [Additional Counsel Listed on Signature Page]
9
10 Debbie L. Berman (*pro hac vice*)
   dberman@jenner.com
11 Wade A. Thomson (*pro hac vice*)
   wthomson@jenner.com
12 JENNER & BLOCK LLP
   353 North Clark Street
13 Chicago, Illinois 60654
14
   *Attorneys for Defendant PeopleConnect, Inc.*
15
   [Additional Counsel Listed on Signature Page]

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>    Defendant. | Case No. 3:20-cv-09203-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9. This submission exceeds ten pages due to the parties' differing proposals on scheduling for this putative class action. *See Standing Order for All Judges of the Northern District of California* (permitting the statement to be longer than 10 pages in complex matters).

1. <u>Jurisdiction & Service</u>: As reflected in the Complaint (ECF No. 2), Plaintiffs allege this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")). *See* Complaint, ¶ 12. The parties are not aware of any issues regarding personal jurisdiction or venue. Defendant PeopleConnect, Inc. waived service on January 18, 2021 (ECF No. 16). The parties are not aware of any parties remaining to be served.

2. <u>Facts:</u>

**Plaintiffs:** This case arises from Classmates' misappropriation of yearbook photographs depicting Plaintiffs as minors to advertise paid subscriptions to the website www.classmates.com without Plaintiffs' consent. Complaint, at ¶¶ 2-9. Plaintiffs do not know how or when Classmates obtained their yearbook photos, and Classmates does not disclose this information. *Id.* at ¶ 60. Among other techniques, Classmates advertises by publicly displaying Plaintiffs' photographs on its website. *See, e.g.*, *id.* at ¶¶ 19-34. Users who click on Plaintiffs' photographs to view higher-resolution versions, or who scroll to view multiple photographs, receive on-site pop-ups prompting them to purchase a subscription to Classmates. *Id.* Additional facts supporting Plaintiffs' cause of action are in the Complaint.

There are many facts in dispute, including: whether Classmates knowingly uses the names and photographs of Plaintiffs and the Class to advertise website subscriptions; whether Classmates displays or displayed the Plaintiffs' names and photographs on its website; whether Classmates asked consent from, gave notice to, or provided compensation to Plaintiffs or the Class for the use of their names, photographs, and other personal information; how Classmates

obtained Plaintiffs' names and photographs; and whether there are facts supporting any of the twenty-four affirmative defenses asserted by Classmates.

**Defendant**: Defendant owns and operates Classmates.com, a website that includes an online library of school yearbooks that can be viewed by Classmates members. In the Complaint, Plaintiffs assert four causes of action based on the theory that Defendant violates California law by displaying and selling yearbooks on the internet. Complaint ¶¶ 73-96. As reflected in Defendant's Answer (ECF No. 80), Defendant disputes Plaintiffs' allegations and has asserted numerous affirmative and other defenses. Defendant will be amending certain of its affirmative defenses on or before May 17, 2022.

For example, Defendant disputes Plaintiffs' allegations regarding whether yearbook previews constitute a knowing use of another's name, photograph, or likeness for the purposes of advertising, selling, or soliciting purchases of products, merchandise, goods or services, within the meaning of Cal. Civ. Code § 3344. *See* ECF No. 80 ¶¶ 7-10, 53-64. Defendant also disputes Plaintiffs' numerous allegations regarding how the Classmates.com website operates. *See id.* ¶¶ 8, 22-47. The parties further disagree about whether Plaintiffs assented to the Classmates Terms of Service, whether Plaintiffs consented to Defendant's use of Plaintiffs' identities in yearbooks, and whether such consent would even be required. *See Id.* ¶¶ 20, 36; Cal. Civ. Code § 3344(e). Defendant further disagrees that Plaintiffs' identities have any economic value, that anyone has an exclusive right to use information protected by the First Amendment, that its business practices and/or conduct violate any law, and that PeopleConnect was unjustly enriched in any way. *Id.* ¶¶ 10-11, 81-84, 93-96. Moreover, Defendant disagrees that the proposed class action can be certified pursuant to Rule 23(b)(2), and similarly disputes the factual allegations noted above and reflected in the Complaint as alleged with regard to members of the proposed class. *Id.* ¶¶ 65-72.

3. <u>Legal Issues:</u>

**Plaintiffs:** Classmates asserted various legal defenses to Plaintiffs' claims in a Motion to Dismiss and Strike filed on March 19, 2021. ECF No. 26. On November 1, 2021, this Court issued

a comprehensive Order resolving Classmates' legal defenses. *See* ECF No. 76. After the Complaint was filed, Classmates removed Plaintiffs' names and photographs from its website. Classmates' counsel has informed Plaintiffs' counsel they believe this moots Plaintiffs' claims. Should Classmates raise this argument to the Court, Plaintiffs intend to contest it. Plaintiffs oppose Defendant's Motion for Judgment on the Pleadings, ECF No. 99.

**Defendant**: Defendant's position is that Plaintiffs do not have any valid claims. As Defendant raised in its Motion for Judgment on the Pleadings, ECF No. 99, Defendant's position is that Plaintiffs are precluded from relitigating whether CDA Section 230 bars their claims in this suit. As set forth in that Motion, the same Plaintiffs' claims were dismissed in *Callahan v. Ancestry.com Operations Inc.*, No. 20-cv-08437 (N.D. Cal.) because they were barred by Section 230 of the Communications Decency Act. *See* ECF No. 99.

To the extent Defendant's Motion for Judgment on the Pleadings does not resolve this case, Defendant's position is that the Court's Order denying Defendant's Motion to Dismiss does not "resolve" all of Defendant's legal defenses. Specifically, On November 1, 2021, this Court dismissed Plaintiffs' intrusion upon seclusion claim and partially dismissed Plaintiffs' other three causes of action as "preempted to the extent they are based on the use of Plaintiffs' names and likenesses taken from the yearbooks themselves to advertise those reprinted yearbooks." ECF No. 76, at 20. The Court also found the "§ 17200 claim based on unfairness waived." *Id.* at 29. As reflected in its Answer, Defendant has asserted numerous affirmative and other defenses, including that Plaintiffs' claims are barred by an agreement to arbitrate and class action waiver, among many others. ECF No. 80. Defendant has agreed to amend certain of its affirmative defenses on or before May 17, 2022. At this time, there are no counterclaims. Regarding Defendant's suppression of Plaintiffs' names and photographs from its website, the fact that Plaintiffs' names and photographs are not currently viewable on Classmates.com may impact

Plaintiffs' ability to represent a putative class and whether Plaintiffs are entitled to injunctive relief.

4. <u>Motions</u>: PeopleConnect filed a Motion for Judgment on the Pleadings or, in the alternative, to certify an immediate appeal under 28 U.S.C. §1292(b). ECF No. 99. Plaintiffs intend to oppose that motion. If the Court grants PeopleConnect's motion, the case will be resolved or go up on appeal. If the motion does not resolve the case, Plaintiffs anticipate filing a motion for class certification. To the extent Plaintiffs file a motion for class certification, Defendant will oppose that motion.

5. <u>Amendment of Pleadings:</u> In light of the Parties' discussions regarding Plaintiffs' Motion to Strike Defendant's Affirmative Defenses, PeopleConnect intends to file an amended answer on or before May 17, 2022. The parties propose a deadline for amending the pleadings of June 1, 2022. 6. <u>Evidence Preservation</u>: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties have taken reasonable steps to preserve discoverable information in its possession, custody, or control. The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.

7. <u>Disclosures:</u> The parties agree to exchange initial disclosures on or before May 17, 2022.

8. <u>Discovery:</u> The parties agree that a protective order governing the use of confidential business information and other confidential material is appropriate in this case. The parties intend to jointly submit to the Court for approval a protective order based on the Northern District of California's model order, modified as necessary to account for the particular confidentiality concerns in this case. Additionally, the parties intend to jointly submit to the Court for approval an order regarding the discovery of electronically stored information based on the Northern District of California's

model order, modified as necessary to account for the particular discovery concerns in this case. The parties agree that discovery should not occur in phases.

**Plaintiffs:** Plaintiffs served their first set of document requests on December 9, 2021, but have since withdrawn those requests given the appeal process and subsequent stay. Plaintiffs served a renewed first set of discovery requests on April 13, 2022, seeking information including Classmates' use of Plaintiffs' and Class members' names and likenesses in and to advertise its subscription products, any purported consent by Plaintiffs and the Class to Classmates' use of their names and likenesses, the size of the class and the identification of class members, and any affirmative defenses Classmates intends to assert, among other things.

Plaintiffs believe that fact discovery should close four months after the Court's ruling on Plaintiffs' motion for class certification and disagree with Defendant's position that six months of additional discovery will be necessary because fact discovery can continue during the pendency of Plaintiffs' class certification motion.

**Defendant:** Defendant anticipates seeking from Plaintiffs and/or relevant third parties documents and information concerning Plaintiffs' typicality and adequacy as class representatives, including, but not limited to, discovery related to Plaintiffs' relationships with Classmates.com and the potential arbitrability of Plaintiffs' claims. Defendant also anticipates seeking discovery regarding the merits of Plaintiffs' claims and the elements of Defendant's defenses as asserted in its Answer (ECF No. 80). Additionally, Defendant anticipates that it may need expert discovery, which will depend on Plaintiffs' use of experts (if any) and Plaintiffs' arguments in support of their planned motion for class certification, including how Plaintiffs define the class or classes they seek to certify.

Defendant's position is that discovery should be completed within six months following a ruling on Plaintiffs' planned motion for class certification. The Court's ruling on Plaintiffs' planned motion may necessitate additional discovery related to the merits of Plaintiffs' claims, which the parties will not be aware of until after the Court rules. This additional discovery period

will equally benefit both parties and will avoid the need to request future discovery extensions. In an effort to reach resolution on this issue without court intervention, Defendant informed Plaintiffs that it would agree to Plaintiffs' proposed four-month timeframe if Plaintiffs compromised on the class certification briefing, which would allow for a more reasonable discovery schedule overall, but Plaintiffs refused to budge.

9. <u>Class Actions;</u> All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs**: Plaintiffs provide the following information as required by Civ. L.R. 16-9(b). As alleged in the Complaint, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2). *See* ECF No. 2 ("Complaint"), at ¶ 71. It is also maintainable as a class action under Fed. R. Civ. P. 23(b)(3). *Id*. at ¶ 72.

Plaintiffs seek to represent the following class: "all California residents who are not subscribers of any Classmates services and whose names, photographs, and/or likenesses Classmates extracted from yearbooks and incorporated on their website and in advertisements promoting subscriptions to www.classmates.com, without Classmates obtaining their consent." *See* Complaint, at ¶¶ 65-72.

Plaintiffs propose the deadline for Plaintiffs' class certification motion be August 5, 2022. Plaintiffs propose six weeks for Defendant's response, to be due on September 16, 2022. Plaintiffs propose four weeks for Plaintiffs' reply in support, to be due on October 14, 2022. Plaintiffs disagree that the lengthy schedule proposed by PeopleConnect is appropriate. There is no reason PeopleConnect cannot conduct both the facts and class certification-related discovery of Plaintiffs that it needs prior to September 16, 2022. In fact, Defendant has yet to serve any discovery on Plaintiffs. It is not clear exactly what discovery Defendant believes it cannot seek or obtain prior to seeing Plaintiffs' motion for class certification. The class definition that Plaintiffs propose is identified both in the Complaint and in this case management statement, and the requirements of Rule 23(a) and (b) are well-known. Plaintiffs have no objection to Plaintiffs' depositions

occurring after their motion for class certification is filed, but they do object to the suggestion that multiple depositions are appropriate. In the five months from the time this case was unstayed (on April 11) to the date Plaintiffs propose for Defendant's opposition to class certification (September 26) is more than sufficient to conduct all, or nearly all, discovery of Plaintiffs, not least of all because the bulk of the relevant information in this case is in Defendant's possession, not Plaintiffs'. Finally, although it is unlikely that Plaintiffs will offer expert testimony at class certification, in the event they do, they will make that expert available for deposition in a timely manner so Defendant is able to prepare any responsive class certification expert testimony. In short, contrary to its argument, the schedule Defendant proposes is highly irregular and will result in needless delay in the resolution of Plaintiffs' intended class certification motion.

This case is ideally suited for class certification. PeopleConnect treated all Class members uniformly and thus the elements of Plaintiffs' claims involve common questions of law, are susceptible to common proof, and all evidence needed for class certification can be collected in short order. Because PeopleConnect's website is publicly available, evidence showing how PeopleConnect presents its advertisements is available without discovery. Although Plaintiffs reserve the right to request additional relevant information, Plaintiffs believe they will be prepared to file a motion for class certification after collecting the following discovery: PeopleConnect's revenue from the sale of website subscriptions to Classmates.com; PeopleConnect's revenue from licensing yearbook names and likenesses to other companies; the number of yearbook records from yearbooks in California; the number of Classmates.com subscribers with billing addresses in California; information related to Defendant's affirmative defenses.

**Defendant:** Defendant disputes that class certification is appropriate here and will oppose any motion for class certification. Defendant proposes that all briefing related to Plaintiffs' anticipated motion for class certification be completed within the discovery period pursuant to the following briefing schedule: Plaintiffs' planned motion for class certification is due by August 5, 2022 (the same date proposed by Plaintiffs); Defendant's response is due three months later by

November 7, 2022; and Plaintiffs' reply is due four weeks later by December 5, 2022 (the same timeframe proposed by Plaintiffs). The only difference between the parties' proposed schedules is that Defendant is seeking three months to respond to Plaintiffs' planned motion whereas Plaintiffs are only willing to allow six weeks. Defendant's position is that three months is a reasonable amount of time for it to take class discovery after Plaintiffs file their motion. Plaintiffs, however, have taken the position that Defendant should somehow anticipate all class issues and take class discovery *before* it has even seen Plaintiffs' class papers, which is simply not how class matters such as this one should proceed or how they typically proceed.

Plaintiffs provide no rational basis for their disagreement with Defendant's proposed schedule. First, Defendant has never asserted that it cannot conduct any discovery of Plaintiffs prior to the filing of Plaintiffs' anticipated motion for class certification. To the contrary, Defendant has repeatedly explained to Plaintiffs that, while some discovery may and will be taken early, there is certain other discovery it cannot obtain until after it reviews Plaintiffs' motion, in which Plaintiffs will define the class and claim to meet certain class-related elements. Defendant's experience proves that a class plaintiff will often change the class definition to avoid issues that become evident through discovery, meaning Plaintiffs' definition above may change between now and when they file their motion for class certification. Moreover, until Plaintiffs file their motion, Defendant will have no insight into how Plaintiffs claim they can meet the elements of class certification. Additionally, whether Defendant requires an expert to oppose class certification will hinge on how the class ultimately is defined in the class certification motion and also on Plaintiffs' potential use of experts. For these reasons, Plaintiffs' proposal to allow Defendant only **six weeks** to conduct this necessary discovery and prepare its responsive brief is insufficient. While one potential solution would be for Defendant to depose Plaintiffs twice (both before and after Defendant reviews Plaintiffs' motion), that would result in inefficiencies for both parties and the better practice is for Defendant to take Plaintiffs' depositions after Defendant has reviewed Plaintiffs' class certification motion. Plaintiffs' position would unfairly force Defendant

to either depose Plaintiffs before it knows how Plaintiffs define the class or why Plaintiffs assert they are appropriate class representatives, or to take Plaintiffs' depositions during the already jammed six-week timeframe in which Defendant must also conduct potential expert discovery and prepare its responsive brief. In contrast, Plaintiffs will have had months to prepare and file their class certification motion. Second, the fact that Defendant has not yet served discovery (which recently reopened on April 11, 2022) has no bearing on the amount of time Defendant needs to reasonably conduct class certification related discovery necessary to respond to Plaintiffs' motion for class certification after Defendant receives that motion.

Moreover, whereas Defendant has been willing to compromise on Plaintiffs' requested dates reflected herein (including by offering to agree to a discovery cut-off four months after a ruling on class certification, as opposed to six months initially proposed by Defendant, and by agreeing to Plaintiffs' requested dates and timeline for their opening and reply class certification briefs), Plaintiffs have refused to compromise in any sense of the word beyond demanding a narrow six-weeks for Defendant's response. Plaintiffs want three months of discovery before filing their own class certification briefing yet refuse to provide Defendant with the same amount of time for its response. It is clear that Plaintiffs' true motivation is to rush and inhibit Defendant's class certification discovery and briefing, underscoring how Plaintiffs' position is the one that is inappropriate. Plaintiffs' proposal is unfair and contrary to the schedules typically used in similar class cases. For example, other plaintiffs in Classmates.com cases have recognized the reasonableness of Defendant's proposed discovery cadence and jointly agreed to much fairer discovery plans. *See e.g.*, *Knapke v. PeopleConnect, Inc.*, Case No. 2:21-cv-00262 (W.D. Wash.) ECF No. 44 (jointly proposing Defendant's response brief be due three months after plaintiff's planned motion for class certification).

10. <u>Related Cases:</u>

**Plaintiffs:** The following are pending related cases, in that they involve right of publicity and/or misappropriation of likeness claims based on Classmates' use of yearbook photos

(Classmates.com is owned and operated by Defendant PeopleConnect, Inc.): *Knapke v. PeopleConnect, Inc.,* Case No. 2:21-cv-00262 (W.D. Wash.); *Boshears v. PeopleConnect, Inc.*, Case No. 2:21-cv-01222 (W.D. Wash.); *Sergio Bonilla v. PeopleConnect, Inc.*, Case No. 1:21-cv-0051 (N.D. Ill.); *Mackey v. PeopleConnect, Inc.*, Case No. 1:22-cv-00342 (N.D. Ill.).

**Defendant**: Defendant's position is that there are no pending related cases under Local Rule 3-12. However, as this Court is aware, Defendant believes *Callahan v. Ancestry.com Inc.*, No. 20-cv-08437-LB (N.D. Cal.) is relevant because the case involves the same Plaintiffs, the same California Right of Publicity statute, and is also pending in the Northern District of California. The three cases Plaintiffs list above are not related under Local Rule 3-12 because they do not involve "substantially the same parties, property, transaction, or event" as this case. In fact, they all involve different plaintiffs and different state laws, and are pending before different courts. Specifically, the *Knapke* matter involves an Ohio statute and is pending in the Western District of Washington, the *Boshears* matter involves an Indiana statute and is pending in the Western District Washington, and the *Bonilla* (now *Loendorf* only) and *Mackey* matters involve an Illinois statute and are pending in the Northern District of Illinois.

11. Relief:

**Plaintiffs:** As described in the Complaint, Plaintiffs on behalf of the proposed class seek the following relief: statutory damages in the amount of $750 per violation; Classmates' profits earned from its misuse of Plaintiffs' and Class members' names and photographs; compensatory damages for mental anguish; disgorgement of Classmates' unjust benefits earned from its use of Plaintiffs' and Class members' names and photographs; an injunction prohibiting Classmates' illegal actions; nominal damages; a declaration that Classmates' actions are illegal; and an award of attorneys' fees and costs. *See* Complaint, at ¶ 97. Plaintiffs are not yet able to estimate the total

amount of damages sought because PeopleConnect has not provided the requested documents and information necessary for that calculation.

**Defendant**: Defendant's position is that Plaintiffs are not entitled to any relief.

12. Settlement and ADR:

**Plaintiffs:** Plaintiffs are willing to discuss the possibility of mediation. Plaintiffs would agree, subject to approval from the Court, to participate in private mediation prior to the Parties incurring the expense associated with discovery, experts, and class certification and dispositive motion practice.

**Defendant**: Defendant is willing to discuss the possibility of mediation but does not believe mediation is appropriate at this time. Defendant maintains that it is entitled to compel Plaintiffs to arbitrate under the Classmates.com Terms of Service.

13. Consent to Magistrate Judge For All Purposes: No, the parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References:

**Plaintiffs:** Plaintiffs do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Defendant**: As reflected in its current Motion for Judgment on the Pleadings described in Section 4 above, Defendant believes this case is resolvable through collateral estoppel. ECF No. 99. Defendant agrees with Plaintiffs that this case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: The parties are not currently aware of any issues that can be narrowed by agreement or by motion. At this time, the parties do not have suggestions to expedite the presentation of evidence at trial, and the parties do not request to bifurcate issues, claims, or

defenses. The parties are generally amenable to resolving issues by agreement on a going-forward basis, assuming the parties are able to reach agreement on the issue in question.

16. Expedited Trial Procedure: The parties do not believe this case is suitable for expedited trial.

17. Scheduling:

**Plaintiffs:** Plaintiffs propose the following timeline:

Class certification motion and any class certification expert disclosures due: August 5, 2022. Defendant's response to class certification and responding class certification expert disclosures due: September 16, 2022. Plaintiffs' reply in support of class certification motion: October 14, 2022.

Close of discovery: four months after the Court's ruling on class certification.

Merits expert disclosures: schedule to be set following the ruling on class certification.

Additional deadlines to be set in accord with Judge Edward M. Chen's Guidelines re Calculation of Trial Time, *i.e.*: last day to hear dispositive motions set for ten Thursdays after the close of discovery; pretrial conference set for ten Thursdays after the last day to hear dispositive motions; trial set for four Tuesdays after pretrial conference.

**Defendant**: For the reasons described above, Defendant proposes that discovery close six months after a ruling on Plaintiffs' anticipated class certification motion. Further, Defendant proposes a status hearing with the Court 30 days after a ruling on Plaintiffs' planned motion for class certification to discuss subsequent deadlines, at which point the parties will be better able to assess the scope of relevant issues.

18. Trial:

**Plaintiffs:** Plaintiffs have requested a jury trial for all claims except their UCL claims, which are properly tried by the Court. Plaintiffs anticipate the trial lasting five days.

**Defendant**: Defendant requested a jury trial for all claims triable. Defendant believes it is premature to estimate the length of trial at this time and proposes a status hearing with the Court

30 days after a ruling on Plaintiffs' planned motion for class certification to discuss trial-related scheduling.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

**Plaintiffs:** Plaintiffs certify pursuant to Civil L.R. 3-15 that, to their knowledge, there are no persons or entities other than the Plaintiffs and members of the proposed Class who have a financial or other kind of interest in this proceeding.

**Defendant**: Pursuant to Civil Local Rule 3-15, Defendant filed a Corporate Disclosure Statement and Certificate of Interested Entities or Persons on March 19, 2021 (ECF No. 25), which certifies entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

20. <u>Professional Conduct</u>: All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>: None at this time.

Dated: May 3, 2022

By: /s/ Raina C. Borrelli
Raina Borrelli (Pro Hac Vice)
raina@turkestrauss.com
Sam Strauss (*Pro Hac Vice*)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP

By: /s/ Debbie L. Berman
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

Kate T. Spelman (Cal. Bar. No. 269109)
kspelman@jenner.com
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, California 90071
Telephone: (213) 239-5100

|   |   |   |
|---|---|---|
| 1 | 711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102 | Facsimile: (213) 239-5199 |
| 2 | Telephone: (415) 358-6913 | Benjamin T. Halbig (Cal. Bar. No. 321523) |
| 3 | Facsimile: (415) 358-6923 | bhalbig@jenner.com<br>JENNER & BLOCK LLP |
| 4 | Benjamin R. Osborn (*Pro Hac Vice*)<br>LAW OFFICE OF BENJAMIN R. OSBORN | 455 Market Street, Suite 2100<br>San Francisco, California 94105 |
| 5 | 102 Bergen St.<br>Brooklyn, NY 11201 | Telephone: (628) 267-6800<br>Facsimile: (628) 267-6859 |
| 6 | Telephone: (347) 645-0464<br>Email: ben@benosbornlaw.com | *Attorneys for Defendant PeopleConnect, Inc.* |

*Attorneys for Plaintiffs and the Proposed Classes*

## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

Dated: May 3, 2022         */s/ Raina C. Borrelli*
                           Raina C. Borrelli

# CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

_____  _____
Date                                                              Hon. Edward M. Chen

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 3rd day of May, 2022.

        TURKE & STRAUSS LLP

        By:  /s/ Raina C. Borrelli
           Raina C. Borrelli *Admitted Pro Hac Vice*
           Email: raina@turkestrauss.com
           TURKE & STRAUSS LLP
           613 Williamson St., Suite 201
           Madison, WI 53703
           Telephone: (608) 237-1775
           Facsimile: (608) 509-4423