Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

*Attorneys for Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE GEOFFREY ABRAHAM, ALICE ZHANG, WAYNE TSENG, and JAMAAL CARNEY, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>                      Defendant. | Case No. 3:20-cv-09203<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CAL. CIV. CODE § 3344, CAL. BUS. & PROF. CODE § 17200, AND CALIFORNIA UNJUST ENRICHMENT**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

1.     Plaintiffs LAWRENCE GEOFFREY ABRAHAM, ALICE ZHANG, WAYNE TSENG, and JAMAAL CARNEY, by and through their attorneys, make the following allegations on information and belief, except as to factual allegations pertaining to Plaintiffs, which are based on personal knowledge.

## INTRODUCTION

2.     Plaintiffs bring this class action complaint against PEOPLECONNECT, INC. ("Classmates") for knowingly misappropriating the names, photographs, and likenesses of

Plaintiffs and the class; knowingly using those names, photographs, and likenesses to advertise its products and services, including subscription memberships to the website Classmates.com; and knowingly using those names, photographs, and likenesses on and in the website Classmates.com, without obtaining prior consent from Plaintiffs and the class.

3.      Classmates' business model relies on extracting personal information from school yearbooks, including names, photographs, schools attended, and other biographical information. Classmates aggregates the extracted information into digital records that identify specific individuals by name, photograph, and other personal information, and stores the digital records in a massive online database. Classmates provides free access to some of the personal information in its database in order to drive users to purchase a paid product – a monthly subscription to Classmates.com that retails for up to $3 per month – and to gather registered users, from whom Classmates profits by selling targeted ads.

4.      According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the Collection contains records corresponding to millions of Californians.

5.      Classmates has not received consent from, given notice to, or provided compensation to the millions of Californians whose names, photographs, biographical information, and identities appear in its Classmates Yearbook Collection.

6.      The names, photographs, cities of residence, schools attended, likenesses, and identities contained in the Classmates Yearbook Collection uniquely identify specific individuals.

7.      Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection to advertise, sell, and solicit the purchase of its "CM+" subscription membership, which retails for up to $3 per month.

8.      Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection to advertise the free

version of its website, which is available to both unregistered users and registered non-paying users. Classmates derives profit from the free version of its website by (1) selling targeted ads; (2) driving users of the free version to purchase its paid products and services; and (3) on information and belief, selling the personal information it collects from registered and unregistered users to third parties.

9.      Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection on and in its products and services, by (1) selling access to the records to paying subscribers via its CM+ online membership plan; and (2) including these records on the free version of its website that is available to unregistered users and registered non-paying users, which Classmates distributes for free to the public as a means of advertising its services and attracting paying subscribers.

10.     By misappropriating and misusing millions of Californian's names, photographs, and likenesses without consent, Classmates has harmed Plaintiffs and the class by denying them the economic value of their likenesses, violating their legally protected rights to exclusive use of their likenesses, infringing their intellectual property without compensation, and disturbing their peace of mind. Classmates has also earned ill-gotten profits and been unjustly enriched.

11.     These practices, as further detailed in this complaint, violate the California right to publicity as codified in Cal. Civ. Code § 3344; the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and California Unjust Enrichment law.

### JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative class are citizens of a state different from at least one defendant. According to available public records, defendant PeopleConnect Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. The class members are residents of California. (B) The proposed class consists of at least 100 members. Classmates advertises that its Classmates Yearbook Collection comprises records collected from "over 400,000 yearbooks."  While

Classmates does not publish statistics concerning the total number of records in each yearbook, or a breakdown by state, a conservative estimate would place the number of individual records corresponding to Californians in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Cal. Civ. Code § 3344 provides for damages equal to the greater of $750 per violation, the actual damages suffered by Plaintiffs, or the profits earned by Defendants attributable to the unauthorized use. Given millions of likely records in California, the amount in controversy is well over the jurisdictional amount.

13.     This Court has personal jurisdiction over the claims of Plaintiffs and the non-named class members. Classmates maintains substantial connections to the state of California and this district. Classmates maintains an office in Woodland Hills, California. Classmates advertises its products and services to prospective customers in this state and district, provides its products and services to existing customers in this state and district, and uses the misappropriated names, photographs, likenesses, images, and identities of residents of this state and district as described in this complaint.

14.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district. A substantial portion of the class members reside in this state and district. Named Plaintiffs Lawrence Geoffrey Abraham, Alice Zhang, Wayne Tseng, and Jamaal Carney reside in this district.

## INTRADISTRICT VENUE

15.     Venue in this Division of the Northern District is proper because a substantial part of the events or omissions which give rise to the claim occurred in San Francisco County and because the named Plaintiffs live in this District.

## PARTIES

**Defendant Classmates**

16.     Defendant PEOPLECONNECT, INC. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," and other brand names associated with the various website

and services it owns and operates. It conducts business throughout this district, California, and the United States. PeopleConnect, Inc. owns and operates the website Classmates.com.

**Plaintiff Lawrence Geoffrey Abraham**

17.     Plaintiff Lawrence Geoffrey Abraham is a resident of San Francisco, California. Mr. Abraham is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

18.     Mr. Abraham has never provided consent to Classmates, written or otherwise, for the use of his name, photograph, or likeness.

19.     Classmates has never notified, requested consent from, or provided compensation to Mr. Abraham for its appropriation of his name, photograph, and likeness. Mr. Abraham first became aware that his personal information and photographs are being used by Classmates through the investigation of this lawsuit.

**Plaintiff Alice Zhang**

20.     Plaintiff Alice Zhang is a resident of Berkeley, California, in Alameda County. Ms. Zhang has never visited or used the website Classmates.com. Ms. Zhang is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

21.     Ms. Zhang has never provided consent to Classmates, written or otherwise, for the commercial use of her name, photograph, or likeness.

22.     Classmates has never notified, requested consent from, or provided compensation to Ms. Zhang for its misappropriation and commercial exploitation of her name, photograph, and likeness.

23.     There is no agreement to arbitrate between Ms. Zhang and Classmates or PeopleConnect. At no time has Ms. Zhang believed any agreement between herself and Classmates or PeopleConnect exists or existed.

24.     Ms. Zhang hereby expressly repudiates any agreement to arbitrate that Classmates or PeopleConnect may contend exists or existed.

25.     Ms. Zhang instructed her attorneys to pursue a claim against Classmates in

federal court. Ms. Zhang has never authorized, and does not authorize, her attorneys to agree to arbitration on her behalf.

26.     Ms. Zhang is not aware of any agreements between any of her attorneys and Classmates/PeopleConnect.

27.     Ms. Zhang is not aware of any accounts on Classmates.com created by her attorneys.

28.     Ms. Zhang did not instruct her attorneys to investigate the Classmates.com website. Ms. Zhang did not instruct her attorneys to register for an account or agree to a Terms of Service.

29.     To confirm the presence of Ms. Zhang's photograph on Classmates.com and collect the single screenshot shown in the Complaint below, a non-attorney staff member of Turke & Strauss LLP searched for Ms. Zhang's name on the publicly available portion of the Classmates.com website. At the time she performed the search, the publicly available portion of the Classmates.com website did not require agreement to any TOS. The staff member never saw a TOS and did not agree to any TOS.

30.     None of Ms. Zhang's attorneys or their staff visited any portion of the Classmates.com website that requires agreement to a TOS to gather information related to her claim.

31.     All the information supporting Ms. Zhang's complaint is publicly available without agreeing to any TOS. That Ms. Zhang's photograph is on Classmates.com is verifiable by searching for her name on portions of the site that do not require agreeing to the TOS. The advertising flow Classmates uses to promote website subscriptions is described in detail in publicly available documents, including the initial Complaint filed in this case. That Classmates publicly displays a version of the advertising flow that incorporates Ms. Zhang's photograph is reasonably alleged on information and belief, because Classmates uses all student yearbook photographs in the same way.

**Plaintiff Wayne Tseng**

32.     Plaintiff Wayne Tseng is a resident of El Sobrante, California, in Contra Costa

County. Mr. Tseng is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

33.     Mr. Tseng has never provided consent to Classmates, written or otherwise, for the commercial use of his name, photograph, or likeness.

34.     Classmates has never notified, requested consent from, or provided compensation to Mr. Tseng for its misappropriation and commercial exploitation of his name, photograph, and likeness.

35.     There is no agreement to arbitrate between Mr. Tseng and Classmates or PeopleConnect. At no time has Mr. Tseng believed any agreement between himself and Classmates or PeopleConnect exists or existed.

36.     Mr. Tseng hereby expressly repudiates any agreement to arbitrate that Classmates or PeopleConnect may contend exists or existed.

37.     Mr. Tseng instructed his attorneys to pursue a claim against Classmates in federal court. Mr. Tseng has never authorized, and does not authorize, his attorneys to agree to arbitration on his behalf.

38.     Mr. Tseng is not aware of any agreements between any of his attorneys and Classmates/PeopleConnect.

39.     Mr. Tseng is not aware of any accounts on Classmates.com created by his attorneys.

40.     Mr. Tseng did not instruct his attorneys to investigate the Classmates.com website. Mr. Tseng did not instruct his attorneys to register for an account or agree to a Terms of Service.

41.     To confirm the presence of Mr. Tseng's photograph on Classmates.com and collect the single screenshot shown in the Complaint below, a non-attorney staff member of Turke & Strauss LLP searched for Mr. Tseng's name on the publicly available portion of the Classmates.com website. At the time she performed the search, the publicly available portion of the Classmates.com website did not require agreement to any TOS. The staff member never saw a TOS and did not agree to any TOS.

42.     None of Mr. Tseng's attorneys or their staff visited any portion of the Classmates.com website that requires agreement to a TOS to gather information related to his claim.

43.     All the information supporting Mr. Tseng's complaint is publicly available without agreeing to any TOS. That Mr. Tseng's photograph is on Classmates.com is verifiable by searching for his name on portions of the site that do not require agreeing to the TOS. The advertising flow Classmates uses to promote website subscriptions is described in detail in publicly available documents, including the initial Complaint filed in this case. That Classmates publicly displays a version of the advertising flow that incorporates Mr. Tseng's photograph is reasonably alleged on information and belief, because Classmates uses all student yearbook photographs in the same way.

**Plaintiff Jamaal Carney**

44.     Plaintiff Jamaal Carney is a resident of Berkeley, California, in Alameda County. Mr. Carney is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

45.     Mr. Carney has never provided consent to Classmates, written or otherwise, for the commercial use of his name photograph, or likeness.

46.     Classmates has never notified, requested consent from, or provided compensation to Mr. Carney for its misappropriation and commercial exploitation of his name, photograph, and likeness.

47.     There is no agreement to arbitrate between Mr. Carney and Classmates or PeopleConnect. At no time has Mr. Carney believed any agreement between himself and Classmates or PeopleConnect exists or existed.

48.     Mr. Carney hereby expressly repudiates any agreement to arbitrate that Classmates or PeopleConnect may contend exists or existed.

49.     Mr. Carney instructed his attorneys to pursue a claim against Classmates in federal court. Mr. Carney has never authorized, and does not authorize, his attorneys to agree to arbitration on his behalf.

50.     Mr. Carney is not aware of any agreements between any of his attorneys and Classmates/PeopleConnect.

51.     Mr. Careny is not aware of any accounts on Classmates.com created by his attorneys.

52.     Mr. Carney did not instruct his attorneys to investigate the Classmates.com website. Mr. Carney did not instruct his attorneys to register for an account or agree to a Terms of Service.

53.     To confirm the presence of Mr. Carney's photograph on Classmates.com and collect the single screenshot shown in the Complaint below, a non-attorney staff member of Turke & Strauss LLP searched for Mr. Carney's name on the publicly available portion of the Classmates.com website. At the time she performed the search, the publicly available portion of the Classmates.com website did not require agreement to any TOS. The staff member never saw a TOS and did not agree to any TOS.

54.     None of Mr. Carney's attorneys or their staff visited any portion of the Classmates.com website that requires agreement to a TOS to gather information related to his claim.

55.     All the information supporting Mr. Carney's complaint is publicly available without agreeing to any TOS. That Mr. Carney's photograph is on Classmates.com is verifiable by searching for his name on portions of the site that do not require agreeing to the TOS. The advertising flow Classmates uses to promote website subscriptions is described in detail in publicly available documents, including the initial Complaint filed in this case. That Classmates publicly displays a version of the advertising flow that incorporates Mr. Carney's photograph is reasonably alleged on information and belief, because Classmates uses all student yearbook photographs in the same way.

1

### NAMED PLAINTIFFS' FACTUAL ALLEGATIONS

2

**Plaintiff Abraham**

3      56.     Classmates' Yearbook Collection contains sixteen unique records corresponding

4   to Mr. Abraham, all from yearbooks between the years of 1998 and 2004 from Albuquerque

5   Academy in Albuquerque, New Mexico, where Mr. Abraham attended school. The records

6   uniquely identify Mr. Abraham. All sixteen records include his full name and clearly identify

7   his place of residence and school he attended. Eleven of the records include photographs in

8   which Mr. Abraham's face is plainly visible and identifiable. Various of the records identify

9   Mr. Abraham's participation in school activities such as track, cross country, and chess club. A

10  representative sample of the photographs from three of these records appear as screen captures

11  below:

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23



24
25
26
27
28

57.      Classmates has and continues to knowingly use the records containing Mr. Abraham's name, photograph, and likeness to advertise, sell, and solicit the purchase of website subscriptions. Users of the Classmates.com website are encouraged to enter the names of people they may know into a search bar. The search bar is indicated by an arrow labeled "Start your search here!".



58.     Users who enter Mr. Abraham's name receive in response a list of the sixteen records in Classmates' Yearbook Collection corresponding to Mr. Abraham. All Classmates users may search for Mr. Abraham's name and view this list, including unregistered users, registered non-paying users, and paying subscribers.



59.     Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness to advertise, sell, and solicit the purchase of paid subscriptions to its "CM+" membership plan. Users may search for and view records containing Mr. Abraham's name, photograph, and likeness. For unregistered users and registered non-paying users, Classmates displays both the requested records and at least two forms of advertisement designed to solicit the purchase of a paid subscription to Classmates for a price ranging from $1.50 to $3 per month. First, adjacent to the list of records containing Mr. Abraham's name, photograph, and likeness, Classmates displays an advertisement prompting the user that "It's time to upgrade!" and promising several benefits to paying subscribers, including discounted prices on yearbook reprints. Users who click the link are brought to a page soliciting the purchase of a paid subscription membership.



60.     Second, unregistered users are initially shown a low-resolution version of Mr. Abraham's photograph. Unregistered users who click on Mr. Abraham's photograph looking for a higher-resolution version are shown a pop-up asking them to register in order to view "full-size yearbooks."



61.     Once users have entered the requested information, Classmates displays a second screen soliciting the purchase of a paid subscription plan, for prices ranging from $1.50 to $3. Although users do not have to pay for a subscription to view full-resolution records, Classmates does everything in its power to obscure this and make the user believe they must pay to continue. The screen is visually dominated by prompts asking users to select a paid plan and enter credit card or other payment information. A link titled "No thanks" written in miniscule font at the far top right corner of the page is the only indication users may proceed without paying money.



62.     Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness to advertise registered memberships on its website. Registered memberships are free of charge, but registered users must provide personal information including their high school, year of graduation, name, and email address. Classmates earns money from registered members by displaying targeted ads on its website. Upon information and belief, Classmates also earns money from registered members by selling their personal information to third parties.

63.     Users may search for and view records containing Mr. Abraham's name, photograph, and likeness. Unregistered users are initially shown low-resolution versions of Mr. Abraham's photographs. Unregistered users who click on a photograph of Mr. Abraham looking for a "zoomed-in" higher-resolution version are shown a pop-up soliciting them to register and promising that registration will bring benefits including "access to all yearbooks" and the ability to view "full-sized yearbooks." As shown in paragraph 61 above, users who register are shown a promotional screen promoting the purchase of a subscription immediately after they register.

64.     Classmates' purpose in appropriating and providing access to Mr. Abraham's name, photograph, and likeness on its website is to advertise, sell, and solicit the purchase of its products and services, including its paid subscription "CM+" membership plan and its non-paying registered membership plan.

65.     Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness on and in its products and services by (1) selling access to online records containing Mr. Abraham's name, photograph, and likeness to paying subscribers of its CM+ membership plan; and (2) including online records containing Mr. Abraham's name, photograph, and likeness on the free version of its website available to unregistered users and registered non-paying users.

66.     Through its actions, Classmates has caused harm to Mr. Abraham by depriving him the fair economic value of his likeness; violating his exclusive right to control his likeness; infringing his intellectual property without compensation; and disturbing his peace of mind. Classmates has earned ill-gotten profits and been unjustly enriched through its use of Mr. Abraham's name, photograph, and likeness.

**Plaintiff Alice Zhang**

67.     Plaintiff Alice Zhang is a private individual who has no relationship with Classmates or PeopleConnect. She has never visited, used, or subscribed to Classmates.com.

68.     Ms. Zhang did not give consent to Classmates to use her photographs, likeness, name, or persona in any way. Had Classmates requested her consent, Ms. Zhang would not

have provided it.

69.     Ms. Zhang highly values her personal privacy and her ability to control and prevent the commercial use of her likeness without her consent.

70.     Classmates uses Ms. Zhang's yearbook photograph as a minor child in advertisements promoting website subscriptions. Classmates possesses at least one photograph of Ms. Zhang it uses for this purpose, which it misappropriated without her permission from Ms. Zhang's yearbook from Albany High School in Albany, California.

71.     A screenshot taken from Classmates.com showing the yearbook page from which Classmates extracted Ms. Zhang's photograph appears below. For Ms. Zhang's privacy and the privacy of others displayed, counsel present the screenshot here in a low-resolution format. As it appears on the Classmates website, Ms. Zhang's name and likeness are plainly visible and identifiable. The screenshot shown below was collected by a staff member at Turke & Strauss from a part of the Classmates.com website that does not require assent to the TOS to access. The staff member did not see a TOS and did not agree to a TOS.



72.     Classmates incorporates Ms. Zhang's photograph in advertisements for website subscriptions in the same way it incorporates Mr. Abraham's photographs. *See* ¶¶56-65 *above*.

73.     Classmates provides a publicly accessible landing page on which non-registered users may search, and have searched, for Ms. Zhang by name and location. *See* ¶57.

74.     Users who search for Ms. Zhang receive in response a list of results, which include a low-resolution version of the photograph depicting Ms. Zhang as a minor. *See* ¶¶58-

59.

75.     Users who click on Ms. Zhang's photograph seeking a high-resolution version receive a pop-up message asking the user to register with Classmates.com "to view full-size yearbooks." The user must interact with the pop-up to continue viewing Ms. Zhang's photograph. *See* ¶60.

76.     Once users have clicked "Submit" on the pop-up, Classmates displays a screen soliciting the purchase of a paid subscription to Classmates.com. *See* ¶61.

77.     Classmates also displays banner ads promoting Classmates.com subscriptions adjacent to the search results containing Ms. Zhang's photograph. *See* ¶¶58-59.

78.     As shown above, Classmates' uses Ms. Zhang's photograph, name, and likeness in advertisements it displays publicly on the Internet for the commercial purpose of soliciting subscriptions.

79.     Ms. Zhang does not know how Classmates obtained her name and photograph as a child. It appears to have been misappropriated from her high school yearbook.

80.     On information and belief, Classmates received no indication, and had no reasonable belief, that the people who created Ms. Zhang's yearbook intended the yearbook to be published on the Internet or used to promote website subscriptions.

81.     On information and belief, Classmates did not obtain permission from the yearbooks' authors, the photographer who took Ms. Zhang's photograph, or the yearbook's copyright holder prior to incorporating Ms. Zhang's photograph and other photographs from the yearbook in its advertisements. On information and belief, Classmates does not hold the copyright in Ms. Zhang's yearbook or her photograph.

82.     Ms. Zhang has intellectual property and privacy interests in her name, likeness, and persona recognized by California statutory and common law. She has the right to exclude anyone from making commercial use of her likeness without her consent.

83.     Classmates has injured Ms. Zhang by profiting from its use of her name and likeness without compensating her; by misappropriating and infringing her intellectual property rights without compensation; by violating her statutorily protected right to control the

commercial use of her name and likeness; and by disturbing her peace of mind.

84.     Ms. Zhang is indignant and disgusted by Classmates' violation of her privacy while profiting from the illegal use of her photos as a minor. Ms. Zhang is deeply disturbed by Classmates' use of her name and photographs without her consent. She believes her likeness is rightly hers to control. Classmates' illegal use has left her worried about her inability to control how her name and likeness is used. Ms. Zhang feels that Classmates' use of her photographs, revealing intimate moments of her during her high school years, represents an alarming invasion of her privacy and render her vulnerable to identity theft. She believes Classmates' use of her photos as an adolescent in ads to promote subscriptions encourages and enables stalking and pedophilic behaviors.

**Plaintiff Wayne Tseng**

85.     Plaintiff Wayne Tseng is a private individual who has no relationship with Classmates or PeopleConnect. He has never visited, used, or subscribed to Classmates.com.

86.     Mr. Tseng did not give consent to Classmates to use his photographs, likeness, name, or persona in any way. Had Classmates requested his consent, Mr. Tseng would not have provided it.

87.     Mr. Tseng highly values his personal privacy and his ability to control and prevent the commercial use of his likeness without his consent.

88.     Classmates uses Mr. Tseng's yearbook photograph as a minor child in advertisements promoting website subscriptions. Classmates possesses at least one photograph of Mr. Tseng it uses for this purpose, which it misappropriated without his permission from Mr. Tseng's yearbook from Albany High School in Albany, California.

89.     A screenshot taken from Classmates.com showing the yearbook page from which Classmates extracted Mr. Tseng's photograph appears below. For Mr. Tseng's privacy and the privacy of others displayed, counsel present the screenshot here in a low-resolution format. As it appears on the Classmates website, Mr. Tseng's name and likeness are plainly visible and identifiable. The screenshot shown below was collected by a staff member at Turke & Strauss from a part of the Classmates.com website that does not require assent to the TOS to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

access. The staff member did not see a TOS and did not agree to a TOS.



90.    Classmates incorporates Mr. Tseng's photograph in advertisements for website subscriptions in the same way it incorporates Mr. Abraham's photographs. *See* ¶¶56-65 *above*.

91.    Classmates provides a publicly accessible landing page on which non-registered users may search, and have searched, for Mr. Tseng by name and location. *See* ¶57.

92.    Users who search for Mr. Tseng receive in response a list of results, which include a low-resolution version of the photograph depicting Mr. Tseng as a minor. *See* ¶¶58-59.

93.    Users who click on Mr. Tseng's photograph seeking a high-resolution version receive a pop-up message asking the user to register with Classmates.com "to view full-size yearbooks." The user must interact with the pop-up to continue viewing Mr. Tseng's photograph. *See* ¶60.

94.    Once users have clicked "Submit" on the pop-up, Classmates displays a screen soliciting the purchase of a paid subscription to Classmates.com. *See* ¶61.

95.    Classmates also displays banner ads promoting Classmates.com subscriptions adjacent to the search results containing Mr. Tseng's photograph. *See* ¶¶58-59.

96.    As shown above, Classmates' uses Mr. Tseng's photograph, name, and likeness in advertisements it displays publicly on the Internet for the commercial purpose of soliciting subscriptions.

97.    Mr. Tseng does not know how Classmates obtained his name and photograph as

a child. It appears to have been misappropriated from his high school yearbook.

98.     On information and belief, Classmates received no indication, and had no reasonable belief, that the people who created Mr. Tseng's yearbook intended the yearbook to be published on the Internet or used to promote website subscriptions.

99.     On information and belief, Classmates did not obtain permission from the yearbooks' authors, the photographer who took Mr. Tseng's photograph, or the yearbook's copyright holder prior to incorporating Mr. Tseng's photograph and other photographs from the yearbook in its advertisements. On information and belief, Classmates does not hold the copyright in Mr. Tseng's yearbook or his photograph.

100.    Mr. Tseng has intellectual property and privacy interests in his name, likeness, and persona recognized by California statutory and common law. He has the right to exclude anyone from making commercial use of his likeness without his consent.

101.    Classmates has injured Mr. Tseng by profiting from its use of his name and likeness without compensating him; by misappropriating and infringing his intellectual property rights without compensation; by violating his statutorily protected right to control the commercial use of his name and likeness; and by disturbing his peace of mind.

102.    Classmates' illegal actions caused Mr. Tseng mental anguish and harmed his peace of mind. Upon learning about Classmates' actions, Mr. Tseng was upset and disturbed by Classmates' use of his name and photograph without his consent. Mr. Tseng believes his likeness is rightly his to control. Classmates' illegal use has left him worried and uncertain about his inability to control how his name and likeness is used. Mr. Tseng feels that Classmates' use of his photograph represents an alarming invasion of his privacy. Mr. Tseng feels deeply uncomfortable in the knowledge that Classmates is using his name and likeness to advertise a subscription product he does not endorse or approve of.

**Plaintiff Jamaal Carney**

103.    Plaintiff Jamaal Carney is a private individual who has no relationship with Classmates or PeopleConnect. He has never visited, used, or subscribed to Classmates.com.

104.    Mr. Carney did not give consent to Classmates to use his photographs, likeness,

name, or persona in any way. Had Classmates requested his consent, Mr. Carney would not have provided it.

105.    Mr. Carney highly values his personal privacy and his ability to control and prevent the commercial use of his likeness without his consent.

106.    Classmates uses Mr. Carney's yearbook photograph as a minor child in advertisements promoting website subscriptions. Classmates possesses at least one photograph of Mr. Carney it uses for this purpose, which it misappropriated without his permission from Mr. Carney's yearbook from San Leandro High School in San Leandro, California.

107.    A screenshot taken from Classmates.com showing the yearbook page from which Classmates extracted Mr. Carney's photograph appears below. For Mr. Carney's privacy and the privacy of others displayed, counsel present the screenshot here in a low-resolution format. As it appears on the Classmates website, Mr. Carney's name and likeness are plainly visible and identifiable. The screenshot shown below was collected by a staff member at Turke & Strauss from a part of the Classmates.com website that does not require assent to the TOS to access. The staff member did not see a TOS and did not agree to a TOS.



108.    Classmates incorporates Mr. Carney's photograph in advertisements for website subscriptions in the same way it incorporates Mr. Abraham's photographs. *See* ¶¶56-65 *above*.

109.    Classmates provides a publicly accessible landing page on which non-registered users may search, and have searched, for Mr. Carney by name and location. *See* ¶57.

110.    Users who search for Mr. Carney receive in response a list of results, which

include a low-resolution version of the photograph depicting Mr. Carney as a minor. *See* ¶¶58-59.

111.    Users who click on Mr. Carney's photograph seeking a high-resolution version receive a pop-up message asking the user to register with Classmates.com "to view full-size yearbooks." The user must interact with the pop-up to continue viewing Mr. Carney's photograph. *See* ¶60.

112.    Once users have clicked "Submit" on the pop-up, Classmates displays a screen soliciting the purchase of a paid subscription to Classmates.com. *See* ¶61.

113.    Classmates also displays banner ads promoting Classmates.com subscriptions adjacent to the search results containing Ms. Carney's photograph. *See* ¶¶58-59.

114.    As shown above, Classmates' uses Mr. Carney's photograph, name, and likeness in advertisements it displays publicly on the Internet for the commercial purpose of soliciting subscriptions.

115.    Mr. Carney does not know how Classmates obtained his name and photograph as a child. It appears to have been misappropriated from his high school yearbook.

116.    On information and belief, Classmates received no indication, and had no reasonable belief, that the people who created Mr. Carney's yearbook intended the yearbook to be published on the Internet or used to promote website subscriptions.

117.    On information and belief, Classmates did not obtain permission from the yearbooks' authors, the photographer who took Mr. Carney's photograph, or the yearbook's copyright holder prior to incorporating Mr. Carney's photograph and other photographs from the yearbook in its advertisements. On information and belief, Classmates does not hold the copyright in Mr. Carney's yearbook or his photograph.

118.    Mr. Carney has intellectual property and privacy interests in his name, likeness, and persona recognized by California statutory and common law. He has the right to exclude anyone from making commercial use of his likeness without his consent.

119.    Classmates has injured Mr. Carney by profiting from its use of his name and likeness without compensating him; by misappropriating and infringing his intellectual

property rights without compensation; by violating his statutorily protected right to control the commercial use of his name and likeness; and by disturbing his peace of mind.

120.     Classmates' illegal actions caused Mr. Carney mental anguish and harmed his peace of mind. Upon learning about Classmates' actions, Mr. Carney was upset and disturbed by Classmates' use of his name and photograph without his consent. Mr. Carney believes his likeness is rightly his to control. Classmates' illegal use has left him worried and uncertain about his inability to control how his name and likeness is used. Mr. Carney feels that Classmates' use of his photograph represents an alarming invasion of his privacy. Mr. Carney feels deeply uncomfortable in the knowledge that Classmates is using his name and likeness to advertise a subscription product he does not endorse or approve of.

### STATEMENT OF COMMON FACTS

121.     Classmates' business model relies on collecting personal information from hundreds of thousands of school yearbooks. Classmates scans yearbooks into a digital format, then extracts personal information including names, photographs, schools attended, years of attendance, cities of residence, and biographical details. Classmates aggregates the extracted information into digital records associated with specific individuals. Classmates then uses the records to advertise and sell its products and services. Those products and services include memberships to the website Classmates.com, which Classmates sells for up to $3 per month.

122.     According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the class includes millions of Californians whose names, photographs, and likenesses appear in the Classmates Yearbook Collection.

123.     Classmates did not ask consent from, given notice to, or provide compensation to Plaintiffs or the class before using their names, photographs, and biographical information.

124.     The names, photographs, cities of residence, likeness, and identities that Classmates aggregates into individual records uniquely identify specific individuals.

125.     Classmates knowingly uses the names, photographs, and likenesses of Plaintiffs

and the class to advertise, sell, and solicit the purchase of its products and services, including (1) its "CM+" subscription membership; and (2) the free version of its website, from which Classmates profits by selling targeted advertisements and driving users to its paid products and subscriptions.

126.    Classmates employs a variety of advertising techniques through which it exploits the names, photographs, and likenesses of Plaintiffs and the class, many of which are detailed in the Plaintiff-specific portion of this complaint. Across all of the advertising techniques it uses, Classmates seeks to translate its users' interest in seeing pictures of and learning personal details about Plaintiffs and the class, into the purchase of a Classmates product or service (or the use of a website from which Classmates drives profit).

127.    Classmates knowingly uses the names, photographs, and likenesses of Plaintiffs and the Class on and in its products and services by including the records it has created about Plaintiffs and the Class on its website.

128.    On information and belief, Classmates makes no attempt to contact or gain the consent of the people whose names, photographs, likenesses, biographical information, and identities it uses to advertise website subscriptions.

129.    On information and belief, Classmates has received no indication that the authors, publishers, or copyright holders of the yearbooks in its database intended the yearbooks to be published on the Internet or used to promote paid subscriptions.

130.    The vast majority of people whose personal information Classmates has digitally extracted and aggregated in its Classmates Yearbook Collection have no business relationship with Classmates, are not Classmates subscribers, and are not subject to a Terms of Service or any other agreement with Classmates.

131.    Through its actions, Classmates has caused harm to Plaintiffs and the Class by depriving them the fair economic value of their likenesses; violating their exclusive rights to control their likenesses; infringing their intellectual property without compensation; and disturbing their peace of mind. Classmates has earned ill-gotten profits and been unjustly enriched through its use of the names, photographs, and likenesses of Plaintiffs and the class.

132.    Classmates knowing misappropriation of names, likenesses, photographs, and other personal information, and use of those names, likenesses, photographs, and other personal information in selling and advertising its products and services, violates California's Right of Publicity statute, Cal. Civ. Code § 3344; the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and California Unjust Enrichment law.

## CLASS ALLEGATIONS

133.    Plaintiffs bring this complaint on behalf of themselves and a Class of all California residents who (a) are not currently subscribers of any Classmates services, (b) have never donated a yearbook to Classmates, and (c) whose names, photographs, and/or likenesses were extracted from yearbooks by Classmates and placed on the Classmates website as part of its Yearbook Collection, without Classmates obtaining their consent. Excluded from the class are (a) Plaintiffs' counsel; (b) Classmates, its officers and directors, counsel, successors and assigns; (c) any entity in which Classmates has a controlling interest; and (d) the judge to whom this case is assigned and the judge's immediate family.

134.    The members of the proposed class are so numerous that joinder of individual claims is impracticable. Classmates represents that its Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the names and likeness of hundreds, sometimes thousands of individuals. Even accounting for the fact that only a portion of the yearbooks are from California, that some individuals in Classmates' database are deceased or no longer reside in California, and that the class excludes current Classmates subscribers (Classmates has about 4 million subscribers worldwide), the class likely numbers in the millions.

135.    There are significant questions of fact and law common to the members of the class. These issues include:

   a.    Whether Classmates' extraction and aggregation of personal information about Plaintiffs and the class members, including names, yearbook photographs, yearbook years, cities of residence, schools attended, and interest and hobbies, in its Classmates Yearbook Collection, and selling of that information via paid

subscription plans, constitute the knowing use of another's name, photograph, or likeness, in any manner, on or in products, merchandise or goods within the meaning of Cal. Civ. Code § 3344;

b.   Whether Classmates' extraction and aggregation of personal information about Plaintiffs and the class members, including names, yearbook photographs, yearbook years, cities of residence, schools attended, and interests and hobbies, and use of that information in the advertising techniques described in this complaint, constitutes the knowing use of another's name, photograph, or likeness for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services, within the meaning of Cal. Civ. Code § 3344;

c.   Whether Plaintiffs and the class consented to the use of their names, photographs, and likenesses in Classmates products and advertisements;

d.   Whether Classmates' use of names, photographs, and likeness constitutes a use in connection with news or public affairs for which consent is not required;

e.   Whether Classmates' conduct as described in this complaint violated California's Unfair Competition Law;

f.   Whether Classmates was unjustly enriched as a result of the conduct described in this complaint; and

g.   Whether Plaintiffs and members of the class are entitled to injunctive, declaratory and monetary relief as a result of Classmates' conduct as described in this complaint.

136.   Plaintiffs' claims are typical of those of the proposed class. Plaintiffs and all members of the proposed class have been harmed by Classmates misappropriation and misuse of their names, likenesses, photographs, and other personal information.

137.   The proposed class representatives will fairly and adequately represent the proposed class. The class representatives' claims are co-extensive with those of the rest of the class, and they are represented by qualified counsel experienced in class action litigation of this

nature.

138.    A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed class is impracticable. Many members of the class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning Classmates' common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

139.    The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Classmates has acted on ground generally applicable to the proposed class, such that final injunctive and declaratory relief is appropriate with respect to the class as a whole.

140.    The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

### FIRST CAUSE OF ACTION
### (Cal. Civ. Code § 3344)

141.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

142.    California's Right of Publicity Statute, California Civil Code § 3344, prohibits and provides damages for the knowing misappropriation of a name, voice, signature, photograph, or likeness in advertising or soliciting without prior consent.

143.    By engaging in the forgoing acts and omissions, Classmates knowingly used class members' names, photographs, and likenesses in its products and services for the purpose

of advertising and selling its services, without class members' consent.

144.    Each use of a class member's name, photograph, or likeness is a separate and distinct violation of California Civil Code § 3344 giving rise to damages.

145.    Plaintiffs seek declaratory, injunctive, and monetary damages for themselves and on behalf of each member of the proposed class as provided for in California Civil Code § 3344, including statutory damages equal to the greater of $750 per violation, actual damages, or profits from Classmates' illegal actions, punitive damages, and the award of attorneys' fees and costs in the event Plaintiffs prevail in this action.

146.    Defendants, and each of them, have been guilty of oppression, fraud, and/or malice and despicable conduct warranting an award of exemplary and/or punitive damages under the provisions of Cal. Civ. Code § 3294.  The foregoing conduct has been approved, authorized and/or ratified by each Defendants' officers, directors and/or managing agents as required by the provisions section 3294.

## SECOND CAUSE OF ACTION
### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

147.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

148.    Classmates has and is engaged in unfair competition, as that term is defined in the California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq.* ("UCL").

149.    As described in this complaint, Classmates' misappropriation and use without consent of Plaintiffs' and class members' names, photographs, likenesses, and personal information is a violation of California's Right to Publicity Statute, Cal. Civ. Code § 3344.

150.    By engaging in the conduct described in this complaint and violating California law, Classmates engaged in and continues to engage in "unlawful" business acts and practices prohibited by the UCL.

151.    As a result of Classmates' actions, Plaintiffs and the class have been injured. Plaintiffs and members of the class each lost the economic value of their likenesses, their exclusive right to control their likenesses, their right to the value of their intellectual property,

and their right to freedom from intrusion on their peace of mind. Plaintiffs and members of the class also lost the right to refuse consent and protect their privacy, as guaranteed by California law.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

152.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

153.    Plaintiffs and members of the class have conferred an unwarranted benefit on Classmates. Classmates' business model centers around using personal information that rightfully belongs to Plaintiffs and members of the class to sell its products and services. Classmates uses the personal information it misappropriated without consent. Each "CM+" subscription sold to users who then gain access to records that rightfully belong to class members, and all advertising revenue collected from the delivery of ads on pages displaying records that rightfully belong to class members, represents an unwarranted benefit conferred upon Classmates by the class.

154.    Under principles of equity and good conscience, Classmates should not be permitted to retain the benefits it gained by its actions.

155.    Plaintiffs and members of the class have suffered loss as a direct result of Classmates' conduct.

156.    Among other remedies, Plaintiffs, on their own behalf and on behalf of absent class members, seek the imposition of a constructive trust and restitution of proceeds Classmates received as a result of the conduct described in this complaint, as well as an award of attorneys' fees, costs, and interest pursuant to Cal. Civ. Proc. Code § 1021.5.

## PRAYER FOR RELIEF

157.    WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situation, hereby demand judgment against Defendant Classmates as follows:

    (a) For an order certifying the proposed class and appointing Plaintiffs and their counsel to represent the class;

(b) For a declaration that Classmates' acts and omissions constitute a knowing misappropriation of names, likeness, photographs, and other personal information, and infringe on protected privacy rights, in violation of California law;

(c) For preliminary and permanent injunctive relief enjoining and preventing Classmates from continuing to operate its Classmates website and expand its databases without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(d) For an order enjoining Classmates from continuing the unlawful and unfair conduct described in this complaint;

(e) For restitution for Plaintiffs and members the class for the value that Defendants derived from misappropriating their likenesses;

(f) For an award of damages, including without limitation damages for actual harm, profits earned by Classmates, and statutory damages;

(g) For an award of reasonable attorneys' fees and costs incurred by Plaintiffs and the class members; and

(h) For an award of other relief in law and equity to which Plaintiffs and the class members may be entitled.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial for all individual and Class claims so triable.

Dated: August 4, 2022          By: */s/ Raina C. Borrelli*
                                    Raina Borrelli (*pro hac vice*)
                                    raina@turkestrauss.com
                                    Sam Strauss (*pro hac vice*)
                                    sam@turkestrauss.com
                                    TURKE & STRAUSS LLP
                                    613 Williamson St., Suite 201
                                    Madison, Wisconsin 53703-3515
                                    Telephone: (608) 237-1775
                                    Facsimile: (608) 509 4423

                                    Michael F. Ram (SBN 104805)
                                    mram@forthepeople.com

Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (*pro hac vice*)
ben@benosbornlaw.com
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464

*Attorneys for Plaintiffs and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 4th day of August, 2022.

By: <u>*/s/ Raina C. Borrelli*</u>
Raina Borrelli (*pro hac vice*)
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509 4423