1

2

3

4

5

6

7

8        **THE UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10        **SAN FRANCISCO DIVISION**

11

LAWRENCE GEOFFREY ABRAHAM,          Case No.: 3:20-cv-09203-EMC
12   ALICE ZHANG, WAYNE TSENG, and
JAMAAL CARNEY, on behalf of themselves    Judge Edward M. Chen
13   and all others similarly situated,

14                    Plaintiffs,

15                    vs.

16   PEOPLECONNECT, INC., a Delaware
Corporation,
17
18                    Defendant.

19        **DECLARATION OF STEVEN WEISBROT, ESQ., IN SUPPORT OF PLAINTIFFS'**
20        **MOTION FOR CLASS CERTIFICATION**

21

22

23

24

25

26

27

I, Steven Weisbrot, Esq., hereby declare as follows:

### Executive Summary of Opinions

1.     Opinion 1:     As discussed below, the notice plan I recommend in this case (the "Notice Plan") is based on experience in connection with thousands of class action notice plans.

2.     Opinion 2:     The Notice Plan is robust, consistent with court-approved notice and administration plans in many other class action cases, and meets all applicable standards and requirements, including compliance with Fed. R. Civ. P. 23.

3.     Opinion 3:     The Notice Plan provides strategically selected notice methods which are designed to provide notice to potential Class Members by utilizing various media forums.

4.     Opinion 4:     The Notice Plan also provides for the implementation of a dedicated website and a toll-free telephone line where potential Class Members can learn more about their rights and options pursuant to the terms of the litigation.

### Qualifications

5.     I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, unbiased legal notification plans. As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad, to provide notice of class actions and claims processing services.[1]

6.     By way of background, Angeion is an experienced class action notice and claims

---

[1] Angeion's comprehensive class action services include, and are not limited to, the development, implementation and management of case specific notice campaigns through integrated traditional and digital media; website design and online functionality; call center support; data management; claims processing and documentation review; traditional and digital disbursement to eligible claimants; establishing and maintaining qualified settlement funds and/or other escrow accounts; and performing requisite tax reporting. More information about Angeion's services is available at www.angeiongroup.com.

administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members. Angeion's executive profiles and company overview are available at https://www.angeiongroup.com/our_team.php. Angeion has administered class actions in cases involving, for example, Apple, Google, Facebook, TikTok, Fiat-Chrysler, Jaguar, Whirlpool, LG, Electrolux, Allstate, American Airlines, Bertolli, Chipotle, Coach, Gap, Old Navy, Equifax, Experian, LexisNexis, National Grid, Plaid, and Johnson & Johnson, amongst others.

7. I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, and the ABA Class Action and Derivative Section Newsletter. I am also a frequent speaker on notice issues at conferences throughout the United States and internationally.

8. I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB"), and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published *George Washington Law School Best Practices Guide to Class Action Litigation*.

9. I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication in effecting due process notice. I have also met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and offered an educational curriculum for the judiciary concerning notice procedures.

10.     Prior to joining Angeion's executive team, I was employed as Director of Class Action Services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

11.     My notice work comprises a wide range of class actions that includes data breach, privacy, mass disasters, product defect, false advertising, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

12.     I have been at the forefront of infusing digital media, big data, and advanced targeting into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of the judicial recognition that Angeion has received is included with this report as **Attachment 1**.

13.     Recent matters in which I have testified or provided the court with comment on notice or claims procedures include the following: *In re Apple Device Performance Litigation*, No. 5:18-md-02827 (N.D. Cal.); *Haynes Properties, LLC, et al. v. Burley Tobacco Growers Cooperative Association*, No. 20-CI-332 (Kentucky State Court); *Daren Michael Shields v State Farm Mutual Auto Insurance Company*, No. 6:19-cv-0159 (W.D. La.); and *Nichols, et al. v. Noom, Inc., et al.*, No. 1:20-cv-03677 (S.D.N.Y.). I have also provided written testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of media in effecting Due Process notice. My CV and disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure is also included with this report as **Attachment 2**.

## Assignment & Background

14.     I was retained with Angeion by counsel for the Plaintiffs in this action ("Counsel") to provide expert analysis and, if requested, expert testimony, regarding notice plans and administration if a class is certified against PEOPLECONNECT, INC., a Delaware Corporation ("Defendant") for the alleged wrongful conduct described in Plaintiffs' Class Action Complaint.

15.     My assignment in this matter includes assessing how to provide the best notice practicable under the circumstances, fulfilling due process requirements and comporting with

Rule 23 of the Federal Rules of Civil Procedure should a class be certified. In forming my opinions regarding providing notice in this action, I have drawn from my extensive class action experience as well as that of my team.

16. I will also discuss Angeion's experience in administering class action settlements, including receiving and reviewing claim forms and distributing settlement benefits to class members.

17. Based on the Class Action Complaint and instructions from Counsel, I assume the following class definition:

> All persons residing in the State of California who are not registered users of Classmates.com and whose names and yearbook photographs were searchable on the Classmates.com website at any time between December 18, 2018, and the present.

18. Angeion is being compensated for my work in this matter at a rate of $450 per hour. Angeion is being compensated for the work of other Angeion consultants assisting me on this matter (as is my common practice, working at my direction and with my supervision) at hourly rates of equal or less than $185. No part of my compensation, or that of Angeion, depends on the outcome of this litigation. Angeion also has not been promised any favoritism in connection with any notice plan or administration should the Court certify this matter for class treatment—whether on a contested basis or settlement.

### Notice Plan Details

19. The media campaign components of the Notice Plan are designed to deliver notification to the overwhelming majority of potential Class Members, in excess of normal thresholds authorized in similar settlements, and with an approximate 95.06% reach and an average frequency of 3.20 times.

20. The 95.06% reach is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers. What this means in practice is that 95.06% of our Target Audience will see a digital advertisement concerning the litigation an

average of 3.20 times each.

21.     The 95.06% reach approximation is for the media campaign components of the recommended notice plan and does not include the dedicated website or toll-free telephone line, which are difficult to measure in terms of reach percentage but will nonetheless provide additional awareness and further diffuse news of the litigation to potential Class Members.

22.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges", at 27 (3d Ed. 2010).  As such, reaching the 95.06% if the class is significantly higher than what is accepted in many similar cases.

**Programmatic Display Advertising Campaign & Target Audience Characteristics**

23.     The Notice Plan will utilize a form of internet advertising known as Programmatic Display Advertising,[2] which is the leading method of buying digital advertisements in the United States to provide notice to potential Class Members.

24.     The media notice outlined below is strategically designed to provide notice of the litigation to potential Class Members by driving them to the dedicated website where they can learn more about the litigation, including their rights and options.

25.     To develop the media notice campaign and to verify its effectiveness, the media team analyzed data from 2022 comScore Multi-Platform/MRI Simmons USA Fusion[3] to profile

---

[2] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It has been reported that U.S. advertisers spent nearly $105.99 billion on programmatic display advertising in 2021, and it is estimated that approximately $123.22 billion will be spent on programmatic display advertising 2022. See https://www.emarketer.com/content/us-programmatic-digital-display-ad-spending-2022.   In laypeople's terms, programmatic display advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets).

[3] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference and media-use habits, and captures in-depth information on consumer media
(footnote continued)

potential Class Members and arrive at an appropriate Target Audience (the "Target Audience") based on the class definitions. Specifically, the following syndicated research definition was used to profile potential Class Members: **Adults 18+** and **State Group Codes: California**.

26.     Based on the Target Audience definition used, the size of the Target Audience for the media notice campaign is estimated to be approximately 28,719,000 individuals.

27.     It is important to note that the Target Audience is distinct from the class definitions, as is commonplace in class action notice plans. Utilizing a proxy audience maximizes the efficacy of the Notice Plan and is considered a best practice among media planners and class action notice experts alike. Using proxy audiences is also commonplace in both class action litigation and advertising generally.[4]

28.     Additionally, the Target Audience is based on objective syndicated data, which is routinely used by advertising agencies and experts to understand the demographics, shopping habits and attitudes of the consumers that they are seeking to reach.[5] Using this form of objective data will allow the parties to report the reach and frequency with confidence that the reach

---

choices, attitudes, and consumption of products and services in nearly 600 categories. comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global interactions monthly. comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively. comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

[4] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. The percentage of the population reached by supporting media can then be established. *See* Duke Law School, *Guidelines and Best Practices Implementing 2018 Amendments to Rule 23 Class Action Settlement Provisions*, at 56.

[5] The notice plan should include an analysis of the makeup of the class. The target audience should be defined and quantified. This can be established through using a known group of customers, or it can be based on a proxy-media definition. Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base. Id at 56.

percentage and the number of exposure opportunities comply with due process and exceed the Federal Judicial Center's threshold as to reasonableness in notification programs.

29.     Virtually all professional advertising agencies and commercial media departments use objective syndicated data tools, like the ones described above, to quantify net reach. Sources like these guarantee that advertising placements can be measured against an objective basis and confirm that the reporting statistics are not overstated. Objective syndicated data tools are ubiquitous tools in a media planner's arsenal and are regularly accepted by courts in evaluating the efficacy of a media plan or its component parts.

30.     Understanding the socioeconomic characteristics, interests and practices of a target group aids in the proper selection of media to reach that target. Here, the Target Audience has been reported to have the following characteristics:

> 65.50% are ages 18-54, with a median age of 46 years old

> 51.26% are female; 48.74% are male

> 48.23% are now married

> 38.84% have children

> 34.82% have received a bachelor's or post-graduate degree

> 43.94% are currently employed full time

> The average household income is $92,200

> 85.02% have used social media in the last 30 days

31.     To identify the best vehicles to deliver messaging to the Target Audience, media quintiles, which measure the degree to which an audience uses media relative to the general population, were reviewed. Here, the objective syndicated data shows that members of the Target Audience spend an average of approximately 30.6 hours per month on the internet.

32.     Given the strength of digital advertising, as well as our Target Audience's internet use, we recommend utilizing a robust internet advertising campaign to reach potential Class Members. This media schedule will allow us to deliver an effective reach level and frequency, which will provide due and proper notice to the Class.

33.     Multiple targeting layers will be implemented into the programmatic campaign to help ensure delivery to potential Class Members, inclusive of the below tactics. Additionally, to the extent there is available data by school, the targeting will be adjusted accordingly.

Look-a-like Modeling: This technique utilizes data methods to build a look-a-like audience against known Class Members.

Audience Targeting: This technique utilizes technology and data to serve the impressions to the intended audience based on demographics, purchase behaviors and interests.

Site Retargeting: This technique is a targeting method used to reach potential Class Members who have already visited the dedicated website. This allows Angeion to provide a potential Class Member sufficient exposure to an advertisement about the litigation.

Geotargeting: The campaign will be targeted to the state of California.

34.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion employs services such as Oracle's BlueKai, Adobe's Audience Manger, and/or Lotame. Further, online ad verification and security providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39 and Moat may be deployed to provide a higher quality of service to ad performance.

**Social Media Campaign**

35.     The social media campaign component of the Notice Plan will utilize two of the leading social media platforms[6] in the United States: Facebook and Instagram. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on the social media platforms, capitalizing on the Target Audience's propensity to engage in

---

[6] In the United States in 2021, Facebook had approximately 302.28 million users; Instagram had approximately 118.9 million users. *See:* https://www.statista.com/statistics/408971/number-of-us-facebook-users/; https://www.statista.com/statistics/293771/number-of-us-instagram-users/

social media (85.02% of the Target Audience have used social media in the last 30 days).

36.     The social media campaign will engage with the Target Audience via a mix of news feed and story units to optimize performance via each platform's respective desktop site, mobile site, and mobile app. For example, Facebook image ads will appear natively in desktop newsfeeds (on Facebook.com) and mobile app newsfeeds (via the Facebook app or Facebook.com mobile site), and on desktops via right-column ads.

37.     Additionally, specific tactics will be implemented to further qualify and deliver impressions to the Target Audience. The social media ads will be targeted to the state of California.

38.     The social media campaign will coincide with the programmatic display advertising portion of the Notice Plan. Combined, these media strategies are designed to deliver approximately 83 million impressions.

39.     Throughout these campaigns, Angeion will analyze, monitor, and make any necessary advertising adjustments to deliver the most successful advertisements to potential Class Members.

**Paid Search Campaign**

40.     The paid search campaign component of the Notice Plan will incorporate search engine optimization to help drive potential Class Members who are actively searching for information about this action to the dedicated website. Paid search ads will complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the action itself but also the subject-matter of the litigation. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the litigation or other terms related to the litigation that individual could be served with an advertisement directing them to the dedicated website.

**Publication**

41.     The Notice Plan also includes publication in the California edition of *People*

magazine. Notice of the litigation would be published in a full page, black and white ad. A chart showing the circulation of People and its circulation amongst the target audience is below:

| Publication | Circulation | Target Audience |
|---|---|---|
| *People* – California Edition | 311,000 | 2,900,000 |

42.     Additionally, notice of the litigation will be published in California's top newspapers. A list of these newspapers, their geographic coverage and circulation is provided in the chart below.

| PRINT MEDIA | PRIMARY COUNTY COVERAGE | CIRCULATION |
|---|---|---|
| Los Angeles Times | Los Angeles, Orange, Ventura, San Bernardino, Riverside, San Diego | Sunday: 476,808<br>Weekday Avg: 367,796 |
| Southern California Newspaper Group (Titles Include:  Orange County Register, Riverside Press Enterprise, Long Beach Press Telegram, Torrance Daily Breeze, Los Angeles Daily News, San Gabriel Tribune, Pasadena Star News, Whittier Daily News, Inland Valley Daily Bulletin, San Bernardino Sun, Redland Daily Facts) | Orange, Riverside, San Bernardino, Los Angeles | OCR - Daily: 79,340; Sun: 144,786<br>RPE - Daily: 32,385; Sun: 59,190<br>LBPT - Daily: 11,636; Sun: 22,777<br>TDB - Daily: 20,209; Sun: 29,813<br>LADN - Daily: 22,639; Sun: 42,068<br>SGT/PSN/WDN - Daily: 22,001; Sun: 35,064<br>SBS/IVDB - Daily: 22,750; Sun: 38,306<br>RDF - Daily: 2,105; Sun: 2,250 |
| San Francisco Chronicle | San Francisco, Alameda, Contra Costa, San Mateo, Santa Clara, Marin, Napa, Sonoma, Solano (part.), Lake, Mendocino | Sunday: 156,889<br>Weekday Avg: 132,637 |
| Bay Area News Group (Titles include: San Jose Mercury News, East Bay Times, Marin Independent Journal, Santa Cruz Sentinel, Monterey Herald, Vallejo Times Herald, Vacaville Reporter) | Santa Clara, San Mateo, Alameda, Contra Costa, Marin, Santa Cruz, Monterey, Solano | SJMN - Daily: 92,560; Sun: 152,003<br>EBT - Daily: 59,293; Sun: 106,695<br>MIJ - Daily: 18,401; Sun: 23,999<br>SCS - Daily: 14,893; Sun: 16,194<br>MH - Daily: 5,700; Sun: 5,900<br>VTH - Daily: 3,484; Sun: 4,550<br>VR - Daily: 2,869; Sun: 4,023 |

| San Diego Union-Tribune | San Diego | Sunday: 153,968 Weekday Avg: 82,000 |
|---|---|---|
| Bee Newspapers (Titles include: Sacramento Bee and Modesto Bee) | Sacramento, Placer, Stanislaus, Yolo, El Dorado, Merced | Sunday: 101,108 Weekday Avg: 81,448 |

**Plain Language Notice Design**

43.    The proposed Notice forms used in this matter will be designed to be "noticed," reviewed, and by presenting the information in plain language, understood by Class Members. The design of the notices will follow the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The notice forms will contain plain-language summaries of key information about the rights and options of Class Members, including the nature of the action, the definition of the class certified, the class claims, issues, or defenses, that the Court will exclude any Class Member who requests exclusion, the time and manner for requesting exclusion or objecting to the settlement (in the event the matter is settled) and the binding effect of a class judgment. Consistent with normal practice, prior to being delivered and published, all notice documents will undergo a final edit for accuracy.

44.    Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language." Angeion maintains a strong commitment to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to Class Members in plain language.

**Dedicated Website and Toll-Free Telephone Support**

45.    The Notice Plan will also implement the creation of a case-specific website, where Class Members can easily view general information about this litigation, and review relevant Court documents, such as the complaint and class certification order. The website will be designed to be user-friendly and make it easy for Class Members to find information about this matter, including the claims at issue, the defendant's defenses, and applicable deadlines. The website will

also have a "Contact Us" page whereby Class Members can send an email with any additional questions to a dedicated email address. Likewise, Class Members will also be able to submit an exclusion request online via the website.

46.     A toll-free hotline devoted to this case will be implemented to further apprise Class Members of their rights and options pursuant to the terms of the litigation. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Class Members with responses to frequently asked questions and provide essential information regarding the litigation. This hotline will be accessible 24 hours a day, 7 days a week.

47.     This report describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy. The reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of Class Members.

48.     Specifically, the media campaign portions of the Notice Plan are designed to deliver an approximate 95.06% reach with an average frequency of 3.20 times each. It should be noted that the 95.06% reach approximation does not include the dedicated website or the toll-free hotline, as these components are difficult to measure in terms of reach.

49.     The Notice Plan outlined above includes a comprehensive and strategically designed media campaign consisting of state-of-the-art internet advertising, a social media campaign utilizing several leading social media platforms, a paid search campaign, and print publication.  The Notice Plan also provides for the implementation of a dedicated website and toll-free hotline to further inform Class Members of their rights and options in the litigation.

### **Administrative Experience**

**Claims Processing**

50.     To the extent there is at some point a claim filing process, Angeion would recommend a streamlined online claim form made available via the dedicated website. The online form would be designed to be user-friendly, and where applicable, could be pre-populated with

Class Member information that is provided to Angeion to simplify the Class Member experience. Class Members with pre-populated online claim forms would be able to validate or update the information provided. The online claim form would also include plain language instructions for Class Members to follow. Class Members would also be able to fully complete and submit an online claim where pre-populated information is not available. Should supporting documentation be required, the online claim form will allow Class Members to easily update documentation in support of their claim.

51.     Angeion would also recommend allowing Class Members to download a claim form to complete and submit via mail and/or email, along with any supporting documentation, if required.

52.     Angeion is experienced in reviewing and evaluating claim form submissions, ranging from simple to complex submissions with detailed document review to determine eligibility across various case types. By way of example in terms of complex submissions, in *Dickerson v. York International Corporation and Johnson Controls, Inc.*, No. 1:15-cv-01105 (M.D. Pa.), Angeion was tasked with specifically identifying eligible copper evaporator coils and copper condenser coils ("copper coils") by verifying eligibility against lists provided by the defendant that contained model numbers and serial number prefixes. Angeion further evaluated claims made against the defendant's available warranty data. Angeion reviewed documentation to identify costs incurred by the class members that specifically pertain to copper coil failures and copper coil replacements, while simultaneously reviewing and excluding non-relevant costs and repair descriptions provided on lengthy invoices submitted by class members and evaluating eligibility of the incurred expenses limited by the warranty terms.

53.     Similarly, in *Cole v.* NIBCO*, Inc.*, No. 3:13-cv-07871 (D.N.J.), Angeion was tasked with evaluating claims for documentation demonstrating unreimbursed costs specifically incurred in connection with: (a) the repair or replacement of the pertinent section(s) of Tubing, Fittings and/or Clamps as a direct result of a Qualifying Leak (as defined in the Settlement Agreement); (b) the repair or replacement of other property damaged as a direct result of a

Qualifying Leak; and (c) the material and labor costs reasonably necessary to bring the residential or commercial structure and its contents back to the same finish and quality as existed before the Qualifying Leak. Class members may also qualify for a re-plumb remedy if they have experienced three or more separate Qualifying Leaks. The documentation was reviewed in light of the class member responses provided on the Claim Form submission and specifically identify non-relevant costs or items not covered under the terms of the Settlement.  Documentation Angeion received includes: Inspection reports; bills of sale; purchase orders; builder or plumbing records; correspondence identifying Tubing, Fittings and/or Clamps in the property; Reports from plumbers, engineers, architects or home inspectors identifying Tubing, Fittings, and/or Clamps in the property; photographs; repair estimates or bids; evaluation of physical Tubing, Fittings and/or Clamps submitted by class members; personal releases/settlements entered into by the class members.

54.     In the class action settlement *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products* Liability *Litigation*, No. 3:17-cv-02777 (N.D. Cal.), Angeion was tasked with auditing claims processing performed by an outside entity, including confirming the class member is eligible for payment, confirming the VIN provided is an eligible VIN under the Settlement, the class member has properly documented ownership or lease requirements of the eligible vehicle during the applicable class period, including but not limited to, lease agreements, bill of sale or other documentation demonstrating the total loss of the vehicle; documentation demonstrating the Approved Emissions Modification was performed on the vehicle and documentation demonstrating the class member accepted the offer prior to issuing payment. Angeion has also been tasked with issuing notices regarding deficiencies on a rolling basis and coordinating ongoing settlement distributions on a rolling basis.

55.     Angeion is also experienced in evaluating voluminous claim form submissions. For example, the *In re Apple Device Performance Litigation*, No. 5:18-md-02827 (N.D. Cal.) involved the receipt and review of over 3.1 million claim form submissions; *In re Google Plus Profile Litigation*, No. 5:18-cv-06164 (N.D. Cal.) had over 1.8 million claim form submissions;

and *In re: TikTok, Inc., Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill.) had over 1.2 million claim form submissions.

56.     Angeion has extensive experience in administering data breach and privacy cases. The below chart illustrates notable data breach and privacy cases Angeion has administered:

| Case | Case No. | Court |
|---|---|---|
| *In re Google Plus Profile Litigation* | 5:18-cv-06164 | US District Court, Northern District of CA |
| *Adkins v. Facebook Inc.* | 3:18-cv-05982 | US District Court, Northern District of California |
| *Cotter v. Checkers Drive-In Restaurants Inc.* | 8:19-cv-01386 | US District Court, Middle District of Florida |
| *In re: Citrix Data Breach Litigation* | 0:19-cv-61350 | US District Court, Southern District of Florida |
| *In re: 21st Century Oncology Customer Data Security Breach Litigation* | 8:16-md-02737 | US District Court, Middle District of Florida |
| *Abubaker v. Dominion Dental USA Inc.* | 1:19-cv-01050 | US District Court, Eastern District of Virginia |
| *Llamas et al. v. TrueFire LLC and TrueFire Inc.* | 8:20-cv-00857 | US District Court, Middle District of Florida |
| *In re Hanna Andersson and Salesforce.com Data Breach Litigation* | 3:20-cv-00812 | US District Court, Northern District of California |
| *Nelson et al. v. Idaho Central Credit Union* | CV03-20-00831 / CV03-20-03221 | Sixth Judicial District, State of Idaho |
| *Madrid et al. v. Golden Valley Health Centers* | 20-CV-01484 | Superior Court - California, County of Merced |
| *Gaston et al. v. FabFitFun Inc.* | 2:20-cv-09534 | US District Court, Central District of CA |
| *Riggs v. Kroto Inc., d/b/a iCanvas* | 1:20-cv-05822 | US District Court, Northern District of Illinois |
| *Baldwin v. James Mitchell PhD et al.* | CV-2018-900302 | Circuit Court of Dallas County, Alabama |
| *Carr et al. v. Beaumont Health et al.* | 2020-181002-NZ | Circuit Court for the County of Oakland |
| *Pygin v. Bombas LLC et al.* | 4:20-cv-04412 | US District Court, Northern District of CA |
| *Slos v. Select Health Network Inc.* | 71D05-2002-PL-000060 | St Joseph County Superior Court |
| *In re Home Depot, Inc., Customer Data Security Breach Litigation* | 1:14-md-02583 | US District Court, Northern District of Georgia |
| *In re Ashley Madison Customer Data Security Breach Litigation* | 4:15-md-02669 | US District Court, Eastern District of Missouri |
| *Sackin, et al. v. TransPerfect Global, Inc.* | 1:17-cv-01469 | US District Court, Southern District of NY |
| *Clark v. Experian Information Solutions, Inc.* | 3:16-cv-00032 | US District Court, Eastern District of Virginia |
| *McKenzie v Allconnect Inc.* | 5:18-cv-00359 | US District Court, Eastern District of Kentucky |
| *Friske v Bonnier Corporation* | 2:16-cv-12799 | US District Court, Eastern District of Michigan |
| *Rivera v Aimbridge Hospitality, LLC* | 2018-CA-7870 | 13th Judicial Circuit, Hillsborough County, FL |
| *Remijas et al. v. Neiman Marcus Group LLC* | 1:14-cv-01735 | US District Court, Northern District of Illinois |

**Data Security**

57.     Angeion recognizes that security is paramount to class action notice and administration and has developed policies and procedures to secure our physical and network environments and to ensure the protection of data. We have implemented Network Access Policies including Access Control, Acceptable Use, Wireless Access, Password, and two-factor authentication. Background Checks and Employee Termination policies are also standard protocols. Our Network Security policies include Network Perimeter Security, Server Hardening, Anti-Virus, Data Retention, Incident Response and Disaster Recovery Procedures. A copy of all

data is kept offline at all times. This ensures that should our systems go down for any reason; all data will remain accessible so that cases may be administered without interruption.

58.     Our practices and system are compliant with the California Consumer Privacy Act, as currently drafted. We routinely monitor and review our policies and programs to ensure their continuing suitability, adequacy, and effectiveness. Reviews include assessing opportunities for improvement of information security policies as well as our approach to managing information security in response to changes to environment, new threats and risks, business circumstances, legal and policy implications, and technical environment.

**Fraud Prevention**

59.     Angeion maintains a robust, multi-tiered fraud detection system to identify and prevent fraudulent claims submissions. By way of example, we employ an elaborate technical process to identify potential claim duplication. Specifically, a series of database-driven searches are used to find duplicate names and addresses in our claims database. Normally, both the claimant's name and associated nicknames, as well as the standardized addresses, are compared in the database for purposes of claim duplication detection.  However, we may use additional data points, depending on what Google can provide to Angeion. The matching process is normally an exact match algorithm, followed by a looser matching algorithm. In addition to the above process, we detect duplicates based on misspelled names and addresses. We use a combination of matched characters in the name and address and a threshold percentage that is used to detect potential duplicate claims. In this detection routine, we can match commonly misspelled names such as "John" and "Jhon" and address inconsistencies such as "Manhattan St" and "Manhattan Street" as a potential duplicate claim.

60.     Other fraud prevention measures that we typically apply include:

>      IP Duplication Detection: A report driven from the IP logs that display claims filed from the same IP address. The originating claim IP address is coupled with claimant name and address information to review and determine duplication.

IP Switching Detection: A report where the IP address of the claimant changes during the claim filing process. This might indicate that a claimant is trying to avoid a static IP capture from our website.

Claimant Payment address: Detection of multiple claims filed using the same email.

**Class Member Experience**

61.    Angeion is a pioneer in ensuring that the class member experience is a focal point of the administration process. Fully cognizant that a critical element of administration in this case is meaningful and effective interaction and communication with the Class, we design the customer experience to meet the intricacies of each class action, including custom scripts, FAQs, and other critical class member communications.  In every class action that we administer, we strive to make the class member experience seamless, easy, and professional. Our staff undergo extensive training on the specifics of the litigation so that class members receive accurate and consistent information regarding the settlement whether via email or by phone. We pride ourselves on providing rapid response time, generally within one business day.

**Distribution of Any Benefits**

62.    Aside from traditional check payments, Angeion is at the forefront of offering multiple digital payment options, such as PayPal, Venmo, Zelle, ACH transfers, and virtual pre-paid cards.

63.    Depending on the volume of eligible awards and case-specific requirements, payments may be disbursed in a single day or staggered over a few business days once the claim process and review has been completed and calculations performed. The primary benefit of staggering the distribution, if deemed appropriate, would be to alleviate overwhelming spikes in contact center and inbox communications, allowing Angeion to provide the best service and responsiveness to Class Members. Once claims are assessed and awards are determined, a reasonable disbursement schedule can be determined based on the details and requirements of the administration.

1

## **Conclusion**

2      64.     Based on my many years of experience administering class action settlements, it

3  is my opinion that the methods of notice outlined herein will provide full and proper notice to

4  Class Members and that the Notice Plan is the best notice that is practicable under the

5  circumstances and will fully comport with due process and all applicable rules and standards.

6

7      I declare under penalty of perjury under the laws of the United States that the foregoing is

8  true and correct, and that this declaration was executed in Parkland, Florida.

9

10

11    August 4, 2022

12         Date                                                            Steven Weisbrot, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# Attachment 1



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



# Judicial Recognition

© Angeion Group, LLC



### IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION
### Case No. 5:18-md-02827

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021):   Angeion undertook a comprehensive notice campaign...The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

### IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION
### Case No. 1:20-cv-04699

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (October 1, 2021):  The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

### IN RE: GOOGLE PLUS PROFILE LITIGATION
### Case No. 5:18-cv-06164

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members...

### IN RE: FACEBOOK INTERNET TRACKING LITIGATION
### Case No. 5:12-md-02314

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 31, 2022): The Court approves the Notice Plan, Notice of Proposed Class Action Settlement, Claim Form, and Opt-Out Form, which are attached to the Settlement Agreement as Exhibits B-E, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.



### CITY OF LONG BEACH v. MONSANTO COMPANY
**Case No. 2:16-cv-03493**

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

### STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC
**Case No. 3:20-cv-00903**

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

### WILLIAMS v. APPLE INC.
**Case No. 3:19-cv-0400**

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

### CLEVELAND v. WHIRLPOOL CORPORATION
**Case No. 0:20-cv-01906**

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances...The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

*RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.*

**Case No. 5:19-cv-04596**

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

*CAMERON v. APPLE INC.*

**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

*RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS*

**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

*JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.*

**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish),



and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### *NELLIS v. VIVID SEATS, LLC*
**Case No. 1:20-cv-02486**

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation...(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### *PELLETIER v. ENDO INTERNATIONAL PLC*
**Case No. 2:17-cv-05114**

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### *BIEGEL v. BLUE DIAMOND GROWERS*
**Case No. 7:20-cv-03032**

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action...and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.



### *QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
**Case No. 37-2019-00017834-CU-NP-CTL**

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### *HOLVE v. MCCORMICK & COMPANY, INC.*
**Case No. 6:16-cv-06702**

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021):  The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
**Case No. 1:20-cv-03962**

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021):  The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### *PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
**Case No. 3:19-cv-00167**

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

*IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)*
**Case No. 6:20-md-02977**

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021):  The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan…The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

*ROBERT ET AL. v. AT&T MOBILITY, LLC*
**Case No. 3:15-cv-03418**

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021):  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action …(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

*PYGIN v. BOMBAS, LLC*
**Case No. 4:20-cv-04412**

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021):  The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

*WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.*
**Case No. 1:20-cv-23564**

The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021):  The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices

substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

### NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION
**Case No. CV03-20-00831, CV03-20-03221**
The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

### IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION
**Case No. 3:20-cv-00812**
The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

### IN RE: PEANUT FARMERS ANTITRUST LITIGATION
**Case No. 2:19-cv-00463**
The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

### BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.
**Case No. 2:19-cv-13554**
The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION
**Case No. 2:19-mn-02886**
The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the

circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

### ADKINS ET AL. v. FACEBOOK, INC.
**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020):   Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

### IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION
**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

### MARINO ET AL. v. COACH INC.
**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

# JUDICIAL RECOGNITION



*BROWN v. DIRECTV, LLC*
**Case No. 2:13-cv-01170**

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

*IN RE: SSA BONDS ANTITRUST LITIGATION*
**Case No. 1:16-cv-03711**

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

*KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.*
**Case No. 4:18-cv-00430**

The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

*HESTER ET AL. v. WALMART, INC.*
**Case No. 5:18-cv-05225**

The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

*CLAY ET AL. v. CYTOSPORT INC.*
**Case No. 3:15-cv-00165**

The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

*GROGAN v. AARON'S INC.*

**Case No. 1:18-cv-02821**

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

*CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*

**Case No. D-202-CV-2001-00579**

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

*SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*

**Case No. 4:16-cv-02200**

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness



website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### *HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC*
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### *CORCORAN, ET AL. v. CVS HEALTH, ET AL.*
### Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

*PATORA v. TARTE, INC.*

**Case No. 7:18-cv-11760**

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

*CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*

**Case No. 2:16-cv-00633**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

*CORZINE v. MAYTAG CORPORATION, ET AL.*

**Case No. 5:15-cv-05764**

The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

*MEDNICK v. PRECOR, INC.*

**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified

through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.
### Case No. 1:18-cv-20048
The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### ANDREWS ET AL. v. THE GAP, INC., ET AL.
### Case No. CGC-18-567237
The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### COLE, ET AL. v. NIBCO, INC.
### Case No. 3:13-cv-07871
The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this..., (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.
### Case No. 1:14-cv-14744
The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the

requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*

**Case No. 3:17-md-02777**

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### *RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY*

**Case No. 1:15-cv-04519**

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### *MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.*

**Case No. 7:16-cv-06981**

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr.

Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### IN RE: OUTER BANKS POWER OUTAGE LITIGATION
### Case No. 4:17-cv-00141

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.
### Case No. 7:13-cv-03073

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### HALVORSON v. TALENTBIN, INC.
### Case No. 3:15-cv-05166

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation;

of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

*IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION*
MDL No. 2669/Case No. 4:15-md-02669

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

*TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.*
Case No. 1:15-cv-00912

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*
## Case No. 1:14-md-02583

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

*ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC*
## Case No. 384003V

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

*IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION*
## Case No. 2:08-cv-00051

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

*FENLEY v. APPLIED CONSULTANTS, INC.*

**Case No. 2:15-cv-00259**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of ***the efforts of Angeion were highly successful and fulfilled all of those requirements*** [emphasis added].

*FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.*

**Case No. 1:15-cv-08372**

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

*IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION*

**MDL No. 2001/Case No. 1:08-wp-65000**

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

*SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.*

**Case No. 2:09-cv-08394**

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to

the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### FERRERA, ET AL. v. SNYDER'S-LANCE, INC.
### Case No. 0:13-cv-62496
The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION
### MDL No. 2328/Case No. 2:12-md-02328
The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.
### Case No. 0:13-cv-61747
The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall

constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

*OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*

**Case No. 3:14-cv-00645**

The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# Attachment 2

# Steven Weisbrot, Esquire

**9285 Solstice Circle**
**Parkland, Florida 33076**
**(856) 236-7627**
**Steve@AngeionGroup.com**

---

## Summary

Internationally recognized expert on class action notice and settlement administration processes, with strong expertise in the design and implementation of due process notice programs, class action and mass tort claims processes, claim form design, legal notification campaigns and the use of digital and social media in class action notice campaigns and class member distributions.

---

## Education

**Rutgers University School of Law**
**Juris Doctor**, *Camden, NJ*                                              2004

**Rowan University**
**Bachelor of Arts- Professional Writing/Journalism,** *Glassboro, NJ*        2001

---

## Career History

**Angeion Group**                                          August 2021 - Present
President & Chief Executive Officer

**Angeion Group**                                       March 2021 – August 2021
President & Chief Innovation Officer

**Angeion Group**                                        June 2017 – March 2021
Chief Innovation Officer

**Angeion Group**                                       October 2013 – June 2017
Executive Vice President, Notice & Strategy

**Kurtzman Carson Consultants**                      April 2011 - September 2013
Director, Class Action Services

**Attorney in Private Practice**                    September 2004 - April 2011
Lane M. Ferdinand P.A.
Jaroslawicz & Jaros, LLC
Nagel Rice, LLP
Luber & Cataldi, LLC

**Speaking Engagements and Accredited CLE Programs**

12/2012 **Morgan Lewis & Bockius**- *Ethics of Legal Notification in Class Action Settlements*

08/2013 **DLA Piper**- *The Fundamentals of Settlement Administration*

10/2013 **New Jersey Institute for Continuing Legal Education**- *Nuts and Bolts of Filing a Class Action*

05/2014 **Angeion Group LLC and Xaxis**- *Class Action Digital and Social Media Symposium, Use of Digital and Social Media in Class Action Settlements*

09/2014 **Duane Morris LLP** - *Ascertainability and Damages Issues in Food and Cosmetic Mislabeling Class Actions*

10/2014 **Terrell Marshall Daudt & Willie, PLLC, and Keller Rohrback, LLP**- *Cutting Edge Class Action Notice Programs*

10/2014 **American Bar Association**- 2014 Class Actions National Institute- *Big Shoulders and High Standards. Can Plaintiff Scale the Third Circuit's New Ascertainability Wall?*

02/2015- **Bridgeport Consumer Class Action Conference**- *Changing Standards for Class Certification*

04/2015- **2015 Class Action Litigation & Management Conference**– *Pitfalls of Class Action Notice and Claims Administration*

05/2015 **Perrin Conferences Class Action Litigation Conference**– *Evolving Ethical Considerations in Class Action Settlements*

11/2015 **Challenges Facing the Food & Beverage Industries in Complex Consumer Litigations**

05/2016 **Perrin Conference Class Action Litigation Conference**- *Mediation and Settlement Strategies*

07/2016 **American Association of Justice, Consumer Class Action Litigation Group**- *Using Digital and Social Media to Reach Class Members*

10/2018 **DLA Piper Class Action Litigation Group**– *International Class Action Survey*

02/2019 **Global Justice Network**– *International Claims Management – Issues and Solutions*

03/2019 **3rd International Conference on the Resolution of Consumer Mass Disputes**- *The role of lawyers and funders – Ethical issues and effectiveness for class members.*

07/2019 **American Association of Justice, Consumer Class Action Litigation Group**- *Using Earned and Paid Media in Class Action Settlements*

10/2019 **American Bar Association's 23rd Annual National Institute on Class Actions**- *What Lawyers Don't Understand About Notice and Claims Administration*

04/2020 **Mass Torts Made Perfect-** *Mass Tort Litigation In Europe: The New Frontier*

10/2020 **Western Alliance Bank**- *Rule 23 Amendments: How They Are Reshaping Class Action Settlements & What Attorneys Need to Know*

04/2021 **Western Alliance Bank**- *Class Action Trends in the Appellate Process*

11/2021 **International Comparative Legal Guides**-*Global Class Actions Symposium*

04/2022 **Mass Torts Made Perfect-** *Control Your Legitimate Claim Rate!*

06/2022 **DLA Piper Global Class Actions Client Summit 2022-** *Class Action General; Developments in Privacy Class Actions; Claims Assembly; American/European Comparison; America to Europe; CRD General*

---

### Articles Authored or Co-Authored

| | | |
|---|---|---|
| *Guidelines and Best Practices Implementing 2018 Amendments To Rule 23 Class Action Settlement Provisions* | Duke Law School | 2018 |
| *Is Digital the New Print in Class Action Notification Programs?* | American Bar Association | 2015 |
| *A New Approach for Class Action Media Notice Programs* | Portfolio Media (Law360) | 2014 |
| *Steps for Smooth Class Action Settlement Administration* | Portfolio Media (Law360) | 2013 |
| *When Selecting a Class Action Settlement Administrator: Do Not Settle for Less!* | BNA Publications | 2012 |
| *How to Design Your Notice to Minimize Professional Objectors* | classactionlawsuitdefense.com | 2012 |

---

### Prior Expert Testimony

*In re Apple Device Performance Litigation*, No. 5:18-md-02827 (N.D. Cal.)

*Haynes Properties, LLC, et al. v. Burley Tobacco Growers Cooperative Association*, No. 20-CI-332 (Kentucky State Court)

*Daren Michael Shields v State Farm Mutual Auto Insurance Company*, No. 6:19-cv-0159 (W.D. La.)

*Nichols, et al. v. Noom, Inc., et al.*, No. 1:20-cv-03677 (S.D.N.Y.)

I have also provided written testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of media in effecting Due Process notice.

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 5th day of August, 2022.

By: */s/ Raina C. Borrelli*
Raina Borrelli (*pro hac vice*)
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509-4423