**JENNER & BLOCK LLP**
Benjamin T. Halbig (Cal. Bar. No. 321523)
bhalbig@jenner.com
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone:     628 267-6800
Facsimile:     628 267-6859

**JENNER & BLOCK LLP**
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
353 North Clark Street
Chicago, Illinois 60654
Telephone:     312 222-9350
Facsimile:     312 527-0484

*Attorneys for Defendant PeopleConnect, Inc.*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE GEOFFREY ABRAHAM, ALICE ZHANG, WAYNE TSENG, and JAMAAL CARNEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs.<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>Defendant. | Case No.3:20-cv-09203-EMC<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CAL. CIV. CODE § 3344, CAL. BUS. & PROF. CODE § 17200, AND CALIFORNIA UNJUST ENRICHMENT** |

Plaintiffs Jamaal Carney and Alice Zhang voluntarily dismissed their individual claims in this action on December 30, 2022 and Plaintiff Lawrence Geoffrey Abraham voluntarily dismissed his claims in this action on January 10, 2023. As such, no answer to allegations regarding Mr. Carney, Ms. Zhang, or Mr. Abraham is required. Answering further, PeopleConnect states as follows:

1.      Plaintiffs LAWRENCE GEOFFREY ABRAHAM, ALICE ZHANG, WAYNE TSENG, and JAMAAL CARNEY, by and through their attorneys, make the following allegations on information and belief, except as to factual allegations pertaining to Plaintiffs, which are based on personal knowledge.

**ANSWER:**   As to Plaintiff Wayne Tseng ("Plaintiff"), PeopleConnect lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1 that pertain to him and on that basis denies those allegations. As to former Plaintiffs Alice Zhang, Jamaal Carney, and Lawrence Geoffrey Abraham, no answer is required.

## INTRODUCTION

2.      Plaintiffs bring this class action complaint against PEOPLECONNECT, INC. ("**Classmates**") for knowingly misappropriating the names, photographs, and likenesses of Plaintiffs and the class; knowingly using those names, photographs, and likenesses to advertise its products and services, including subscription memberships to the website Classmates.com; and knowingly using those names, photographs, and likenesses on and in the website Classmates.com, without obtaining prior consent from Plaintiffs and the class.

**ANSWER:**   PeopleConnect admits that Plaintiff brings this Complaint styled as a putative class action against PeopleConnect. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 2.

3.      Classmates' business model relies on extracting personal information from school yearbooks, including names, photographs, schools attended, and other biographical information. Classmates aggregates the extracted information into digital records that identify specific individuals by name, photograph, and other personal information, and stores the digital records in a massive online database. Classmates provides free access to some of the personal information in its database in order to

drive users to purchase a paid product — a monthly subscription to Classmates.com that retails for up to $3 per month — and to gather registered users, from whom Classmates profits by selling targeted ads.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 3.

4.    According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the Collection contains records corresponding to millions of Californians.

**ANSWER:**    PeopleConnect admits the Classmates.com website provides access to over 400,000 yearbooks. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 4.

5.    Classmates has not received consent from, given notice to, or provided compensation to the millions of Californians whose names, photographs, biographical information, and identities appear in its Classmates Yearbook Collection.

**ANSWER:**    The allegations of paragraph 5 consist of legal conclusions and as such, no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 5. Answering further, PeopleConnect denies that it must obtain consent from Californians whose names, photographs, biographical information, and identities appear in its Classmates Yearbook Collection or that those Californians are entitled to notice or compensation.

6.    The names, photographs, cities of residence, schools attended, likenesses, and identities contained in the Classmates Yearbook Collection uniquely identify specific individuals.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 6.

7.    Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection to advertise, sell, and solicit the purchase of its **"CM+"** subscription membership, which retails for up to $3 per month.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 7.

8.    Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection to advertise the free version of its website,

which is available to both unregistered users and registered non-paying users. Classmates derives profit from the free version of its website by (1) selling targeted ads; (2) driving users of the free version to purchase its paid products and services; and (3) on information and belief, selling the personal information it collects from registered and unregistered users to third parties.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 8.

9.    Classmates knowingly uses the names, photographs, cities of residence, schools attended, likenesses, and identities in its Classmates Yearbook Collection on and in its products and services, by (1) selling access to the records to paying subscribers via its CM+ online membership plan; and (2) including these records on the free version of its website that is available to unregistered users and registered non-paying users, which Classmates distributes for free to the public as a means of advertising its services and attracting paying subscribers.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 9.

10.    By misappropriating and misusing millions of Californian's names, photographs, and likenesses without consent, Classmates has harmed Plaintiffs and the class by denying them the economic value of their likenesses, violating their legally protected rights to exclusive use of their likenesses, infringing their intellectual property without compensation, and disturbing their peace of mind. Classmates has also earned ill-gotten profits and been unjustly enriched.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 10.

11.    These practices, as further detailed in this complaint, violate the California right to publicity as codified in Cal. Civ. Code § 3344; the California Unfair Competition Law, Cal. Bus. & Prof Code § 17200 *et seq*.; and California Unjust Enrichment law.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 11.

**JURISDICTION AND VENUE**

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative class are citizens of a state different from at least one defendant. According to available public records, defendant PeopleConnect Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. The class members are residents

of California. (B) The proposed class consists of at least 100 members. Classmates advertises that its Classmates Yearbook Collection comprises records collected from **"over 400,000 yearbooks."** While Classmates does not publish statistics concerning the total number of records in each yearbook, or a breakdown by state, a conservative estimate would place the number of individual records corresponding to Californians in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Cal. Civ. Code § 3344 provides for damages equal to the greater of $750 per violation, the actual damages suffered by Plaintiffs, or the profits earned by Defendants attributable to the unauthorized use. Given millions of likely records in California, the amount in controversy is well over the jurisdictional amount.

**ANSWER:**    The allegations contained in paragraph 12 consist of legal conclusions to which no response is required. To the extent a response is required, PeopleConnect admits only that the Complaint purports to allow the Court to exercise jurisdiction under 28 U.S.C. § 1332(d), that PeopleConnect, Inc. is incorporated in Delaware and has its principal place of business in Washington, and that the Classmates.com website provides access to hundreds of thousands of yearbooks. PeopleConnect lacks knowledge or information sufficient to form a belief about the citizenships of the Plaintiff and most members of the putative class. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 12.

13.    This Court has personal jurisdiction over the claims of Plaintiffs and the non-named class members. Classmates maintains substantial connections to the state of California and this district. Classmates maintains an office in Woodland Hills, California. Classmates advertises its products and services to prospective customers in this state and district, provides its products and services to existing customers in this state and district, and uses the misappropriated names, photographs, likenesses, images, and identities of residents of this state and district as described in this complaint.

**ANSWER:**    The allegations of paragraph 13 consist of a legal conclusion to which no response is required and refer to a dismissed defendant unrelated to PeopleConnect, Inc., so no response is required. To the extent a response is required, PeopleConnect admits that it conducts business in California and otherwise denies the allegations of paragraph 13.

14.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district. A substantial portion of the class members reside in this state and district. Named Plaintiffs Lawrence Geoffrey Abraham, Alice Zhang, Wayne Tseng, and Jamaal Carney reside in this district.

**ANSWER:**     Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, PeopleConnect lacks sufficient knowledge to form a belief as to the true residency of Plaintiff Wayne Tseng or other putative class members and on that basis denies those allegations. As Plaintiffs Jamaal Carney, Alice Zhang, and Lawrence Geoffrey Abraham have been dismissed from this lawsuit, no answer to allegations regarding their true residency is required. PeopleConnect denies the remaining allegations of paragraph 14.

## INTRADISTRICT VENUE

15.     Venue in this Division of the Northern District is proper because a substantial part of the events or omissions which give rise to the claim occurred in San Francisco County and because the named Plaintiffs live in this District.

**ANSWER:**     Paragraph 15 consists of a legal conclusion to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 15.

## PARTIES

**Defendant Classmates**

16.     Defendant PEOPLECONNECT, INC. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," and other brand names associated with the various website and services it owns and operates. It conducts business throughout this district, California, and the United States. PeopleConnect, Inc. owns and operates the website Classmates.com.

**ANSWER:**     PeopleConnect admits that PeopleConnect, Inc. is a Delaware corporation with its headquarters in Washington and that it owns and operates Classmates.com. PeopleConnect denies the remaining allegations of paragraph 16.

**Plaintiff Lawrence Geoffrey Abraham**

17.     Plaintiff Lawrence Geoffrey Abraham is a resident of San Francisco, California. Mr. Abraham is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

**ANSWER:**     As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 17 is required.

18.     Mr. Abraham has never provided consent to Classmates, written or otherwise, for the use of his name, photograph, or likeness.

**ANSWER:**     As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 18 is required.

19.     Classmates has never notified, requested consent from, or provided compensation to Mr. Abraham for its appropriation of his name, photograph, and likeness. Mr. Abraham first became aware that his personal information and photographs are being used by Classmates through the investigation of this lawsuit.

**ANSWER:**     As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 19 is required.

**Plaintiff Alice Zhang**

20.     Plaintiff Alice Zhang is a resident of Berkeley, California, in Alameda County. Ms. Zhang has never visited or used the website Classmates.com. Ms. Zhang is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 20 is required.

21.     Ms. Zhang has never provided consent to Classmates, written or otherwise, for the commercial use of her name, photograph, or likeness.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 21 is required.

1  22. Classmates has never notified, requested consent from, or provided compensation to Ms.

2 Zhang for its misappropriation and commercial exploitation of her name, photograph, and likeness.

3  **ANSWER:** As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

4 paragraph 22 is required.

5  23. There is no agreement to arbitrate between Ms. Zhang and Classmates or PeopleConnect.

6 At no time has Ms. Zhang believed any agreement between herself and Classmates or PeopleConnect exists

7 or existed.

8  **ANSWER:** As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

9 paragraph 23 is required.

10  24. Ms. Zhang hereby expressly repudiates any agreement to arbitrate that Classmates or

11 PeopleConnect may contend exists or existed.

12  **ANSWER:** As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

13 paragraph 24 is required.

14  25. Ms. Zhang instructed her attorneys to pursue a claim against Classmates in federal court.

15 Ms. Zhang has never authorized, and does not authorize, her attorneys to agree to arbitration on her behalf.

16  **ANSWER:** As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

17 paragraph 25 is required.

18  26. Ms. Zhang is not aware of any agreements between any of her attorneys and

19 Classmates/PeopleConnect.

20  **ANSWER:** As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

21 paragraph 26 is required.

22  27. Ms. Zhang is not aware of any accounts on Classmates.com created by her attorneys.

23  **ANSWER:** As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

24 paragraph 27 is required.

25  28. Ms. Zhang did not instruct her attorneys to investigate the Classmates.com website. Ms.

26 Zhang did not instruct her attorneys to register for an account or agree to a Terms of Service.

27

28

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:20-cv-09023-EMC

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 28 is required.

29.     To confirm the presence of Ms. Zhang's photograph on Classmates.com and collect the single screenshot shown in the Complaint below, a non-attorney staff member of Turke & Strauss LLP searched for Ms. Zhang's name on the publicly available portion of the Classmates.com website. At the time she performed the search, the publicly available portion of the Classmates.com website did not require agreement to any TOS. The staff member never saw a TOS and did not agree to any TOS.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 29 is required.

30.     None of Ms. Zhang's attorneys or their staff visited any portion of the Classmates.com website that requires agreement to a TOS to gather information related to her claim.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 30 is required.

31.     All the information supporting Ms. Zhang's complaint is publicly available without agreeing to any TOS. That Ms. Zhang's photograph is on Classmates.com is verifiable by searching for her name on portions of the site that do not require agreeing to the TOS. The advertising flow Classmates uses to promote website subscriptions is described in detail in publicly available documents, including the initial Complaint filed in this case. That Classmates publicly displays a version of the advertising flow that incorporates Ms. Zhang's photograph is reasonably alleged on information and belief, because Classmates uses all student yearbook photographs in the same way.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 31 is required.

**Plaintiff Wayne Tseng**

32.     Plaintiff Wayne Tseng is a resident of El Sobrante, California, in Contra Costa County. Mr. Tseng is not a subscriber of any Classmates products or services and is not subject to any Terms of Service or any other agreement with Classmates.

1   **ANSWER:**   PeopleConnect lacks sufficient knowledge to form a belief as to whether Mr. Tseng

2   is a resident of El Sobrante, California, in Contra Costa County, or whether he is a subscriber of any

3   Classmates products or services or whether he is subject to any of the Terms of Service and on that basis

4   denies those allegations. PeopleConnect denies the remaining allegations of paragraph 32.

5   33.   Mr. Tseng has never provided consent to Classmates, written or otherwise, for the

6   commercial use of his name, photograph, or likeness.

7   **ANSWER:**   Paragraph 33 contains a legal conclusion to which no response is required. To the

8   extent a response is required, PeopleConnect denies the allegations of paragraph 33.

9   34.   Classmates has never notified, requested consent from, or provided compensation to Mr.

10  Tseng for its misappropriation and commercial exploitation of his name, photograph, and likeness.

11  **ANSWER:**   Paragraph 34 contains a legal conclusion to which no response is required. To the

12  extent a response is required, PeopleConnect denies the allegations of paragraph 34. Answering further,

13  PeopleConnect denies that it must obtain consent from Californians whose names, photographs, or

14  likenesses appear in its Classmates Yearbook Collection or that those Californians are entitled to notice or

15  compensation.

16  35.   There is no agreement to arbitrate between Mr. Tseng and Classmates or PeopleConnect. At

17  no time has Mr. Tseng believed any agreement between himself and Classmates or PeopleConnect exists

18  or existed.

19  **ANSWER:**   Paragraph 35 contains a legal conclusion to which no response is required. To the

20  extent a response is required, PeopleConnect lacks sufficient knowledge to form a belief as to whether

21  there is an agreement to arbitrate between Mr. Tseng and Classmates or PeopleConnect or whether Mr.

22  Tseng believes there was any agreement between himself and Classmates or PeopleConnect and on that

23  basis denies those allegations.

24  36.   Mr. Tseng hereby expressly repudiates any agreement to arbitrate that Classmates or

25  PeopleConnect may contend exists or existed.

26  **ANSWER:**   Paragraph 36 contains a legal conclusion to which no response is required. To the

27  extent a response is required, PeopleConnect denies the allegations of paragraph 36. Answering further,

28

PeopleConnect states that the Classmates.com TOS provides specific instructions that must be followed in order for an opt-out of the arbitration provisions in the TOS to be effective. Neither Mr. Tseng nor anyone acting on his behalf has done so. Moreover, Mr. Tseng cannot retain the benefit of such an agreement while purporting to repudiate it.

37.     Mr. Tseng instructed his attorneys to pursue a claim against Classmates in federal court. Mr. Tseng has never authorized, and does not authorize, his attorneys to agree to arbitration on his behalf

**ANSWER:**     PeopleConnect lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies the allegations.

38.     Mr. Tseng is not aware of any agreements between any of his attorneys and Classmates/PeopleConnect.

**ANSWER:**     PeopleConnect lacks sufficient knowledge to form a belief as to the truth of the allegation in paragraph 38 and on that basis denies the allegation.

39.     Mr. Tseng is not aware of any accounts on Classmates.com created by his attorneys.

**ANSWER:**     PeopleConnect lacks sufficient knowledge to form a belief as to the truth of the allegation in paragraph 39 and on that basis denies the allegation.

40.     Mr. Tseng did not instruct his attorneys to investigate the Classmates.com website. Mr. Tseng did not instruct his attorneys to register for an account or agree to a Terms of Service.

**ANSWER:**     PeopleConnect lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 40 and on that basis denies the allegations.

41.     To confirm the presence of Mr. Tseng's photograph on Classmates.com and collect the single screenshot shown in the Complaint below, a non-attorney staff member of Turke & Strauss LLP searched for Mr. Tseng's name on the publicly available portion of the Classmates.com website. At the time she performed the search, the publicly available portion of the Classmates.com website did not require agreement to any TOS. The staff member never saw a TOS and did not agree to any TOS.

**ANSWER:**     PeopleConnect lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 41 and on that basis denies the allegations.

1   42.   None of Mr. Tseng's attorneys or their staff visited any portion of the Classmates.com

2   website that requires agreement to a TOS to gather information related to his claim.

3   **ANSWER:**   PeopleConnect denies the allegations of paragraph 42. Answering further,

4   PeopleConnect states that Mr. Tseng's counsel have admitted that they visited portions of the

5   Classmates.com website "to gather the facts needed" to file this lawsuit.

6   43.   All the information supporting Mr. Tseng's complaint is publicly available without agreeing

7   to any TOS. That Mr. Tseng's photograph is on Classmates.com is verifiable by searching for his name on

8   portions of the site that do not require agreeing to the TOS. The advertising flow Classmates uses to

9   promote website subscriptions is described in detail in publicly available documents, including the initial

10  Complaint filed in this case. That Classmates publicly displays a version of the advertising flow that

11  incorporates Mr. Tseng's photograph is reasonably alleged on information and belief, because Classmates

12  uses all student yearbook photographs in the same way.

13  **ANSWER:**   PeopleConnect admits that when Mr. Tseng's photograph was still on

14  Classmates.com, a person could verify that Mr. Tseng's photograph was on Classmates by searching for

15  Mr. Tseng's name on portions of the site that do not require agreeing to the TOS.  Unless expressly admitted

16  here, PeopleConnect denies the remaining allegations of paragraph 43.

17  **Plaintiff Jamaal Carney**

18  44.   Plaintiff Jamaal Carney is a resident of Berkeley, California, in Alameda County. Mr.

19  Carney is not a subscriber of any Classmates products or services and is not subject to any Terms of Service

20  or any other agreement with Classmates.

21  **ANSWER:**   As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

22  paragraph 44 is required.

23  45.   Mr. Carney has never provided consent to Classmates, written or otherwise, for the

24  commercial use of his name photograph, or likeness.

25  **ANSWER:**   As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

26  paragraph 45 is required.

27

28

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:20-cv-09023-EMC

46.     Classmates has never notified, requested consent from, or provided compensation to Mr. Carney for its misappropriation and commercial exploitation of his name, photograph, and likeness.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 46 is required.

47.     There is no agreement to arbitrate between Mr. Carney and Classmates or PeopleConnect. At no time has Mr. Carney believed any agreement between himself and Classmates or PeopleConnect exists or existed.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 47 is required.

48.     Mr. Carney hereby expressly repudiates any agreement to arbitrate that Classmates or PeopleConnect may contend exists or existed.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 48 is required.

49.     Mr. Carney instructed his attorneys to pursue a claim against Classmates in federal court. Mr. Carney has never authorized, and does not authorize, his attorneys to agree to arbitration on his behalf.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 49 is required.

50.     Mr. Carney is not aware of any agreements between any of his attorneys and Classmates/PeopleConnect.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 50 is required.

51.     Mr. Careny [sic] is not aware of any accounts on Classmates.com created by his attorneys.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 51 is required.

52.     Mr. Carney did not instruct his attorneys to investigate the Classmates.com website. Mr. Carney did not instruct his attorneys to register for an account or agree to a Terms of Service.

1    **ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

2    paragraph 52 is required.

3        53.    To confirm the presence of Mr. Carney's photograph on Classmates.com and collect the

4    single screenshot shown in the Complaint below, a non-attorney staff member of Turke & Strauss LLP

5    searched for Mr. Carney's name on the publicly available portion of the Classmates.com website. At the

6    time she performed the search, the publicly available portion of the Classmates.com website did not require

7    agreement to any TOS. The staff member never saw a TOS and did not agree to any TOS.

8        **ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

9    paragraph 53 is required.

10        54.    None of Mr. Carney's attorneys or their staff visited any portion of the Classmates.com

11   website that requires agreement to a TOS to gather information related to his claim.

12        **ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

13   paragraph 54 is required.

14        55.    All the information supporting Mr. Carney's complaint is publicly available without

15   agreeing to any TOS. That Mr. Carney's photograph is on Classmates.com is verifiable by searching for

16   his name on portions of the site that do not require agreeing to the TOS. The advertising flow Classmates

17   uses to promote website subscriptions is described in detail in publicly available documents, including the

18   initial Complaint filed in this case. That Classmates publicly displays a version of the advertising flow that

19   incorporates Mr. Carney's photograph is reasonably alleged on information and belief, because Classmates

20   uses all student yearbook photographs in the same way.

21        **ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

22   paragraph 55 is required.

23                              **NAMED PLAINTIFFS' FACTUAL ALLEGATIONS**

24   **Plaintiff Abraham**

25        56.    Classmates' Yearbook Collection contains sixteen unique records corresponding to Mr.

26   Abraham, all from yearbooks between the years of 1998 and 2004 from Albuquerque Academy in

27   Albuquerque, New Mexico, where Mr. Abraham attended school. The records uniquely identify Mr.

28

Abraham. All sixteen records include his full name and clearly identify his place of residence and school he attended. Eleven of the records include photographs in which Mr. Abraham's face is plainly visible and identifiable. Various of the records identify Mr. Abraham's participation in school activities such as track, cross country, and chess club. A representative sample of the photographs from three of these records appear as screen captures below:





1

2

3

4

5

6

7

8

9



10

      **ANSWER:**    As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations

11

of paragraph 56 is required.

12

      57.     Classmates has and continues to knowingly use the records containing Mr. Abraham's

13

name, photograph, and likeness to advertise, sell, and solicit the purchase of website subscriptions. Users

14

of the Classmates.com website are encouraged to enter the names of people they may know into a search

15

bar. The search bar is indicated by an arrow labeled **"Start your search here!"**.

16

17

18

19



20

21

22

23

24

25

      **ANSWER:**    As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations

26

of paragraph 57 is required.

27

28

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:20-cv-09023-EMC

58.     Users who enter Mr. Abraham's name receive in response a list of the sixteen records in Classmates' Yearbook Collection corresponding to Mr. Abraham. All Classmates users may search for Mr. Abraham's name and view this list, including unregistered users, registered non-paying users, and paying subscribers.



**ANSWER:**     As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 58 is required.

59.     Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness to advertise, sell, and solicit the purchase of paid subscriptions to its **"CM+"** membership plan. Users may search for and view records containing Mr. Abraham's name, photograph, and likeness. For unregistered users and registered non-paying users, Classmates displays both the requested records and at least two forms of advertisement designed to solicit the purchase of a paid subscription to Classmates for a price ranging from $1.50 to $3 per month. First, adjacent to the list of records containing Mr. Abraham's name, photograph, and likeness, Classmates displays an advertisement prompting the user that **"It's time to upgrade!"** and promising several benefits to paying subscribers, including discounted prices on yearbook reprints. Users who click the link are brought to a page soliciting the purchase of a paid subscription membership.



**ANSWER:**     As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 59 is required.

60.     Second, unregistered users are initially shown a low-resolution version of Mr. Abraham's photograph. Unregistered users who click on Mr. Abraham's photograph looking for a higher-resolution version are shown a pop-up asking them to register in order to view **"full-size yearbooks."**



**ANSWER:**     As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 60 is required.

61.     Once users have entered the requested information, Classmates displays a second screen soliciting the purchase of a paid subscription plan, for prices ranging from $1.50 to $3. Although users do

1   not have to pay for a subscription to view full-resolution records, Classmates does everything in its power

2   to obscure this and make the user believe they must pay to continue. The screen is visually dominated by

3   prompts asking users to select a paid plan and enter credit card or other payment information. A link titled

4   **"No thanks"** written in miniscule font at the far top right corner of the page is the only indication users

5   may proceed without paying money.



15       **ANSWER:**    As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations

16   of paragraph 61 is required.

17       62.   Classmates has and continues to knowingly use the sixteen records containing Mr.

18   Abraham's name, photograph, and likeness to advertise registered memberships on its website. Registered

19   memberships are free of charge, but registered users must provide personal information including their

20   high school, year of graduation, name, and email address. Classmates earns money from registered

21   members by displaying targeted ads on its website. Upon information and belief, Classmates also earns

22   money from registered members by selling their personal information to third parties.

23       **ANSWER:**    As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations

24   of paragraph 62 is required.

25       63.   Users may search for and view records containing Mr. Abraham's name, photograph, and

26   likeness. Unregistered users are initially shown low-resolution versions of Mr. Abraham's photographs.

27   Unregistered users who click on a photograph of Mr. Abraham looking for a **"zoomed-in"** higher-resolution

28

version are shown a pop-up soliciting them to register and promising that registration will bring benefits including **"access to all yearbooks"** and the ability to view **"full-sized yearbooks."** As shown in paragraph 61 above, users who register are shown a promotional screen promoting the purchase of a subscription immediately after they register.

**ANSWER:**   As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 63 is required.

64.    Classmates' purpose in appropriating and providing access to Mr. Abraham's name, photograph, and likeness on its website is to advertise, sell, and solicit the purchase of its products and services, including its paid subscription **"CM+"** membership plan and its non¬paying registered membership plan.

**ANSWER:**   As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 64 is required.

65.    Classmates has and continues to knowingly use the sixteen records containing Mr. Abraham's name, photograph, and likeness on and in its products and services by (1) selling access to online records containing Mr. Abraham's name, photograph, and likeness to paying subscribers of its CM+ membership plan; and (2) including online records containing Mr. Abraham's name, photograph, and likeness on the free version of its website available to unregistered users and registered non-paying users.

**ANSWER:**   As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 65 is required.

66.    Through its actions, Classmates has caused harm to Mr. Abraham by depriving him the fair economic value of his likeness; violating his exclusive right to control his likeness; infringing his intellectual property without compensation; and disturbing his peace of mind. Classmates has earned ill-gotten profits and been unjustly enriched through its use of Mr. Abraham's name, photograph, and likeness.

**ANSWER:**   As Mr. Abraham has been dismissed from this lawsuit, no answer to the allegations of paragraph 66 is required.

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:20-cv-09023-EMC

**Plaintiff Alice Zhang**

67.     Plaintiff Alice Zhang is a private individual who has no relationship with Classmates or PeopleConnect. She has never visited, used, or subscribed to Classmates.com.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 67 is required.

68.     Ms. Zhang did not give consent to Classmates to use her photographs, likeness, name, or persona in any way. Had Classmates requested her consent, Ms. Zhang would not have provided it.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 68 is required.

69.     Ms. Zhang highly values her personal privacy and her ability to control and prevent the commercial use of her likeness without her consent.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 69 is required.

70.     Classmates uses Ms. Zhang's yearbook photograph as a minor child in advertisements promoting website subscriptions. Classmates possesses at least one photograph of Ms. Zhang it uses for this purpose, which it misappropriated without her permission from Ms. Zhang's yearbook from Albany High School in Albany, California.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 70 is required.

71.     A screenshot taken from Classmates.com showing the yearbook page from which Classmates extracted Ms. Zhang's photograph appears below. For Ms. Zhang's privacy and the privacy of others displayed, counsel present the screenshot here in a low-resolution format. As it appears on the Classmates website, Ms. Zhang's name and likeness are plainly visible and identifiable. The screenshot shown below was collected by a staff member at Turke & Strauss from a part of the Classmates.com website that does not require assent to the TOS to access. The staff member did not see a TOS and did not agree to a TOS.

1
2
3
4
5
6



7    **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

8    paragraph 71 is required.

9    72.    Classmates incorporates Ms. Zhang's photograph in advertisements for website

10   subscriptions in the same way it incorporates Mr. Abraham's photographs. *See* ¶¶56-65 *above*.

11   **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

12   paragraph 72 is required.

13   73.    Classmates provides a publicly accessible landing page on which non-registered users may

14   search, and have searched, for Ms. Zhang by name and location. *See* ¶57.

15   **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

16   paragraph 73 is required.

17   74.    Users who search for Ms. Zhang receive in response a list of results, which include a low-

18   resolution version of the photograph depicting Ms. Zhang as a minor. *See* ¶¶58-59.

19   **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

20   paragraph 74 is required.

21   75.    Users who click on Ms. Zhang's photograph seeking a high-resolution version receive a

22   pop-up message asking the user to register with Classmates.com **"to view full-size yearbooks."** The user

23   must interact with the pop-up to continue viewing Ms. Zhang's photograph. *See* ¶60.

24   **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of

25   paragraph 75 is required.

26   76.    Once users have clicked **"Submit"** on the pop-up, Classmates displays a screen soliciting

27   the purchase of a paid subscription to Classmates.com. *See* ¶61.

28

1

2

      **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 76 is required.

3

4

      77.    Classmates also displays banner ads promoting Classmates.com subscriptions adjacent to the search results containing Ms. Zhang's photograph. *See* ¶¶58-59.

5

6

      **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 77 is required.

7

8

      78.    As shown above, Classmates' uses Ms. Zhang's photograph, name, and likeness in advertisements it displays publicly on the Internet for the commercial purpose of soliciting subscriptions.

9

10

      **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 78 is required.

11

12

      79.    Ms. Zhang does not know how Classmates obtained her name and photograph as a child. It appears to have been misappropriated from her high school yearbook.

13

14

      **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 79 is required.

15

16

17

      80.    On information and belief, Classmates received no indication, and had no reasonable belief, that the people who created Ms. Zhang's yearbook intended the yearbook to be published on the Internet or used to promote website subscriptions.

18

19

      **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 80 is required.

20

21

22

23

      81.    On information and belief, Classmates did not obtain permission from the yearbooks' authors, the photographer who took Ms. Zhang's photograph, or the yearbook's copyright holder prior to incorporating Ms. Zhang's photograph and other photographs from the yearbook in its advertisements. On information and belief, Classmates does not hold the copyright in Ms. Zhang's yearbook or her photograph.

24

25

      **ANSWER:**    As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 81 is required.

26

27

28

82.     Ms. Zhang has intellectual property and privacy interests in her name, likeness, and persona recognized by California statutory and common law. She has the right to exclude anyone from making commercial use of her likeness without her consent.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 82 is required.

83.     Classmates has injured Ms. Zhang by profiting from its use of her name and likeness without compensating her; by misappropriating and infringing her intellectual property rights without compensation; by violating her statutorily protected right to control the commercial use of her name and likeness; and by disturbing her peace of mind.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 83 is required.

84.     Ms. Zhang is indignant and disgusted by Classmates' violation of her privacy while profiting from the illegal use of her photos as a minor. Ms. Zhang is deeply disturbed by Classmates' use of her name and photographs without her consent. She believes her likeness is rightly hers to control. Classmates' illegal use has left her worried about her inability to control how her name and likeness is used. Ms. Zhang feels that Classmates' use of her photographs, revealing intimate moments of her during her high school years, represents an alarming invasion of her privacy and render her vulnerable to identity theft. She believes Classmates' use of her photos as an adolescent in ads to promote subscriptions encourages and enables stalking and pedophilic behaviors.

**ANSWER:**     As Ms. Zhang has been dismissed from this lawsuit, no answer to the allegations of paragraph 84 is required.

**Plaintiff Wayne Tseng**

85.     Plaintiff Wayne Tseng is a private individual who has no relationship with Classmates or PeopleConnect. He has never visited, used, or subscribed to Classmates.com.

**ANSWER:**     PeopleConnect lacks sufficient knowledge to form a belief as to whether Mr. Tseng has a relationship with Classmates or PeopleConnect and on that basis denies the allegation. PeopleConnect denies the remaining allegations of paragraph 85.

1   86.   Mr. Tseng did not give consent to Classmates to use his photographs, likeness, name, or

2   persona in any way. Had Classmates requested his consent, Mr. Tseng would not have provided it.

3   **ANSWER:**   The allegation in the first sentence of paragraph 86 consists of a legal conclusion to

4   which no response is required. To the extent a response is required, PeopleConnect denies the allegation

5   in the first sentence of  paragraph 86. PeopleConnect lacks sufficient knowledge to form a belief as to the

6   allegation in the second sentence of paragraph 86 of whether Mr. Tseng would have provided consent to

7   Classmates and on that basis denies the allegation.

8   87.   Mr. Tseng highly values his personal privacy and his ability to control and prevent the

9   commercial use of his likeness without his consent.

10   **ANSWER:**   PeopleConnect lacks sufficient knowledge to form a belief as to how Mr. Tseng

11   values his ability to control and prevent the commercial use of his likeness without his consent and on that

12   basis denies the allegation. PeopleConnect denies the remaining allegations of paragraph 87.

13   88.   Classmates uses Mr. Tseng's yearbook photograph as a minor child in advertisements

14   promoting website subscriptions. Classmates possesses at least one photograph of Mr. Tseng it uses for this

15   purpose, which it misappropriated without his permission from Mr. Tseng's yearbook from Albany High

16   School in Albany, California.

17   **ANSWER:**   PeopleConnect denies the allegations of paragraph 88.

18   89.   A screenshot taken from Classmates.com showing the yearbook page from which

19   Classmates extracted Mr. Tseng's photograph appears below. For Mr. Tseng's privacy and the privacy of

20   others displayed, counsel present the screenshot here in a low-resolution format. As it appears on the

21   Classmates website, Mr. Tseng's name and likeness are plainly visible and identifiable. The screenshot

22   shown below was collected by a staff member at Turke & Strauss from a part of the Classmates.com

23   website that does not require assent to the TOS to access. The staff member did not see a TOS and did not

24   agree to a TOS.

25

26

27

28



**ANSWER:**     PeopleConnect admits that the screenshot depicted in paragraph 89 could have been captured from the Classmates website. Answering further, PeopleConnect lacks sufficient knowledge to form a belief as to whether the screenshot was collected by a staff member at Turke & Strauss from a part of the Classmates website that does not require assent to the TOS to access or whether the staff member did not see and did not agree to a TOS and on that basis denies those allegations. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 89. PeopleConnect also states that Mr. Tseng's counsel could have only taken a low-resolution screenshot, regardless of whether the low-resolution format was done in the interest of Mr. Tseng's privacy or the privacy of others. Individuals who do not have an account on the Classmates.com website and have not agreed to the website's TOS can only access the first four to five pages of the yearbook in high-resolution format. They can only see the rest of the images in that yearbook in a low-resolution format.

90.     Classmates incorporates Mr. Tseng's photograph in advertisements for website subscriptions in the same way it incorporates Mr. Abraham's photographs. *See* ¶¶56-65 *above*.

**ANSWER:**     PeopleConnect denies the allegations of paragraph 90. Furthermore, no answer is required with respect to paragraphs 56–65, which solely relate to Mr. Abraham who has been dismissed from this lawsuit.

91.     Classmates provides a publicly accessible landing page on which non-registered users may search, and have searched, for Mr. Tseng by name and location. *See* ¶57.

**ANSWER:**     PeopleConnect admits that it has a publicly available landing page at Classmates.com. Unless expressly admitted here, PeopleConnect denies the remaining allegations of

paragraph 91. Furthermore, no answer is required with respect to paragraph 57, which solely relates to Mr. Abraham who has been dismissed from this lawsuit.

92.    Users who search for Mr. Tseng receive in response a list of results, which include a low-resolution version of the photograph depicting Mr. Tseng as a minor. *See* ¶¶58¬59.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 92. Furthermore, no answer is required with respect to paragraphs 58–59, which solely relate to Mr. Abraham who has been dismissed from this lawsuit.

93.    Users who click on Mr. Tseng's photograph seeking a high-resolution version receive a pop-up message asking the user to register with Classmates.com **"to view full-size yearbooks."** The user must interact with the pop-up to continue viewing Mr. Tseng's photograph. *See* ¶60.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 93. Furthermore, no answer is required with respect to paragraph 60, which solely relates to Mr. Abraham who has been dismissed from this lawsuit.

94.    Once users have clicked **"Submit"** on the pop-up, Classmates displays a screen soliciting the purchase of a paid subscription to Classmates.com. *See* ¶61.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 94. Furthermore, no answer is required with respect to paragraph 61, which solely relates to Mr. Abraham who has been dismissed from this lawsuit.

95.    Classmates also displays banner ads promoting Classmates.com subscriptions adjacent to the search results containing Mr. Tseng's photograph. *See* ¶¶58-59.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 95. Furthermore, no answer is required with respect to paragraphs 58–59, which solely relate to Mr. Abraham who has been dismissed from this lawsuit.

96.    As shown above, Classmates' uses Mr. Tseng's photograph, name, and likeness in advertisements it displays publicly on the Internet for the commercial purpose of soliciting subscriptions.

**ANSWER:**    PeopleConnect denies the allegations of paragraph 96.

97.     Mr. Tseng does not know how Classmates obtained his name and photograph as a child. It appears to have been misappropriated from his high school yearbook.

**ANSWER:**     PeopleConnect lacks sufficient knowledge to form a belief as to whether Mr. Tseng knows how Classmates obtained his name and photograph and on that basis denies the allegation. PeopleConnect denies the remaining the allegations of paragraph 97.

98.     On information and belief, Classmates received no indication, and had no reasonable belief, that the people who created Mr. Tseng's yearbook intended the yearbook to be published on the Internet or used to promote website subscriptions.

**ANSWER:**     PeopleConnect denies the allegations of paragraph 98.

99.     On information and belief, Classmates did not obtain permission from the yearbooks' authors, the photographer who took Mr. Tseng's photograph, or the yearbook's copyright holder prior to incorporating Mr. Tseng's photograph and other photographs from the yearbook in its advertisements. On information and belief, Classmates does not hold the copyright in Mr. Tseng's yearbook or his photograph.

**ANSWER:**     Paragraph 99 consists of legal conclusions to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 99. Answering further, PeopleConnect denies that it is required to obtain permission from the yearbooks' authors, the photographer who took Mr. Tseng's photograph, or the yearbook's copyright holder, or hold the copyright in Mr. Tseng's yearbook or photograph.

100.     Mr. Tseng has intellectual property and privacy interests in his name, likeness, and persona recognized by California statutory and common law. He has the right to exclude anyone from making commercial use of his likeness without his consent.

**ANSWER:**     Paragraph 100 consists of legal conclusions to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 100.

101.     Classmates has injured Mr. Tseng by profiting from its use of his name and likeness without compensating him; by misappropriating and infringing his intellectual property rights without compensation; by violating his statutorily protected right to control the commercial use of his name and likeness; and by disturbing his peace of mind.

1     **ANSWER:**   PeopleConnect denies the allegations of paragraph 101.

2     102.   Classmates' illegal actions caused Mr. Tseng mental anguish and harmed his peace of mind.

3   Upon learning about Classmates' actions, Mr. Tseng was upset and disturbed by Classmates' use of his

4   name and photograph without his consent. Mr. Tseng believes his likeness is rightly his to control.

5   Classmates' illegal use has left him worried and uncertain about his inability to control how his name and

6   likeness is used. Mr. Tseng feels that Classmates' use of his photograph represents an alarming invasion of

7   his privacy. Mr. Tseng feels deeply uncomfortable in the knowledge that Classmates is using his name and

8   likeness to advertise a subscription product he does not endorse or approve of

9     **ANSWER:**   PeopleConnect lacks sufficient knowledge to form a belief as to Mr. Tseng's

10  feelings and emotions that are allegedly caused by Classmates' actions and on that basis denies those

11  allegations. PeopleConnect denies the remaining allegations of paragraph 102.

12  **Plaintiff Jamaal Carney**

13    103.   Plaintiff Jamaal Carney is a private individual who has no relationship with Classmates or

14  PeopleConnect. He has never visited, used, or subscribed to Classmates.com.

15    **ANSWER:**   As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

16  paragraph 103 is required.

17    104.   Mr. Carney did not give consent to Classmates to use his photographs, likeness, name, or

18  persona in any way. Had Classmates requested his consent, Mr. Carney would not have provided it.

19    **ANSWER:**   As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

20  paragraph 104 is required.

21    105.   Mr. Carney highly values his personal privacy and his ability to control and prevent the

22  commercial use of his likeness without his consent.

23    **ANSWER:**   As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

24  paragraph 105 is required.

25    106.   Classmates uses Mr. Carney's yearbook photograph as a minor child in advertisements

26  promoting website subscriptions. Classmates possesses at least one photograph of Mr. Carney it uses for

27

28

this purpose, which it misappropriated without his permission from Mr. Carney's yearbook from San Leandro High School in San Leandro, California.

**ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 106 is required.

107.    A screenshot taken from Classmates.com showing the yearbook page from which Classmates extracted Mr. Carney's photograph appears below. For Mr. Carney's privacy and the privacy of others displayed, counsel present the screenshot here in a low-resolution format. As it appears on the Classmates website, Mr. Carney's name and likeness are plainly visible and identifiable. The screenshot shown below was collected by a staff member at Turke & Strauss from a part of the Classmates.com website that does not require assent to the TOS to access. The staff member did not see a TOS and did not agree to a TOS.



**ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 107 is required.

108.    Classmates incorporates Mr. Carney's photograph in advertisements for website subscriptions in the same way it incorporates Mr. Abraham's photographs. *See* ¶¶56-65 *above*.

**ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 108 is required.

109.    Classmates provides a publicly accessible landing page on which non-registered users may search, and have searched, for Mr. Carney by name and location. *See* ¶57.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 109 is required.

110.   Users who search for Mr. Carney receive in response a list of results, which include a low-resolution version of the photograph depicting Mr. Carney as a minor. *See* ¶¶58¬59.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 110 is required.

111.   Users who click on Mr. Carney's photograph seeking a high-resolution version receive a pop-up message asking the user to register with Classmates.com **"to view full-size yearbooks."** The user must interact with the pop-up to continue viewing Mr. Carney's photograph. *See* ¶60.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 111 is required.

112.   Once users have clicked **"Submit"** on the pop-up, Classmates displays a screen soliciting the purchase of a paid subscription to Classmates.com. *See* ¶61.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 112 is required.

113.   Classmates also displays banner ads promoting Classmates.com subscriptions adjacent to the search results containing Ms. Carney's photograph. *See* ¶¶58-59.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 113 is required.

114.   As shown above, Classmates' uses Mr. Carney's photograph, name, and likeness in advertisements it displays publicly on the Internet for the commercial purpose of soliciting subscriptions.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 114 is required.

115.   Mr. Carney does not know how Classmates obtained his name and photograph as a child. It appears to have been misappropriated from his high school yearbook.

**ANSWER:**     As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 115 is required.

1    116.    On information and belief, Classmates received no indication, and had no reasonable belief,

2  that the people who created Mr. Carney's yearbook intended the yearbook to be published on the Internet

3  or used to promote website subscriptions.

4    **ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

5  paragraph 116 is required.

6    117.    On information and belief, Classmates did not obtain permission from the yearbooks'

7  authors, the photographer who took Mr. Carney's photograph, or the yearbook's copyright holder prior to

8  incorporating Mr. Carney's photograph and other photographs from the yearbook in its advertisements. On

9  information and belief, Classmates does not hold the copyright in Mr. Carney's yearbook or his photograph.

10    **ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

11  paragraph 117 is required.

12    118.    Mr. Carney has intellectual property and privacy interests in his name, likeness, and persona

13  recognized by California statutory and common law. He has the right to exclude anyone from making

14  commercial use of his likeness without his consent.

15    **ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

16  paragraph 118 is required.

17    119.    Classmates has injured Mr. Carney by profiting from its use of his name and likeness

18  without compensating him; by misappropriating and infringing his intellectual property rights without

19  compensation; by violating his statutorily protected right to control the commercial use of his name and

20  likeness; and by disturbing his peace of mind.

21    **ANSWER:**    As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of

22  paragraph 119 is required.

23    120.    Classmates' illegal actions caused Mr. Carney mental anguish and harmed his peace of

24  mind. Upon learning about Classmates' actions, Mr. Carney was upset and disturbed by Classmates' use

25  of his name and photograph without his consent. Mr. Carney believes his likeness is rightly his to control.

26  Classmates' illegal use has left him worried and uncertain about his inability to control how his name and

27  likeness is used. Mr. Carney feels that Classmates' use of his photograph represents an alarming invasion

28

of his privacy. Mr. Carney feels deeply uncomfortable in the knowledge that Classmates is using his name and likeness to advertise a subscription product he does not endorse or approve of

**ANSWER:** As Mr. Carney has been dismissed from this lawsuit, no answer to the allegations of paragraph 120 is required.

## STATEMENT OF COMMON FACTS

121. Classmates' business model relies on collecting personal information from hundreds of thousands of school yearbooks. Classmates scans yearbooks into a digital format, then extracts personal information including names, photographs, schools attended, years of attendance, cities of residence, and biographical details. Classmates aggregates the extracted information into digital records associated with specific individuals. Classmates then uses the records to advertise and sell its products and services. Those products and services include memberships to the website Classmates.com, which Classmates sells for up to $3 per month.

**ANSWER:** PeopleConnect denies the allegations of paragraph 121.

122. According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the class includes millions of Californians whose names, photographs, and likenesses appear in the Classmates Yearbook Collection.

**ANSWER:** PeopleConnect admits the Classmates.com website provides access to over 400,000 yearbooks. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 122.

123. Classmates did not ask consent from, given notice to, or provide compensation to Plaintiffs or the class before using their names, photographs, and biographical information.

**ANSWER:** The allegations of paragraph 123 consist of legal conclusions to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 123. Answering further, to the extent Plaintiff refers to information contained in yearbook previews, PeopleConnect denies any characterization that the information is "their[s]" as it implies ownership over publicly available information, which cannot be owned as a matter of law. PeopleConnect further denies

1  that consent or notice is necessary or that Plaintiff is entitled to any sum of money and, therefore, denies

2  the allegations of paragraph 123.

3      124.    The names, photographs, cities of residence, likeness, and identities that Classmates

4  aggregates into individual records uniquely identify specific individuals.

5      **ANSWER:**    PeopleConnect denies the allegations of paragraph 124.

6      125.    Classmates knowingly uses the names, photographs, and likenesses of Plaintiffs and the

7  class to advertise, sell, and solicit the purchase of its products and services, including (1) its **"CM+"**

8  subscription membership; and (2) the free version of its website, from which Classmates profits by selling

9  targeted advertisements and driving users to its paid products and subscriptions.

10      **ANSWER:**    PeopleConnect denies the allegations of paragraph 125.

11      126.    Classmates employs a variety of advertising techniques through which it exploits the names,

12  photographs, and likenesses of Plaintiffs and the class, many of which are detailed in the Plaintiff-specific

13  portion of this complaint. Across all of the advertising techniques it uses, Classmates seeks to translate its

14  users' interest in seeing pictures of and learning personal details about Plaintiffs and the class, into the

15  purchase of a Classmates product or service (or the use of a website from which Classmates drives profit).

16      **ANSWER:**    PeopleConnect denies the allegations of paragraph 126.

17      127.    Classmates knowingly uses the names, photographs, and likenesses of Plaintiffs and the

18  Class on and in its products and services by including the records it has created about Plaintiffs and the

19  Class on its website.

20      **ANSWER:**    PeopleConnect denies the allegations of paragraph 127.

21      128.    On information and belief, Classmates makes no attempt to contact or gain the consent of

22  the people whose names, photographs, likenesses, biographical information, and identities it uses to

23  advertise website subscriptions.

24      **ANSWER:**    PeopleConnect denies the allegations of paragraph 128. Answering further,

25  PeopleConnect denies that it must obtain consent from Californians whose names, photographs, and

26  biographical information appear in its Classmates Yearbook Collection.

27

28

129.     On information and belief, Classmates has received no indication that the authors, publishers, or copyright holders of the yearbooks in its database intended the yearbooks to be published on the Internet or used to promote paid subscriptions.

**ANSWER:**     PeopleConnect denies the allegations of paragraph 129.

130.     The vast majority of people whose personal information Classmates has digitally extracted and aggregated in its Classmates Yearbook Collection have no business relationship with Classmates, are not Classmates subscribers, and are not subject to a Terms of Service or any other agreement with Classmates.

**ANSWER:**     PeopleConnect denies the allegations of paragraph 130.

131.     Through its actions, Classmates has caused harm to Plaintiffs and the Class by depriving them the fair economic value of their likenesses; violating their exclusive rights to control their likenesses; infringing their intellectual property without compensation; and disturbing their peace of mind. Classmates has earned ill-gotten profits and been unjustly enriched through its use of the names, photographs, and likenesses of Plaintiffs and the class.

**ANSWER:**     Paragraph 131 consists of legal conclusions to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 131.

132.     Classmates knowing misappropriation of names, likenesses, photographs, and other personal information, and use of those names, likenesses, photographs, and other personal information in selling and advertising its products and services, violates California's Right of Publicity statute, Cal. Civ. Code § 3344; the California Unfair Competition Law, Cal. Bus. & Prof Code § 17200 *et seq*.; and California Unjust Enrichment law.

**ANSWER:**     Paragraph 132 consists of legal conclusions to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 132.

## CLASS ALLEGATIONS

133.     Plaintiffs bring this complaint on behalf of themselves and a Class of all California residents who (a) are not currently subscribers of any Classmates services, (b) have never donated a yearbook to Classmates, and (c) whose names, photographs, and/or likenesses were extracted from yearbooks by

Classmates and placed on the Classmates website as part of its Yearbook Collection, without Classmates obtaining their consent. Excluded from the class are (a) Plaintiffs' counsel; (b) Classmates, its officers and directors, counsel, successors and assigns; (c) any entity in which Classmates has a controlling interest; and (d) the judge to whom this case is assigned and the judge's immediate family.

**ANSWER:** PeopleConnect admits only that Plaintiff purports to bring this complaint on behalf of a class and that Plaintiff claims to define this class as set forth in paragraph 133. Unless expressly admitted here, PeopleConnect denies the remaining allegations of paragraph 133.

134. The members of the proposed class are so numerous that joinder of individual claims is impracticable. Classmates represents that its Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the names and likeness of hundreds, sometimes thousands of individuals. Even accounting for the fact that only a portion of the yearbooks are from California, that some individuals in Classmates' database are deceased or no longer reside in California, and that the class excludes current Classmates subscribers (Classmates has about 4 million subscribers worldwide), the class likely numbers in the millions.

**ANSWER:** Paragraph 134 consists of a legal conclusion to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 134.

135. There are significant questions of fact and law common to the members of the class. These issues include:

a. Whether Classmates' extraction and aggregation of personal information about Plaintiffs and the class members, including names, yearbook photographs, yearbook years, cities of residence, schools attended, and interest and hobbies, in its Classmates Yearbook Collection, and selling of that information via paid subscription plans, constitute the knowing use of another's name, photograph, or likeness, in any manner, on or in products, merchandise or goods within the meaning of Cal. Civ. Code § 3344;

b. Whether Classmates' extraction and aggregation of personal information about Plaintiffs and the class members, including names, yearbook photographs, yearbook

years, cities of residence, schools attended, and interests and hobbies, and use of that information in the advertising techniques described in this complaint, constitutes the knowing use of another's name, photograph, or likeness for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services, within the meaning of Cal. Civ. Code § 3344;

c.      Whether Plaintiffs and the class consented to the use of their names, photographs, and likenesses in Classmates products and advertisements;

d.      Whether Classmates' use of names, photographs, and likeness constitutes a use in connection with news or public affairs for which consent is not required;

e.      Whether Classmates' conduct as described in this complaint violated California's Unfair Competition Law;

f.      Whether Classmates was unjustly enriched as a result of the conduct described in this complaint; and

g.      Whether Plaintiffs and members of the class are entitled to injunctive, declaratory and monetary relief as a result of Classmates' conduct as described in this complaint.

**ANSWER:**    Paragraph 135 consists of legal conclusions to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 135, including subparts a through g.

136.    Plaintiffs' claims are typical of those of the proposed class. Plaintiffs and all members of the proposed class have been harmed by Classmates misappropriation and misuse of their names, likenesses, photographs, and other personal information.

**ANSWER:**    Paragraph 136 consists of a legal conclusion to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 136.

137.    The proposed class representatives will fairly and adequately represent the proposed class. The class representatives' claims are co-extensive with those of the rest of the class, and they are represented by qualified counsel experienced in class action litigation of this nature.

1
2

**ANSWER:**     Paragraph 137 consists of a legal conclusion to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 137.

3
4
5
6
7
8
9
10
11

138.     A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed class is impracticable. Many members of the class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning Classmates' common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

12
13

**ANSWER:**     Paragraph 138 consists of a legal conclusion to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 138.

14
15
16

139.     The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Classmates has acted on ground generally applicable to the proposed class, such that final injunctive and declaratory relief is appropriate with respect to the class as a whole.

17
18

**ANSWER:**     Paragraph 139 consists of a legal conclusion to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 139.

19
20
21

140.     The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

22
23

**ANSWER:**     Paragraph 140 consists of a legal conclusion to which no response is required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 140.

24
25

**FIRST CAUSE OF ACTION**

**(Cal. Civ. Code § 3344)**

26
27

141.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

28

1    **ANSWER:** PeopleConnect admits that Plaintiff purports to incorporate by reference the
2    allegations contained in all preceding paragraphs of this complaint, and PeopleConnect repeats and
3    incorporates by reference its responses to each of the preceding paragraphs as if fully set out here.

4    142.    California's Right of Publicity Statute, California Civil Code **§** 3344, prohibits and provides
5    damages for the knowing misappropriation of a name, voice, signature, photograph, or likeness in
6    advertising or soliciting without prior consent.

7    **ANSWER:** Paragraph 142 does not contain allegations of fact and, as such, no response is
8    required. To the extent a response is required, PeopleConnect denies the allegations of paragraph 142 as
9    an incomplete description of the statute. PeopleConnect refers to that statute for its true meaning and effect.

10    143.    By engaging in the forgoing acts and omissions, Classmates knowingly used class
11    members' names, photographs, and likenesses in its products and services for the purpose of advertising
12    and selling its services, without class members' consent.

13    **ANSWER:** Paragraph 143 consists of legal conclusions to which no response is required. To the
14    extent a response is required, PeopleConnect denies the allegations of paragraph 143.

15    144.    Each use of a class member's name, photograph, or likeness is a separate and distinct
16    violation of California Civil Code **§** 3344 giving rise to damages.

17    **ANSWER:** Paragraph 144 consists of legal conclusions to which no response is required. To the
18    extent a response is required, PeopleConnect denies the allegations of paragraph 144.

19    145.    Plaintiffs seek declaratory, injunctive, and monetary damages for themselves and on behalf
20    of each member of the proposed class as provided for in California Civil Code **§** 3344, including statutory
21    damages equal to the greater of $750 per violation, actual damages, or profits from Classmates' illegal
22    actions, punitive damages, and the award of attorneys' fees and costs in the event Plaintiffs prevail in this
23    action.

24    **ANSWER:** PeopleConnect admits that Plaintiff purports to seek declaratory, injunctive, and
25    monetary damages for themselves and on behalf of each member of the proposed class, but denies that
26    such relief is appropriate.

27

28

1    146.    Defendants, and each of them, have been guilty of oppression, fraud, and/or malice and

2    despicable conduct warranting an award of exemplary and/or punitive damages under the provisions of

3    Cal. Civ. Code **§** 3294. The foregoing conduct has been approved, authorized and/or ratified by each

4    Defendants**'** officers, directors and/or managing agents as required by the provisions section 3294.

5        **ANSWER:**    PeopleConnect denies the allegations of paragraph 146. Answering further, there is

6    only one Defendant in this above-captioned case, PeopleConnect.

**SECOND CAUSE OF ACTION**

**(Cal. Bus. & Prof. Code § 17200 *et seq*.)**

9        147.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of

10   this complaint.

11       **ANSWER:**    No response is required to paragraph 147 to the extent this cause of action is "based

12   on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a

13   response is required, PeopleConnect denies such allegations. For remaining allegations, PeopleConnect

14   admits that Plaintiff purports to incorporate by reference the allegations contained in all preceding

15   paragraphs of this complaint, and PeopleConnect repeats and incorporates by reference its responses to

16   each of the preceding paragraphs as if fully set out here.

17       148.    Classmates has and is engaged in unfair competition, as that term is defined in the California

18   Unfair Competition Law, Cal. Bus. & Prof Code. **§** 17200 *et seq*. (**"UCL"**).

19       **ANSWER:**    No response is required to paragraph 80 to the extent this cause of action is "based

20   on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a

21   response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining

22   allegations of paragraph 148.

23       149.    As described in this complaint, Classmates**'** misappropriation and use without consent of

24   Plaintiffs**'** and class members**'** names, photographs, likenesses, and personal information is a violation of

25   California**'s** Right to Publicity Statute, Cal. Civ. Code **§** 3344.

26       **ANSWER:**    No response is required to paragraph 149 to the extent this cause of action is "based

27   on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a

28

response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining allegations of paragraph 149.

150.    By engaging in the conduct described in this complaint and violating California law, Classmates engaged in and continues to engage in **"unlawful"** business acts and practices prohibited by the UCL.

**ANSWER:**    No response is required to paragraph 150 to the extent this cause of action is "based on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining allegations of paragraph 150.

151.    As a result of Classmates' actions, Plaintiffs and the class have been injured. Plaintiffs and members of the class each lost the economic value of their likenesses, their exclusive right to control their likenesses, their right to the value of their intellectual property, and their right to freedom from intrusion on their peace of mind. Plaintiffs and members of the class also lost the right to refuse consent and protect their privacy, as guaranteed by California law.

**ANSWER:**    No response is required to paragraph 151 to the extent this cause of action is "based on unfairness," because the Court found the "17200 claim based on unfairness waived." To the extent a response is required, PeopleConnect denies such allegations. PeopleConnect denies the remaining allegations of paragraph 151.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment)

152.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

**ANSWER:**    PeopleConnect admits that Plaintiff purports to incorporate by reference the allegations contained in all preceding paragraphs of this complaint, and PeopleConnect repeats and incorporates by reference its responses to each of the preceding paragraphs as if fully set out here.

153.    Plaintiffs and members of the class have conferred an unwarranted benefit on Classmates. Classmates' business model centers around using personal information that rightfully belongs to Plaintiffs

and members of the class to sell its products and services. Classmates uses the personal information it misappropriated without consent. Each **"CM+"** subscription sold to users who then gain access to records that rightfully belong to class members, and all advertising revenue collected from the delivery of ads on pages displaying records that rightfully belong to class members, represents an unwarranted benefit conferred upon Classmates by the class.

**ANSWER:** PeopleConnect denies the allegations of paragraph 153.

154. Under principles of equity and good conscience, Classmates should not be permitted to retain the benefits it gained by its actions.

**ANSWER:** PeopleConnect denies the allegations of paragraph 154.

155. Plaintiffs and members of the class have suffered loss as a direct result of Classmates' conduct.

**ANSWER:** PeopleConnect denies the allegations of paragraph 155.

156. Among other remedies, Plaintiffs, on their own behalf and on behalf of absent class members, seek the imposition of a constructive trust and restitution of proceeds Classmates received as a result of the conduct described in this complaint, as well as an award of attorneys' fees, costs, and interest pursuant to Cal. Civ. Proc. Code **§** 1021.5.

**ANSWER:** PeopleConnect admits that Plaintiffs purport to seek the imposition of a constructive trust and restitution and attorneys' fees, cost, and interest, on behalf of the entire proposed class, but denies that such relief is appropriate.

## PRAYER FOR RELIEF

157. WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situation, hereby demand judgment against Defendant Classmates as follows:

    (a)    For an order certifying the proposed class and appointing Plaintiffs and their counsel to represent the class;

    (b)    For a declaration that Classmates' acts and omissions constitute a knowing misappropriation of names, likeness, photographs, and other personal information, and infringe on protected privacy rights, in violation of California law;

(c)     For preliminary and permanent injunctive relief enjoining and preventing Classmates from continuing to operate its Classmates website and expand its databases without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(d)     For an order enjoining Classmates from continuing the unlawful and unfair conduct described in this complaint;

(e)     For restitution for Plaintiffs and members the class for the value that Defendants derived from misappropriating their likenesses;

(f)     For an award of damages, including without limitation damages for actual harm, profits earned by Classmates, and statutory damages;

(g)     For an award of reasonable attorneys' fees and costs incurred by Plaintiffs and the class members; and

(h)     For an award of other relief in law and equity to which Plaintiffs and the class members may be entitled.

**ANSWER:** PeopleConnect denies that Plaintiff is entitled to any relief, including class certification or any of the other requested relief. PeopleConnect denies any remaining allegations not previously addressed in this Answer.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial for all individual and Class claims so triable.

**ANSWER:** PeopleConnect admits only that Plaintiff has requested a jury trial. PeopleConnect demands a jury trial for all individual and Class claims so triable.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

PeopleConnect incorporates by reference the above answers as though fully set forth herein and, in further answer to the Complaint, asserts the following affirmative and other defenses, which do not relieve the Plaintiff of the burden of proof for each and every element of their claims, for damages to which Plaintiff alleges they are entitled, or for any other matter upon which Plaintiff bears the burden of proof as a matter of law. PeopleConnect does not intend to characterize any particular defense as "affirmative."

Additional facts and evidence in support of the following defenses will be developed during discovery and presented in a motion for summary judgment and/or opposition to any motion by Plaintiff for class certification.

### FIRST DEFENSE (STATUTES OF LIMITATIONS)

1.      Plaintiff's and certain proposed class members' claims are barred in whole or in part by the applicable statutes of limitations.

2.      A two-year statute of limitations applies to Plaintiff's right of publicity claim under § 3344 and unjust enrichment claim. Cal. Code Civ. Proc. § 339(1).

3.      Plaintiff filed their Complaint on December 18, 2020. Wayne Tseng first became a plaintiff in this case when he filed the First Amended Complaint on August 4, 2022.

4.      Plaintiff's and certain proposed class members' right of publicity claims are time-barred if their claims accrued at least by December 18, 2018, including if their names and images first appeared on Classmates.com at least by to December 18, 2018.

5.      Classmates.com has included yearbooks since 2010. Individuals, including Plaintiff and certain proposed class members, knew or should have known that yearbooks containing their names and images appeared on the website.

6.      Plaintiff Wayne Tseng attended Albany High School in Albany, California from 1997 to 2001.

7.      Mr. Tseng appeared in Albany High School yearbooks that were published between 1997 and 2001.

8.      The Albany High School yearbooks published between 1997 and 2001 were added to the Classmates website on June 14, 2014 and therefore, became available to view by anyone who visited website.

9.      Mr. Tseng's name and images in those yearbooks existed in the same form since they were added to the Classmates.com website.

10.     Prior to the filing of this lawsuit, PeopleConnect did not change or alter the way in which Mr. Tseng's name or images were displayed on the Classmates.com website.

1    11.    Following the filing of the Amended Complaint, PeopleConnect suppressed Mr. Tseng's

2    name and images on the Classmates.com website.

3    12.    Prior to the suppression of Mr. Tseng's name and images on the Classmates.com website,

4    a non-registered user, as an individual who has not created an account on the Classmates.com website and

5    has not agreed to the website's Terms of Service, could use the websites search function to search for Mr.

6    Tseng.

7    13.    As a consequence, Plaintiff Tseng's claim is time-barred, including because yearbooks

8    containing his name were added to and available on Classmates.com more than two years before the

9    Complaint was filed and more than two years before Mr. Tseng filed the First Amended Complaint.

10   **SECOND DEFENSE (LACK OF ACTIONABLE INJURY AND STATUTORY STANDING)**

11   14.    Plaintiff's and proposed class members' claims are barred in whole or in part because

12   Plaintiff and purported class members have suffered no actionable injury, including the loss of money or

13   property.

14   **THIRD DEFENSE (UNJUST ENRICHMENT)**

15   15.    Plaintiff's and proposed class members' claims are barred in whole or in part because

16   Plaintiff would be unjustly enriched by any recovery from PeopleConnect.

17   16.    Plaintiff and proposed class members seek relief from PeopleConnect in the form of actual

18   damages, statutory damages, and profits as a result of PeopleConnect's alleged use of their names and

19   images on Classmates.com

20   17.    PeopleConnect has conferred substantial benefits on Plaintiff and proposed class members.

21   18.    Through its website Classmates.com, PeopleConnect provides access to a collection of over

22   400,000 yearbooks from across the country. This collection provides substantial personal benefit to

23   individuals in that it allows individuals to look up their old yearbooks or yearbooks of their friends and

24   relatives, relive old memories, and reconnect with former schoolmates.

25   19.    The collection also provides substantial benefit to the public at large. Yearbooks serve an

26   important function as primary-source documents memorializing a community's activity in a given year

27   and inform the works of historians, archivists, journalists, genealogists and other scholars.

28

20.     PeopleConnect also provides substantial benefits to users who register on Classmates.com. These users are given access to tools that enable them to communicate with old schoolmates, share memories, and plan reunions among other features. Each of these features provide substantial benefit to Plaintiff and proposed class members who use Classmates.com.

21.     Awarding Plaintiff and the proposed class members, including Plaintiff and proposed class members who have used Classmates.com, the relief they seek would be unjust in light of the substantial benefits PeopleConnect has conferred upon them.

### FOURTH DEFENSE (§ 3344(D) EXEMPTION)

22.     Plaintiff's and proposed class members' claims are barred in whole or in part by California Civil Code Section 3344 ("§ 3344")'s "public affairs" statutory exemption. Cal Civ. Code § 3344(d).

23.     Classmates.com provides access to a collection of over 400,000 yearbooks from across the country.

24.     PeopleConnect presents the yearbooks for educational, amusement, and enlightenment purposes.

25.     Through its online collection of high school yearbooks, PeopleConnect makes available information related to real-life events that are an area of interest to many people, from looking up relatives and family members to reliving long lost memories.

26.     Yearbooks serve an important function as primary-source documents memorializing a community's activity in a given year and inform the works of historians, archivists, genealogists, journalists, and other scholars.

27.     The public's interest in the information on Classmates.com is also reflected by the fact that news outlets report on yearbooks and their content.

28.     Accordingly, Plaintiff's and proposed class members' claims premised on the information PeopleConnect publishes in its online yearbook collection are barred by the "public affairs" exception of § 3344.

### FIFTH DEFENSE (CONSENT)

29.     Plaintiff's and proposed class members' claims are barred in whole or in part because they

consented to the use of their identities in yearbooks in various ways.

30.     Plaintiff and certain proposed class members may have provided a blanket consent to their schools, either directly or through their guardians, regarding the use of their information and any photographs taken of them related to school.

31.     Plaintiff and certain proposed class members also may have provided a blanket consent to the yearbook publishers, either directly or through their guardians, in order for their names and their photographs to be included in the yearbook at the time they sat for the yearbook photographs.

32.     Plaintiff and certain proposed class members also may have consented to the use of their information through their use of third-party websites, many of which contain terms of service that require consent to the unlimited use of any information available on or provided to the website.

33.     Plaintiff and proposed class members may have also registered for an account, donated yearbooks, or used Classmates.com on or after September 1, 2021, thereby consenting to the use of their information on the website by searching for themselves on the website or authorizing another person to search for them.

**SIXTH DEFENSE (LACHES)**

34.     Plaintiff's and certain proposed class members' claims are barred in whole or in part by the doctrine of laches.

35.     Plaintiff filed their Complaint on December 18, 2020, in which they allege that PeopleConnect uses their names and images on Classmates.com without their consent.

36.     Classmates.com has included yearbooks since 2010.

37.     Individuals, including Plaintiff and certain proposed class members, knew or should have known that yearbooks containing their names and images appeared on the website for years prior to the filing of the Complaint.

38.     Plaintiff and certain proposed class members unreasonably and inexcusably delayed in seeking relief or asserting any claims related to the use of their names and images on Classmates.com. Plaintiff Tseng unreasonably delayed in bringing his claims against PeopleConnect because he did not file his complaint until August 4, 2022, more than six years after his name and image appeared on

Classmates.com.

39.     PeopleConnect has been prejudiced by Plaintiff's and certain proposed class members' unreasonable delay in asserting their claims, including because relevant evidence has been lost, such as testimony that may no longer be available because memories have faded.

40.     Under the circumstances, laches bars Plaintiff's and certain proposed class members' claims because it would be inequitable to allow them to recover anything in light of their unreasonable delay and prejudice to PeopleConnect.

**SEVENTH DEFENSE (FIRST AMENDMENT)**

41.     Plaintiff's and proposed class members' claims are barred in whole or in part by the First Amendment and Fourteenth Amendment of the U.S. Constitution.

42.     Classmates.com provides access to a collection of over 400,000 yearbooks from across the country.

43.     The publication of yearbooks, including publicly available information, is newsworthy, informational, noncommercial speech that is entitled to First Amendment protection, regardless of whether the yearbooks are sold for profit.

44.     PeopleConnect's online collection of yearbooks serves both informative and cultural purposes, making available information related to real-life events that are an area of interest to many people, from looking up relatives and family members to reliving long lost memories.

45.     PeopleConnect's online collection of yearbooks allows for dissemination of information among the general public and school communities.

46.     Yearbooks serve an important function as primary-source documents memorializing a community's activity in a given year and inform the works of historians, archivists, genealogists, journalists, and other scholars.

**EIGHTH DEFENSE (OVERBREADTH)**

47.     Plaintiff's and proposed class members' claims are barred in whole or in part by the First and Fourteenth Amendments of the U.S. Constitution because Plaintiff's theories of liability are unconstitutionally overbroad in that they prohibit constitutionally protected speech, including publicly

available, newsworthy information about people.

48.     Classmates.com provides access to a collection of over 400,000 yearbooks from across the country.

49.     Plaintiff alleges that PeopleConnect has violated § 3344 by maintaining this collection of yearbooks and purportedly displaying Plaintiff's and proposed class members' names and photographs on Classmates.com without their consent.

50.     PeopleConnect's online collection of yearbooks serves both informative and cultural purposes that are protected by the First Amendment, making available information related to real-life events that are an area of interest to many people, from looking up relatives and family members, to reliving long lost memories.

51.     PeopleConnect's online collection of yearbooks allows for dissemination of information among the general public and school communities, which is core speech protected by the First Amendment.

52.     Yearbooks serve an important function as primary-source documents memorializing a community's activity in a given year and inform the works of historians, archivists, genealogists, journalists, and other scholars.

### NINTH DEFENSE (STATUTORY DAMAGES BARRED)

53.     Plaintiff's and proposed class members' claims are barred in whole or in part because the statutory damages provision of § 3344 violates the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution in that statutory damages are excessive, severe, and wholly disproportionate to the harm allegedly suffered by Plaintiff and/or any putative class member.

### TENTH DEFENSE (PUNITIVE DAMAGES BARRED)

54.     Plaintiff's and proposed class members' claim for punitive damages is barred in whole or in part because it would violate PeopleConnect's guarantees of due process, equal protection, protection against excessive fines, and protection against multiple punishments under the U.S. Constitution. An award of punitive damages in this case would grossly exceed any legitimate interest in punishment and deterrence for the publication of publicly available, newsworthy information.

**ELEVENTH DEFENSE (COMMUNICATIONS DECENCY ACT)**

55.     Plaintiff's and proposed class members' claims are barred in whole or in part by the Communications Decency Act, 47 U.S.C. § 230, because PeopleConnect is an interactive computer service provider that is immune from liability for the information about people available through its website. In addition, PeopleConnect displays information about people created by and provided by third party data providers.

**TWELTH DEFENSE (COPYRIGHT ACT)**

56.     Plaintiff's and proposed class members' claims are preempted in whole or in part by the Copyright Act because yearbooks are copyrightable works, and federal copyright law would be the exclusive means of redress if Plaintiff allegedly suffered a harm from their dissemination.

**THIRTEENTH DEFENSE (DORMANT COMMERCE CLAUSE)**

57.     Article I, Section 8, Clause 3 of the United States Constitution bars Plaintiff's claims in whole or in part.

58.     PeopleConnect is incorporated in Delaware with its principal place of business in Bellevue, Washington.

59.     Users of Classmates.com are located in every state.

60.     Because the yearbook collection on Classmates.com is available through the internet, PeopleConnect transmits information across state lines through the internet every hour of every day.

61.     The online collection of yearbooks includes yearbooks from schools in every state.

62.     Plaintiff's theories of liability would regulate conduct relating to the design and technical operation of an internet website occurring entirely outside of California.

63.     Plaintiff's theories of liability would regulate the transmission of information occurring in whole or in part outside of California.

64.     Plaintiff's theories of liability would prevent users located in states other than California from accessing the complete collection of yearbooks on Classmates.com.

65.     Plaintiff's theories of liability would substantially burden interstate commerce in excess of any putative local benefits.

**FOURTEENTH DEFENSE (EXTRATERRITORIALITY DOCTRINE)**

66.     Plaintiff's and proposed class members' claims are barred in whole or in part by California's extraterritoriality doctrine.

67.     PeopleConnect is incorporated in Delaware with its principal place of business in Bellevue, Washington.

68.     Users of Classmates.com are located in every state.

69.     Plaintiff's theories of liability would regulate conduct relating to the design and technical operation of an internet website occurring entirely outside of California.

70.     Plaintiff's theories of liability would regulate the transmission of information occurring entirely outside of California.

71.     Plaintiff's theories of liability would prevent users located in states other than California from accessing the complete collection of yearbooks on Classmates.com.

**FIFTEENTH DEFENSE (OPT-OUT)**

72.     The injunctive relief sought by Plaintiff and proposed class members is barred because they cannot establish irreparable harm.

73.     A person can request their name or photograph be suppressed from Classmates.com by phone or by sending a letter or email to PeopleConnect.

74.     PeopleConnect also will suppress names and photographs from Classmates.com if it is aware of a request to do so that was posted on certain third-party websites, such as on the Better Business Bureau's website, and the request provided enough information to facilitate the suppression.

75.     Once received, PeopleConnect honors all requests to suppress names and images from Classmates.com.

**SIXTEENTH DEFENSE (INCIDENTAL USE)**

76.     Plaintiff's and proposed class members' claims are barred by §3344(c) because the use of their names, images, and likenesses on Classmates.com is incidental and not essential to the website.

77.     Plaintiff's and proposed class members' names and images that appear in the yearbooks displayed on Classmates.com have no unique value that would result in commercial profit to

PeopleConnect. The full collection of yearbooks on Classmates.com can be searched and viewed by any registered Classmates.com user, regardless of whether they have a free or paid membership.

78.    The names and images of Plaintiff and proposed class members are also not prominently displayed on Classmates.com. For example, names, images, or likenesses of specific individuals are only viewable on Classmates.com if a user specifically searches for them or views a specific yearbook page on which that information appears.

## SEVENTEENTH DEFENSE (CLASS ACTION INAPPROPRIATE)

79.    The proposed putative class fails to meet the requirements of Fed. R. Civ. P. 23 and thus this lawsuit cannot be maintained as a class action.

## EIGHTEENTH DEFENSE (ARBITRATION)

80.    Plaintiff's and certain proposed class members' claims may be barred by an arbitration provision that prohibits Plaintiff's claims from being brought in this forum.

81.    Classmates.com is governed by a Terms of Service (the "TOS").

82.    The TOS is accessible to each user of Classmates.com via a hyperlink in the website's persistent footer and on the non-registered user homepage.

83.    When a user of Classmates.com registers for an account on the website, they are directed to a screen which states the following: "By clicking Submit, you agree to the Terms of Service and Privacy Policy." The phrase "Terms of Service" is hyperlinked to a copy of the current TOS.

84.    The TOS informs users that by accessing and using Classmates.com, they agree to the TOS.

85.    Since January 10, 2014, the TOS has included an arbitration provision that requires a Classmates.com user and PeopleConnect to arbitrate their claims relating to the website.

86.    Users of Classmates.com may opt out of the arbitration provision by following the procedure set forth in the TOS. The current version of the opt-out provision provides:

> ARBITRATION OPT-OUT. You have the right to opt-out, for yourself and on behalf of anyone for whom you are acting as an agent, and not be bound by this arbitration provision by sending written notice of your decision to opt-out to: PeopleConnect, Inc. dba Classmates.com Arbitration Opt-Out, 1687 114th Ave SE, Suite 200, Bellevue, WA 98004. If opting out for yourself, this notice must be sent within thirty (30) days of your first use of the Services or, if you are already a user of the Services upon initial posting of this arbitration provision, within thirty (30) days of our email notice to you of this arbitration

provision. If opting out as an agent for another user, this notice must be sent within (30) days of that other user's first use of the Services or, if already a user of the Services upon initial posting of this arbitration provision, within thirty (30) days of our email notice to them of this arbitration provision. Any opt out exercised, by you for yourself or as the agent for another, within thirty (30) days of our email notice of this arbitration provision, shall only apply to claims that have arisen since the posting of this arbitration provision.

The opt-out notice must state that you do not agree to this agreement to arbitrate and must include your name, address, phone number and email address(es) used to register with or use the Services, as well as the name, address, phone number and email address(es) of any person for whom you are opting out as their agent. You and any persons for whom you are opting out as an agent on their behalf must sign the opt-out notice for it be effective. Any opt-out not received within the applicable thirty (30) day period set forth above will not be valid.

If you opt-out of the agreement to arbitrate, you and the PeopleConnect Entities agree that any Disputes will be resolved by a state or federal court located in King County, Washington, and you consent to the jurisdiction and venue of such court. Further, if you opt out of the agreement to arbitrate, you will remain bound by the Separate Class Action Waiver set forth below

87.     Plaintiff and certain proposed class members are bound by the arbitration provision in the TOS and cannot pursue their claims in this forum if they or their agents agreed to the TOS by registering for a Classmates.com account or using the website on or after January 10, 2014 and did not opt out of arbitration.

**NINETEENTH DEFENSE (WAIVER)**

88.     Plaintiff's and certain proposed class members' claims may be barred by waiver because they have intentionally relinquished their purported rights to relief against PeopleConnect.

89.     Classmates.com is governed by the TOS.

90.     The TOS is accessible to each user of Classmates.com via a hyperlink in the website's persistent footer and on the non-registered user homepage.

91.     When a user of Classmates.com registers for an account on the website, they are directed to a screen which states the following: "By clicking Submit, you agree to the Terms of Service and Privacy Policy." The phrase "Terms of Service" is hyperlinked to a copy of the current TOS.

92.     The TOS informs users that by accessing and using Classmates.com, they agree to the TOS.

93.     Plaintiff's and certain proposed class members' claims against PeopleConnect are barred

by waiver if they intentionally relinquished their rights by agreeing to the TOS.

94.     Since September 1, 2021, the TOS has included a section stating that a Classmates.com user expressly consents to the use and display of their information on the website if they search for themselves on Classmates.com or if they authorized another person to search for them on Classmates.com.

95.     Plaintiff and certain purported class members voluntarily relinquished any purported right to assert claims against PeopleConnect based on the alleged use of their names and images on Classmates.com by expressly consenting to that use if they registered for a Classmates.com account or used the website on or after September 1, 2021 and searched for themselves on Classmates.com or authorized another person to search for them on Classmates.com.

96.     Plaintiff and certain proposed class members voluntarily relinquished any purported right to assert claims against PeopleConnect based on the alleged use of their names and images on Classmates.com if they provided a blanket consent to their schools, either directly or through their guardians, regarding the use of their information and any photographs taken of them related to school.

97.     Plaintiff and certain proposed class members voluntarily relinquished any purported right to assert claims against PeopleConnect based on the alleged use of their names and images on Classmates.com if they provided a blanket consent to the yearbook publishers, either directly or through their guardians, in order for their names and images to be included in the yearbook at the time they sat for the yearbook photographs.

98.     Plaintiff and certain proposed class members could have voluntarily relinquished any purported right to assert claims against PeopleConnect based on the alleged use of their information on Classmates.com through their use of third-party websites, many of which contain terms of service that require consent to the unlimited use of any information available on or provided to the website.

## TWENTIETH DEFENSE (CLASS ACTION BAR)

99.     Plaintiff's and certain proposed class members' claims may be barred by a class action waiver to the extent they purport to bring class claims.

100.     Classmates.com is governed by the TOS.

101.     The TOS is accessible to each user of Classmates.com via a hyperlink in the website's

Case 3:20-cv-09203-EMC   Document 154   Filed 01/30/23   Page 55 of 56

persistent footer and on the non-registered user homepage.

102.     When a user of Classmates.com registers for an account on the website, they are directed to a screen which states the following: "By clicking Submit, you agree to the Terms of Service and Privacy Policy." The phrase "Terms of Service" is hyperlinked to a copy of the current TOS.

103.     Since January 10, 2014, the TOS has included a class action waiver, under which users agree to pursue claims against PeopleConnect only in an individual capacity and not as a plaintiff or class member in any purported class action or representative proceeding.

104.     Plaintiff and certain purported class members cannot assert class claims against PeopleConnect if they agreed to the TOS by registering for a Classmates.com account or using the website on or after January 10, 2014.

105.     Thus, if they agreed to the TOS on or after January 10, 2014, Plaintiff's and certain proposed class members' claims must be brought solely in their individual capacities and may not be brought in a representative or consolidated capacity.

WHEREFORE, PeopleConnect respectfully requests that this Court enter judgment in its favor and against Plaintiff, dismiss the claims against PeopleConnect with prejudice, award all costs, expenses, and attorneys' fees to PeopleConnect as the prevailing party under Cal. Civ. Code § 3344(a), and grant PeopleConnect such other relief as the Court deems just and appropriate.

1 Dated: January 30, 2023       JENNER & BLOCK LLP

2               By: /s/*Debbie L. Berman*

3

               Debbie L. Berman (*pro hac vice*)
4               dberman@jenner.com
               Wade A. Thomson (*pro hac vice*)
5               wthomson@jenner.com
               JENNER & BLOCK LLP
6               353 North Clark Street
               Chicago, Illinois 60654
7               Telephone:  312 222-9350
8               Facsimile:  312 527-0484

9               Benjamin T. Halbig (Cal. Bar. No. 321523)
               bhalbig@jenner.com
10              JENNER & BLOCK LLP
11              455 Market Street, Suite 2100
              San Francisco, California 94105
12              Telephone:  628 267-6800
              Facsimile:  628 267-6859
13

14              Kate T. Spelman (Cal. Bar. No. 269109)
              kspelman@jenner.com
15              JENNER & BLOCK LLP
              515 S. Flower Street, Suite 3300
16              Los Angeles, California 90071
              Telephone:  213 239-5100
17              Facsimile:  213 239-5199

18              *Attorneys for Defendant PeopleConnect, Inc.*

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:20-cv-09023-EMC