**JENNER & BLOCK LLP**
Benjamin T. Halbig (Cal. Bar. No. 321523)
bhalbig@jenner.com
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone:    628 267-6800
Facsimile:    628 267-6859

**JENNER & BLOCK LLP**
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
353 North Clark Street
Chicago, Illinois 60654
Telephone:    312 222-9350
Facsimile:    312 527-0484

*Attorneys for Defendant PeopleConnect, Inc.*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYNE TSENG, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiff.<br><br>        v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br>                              Defendant. | Case No.3:20-cv-09203-EMC<br><br>**NOTICE OF DEFENDANT'S MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>First Amended Complaint Filed: August 4, 2022<br><br>Hearing Date: March 9, 2023<br>Hearing Time:  1:30 p.m.<br>Judge: Judge Edward M. Chen<br>Courtroom: 5 |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on March 9, 2023, at 1:30 p.m., or as soon thereafter as the Court is available, in Courtroom 5 of the federal courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant PeopleConnect, Inc. ("PeopleConnect") will and hereby does move for judgment on the pleadings regarding Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(c).

PeopleConnect's Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, any additional briefing on this subject, and any evidence and arguments that will be presented to the Court at the hearing on this matter.

**Statement of issue to be decided**: Whether the pleadings demonstrate that Plaintiff is time-barred from pursuing his claims under the statute of limitations.

Dated:  January 30, 2023             Respectfully Submitted,


By: */s/ Debbie L. Berman*
Debbie L. Berman
Benjamin T. Halbig
Kate T. Spelman
Wade A. Thomson


Attorneys for Defendant PeopleConnect, Inc.

1

**INTRODUCTION**

2     Plaintiff Tseng's claims are time barred. The complaint in this action was filed on December 18,

3  2020, by Plaintiffs Callahan and Abraham; other plaintiffs were later added, including Plaintiff Tseng. The

4  other named plaintiffs all voluntarily dismissed their claims, and now only Plaintiff Tseng remains. Like

5  the named plaintiffs before him, Plaintiff Tseng alleges that PeopleConnect misappropriated his name and

6  school yearbook photographs by making them available on the Classmates.com website for the purpose of

7  advertising paid subscriptions. Plaintiff pursues a Section 3344 claim for violations of his right of publicity,

8  as well as derivative claims for unjust enrichment and unlawful business practices under Section 17200.

9  However, the complaint was filed well after the limitations period expired.

10    Controlling law makes this analysis straightforward. The statute of limitations applicable to

11 Plaintiff's claims is two years. These claims are governed by the single publication rule, under which the

12 statute of limitations runs from the time the defendant first makes the allegedly offending material available

13 to the public. The single publication rule also disallows any tolling of the limitations period. PeopleConnect

14 first made Plaintiff's name and likeness searchable on Classmates.com on June 14, 2014, which is the

15 operative event under Plaintiff's theory of liability. Accordingly, he had until June 14, 2016, to file his

16 claims. He did not. Even the original complaint in this action was not filed until more than four years after

17 that deadline, and Plaintiff Tseng's claims were not added until two years after that. Plaintiff's action thus

18 is time barred and should be dismissed with prejudice.

19

**BACKGROUND**

20 **I.    Procedural History.**

21    On December 18, 2020, former Plaintiffs Meredith Callahan and Lawrence Geoffrey Abraham filed

22 a putative class action complaint alleging that PeopleConnect, as the owner and operator of

23 Classmates.com, which is a website that contains an online library of over 400,000 school yearbooks, used

24 their names and yearbook photographs to advertise (1) reprinted yearbooks and (2) subscription

25 memberships to Classmates.com. Dkt. 2 ¶¶4, 7. The complaint alleged claims for: (1) violations of

26 California's Right of Publicity Statute, California Civil Code Section 3344; (2) violations of California's

27 Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200; (3) intrusion upon seclusion; and (4)

28 unjust enrichment. *Id*. ¶¶73–96.

PeopleConnect moved to dismiss that complaint, *see* Dkt. 26, and this Court granted that motion in part and denied it in part, Dkt. 76. Specifically, the Court dismissed the former plaintiffs' intrusion upon seclusion claims and found that the Copyright Act preempted their Section 3344, Section 17200, and unjust enrichment claims to the extent they were based on the use of names and photographs taken from the yearbooks to advertise sales of those yearbooks. The Court allowed those claims to proceed, however, to the extent they were based on the complaint's allegations that PeopleConnect used plaintiffs' names and photographs to advertise paid subscriptions to Classmates.com. *Id.* at 20–21; *see id.* at 29, 33 (explaining that the Section 17200 and unjust enrichment claims are derivative of the Section 3344 claim).

On July 15, 2022, in response to document requests, PeopleConnect produced an internal chart, containing all the California-school yearbooks that were in the Classmates.com library. For each yearbook, the chart specifies the name, city, and state of the school, the publication year, and the date the yearbook was added to the Classmates.com online library. Among other information, the chart specifically identified that the four yearbooks in which Plaintiff Tseng appears were added to the Classmates.com library on June 14, 2014. Plaintiff's counsel took a Rule 30(b)(6) deposition of PeopleConnect on August 2, 2022, during which counsel questioned the PeopleConnect corporate representative regarding the contents of the chart.

**II.    First Amended Complaint.**

Despite having this specific information, Plaintiff Tseng, along with a number of additional plaintiffs whose claims also were time barred, joined the case in an amended complaint filed on August 4, 2022 (the "Amended Complaint"). Dkt. 132. As of the filing of this Motion, Plaintiff Tseng is the only remaining plaintiff in the litigation, as the other plaintiffs have voluntarily dismissed their claims. *See* Dkt. 128 (voluntary dismissal of former original Plaintiff Meredith Callahan on July 13, 2022); Dkt. 151 (voluntary dismissals of former Plaintiffs Alice Zhang and Jamaal Carney on December 30, 2022); Dkt. 153 (voluntary dismissal of former original Plaintiff Lawrence Geoffrey Abraham on January 10, 2023).

The Amended Complaint, like the original complaint, alleges that PeopleConnect uses Plaintiff's "name, photographs, and likenesses to advertise … subscription memberships to the website." Dkt. 132 ¶¶2, 59–61. Plaintiff does not allege that anyone other than his counsel ever has viewed his images on Classmates.com in order for him to state a claim. Rather, he alleges that he has a right of publicity claim because users "*may* search for and view records containing [his] name, photograph, and likeness," thereby

*potentially* triggering purported "advertisement[s] designed to solicit the purchase of a paid subscription to Classmates." *Id.* ¶59 (emphasis added). So, it is Plaintiff's theory that PeopleConnect infringes upon his right of publicity merely by "providing access to [his] name, photograph, and likeness" on Classmates.com because some Classmates.com webpages include advertisements. *Id.* ¶¶64, 65.[1]

### III.     PeopleConnect's Answer.

On January 30, 2023, PeopleConnect answered the Amended Complaint. Dkt. 154. One of the affirmative defenses asserted is that Plaintiff's claims are untimely under the two-year statute of limitations. *Id.*, Aff. Defenses ¶¶1–13. In pleading that defense, PeopleConnect alleged that Plaintiff attended Albany High School from 1997 to 2001 and that the 1998, 1999, 2000, and 2001 school yearbooks for Albany High School in which he appears were added to the Classmates.com library on June 14, 2014. *Id.* ¶¶6–8. As soon as Plaintiff Tseng's yearbooks were added to the Classmates.com library, they were accessible to users of Classmates.com. *Id.* ¶8. All of this information is in the chart that PeopleConnect produced in discovery, and about which Plaintiff's counsel questioned PeopleConnect during the corporate representative deposition prior to the filing of the Amended Complaint.

### ARGUMENT

A court should grant a motion for judgment on the pleadings when, taking all facts alleged as true, a complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Out W. Rest. Grp. Inc. v. Affiliated FM Ins. Co.*, 527 F. Supp. 3d 1142, 1147 (N.D. Cal. 2021) (granting defendant's motion for judgment on the pleadings and denying leave for plaintiffs to amend allegations because any amendments would be futile), *aff'd* 2022 WL 4007998 (9th Cir. Sept. 2, 2022); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007) (factual allegations "must be enough to raise a right to relief above the speculative level"). When ruling on a motion for judgment on the pleadings, a court considers the complaint, the answer, and any matter the court can take judicial notice for factual background of the case. *Moore v. Kroger Co.*, No. C-13-04171 DMR, 2014 WL 825428, at *2 (N.D. Cal. Feb. 28, 2014) (citation

---

[1] Plaintiff's proposed class definition confirms this is Plaintiff's theory. His definition comprises "all California residents" whose name and/or likenesses were ever "*placed on* the Classmates website." Dkt. 132 ¶133 (emphasis added).

omitted). Where those materials reveal that the plaintiff's claim is untimely, entry of judgement on the pleadings is required. *E.g.*, *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 221–31 (N.D. Cal. 2019).

The pleadings establish that the claims Plaintiff has pleaded are untimely. Under California law, he had to file his Section 3344 claim within two years of accrual. According to Plaintiff's alleged theory of harm, his Section 3344 claim accrued on June 14, 2014, when PeopleConnect added the four yearbooks that contain his name and images to the Classmates.com library. That means he had to commence his lawsuit on or before June 14, 2016. That deadline expired six years before he filed suit. Even accepting for the sake of argument that his claims relate back to the original complaint filed by the original plaintiffs, this lawsuit was not filed until December 18, 2020—still years beyond the expiration of the applicable two-year statute of limitations.

## I.      Plaintiff's Claims Are Time Barred.

The statute of limitations for Section 3344 claims is two years. *Christoff v. Nestle USA, Inc.*, 213 P.3d 132, 137 (Cal. 2009). Under Plaintiff's theory of liability that the inclusion of a person's yearbook on the Classmates.com site gives that person a Section 3344 claim, regardless of whether that yearbook was ever viewed, Plaintiff's claim is untimely. The Ninth Circuit has held that Section 3344 claims accrue when the offending material is first distributed to the public. Plaintiff's theory is that this happened as soon as his yearbooks were made available on Classmates.com.

As the Ninth Circuit has made clear, California right of publicity actions are subject to the single publication rule. *See Yeager v. Bowlin*, 693 F.3d 1076, 1081–82 (9th Cir. 2012); *see also Christoff*, 213 P.3d at 137. Under that rule, a Section 3344 claim accrues, and thus the statute of limitations begins to run, on the day the Section 3344 violation allegedly first occurs, regardless of how many times the allegedly offending material is later distributed. *Yeager*, 693 F.3d at 1081–82. In this way, the rule avoids endlessly tolling the limitations period on claims against publishers that, for example, print a single set of offending publications that then circulate for years. *See Christoff*, 213 P.3d at 139 (citing *Gregoire v. G.P. Putnams Sons*, 81 N.E.2d 45 (N.Y. 1948)). Moreover, the Ninth Circuit has held that California right of publicity claims targeting allegedly unlawful online content accrue when the content is "first made available to the public." *Yeager*, 693 F.3d at 1081–82. The only exception is in the rare circumstance—not present here— that the offending material is published "in an inherently secretive manner" such that the plaintiff could

not have accessed it. *See Hebrew Acad. of San Francisco v. Goldman*, 42 Cal. 4th 883, 894 (2007); *Christoff*, 213 P.3d at 141. It is not enough that the offending material was "not widely distributed." *Goldman,* 42 Cal. 4th at 894. So long as it was "available to the public," the exception does not apply. *See id.*

  *Yeager* is on point and dispositive. There, Chuck Yeager sued under Section 3344 for a website's alleged use of his name and image to drive up online sales of merchandise. *Yeager*, 693 F.3d at 1079. The district court deemed Yeager's claims untimely because, under the single publication rule, the statute of limitations began running upon the first distribution of the material to the public, regardless of whether the plaintiff knew of the publication. *See id.* at 1081. The Ninth Circuit affirmed, holding that the statute of limitations under Section 3344 runs from first publication. *See id.*

  Under *Yeager* and the controlling California case law, Plaintiff's claims are time barred. Plaintiff's theory of liability is that he was harmed as soon as his images were added to the Classmates.com library. Dkt. 132 ¶59. That occurred on June 14, 2014, when PeopleConnect added the four yearbooks containing Plaintiff Tseng's name and images to the library and thereby made them accessible to the public. Aff. Defenses ¶8, Dkt. 154. The statute of limitations for a claim brought under Section 3344 is two years. Plaintiff, therefore, had to file his claim by June 14, 2016.[2] Even if Plaintiff were to enjoy the benefit of relation back under Federal Rule of Civil Procedure 15, his action still did not commence until December 18, 2020. That is more than four years too late.

  Plaintiff does not—and cannot—allege any facts to fit within the criteria for exceptional application of the discovery rule because PeopleConnect did not present his yearbooks on Classmates.com "in an inherently secret manner" such that the plaintiff could not have accessed it. *See Goldman*, 42 Cal. 4th at 894. Indeed, Plaintiff has alleged that the yearbooks containing his name and images were "display[ed]

---

[2] The same is true for Plaintiff's Section 17200 and unjust enrichment claims. Those claims are derivative of the Section 3344 claim, *see* Dkt. 76 at 29, 33 (labeling the former as derivative and noting the latter is predicated on misappropriation), and Plaintiff cannot circumvent limitations by pursuing another theory of relief based on the same publication, *see Long v. Walt Disney Co.*, 116 Cal. App. 4th 868, 873 (2004); *see also Yeager v. Bowlin*, No. CIV 2:08-102WBSJFM, 2010 WL 95242, at *16 (E.D. Cal. Jan. 6, 2010) (Section 17200 claim is time-barred if predicate Section 3344 claim is time-barred), *aff'd in part*, 693 F.3d 1076 (9th Cir. 2012); *Pro. Collection Consultants v. Lujan*, 23 Cal. App. 5th 685, 691 (2018) ("[T]he statute of limitations that applies to an action is governed by the gravamen of the complaint, not the cause of action pled.").

publicly on the Internet." Dkt. 132 ¶96. He also alleges that the use of his image on Classmates.com "is verifiable [without] agreeing to the [terms of service]," underscoring that the use of Plaintiff's likeness on Classmates.com is in no way "secret," but instead is and has been readily accessible to the public since it was first uploaded. *See* Dkt. 132 ¶43; *Goldman*, 42 Cal. 4th at 894.

None of the facts material to this analysis are disputed and all are established in the pleadings. The Court therefore should grant PeopleConnect judgment on the pleadings.

**II.     Plaintiff Cannot Salvage His Untimely Claims.**

Apparently recognizing that his claims are time barred under the above authority, Plaintiff makes two arguments in his motion for class certification as to why these well-established rules do not foreclose his claims. *See* Dkt. 133 at 11–12. To the extent Plaintiff would repeat those arguments in response to this Motion, neither saves his untimely claims.

**A.     Licensing Agreements Do Not Restart The Limitations Period.**

Plaintiff in his motion for class certification argues that the statute of limitations restarts each time PeopleConnect either receives licensing fees from other internet companies for the right to present certain yearbooks on their websites or pays licensing fees for the right to present yearbooks on Classmates.com. Dkt. 133 at 12. This argument fails here for two reasons.

First, Plaintiff in the Amended Complaint makes no mention of licensing fees, let alone pleads a claim based on the receipt or payment of licensing arrangements.

Second, even if Plaintiff had pleaded such a claim, it would be preempted by the Copyright Act. The Court already has held that the Copyright Act preempts state claims based on the use of yearbooks and yearbook excerpts to promote the sale of yearbook reprints. Dkt. 76 at 18–20. Here, the argument for preemption is even stronger. Plaintiff's would-be licensing theory is that Section 3344 is offended upon the purchase or sale of a license that enables the purchaser to display yearbooks online. That is the prototypical preemptable claim. *E.g.*, *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1019 (9th Cir. 2017) (holding that Copyright Act preempted right of publicity claim concerning sale of non-exclusive licenses for individuals to view and download photographs).

**B.      User Searches Do Not Restart The Limitations Period.**

In his class certification motion, Plaintiff also argues that "each display" of search results that contains a plaintiff's name or photograph constitutes a "republication" of the purportedly offending material and that such a republication restarts the limitations period. Dkt. 133 at 12. This argument is precluded by Plaintiff's own theory of his claim, and in any event, is foreclosed by the Ninth Circuit's decision in *Yeager*.

First, Plaintiff's theory is that PeopleConnect has improperly "used" his likeness by presenting school yearbooks that contain his name and images on a website that also contains "advertising" for paid subscriptions to that website. Dkt. 132 ¶¶59–61. His claims under that theory of liability thus accrued the moment his name and images became viewable on Classmates.com. So, Plaintiff's republication argument based on the display of his name and images goes nowhere because whether his name or image has ever actually been displayed on Classmates.com has nothing to do with his theory of liability. According to Plaintiff's theory, the presence of his likeness on Classmates.com is all that matters. And that occurred long before he sued.[3]

Second, even if Plaintiff had pleaded claims based on the actual presentation of his name or photographs (as the law requires), each such presentation would not qualify as a "republication" sufficient to restart the statute of limitations. The Ninth Circuit rejected a similar argument in *Yeager*. There, Yeager argued that the statute of limitations began anew because the defendant had edited its website by updating, among other things, its "News and Events" page to include a reference to Yeager and that update should be treated as a new publication. 693 F.3d at 1082. The Ninth Circuit rejected that argument, holding instead that republication occurs only where the offending material "is substantively altered or added to, or the website is directed to a new audience." *Id*. As such, merely "continuing to host" allegedly offensive material does not suffice for republication. *Id.*; *see also Christoff*, 213 P.3d at 139 (citation omitted). Were it otherwise, "the Statute of Limitation would never expire" so long as the information remains available

---

[3] Plaintiff has adopted his theory that he only needs to show that his image is in the library because he cannot show that anyone other than his counsel has ever viewed his image. This is a fatal flaw in his claim. Even if he now were to pivot and allege it is the actual display that offends, he has not and cannot plead facts sufficient to make it plausible that anyone other than his counsel have reviewed his image on Classmates.com so his claim would fail on that theory, too.

1  from the publisher. *Christoff*, 213 P.3d at 139 (citation omitted). Nor is it enough to show that the website

2  operator made some "conscious deliberate choice" to reissue the material. *Yeager*, 693 F.3d at 1083–84.

3      Similarly, there is no "republication" here that would have restarted Plaintiff's statute of limitations.

4  Plaintiff does not allege any "substanti[al] alter[ations]" to the purportedly offending webpages since his

5  yearbooks were first added to the Classmates.com library, let alone since the first time his name and

6  photographs were first presented. Nor can he, because the yearbook information is static; it exists online

7  as it did when the yearbooks were first added to the Classmates.com library. Accordingly, any type of

8  republication argument would fail. *Id.* at 1081–82. And because the statute of limitations does not restart

9  simply because PeopleConnect continues to host Plaintiff's yearbooks, Plaintiff's republication argument

10  would fare no better even if he had pursued a theory of liability based on the actual presentation of his

11  name and photographs.

12      An Illinois district court recently came to the same conclusion in a similar right of publicity suit

13  against another yearbook website. *Bonilla v. Ancestry.com Operations Inc.*, No. 20 C 7390, 2022 WL

14  4291359, at *3 (N.D. Ill. Sept. 16, 2022). The *Bonilla* court held that a claim under the Illinois right of

15  publicity statute, which also follows the single publication rule, accrued when the yearbooks were first

16  published on the website. *Id.* Like Plaintiff Tseng, the *Bonilla* plaintiff also argued that the website

17  republished his image each time a display was generated with his information, thus restarting his limitations

18  period. *Id.* The court rejected that argument. *Id.* Even though the plaintiff alleged a violation of the Illinois

19  right of publicity statute, the court looked to California law for guidance, explaining that the online

20  publication of offensive material confers a single cause of action that is reset only if the material is

21  "changed, altered, reused, or expanded upon." *See id.* (citing *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d

22  1122, 1130 (9th Cir. 2006)). Thus, the plaintiff's claims were time barred. *See id.* at *4. Here, the same

23  result should obtain because Plaintiff's claim is untimely under his theory, and no alleged reuse of his

24  image constitutes a republication sufficient to restart the statute of limitations.

## CONCLUSION

26      For the foregoing reasons, the Court should grant PeopleConnect's judgment on the pleadings and

27  dismiss Plaintiff Tseng's claims with prejudice as they are time-barred.

28

1    Dated: January 30, 2023                    Respectfully submitted,

2                                               JENNER & BLOCK LLP

3                                               By: /s/ *Debbie L. Berman*

4                                               _____

5                                               Debbie L. Berman (*pro hac vice*)
                                                dberman@jenner.com
5                                               Wade A. Thomson (*pro hac vice*)
                                                wthomson@jenner.com
6
7                                               JENNER & BLOCK LLP
                                                353 North Clark Street
8                                               Chicago, Illinois 60654
                                                Telephone:    312 222-9350
9                                               Facsimile:    312 527-0484

10                                              Benjamin T. Halbig (Cal. Bar. No. 321523)
11                                              bhalbig@jenner.com
                                                JENNER & BLOCK LLP
12                                              455 Market Street, Suite 2100
                                                San Francisco, California 94105
13                                              Telephone:    628 267-6800
                                                Facsimile:    628 267-6859
14

15                                              Kate T. Spelman (Cal. Bar. No. 269109)
                                                kspelman@jenner.com
16                                              JENNER & BLOCK LLP
                                                515 S. Flower Street, Suite 3300
17                                              Los Angeles, California 90071
                                                Telephone:    213 239-5100
18                                              Facsimile:    213 239-5199

19                                              Attorneys for Defendant PeopleConnect, Inc.

20

21

22

23

24

25

26

27

28