# EXHIBIT A

Michael F. Ram, SBN 104805
mram@forthepeople.com
Marie N. Appel, SBN 187483
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYNE TSENG individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLECONNECT, INC.,<br><br>Defendant. | Case No. 3:20-cv-09203-EMC<br><br>**PLAINTIFF WAYNE TSENG'S SUPPEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANT PEOPLECONNECT, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Judge Edward M. Chen |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 33.1, Plaintiff Wayne Tseng ("Plaintiff") submits the following objections and responses to Defendant PeopleConnect, Inc.'s ("PeopleConnect" or "Defendant") First Set of Requests For Production.

The information contained in each response is based only upon the information currently available to Plaintiff. Plaintiff's investigation and discovery will continue to and throughout the trial of this action. Additional investigation, discovery, and research may disclose further information and documents relevant to these responses, including, and in particular, documents

Plaintiff receives from Defendant and any third parties it identifies. Plaintiff's responses to these requests for production are made without prejudice to his rights to introduce any and all documents and other evidence of any kind in the proceedings in this action. Plaintiff responds to these requests as he understands them and reserves his rights to amend and supplement his responses if a different interpretation is provided later. The fact that Plaintiff has answered part or all of any request is not intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any request. Plaintiff's responses and objections are for the purpose of discovery only, and are not an admission or acceptance that any response, fact, or document is relevant and/or admissible into evidence. Plaintiff reserves the right to object to the admissibility of any response, fact, or document at the time of trial or any pre-trial proceedings. Discovery in this matter is ongoing. Plaintiff fully reserves the right to alter, amend, supplement or otherwise revise these responses if, for any reason, such revisions or supplements become appropriate or warranted.

## DEFENDANT'S DEFINITIONS

1.      "Complaint" refers to the First Amended Class Action Complaint filed by Lawrence Geoffrey Abraham, Alice Zhang, Wayne Tseng, and Jamaal Carney in *Abraham v. PeopleConnect, Inc.*, No. 3:20-cv-09203-EMC, in the United States District Court for the Northern District of California on August 4, 2022.

2.      "Communication(s)" means every manner or method of disclosure, exchange of information, statement, or discussion between or among two or more persons or entities, including but not limited to face-to-face and telephone conversations, correspondence, memoranda, letters, facsimiles, telegrams, email messages, transcribed voice-mail messages, text messages, meetings, discussions, public or private messages exchanged on websites, releases, statements, reports, publications, or any recordings or reproductions thereof.

3.      "Documents" means any written material, whether typed, handwritten, printed or otherwise, or any photographic, photostatic, microfilm or other reproduction thereof; any data stored electronically    and capable of being retrieved by computer or word processor and printed

therefrom; and any recording (film, tape, videotape or other mechanical or electronic information). "Documents" includes, but is not limited to notes, memoranda, letters, telegrams, emails, text messages, circulars, releases, articles, reports, records, logs, analyses, charts, account books, drafts, summaries, diaries, transcripts, and agreements.

4. "Including" means "including, but not limited to," and "includes" means "includes, but is not limited to."

5. "Relating to" means anything which: directly or indirectly concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any way, is or was used in the preparation of, is appended to, is legally, logically, or factually connected with, proves, disproves, and/or tends to prove or disprove.

6. "Defendant" or "PeopleConnect" refers to PeopleConnect, Inc.

7. "Plaintiff," "You," or "Your" means Wayne Tseng.

8. "Lead Plaintiff" means the Plaintiffs identified in the Complaint to represent the putative class.

9. "Your Attorney" or "Your Attorneys" means the law firms of Morgan & Morgan Complex Litigation Group, Turke & Strauss LLP, or the Law Office of Benjamin R. Osborn and any of their partners, shareholders, members, associates, attorneys, paralegals, agents, investigators, or other individuals employed by them or acting on their behalf, who have, at any point in time, represented You or have assisted with the representation of You or investigated or assisted in the investigation of any claims on Your behalf, as well as any other law firm or individual who has, at any point in time, represented You or assisted in the representation of You or investigated or assisted in the investigation of any claims on Your behalf. As used in these Requests, "Your Attorney" or "Your Attorneys" is not limited to only individuals who have formally appeared on Your behalf.

10. "Classmates Website" refers to the website www.Classmates.com and all webpages linked or accessible through it.

1
2

11.      "Intelius Website" refers to the website www.intelius.com and all webpages linked or accessible through it.

3
4

12.      "US Search Website" refers to the website www.ussearch.com and all webpages linked or accessible through it.

5
6
7

13.      "Engagement Letter" means a written letter, contract, or other agreement between You and Your Attorney governing the scope of Your Attorney's representation of You in this matter.

8
9
10
11
12
13
14
15
16
17
18
19
20
21

14.      "Other Right Of Publicity Cases Involving The Republication Of Yearbook Data" refers to the following cases: *Callahan v. Ancestry.com Operations Inc., et al.*, No. 20-cv-08437 filed in the Northern District of California on November 30, 2020; *Bonilla v. Ancestry Operations Inc., et al.*, No. 20- cv-07390 filed in the Northern District of Illinois on December 14, 2020; *Sessa v. Ancestry.com Operations Inc., et al.*, No. 20-cv-2292 filed in the District of Nevada on December 17, 2020; *Bonilla et al. v. PeopleConnect, Inc.*, No. 21-cv-00051 filed in the Northern District of Illinois on January 5, 2021; *Boshears v. PeopleConnect, Inc.*, No. 21-cv-1222 filed in the Western District of Washington on September 7, 2021; *Izzo v. PeopleConnect, Inc.*, No. 22-cv-00016 filed in the Western District of Washington on January 6, 2022; *Mackey v. PeopleConnect, Inc.*, 22-cv-00342 filed in the Northern District of Illinois on January 20, 2022; *Wilson v. Ancestry.com Operations Inc., et al.*, No. 22-cv-00861 filed in the Southern District of Ohio on February 21, 2022; *Fry v. Ancestry.com Operations Inc., et al.*, No. 22- cv-00140 filed in the Northern District of Indiana on February 22, 2022; or *Bensen v. PeopleConnect, Inc.*, No. 22-cv-01199 filed in the Western District of Washington on August 29, 2022.

22
23
24
25
26

15.      "Social Media Accounts" refers to any accounts affiliated with interactive technologies and digital channels that facilitate the creation and sharing of information, ideas, interests, and other forms of expression. "Social Media Accounts" includes, but is not limited to, accounts on the following platforms: Facebook, Twitter, Instagram, Snapchat, TikTok, Google+, Reddit, Pinterest, and LinkedIn.

27
28

16.     "Off-Facebook Activity" means the data accessible to a Facebook user on their Facebook account that is referred to on the Facebook interface as "Your Off-Facebook Activity [:] Your activity from the business and organizations you visit off of Facebook [.]"

## DEFENDANT'S INSTRUCTIONS

1.      If You claim any privilege or other protection as a basis for not answering any Request, please set forth (a) the privilege claimed; (b) each fact which You contend provides a basis for the invocation of the privilege; and (c) the identity of each person who You believe or know is witness to such facts.

2.      When Documents, data, knowledge, or information in Your possession are requested, such Request includes knowledge of Your agents, Your representatives, experts, persons consulted regarding any factual matters or opinion relating to any of the facts or issues in this case, and unless privileged, Your Attorneys.

3.      If You fail to provide any information sought by these Requests on the basis that the information or Documents requested have been lost, destroyed, or are otherwise no longer available, You should: (a) identify the information sought or Document requested to the best of Your ability; (b) state the date the information or Document was lost, destroyed, or otherwise became no longer available; and (c) state in detail the circumstances surrounding the information or Document's unavailability.

4.      If any portion of any Document is responsive to these Requests, the entire Document shall be produced, including, but not limited to, all cover sheets, appendices, or attachments. For example, if an email is deemed responsive but an attachment to that email is deemed nonresponsive, both the email and the attachment shall be produced.

5.      In construing these Requests, the singular includes the plural, the plural includes the singular; a masculine, feminine, or neuter pronoun includes all of the genders; the words "and" and "or" shall be both conjunctive and disjunctive so as to require the admission; "any" means "any and all"; and the past tense includes the present tense and vice versa.

6.     These Requests are continuing, and Plaintiff has a duty to supplement, amend, or correct any and all prior answers or responses whenever new or additional information subsequently becomes known.

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEFINITIONS

1.     Plaintiff objects to Defendant's definition of "Lead Plaintiff" as there is now only one Lead Plaintiff, Mr. Tseng. See ECFs 129, 151, 153.

2.     Plaintiff objects to Defendant's definition of "Your Attorney" or "Your Attorneys" as it is not limited in time or to the claims in this action. Plaintiff will interpret the term "Your Attorneys" to refer exclusively to the specific law firms Defendant identified, i.e., "Morgan & Morgan Complex Litigation Group, Turke & Strauss LLP, or the Law Office of Benjamin R. Osborn."

3.     Plaintiff objects to Defendant's definition of "Other Right of Publicity Cases Involving the Republication of Yearbook Data" because none of the causes of action at issue in the listed cases relate to the "Republication of Yearbook Data." Rather, each case listed in Defendant's definition asserts claims arising from the use of names and yearbook photographs to advertise subscriptions. Plaintiff is not aware of any right of publicity lawsuits, or lawsuits of any type, alleging claims arising from the "republication" of yearbook photographs. Plaintiff expressly rejects Defendant's mischaracterization of the claims raised in this case and the other cases listed in Defendant's definition. For purposes of these requests, Plaintiff rejects the term "Other Right of Publicity Cases Involving the Republication of Yearbook Data" and will substitute the term "Other Right of Publicity Cases Involving the Non-Consensual Commercial Use of Yearbook Data to Advertise Subscriptions," which more accurately describes the relevant claims.

4.     Plaintiff objects to Defendant's definition of "Social Media Accounts." The definition is vague, overbroad, and does not correspond to the ordinary plain language meaning of the term "social media account." For example, Defendant's definition would encompass the following objects: a personal computer, a keyboard, an e-book reader, a cellphone, a radio, a

walkie-talkie, a musical instrument. These objects are "interactive technologies" or "digital channels" that "facilitate the creation and sharing of information, ideas, interests, and other forms of expression," but they are plainly not "social media accounts." Plaintiff will interpret the term "Social Media Accounts" to refer exclusively to the specific platforms Defendant identified, i.e., "Facebook, Twitter, Instagram, Snapchat, TikTok, Google+, Reddit, Pinterest, and LinkedIn."

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S INSTRUCTIONS

1.      Plaintiff objects to Instruction Number One as imposing obligations inconsistent with the Federal Rules of Civil Procedure. Plaintiff will comply with Fed. R. Civ. P. 26(b)(5) and the Parties' Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation (ECF 126), and provide a privilege log if warranted at an appropriate time.

2.      Plaintiff objects to Instruction Number Two, which purports to expand the scope of Defendant's requests beyond documents and information that are in Plaintiff's possession or control, because it instructs Plaintiff to provide information about the "knowledge of [Plaintiff's] agents, [Plaintiff's] representatives, experts, persons consulted regarding any factual matters or opinion relating to any of the facts or issues in this case, and unless privileged, [Plaintiff's] Attorneys." Plaintiff will not comply with this improper instruction. Instead, consistent with the Federal Rules of Civil Procedure, Plaintiff will base his responses on information and documents that are in his possession or control. Plaintiff further objects to instruction number two because it calls for the production of material that is protected by privilege, including but not limited to the work product and attorney-client privileges.

3.      Plaintiff objects to Instruction Number Three to the extent it purports to require Plaintiff to obtain information that is not reasonably available to Plaintiff. If Plaintiff believes a document or other information is unavailable, Plaintiff will so state and provide the basis for its unavailability to the best of his recollection. Plaintiff will not comply with instruction number three.

## PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All Documents relating to a request by You that Your name, photo, or likeness be removed from any publicly available source.

**RESPONSE:** Plaintiff objects to this request as overbroad and unduly burdensome in that it is not limited in temporal scope and requests "All Documents." Plaintiff objects to this request as vague and ambiguous, particularly its use of the undefined phrases "request," "be removed," and "any publicly available source." Without explanations or definite categories of responsive documents sought, this request could include an enormous number of activities. Plaintiff objects to this request as seeking information that is not relevant to any claim or defense in this action. Plaintiff's claims arise from Defendant's commercial use of his name and photograph as a child without his consent to advertise, not the disclosure of "private" information. Plaintiff similarly objects to this request as seeking information that is not knowable by Plaintiff to the extent he is supposed to know all the "sources" where his name, photo, or likeness are "publicly available."

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff will meet and confer with Defendant about this request.

**SUPPLEMENTAL RESPONSE 2/17/2023**: The Parties met and conferred on February 14, 2023, and in light of that conversation and the letters exchanged regarding this request wherein Defendant clarified this request seeks "Information regarding whether Mr. Tseng has asked another website, a phone book, directory, or the like to remove his name, photograph, or likeness," Mr. Tseng responds that he has no responsive documents.

**REQUEST NO. 2:** All Documents relating to Communications between You and Your Attorneys prior to You signing an Engagement Letter.

**RESPONSE:** Plaintiff objects to this request on the grounds that this request seeks information that is subject to privilege, including work product and attorney-client privileges.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff will produce his Engagement Letter

relating to this action (PL-TSENG_000003-8) and the investigation letter from Turke & Strauss (PL-TSENG_000001-2). No other responsive documents exist.

**REQUEST NO. 3:**   All Documents relating to agreements, including Engagement Letters, between You and Your Attorneys.

**RESPONSE:** Plaintiff objects to this request on the grounds that this request seeks information that is subject to privilege, including work product, and attorney-client privileges. Plaintiff objects to the phrase "relating to agreements" as vague and ambiguous, and is unable to respond as to this phrase.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff will produce his Engagement Letter relating to this action (PL-TSENG_000003-8) and the investigation letter from Turke & Strauss (PL-TSENG_000001-2). No other responsive documents exist.

**REQUEST NO. 4:**   All Documents relating to the screenshot identified and described in paragraph 89 of the Complaint, including, but not limited to, (a) the full resolution version of that screenshot that You allege was collected by a staff member at Turke & Strauss; and (b) Documents sufficient to show the identity of the individual who captured the screenshot, how the screenshot was captured, and when it was captured.

**RESPONSE:** Plaintiff objects to this request on the grounds that this request seeks information that is subject to privilege, including work product and attorney-client privileges. Plaintiff objects to subsection (b) of this request as seeking irrelevant information.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff will produce the screenshot requested in subsection (a). See PL-TSENG_000009. Plaintiff will not respond as to subsection (b) because any responsive documents that may exist would be entitled to work product protection and/or attorney-client privilege.

**REQUEST NO. 5:** All Documents relating to Communications between You and other purported class members in this case or in Other Right Of Publicity Cases Involving The Republication Of Yearbook Data.

**RESPONSE:** Plaintiff objects to this request as unduly burdensome because it contains no limitation as to time. Plaintiff objects to this request as overbroad and seeking irrelevant information in that it contains no limitation as to the subject matter of the communications requested, and therefore (for example) might encompass a conversation Plaintiff had with a friend or coworker about a baseball game, TV show, work project, or any other topic, none of which bear any relevance to this case. Plaintiff objects to this request as overbroad in that it purports to encompass any communication Plaintiff had with any particular person out of tens of millions of individuals, because the request refers to any "purported class member" in ten class actions, each of which involves claims on behalf of statewide classes encompassing millions of as-of-yet-unidentified individuals. Plaintiff objects to this request as unduly burdensome because, to answer it, Plaintiff would have to catalogue every communication about any subject that he has had with any individual at any time in his life, then cross reference those communications to determine which of those individuals are members of a putative class in one of the ten actions identified in the request. Plaintiff incorporates his objection to "Other Right Of Publicity Cases Involving The Republication Of Yearbook Data," and objects that this definition and this request mischaracterizes the nature of the claims in the listed cases, including this action.

Plaintiff understands PeopleConnect to have narrowed this request in its July 27, 2022, letter to seek plaintiff's "communications with other members of the putative class he has alleged regarding the subject matter of his claims in this case." Accordingly, Plaintiff objects to this narrowed request as duplicative of Request No. 18.

Subject to these objections and this clarification, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff has had no responsive communications.

**REQUEST NO. 6:** All Documents relating to Your demand in paragraph 157(f) of the Complaint for statutory damages under the California Civil Code § 3344, including, but not limited to, actual damages, punitive damages, and PeopleConnect's profits that are attributable to the use.

**RESPONSE:** Plaintiff objects to this request as seeking documents and materials subject to privilege, including attorney-client and work product privileges. Plaintiff objects to this request as seeking documents that are not in Plaintiff's possession or control, but that are in Defendant's possession. Plaintiff objects to this request as seeking information that is currently in Defendant's possession, including the revenue Defendant earns from licensing Plaintiff's name and yearbook photograph, and the revenue Defendant earns from sales of website subscriptions. Plaintiff objects to this request as impermissibly premature as it calls for expert opinions or testimony—Plaintiff will make its expert disclosures in compliance with the timeframe provided by the Federal Rules and this Court's Orders. Plaintiff objects to this request as duplicative of Request No. 10.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff refers Defendant to the Complaint and to his pending motion for class certification, both of which support his claim for damages. See ECF Nos. 133-143. Beyond the information contained in those filings, Plaintiff is not in possession of additional responsive documents. Plaintiff also refers Defendant to his answers to Interrogatory Nos. 4 and 5.

**REQUEST NO. 7:** All Documents relating to Your demand in paragraph 157(g) of the Complaint for an "award of reasonable attorneys' fees and costs incurred by Plaintiffs and the class members."

**RESPONSE:** Plaintiff objects that this request is so vague Plaintiff cannot reasonably determine what information is being requested. Plaintiff objects to this request as seeking documents and materials subject to privilege, including attorney-client and work product privileges. To the extent the request seeks documentation establishing the amount of attorneys' fees and costs that have been incurred by Plaintiff and the class members, Plaintiff objects to the

request as premature. Cal. Civ. Code. § 3344(a) provides: "The prevailing party in any action under this section shall also be entitled to attorney's fees and costs." As there is no prevailing party yet, this request is premature. If Plaintiff is the prevailing party, he will produce documentation to the Court in support of his demand at the appropriate time. Plaintiff objects to this request as duplicative of Request No. 11.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, based on his conceptual understanding of this request, Plaintiff will produce his Engagement Letter relating to this action (PL-TSENG_000003-8). Plaintiff possesses no other responsive, non-privileged documents.

**REQUEST NO. 8:** All Documents relating to Your demand in paragraph 157(f) of the Complaint for "damages for actual harm" You have suffered as a result of the Classmates Website displaying Your name, photo, and likeness, including, but not limited to, lost profits, loss of endorsement opportunity, loss of value of personal data or information, emotional and mental damages, out-of-pocket costs, or other losses and costs.

**RESPONSE:** Plaintiff objects to this request as seeking information that is protected by attorney-client and work product privileges. Plaintiff objects to this request as seeking information that is currently in Defendant's possession, including the revenue Defendant earns from licensing Plaintiff's name and yearbook photograph, and the revenue Defendant earns from sales of website subscriptions. He further objects to this request as incorrectly stating Plaintiff's allegation in paragraph 157(f). Plaintiff objects to this request as prematurely seeking information that is subject to expert opinion and testimony. Plaintiff will make his expert disclosures in compliance with the Federal Rules and orders of the Court. Plaintiff objects to this request as duplicative of Request No. 10.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff refers Defendant to the Complaint and to his pending motion for class certification, both of which support his claim for damages. See ECF Nos. 133-143. Beyond the information contained in those filings, Plaintiff is not in

possession of additional responsive documents. Plaintiff also refers Defendant to his answers to Interrogatory Nos. 4 and 5.

**REQUEST NO. 9:**   All Documents relating to any physical, emotional, or mental injuries or distress You have suffered as a result of the Classmates Website displaying Your name, photo, and likeness, including, but not limited to, any Documents reflecting or documenting the symptoms of such injuries or distress as well as any Documents reflecting visits to any hospital, doctor's office, or other health care facility to treat such injuries or distress.

**RESPONSE:** Plaintiff objects to this request as seeking information that is protected by attorney-client and work product privileges. Plaintiff objects to this request as seeking information that is currently in Defendant's possession, including the revenue Defendant earns from licensing Plaintiff's name and yearbook photograph, and the revenue Defendant earns from sales of website subscriptions. Plaintiff objects to this request as prematurely seeking information that is subject to expert opinion and testimony. Plaintiff will make his expert disclosures in compliance with the Federal Rules and orders of the Court. Plaintiff objects to this request as duplicative of Request No. 10.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff refers Defendant to the Complaint and to his pending motion for class certification, both of which support his claim for damages. See ECF Nos. 133-143. Beyond the information contained in those filings, Plaintiff is not in possession of additional responsive documents. Plaintiff also refers Defendant to his answers to Interrogatory Nos. 4 and 5.

**REQUEST NO. 10:**   All Documents relating to any other damages You seek as a result of the allegations contained in the Complaint.

**RESPONSE:** Plaintiff objects to this request as duplicative of Request Numbers 6, 8-9. Plaintiff objects to this request as vague and ambiguous.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff has provided complete responses to Request Numbers 6, 8-9 and there is nothing further.

**REQUEST NO. 11:** All Documents relating to any other fees or costs You seek as a result of the allegations contained in the Complaint.

RESPONSE: Plaintiff objects to this request as duplicative of Request Number 7. Plaintiff objects to this request as vague and ambiguous.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff has provided a complete response to Request Number 7 and there is nothing further.

**REQUEST NO. 12:** All Documents relating to how You first became aware that Your personal information and photos are being used by Classmates.

RESPONSE: Plaintiff objects to this request on the grounds that this request seeks information that is subject to privilege, including work product, and attorney-client privileges.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff will produce his Engagement Letter relating to this action (PL-TSENG_000003-8) and the investigation letter from Turke & Strauss (PL-TSENG_000001-2). No other responsive documents exist.

**REQUEST NO. 13:** All Documents relating to the "fair economic value" of Your likeness as alleged in paragraph 131 of the Complaint.

RESPONSE: Plaintiff objects to this request as seeking information that is protected by attorney-client and work product privileges. Plaintiff objects to this request as prematurely seeking information that is subject to expert opinion and testimony. Plaintiff will make his expert disclosures in compliance with the Federal Rules and orders of the Court. Plaintiff objects to this request as duplicative of Request No. 8 and Interrogatories Numbers 4 and 5.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff refers Defendant to the Complaint and

to his pending motion for class certification, both of which support his claim for damages. See ECF Nos. 133-143. Beyond the information contained in those filings, Plaintiff is not in possession of additional responsive documents. Plaintiff also refers Defendant to his answers to Interrogatory Nos. 4 and 5.

**REQUEST NO. 14:** All Documents relating to the deprivation of the "fair economic value" of Your likeness as alleged in paragraph 131 of the Complaint.

**RESPONSE:** Plaintiff objects to this request as seeking information that is protected by attorney-client and work product privileges. Plaintiff objects to this request as prematurely seeking information that is subject to expert opinion and testimony. Plaintiff will make his expert disclosures in compliance with the Federal Rules and orders of the Court. Plaintiff objects to this request as duplicative of Request No. 8 and Interrogatories Numbers 4 and 5.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff refers Defendant to the Complaint and to his pending motion for class certification, both of which support his claim for damages. See ECF Nos. 133-143. Beyond the information contained in those filings, Plaintiff is not in possession of additional responsive documents. Plaintiff also refers Defendant to his answers to Interrogatory Nos. 4 and 5.

**REQUEST NO. 15:** All Documents reflecting, showing, or demonstrating any interactions You have had with Classmates, Intelius, or US Search Websites via the Social Media Accounts You identified in response to PeopleConnect's First Set of Interrogatories, including, but not limited to, Your Off-Facebook Activity and any similar activity reports from any other social media applications that reflect any such interactions.

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous, particularly because of its use of the undefined phrases "reflecting, showing, or demonstrating any interactions . . . via the Social Media Accounts" and "any similar activity reports from any other social media applications that reflect any such interactions." Plaintiff objects to this request as seeking documents that are not relevant to any of the claims or defenses in this action. Plaintiff

objects to this request as overbroad and unduly burdensome as the request seeks Plaintiff's Off-Facebook Activity Report, but then vaguely and broadly expands the scope of the request, rendering the remaining bits of the request unintelligible.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff will produce his Off-Facebook Activity Report showing whether he has "interacted with" "Classmates, Intelius, or US Search Websites." Plaintiff requests that Defendant provide specific step-by-step instructions on how this report is to be downloaded.

**SUPPLEMENTAL RESPONSE 2/17/2023**: See PL-TSENG_000010 - PL-TSENG_000013.

**REQUEST NO. 16:** All Documents reflecting any terms or conditions that You agreed to while registering for the Social Media Accounts You identified in response to PeopleConnect's First Set of Interrogatories.

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous, particularly because of its use of the undefined phrase "terms or conditions." Plaintiff objects to this request as seeking documents that are not relevant to any of the claims or defenses in this action. Plaintiff objects to the request as seeking documents, if any exist, which are not in the possession, custody, or control of Plaintiff, or that are publicly available and equally available to Defendant.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, based on Plaintiff's conceptual understanding of what this request is seeking, Plaintiff has no responsive documents in his possession.

**SUPPLEMENTAL RESPONSE 2/17/2023**: The Parties met and conferred on February 14, 2023, and in that conversation and the letters exchanged regarding this request, Defendant clarified this request seeks the terms or conditions or agreements Plaintiff agreed to *when he registered* for his social media accounts identified in Interrogatory No. 6. Defendant has not clarified or specifically identified what terms or conditions or agreements it is seeking with this request (given that, for example, Facebook currently has numerous documents outlining various

policies and Plaintiff is not a lawyer). Nevertheless, Plaintiff conducted a reasonably diligent search of his emails and found no terms or conditions sent by any "Social Media Account" sites. Plaintiff stands on his previous objections and response.

**REQUEST NO. 17:**  All Documents relating to any consent to the use of Your name, photo, or likeness that you provided via the Social Media Accounts You identified in response to PeopleConnect's First Set of Interrogatories.

      **RESPONSE:** Plaintiff objects to this request as vague and ambiguous, particularly because of its use of the undefined word "consent" and phrase "provided via." Plaintiff objects to this request as seeking documents that are not relevant to any of the claims or defenses in this action. Plaintiff objects to the request as seeking documents, if any exist, which are not in the possession, custody, or control of Plaintiff.

      Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, based on Plaintiff's conceptual understanding of what this request is seeking, Plaintiff has no responsive documents in his possession.

**REQUEST NO. 18:**  All Documents relating to any Communications You have had with any other person about the Classmates Website.

      **RESPONSE:** Plaintiff objects to this request as vague and ambiguous as to the phrase "all documents relating to any communications." Plaintiff will instead interpret this request to be seeking communications. Plaintiff objects to this request as seeking documents that are not relevant to any of the claims or defenses in this action. Plaintiff objects to this request as seeking information that is protected by attorney-client and work product privileges. Plaintiff objects to this request as prematurely seeking information that is subject to expert opinion and testimony. Plaintiff will make his expert disclosures in compliance with the Federal Rules and orders of the Court. Plaintiff objects to this request as unduly burdensome because it contains no limitation as to time. Plaintiff objects to this request as duplicative of Request No. 5.

Subject to these objections and this clarification, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff has had no responsive communications.

**REQUEST NO. 19:** All Documents relating to any Communications between You and the Classmates Website.

**RESPONSE:** Plaintiff objects to this request on the ground that it seeks information that is already in PeopleConnect's possession because PeopleConnect would have been privy to any communications between itself and Plaintiff.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff responds that other than filing this lawsuit, he is not aware of any communication between himself and the Classmates Website.

**REQUEST NO. 20:** All Documents relating to Your decision to serve as a Lead Plaintiff in this action, including but not limited to:

a. all Documents relating to any Communications between You and any person other than Your Attorney relating to Your decision to serve as a Lead Plaintiff;

b. all Documents relating to Your decision to retain Your Attorneys in this matter;

c. all Documents relating to potential compensation in the event of settlement or judgment for the purported class.

d. all Documents relating to any agreement, promise, or suggestion that any benefit or consideration will be provided to You or any person in exchange for You serving as a Lead Plaintiff.

**RESPONSE:** Plaintiff objects to this request as seeking documents and materials protected by privilege, including the work product privilege.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff will produce his Engagement Letter relating to this action (PL-TSENG_000003-8) and the investigation letter from Turke & Strauss (PL-TSENG_000001-2). No other responsive documents exist.

**REQUEST NO. 21:** Documents sufficient to identify: (a) whether any court has ever found Your Attorneys to be inadequate counsel for a class or putative class; (b) whether any court has denied a motion for class certification brought by Your Attorneys, or overturned such certification on appeal; (c) whether any court has rejected a class action settlement proposed by Your Attorneys, or overturned a trial court's approval of a class action settlement proposed by Your Attorneys; (d) and whether any legal, administrative, enforcement, criminal, or disciplinary actions have been directed against Your Attorneys at any time by any federal, state, or local agency or licensing board or body. For every matter to which the answer is in the affirmative, the Documents must be sufficient to identify the Attorneys involved, the case name, docket number and court, agency, board or body, and the date on which the court, board or body made the determination(s) described above.

**RESPONSE:** Plaintiff objects to this request as seeking documents that are not in Plaintiff's possession or control but that are instead equally, or more easily, accessible to Defendant. Plaintiff objects to this request as seeking documents and materials protected by privilege, including the work product privilege. Plaintiff objects to this request as seeking documents and information that are not relevant to any of the claims or defenses in this action.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff responds that he has no non-privileged documents responsive to this request in his possession.

**REQUEST NO. 22:** All sworn testimony You have provided in any legal proceeding in the past ten (10) years.

**RESPONSE:** Plaintiff objects to this request as vague and overbroad in that it fails to define "legal proceeding."

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff responds that he has not provided sworn testimony in any legal proceeding in the past ten years.

**REQUEST NO. 23:** All pleadings, including, but not limited to, complaints and answers, which You filed in any legal proceedings in the past ten (10) years (not including this action).

**RESPONSE:** Plaintiff objects to this request as seeking documents not relevant to any of the claims or defenses in this matter.

Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff responds that he has not filed any pleadings in any legal proceedings in the past ten years, other than filings in this action.

**REQUEST NO. 24:** Documents sufficient to identify any recovery of a monetary award or settlement You have received in the past ten (10) years as a result of litigation or threatened litigation.

**RESPONSE:** Plaintiff objects to this request as seeking documents not relevant to any of the claims or defenses in this matter.

Subject to this objection and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff responds that, to the best of his recollection, he has been a member of a couple of class actions in which he did not actively participate, and as a result of which he received a nominal "monetary award" and/or was the beneficiary of injunctive relief. He does not recall anything about the cases or the amount of money he received and he no longer possesses any responsive documents.

**REQUEST NO. 25:** All Documents relating to Your responses to any Interrogatories and/or Requests for Admission served on You by PeopleConnect in this action, including all Documents referred to or relied upon by You in responding to those Interrogatories and/or Requests for Admission and all Documents that support or refute any of Your responses.

**RESPONSE:** Plaintiff objects to the overbreadth and vagueness of the phrase "all documents relating to your responses."

Subject to this objection and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff responds that he will produce non-

privileged documents in his possession that are responsive to this request as noted in his responses to each individual interrogatory.

Dated: February 17, 2023

TURKE & STRAUSS LLP

By: /s/ Raina C. Borrelli
Raina C. Borrelli (*pro hac vice*)
raina@turkestrauss.com
Samuel J. Strauss (*pro hac vice*)
sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, WI 53703
Telephone (608) 237-1775
Facsimile: (608) 509-4423

Michael F. Ram, SBN 104805
mram@forthepeople.com
Marie N. Appel, SBN 187483
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn
 (to be admitted *pro hac vice*)
ben@benosbornlaw.com
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464

*Attorneys for Plaintiff and the Proposed Class*

# CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that on February 17, 2023, I electronically transmitted the foregoing to the following:

Kate Tainsky Spelman
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
kspelman@jenner.com

Benjamin Thorman Halbig
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105
bhalbig@jenner.com

Debbie L. Berman
dberman@jenner.com
Wade A. Thomson
wthomson@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654

DATED this 17th day of February, 2023.

TURKE & STRAUSS LLP

By: */s/ Raina C. Borrelli*
Raina C. Borrelli (*pro hac vice*)
raina@turkestrauss.com
613 Williamson St., Suite 201
Madison, WI 53703
Telephone (608) 237-1775
Facsimile: (608) 509-4423