UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TSENG,<br><br>    Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC.,<br><br>    Defendant. | Case No. 20-cv-09203-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION**<br><br>Docket No. 165 |

    The parties have filed a joint letter, dated February 28, 2023, regarding a dispute over production. Docket No. 165. In his response to Defendant's interrogatories, Plaintiff identified four social media accounts that he definitively created: Facebook, LinkedIn, Twitter, and Reddit. Docket No. 165-2 Ex. B, at 10. Defendant served Plaintiff with requests for production ("RFPs"). Through RFP 16, Defendant seeks the terms and conditions to which Plaintiff agreed when registering for these four social media accounts, and through RFP 17 Defendant seeks any other consent Plaintiff gave to these platforms for the use of his name, photo, or likeness. *Id.* at 8-10; Docket No. 165 at 1; Docket No. 165-1 Ex. A, at 16-17. Plaintiff objects to RFPs 16 and 17.

    Plaintiff's right to publicity claims stem from Defendant uploading Plaintiff's photo to the internet from a yearbook without Plaintiff's consent and then using the photo to solicit paid subscriptions to Defendant's website, Classmates.com. FAC ¶¶ 85-102. Plaintiff contends that the requested information is irrelevant to Plaintiff's claims against Defendant, that the RFPs do not identify the information they are requesting with reasonable particularity, and that the requested information is not proportional to the needs of the case. Having considered the joint letter and the accompanying submissions, the Court hereby rules that RFPs 16 and 17 are not relevant to

Plaintiff's claims and that Plaintiff need not produce the information the RFPs request.[1]

## I.     DISCUSSION

Federal Rule of Civil Procedure 26(b) governs the scopes and limits of discovery. Fed. R. Civ. P. 26(b). "Information within this scope of discovery need not be admissible in evidence to be discoverable," though it must be relevant, nonprivileged, and "proportional to the needs of the case." *Id.* at 26(b)(1). Discovery is limited that that which is "relevant to any party's claim or defense." *Id.*

A.     Relevance

RFP 16 asks Plaintiff to produce "All Documents reflecting any terms or conditions that You agreed to while registering for the Social Media Accounts You identified in response to PeopleConnect's First Set of Interrogatories." Docket No. 165-1 Ex. A, at 16. In response to Interrogatory No. 6, Plaintiff identified four accounts that he definitively created: Facebook, LinkedIn, Twitter, and Reddit. Docket No. 165-2 Ex. B, at 10. During a meet and confer, Defendant clarified that they are only seeking the terms and conditions to which Plaintiff consented when initially registering for the accounts. *Id.* RFP 17, in turn, asks Plaintiff to produce "All Documents relating to any consent to the use of Your name, photo, or likeness that you provided via the [four] Social Media Accounts You identified in response to PeopleConnect's First Set of Interrogatories." Docket No. 165-1 Ex. A, at 17.

Plaintiff's claims stem from Defendant uploading Plaintiff's photo to the internet from a yearbook without Plaintiff's consent and then using the photo to solicit paid subscriptions to Defendant's website, Classmates.com. FAC ¶¶ 85-102. Defendant contends that these terms and conditions as well as other consent given may show that Plaintiff previously consented to Facebook, LinkedIn, Twitter, and Reddit's broad, commercial use of any content he submitted to them. *Id.* at 1-2. According to Defendant, if Plaintiff gave such consent to these four social media companies, it would rebut Plaintiff's statements that he values his privacy and control over his likeness and would not have consented to Defendant's terms and conditions had they asked him to

---

[1] As RFPs 17 and 18 are not relevant, the Court need not address the parties' proportionality and particularity concerns.

1    do so. *Id.*

2        The Court disagrees. Defendant demonstrates neither how the requested information is
3    relevant to the consent element of Plaintiff's claim nor how it is relevant to his alleged damages.
4    Defendant's alleged use of Plaintiff's image is not demonstrably similar to how the other social
5    media companies identified by Plaintiff could use Plaintiff's information. When Plaintiff created
6    his Facebook, LinkedIn, Twitter, and Reddit accounts, he did so of his own volition. Plaintiff
7    controlled what he uploaded (or chose not to upload) to these sites. And any knowing consent to
8    the use of his personal information was given in connection with his desire to utilize these media
9    platforms to publish, *e.g.*, his tweets, resumes, posts, etc. Any agreements he made with these
10   platforms were fact specific, particular to the nature of the platform and plaintiff's use thereof, and
11   had no bearing on the likelihood of consent for this particular commercialization of his image by
12   PeopleConnect. Indeed, it appears there is little or no evidence that Plaintiff did in fact, consent,
13   *see* Docket No. 166 at 8 (using Plaintiff's declaration "that he has 'never visited the website
14   www.classmates.com' and has 'never seen or agreed to any Classmates Terms of Service'" to
15   support the proposition that Plaintiff could not have affirmatively relied on any alleged
16   misrepresentations that Defendant made to Plaintiff (quoting Docket No. 164 ¶¶ 3-4)), in which
17   case the evidence of consent in the context of other platforms would be entirely irrelevant.

18       Furthermore, the extent of any emotional harm suffered by Plaintiff due to the non-
19   consensual use of his image to promote the commercial product at issue is similarly unrelated to
20   the requested information. *Kellman v. Spokeo, Inc.*, No. 3:21-CV-08976-WHO, 2023 WL
21   411353, at *1-2 (N.D. Cal. Jan. 25, 2023) ("[I]t seems doubtful that any information that plaintiffs
22   posted on their private social media accounts is relevant to defend against plaintiffs' claims about
23   unlawful use of their personal information *for commercial purposes and without consent*, and
24   Spokeo provides no authority to support its request."); *Motschenbacher v. R. J. Reynolds Tobacco
25   Co.*, 498 F.2d 821, 824 (9th Cir. 1974) ("It is true that the injury suffered from an appropriation of
26   the attributes of one's identity may be 'mental and subjective'— in the nature of humiliation,
27   embarrassment, and outrage." (quoting *Fairfield v. American Photocopy Equip. Co.*, 138 Cal.
28   App. 2d 82, 86, 291 P.2d 194, 197 (1955))). *See also Martinez v. ZoomInfo Techs. Inc.*, No. C21-

5725 MJP, 2022 WL 1078630, at *5 (W.D. Wash. Apr. 11, 2022) ("[W]hether the underlying information is publicly available does not mean that [defendant's] use of it to advertise its services is exempt from liability." (citing *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001))).[2]

Neither the requested terms and conditions to which Plaintiff agreed nor any other consent Plaintiff gave to these four social media platforms for the use of his name, photo, or likeness is relevant to Plaintiff's claims.

## II. CONCLUSION

Plaintiff need not produce the requested information.

This order disposes of Docket No. 165.

**IT IS SO ORDERED**.

Dated: March 27, 2023

_____
EDWARD M. CHEN
United States District Judge

---

[2] Additionally, the four social media companies' commercial use of Plaintiff's posts would not decrease the fair economic value of Plaintiff's name and likeness; Plaintiff plans to calculate the fair economic value by referencing the revenue Classmates.com and related sites obtains from their use of Plaintiff's name and likeness. *See* Docket No. 165-2 Ex. B, at 8; *Batis v. Dun & Bradstreet Holdings, Inc.*, No. 22-CV-01924-MMC, 2023 WL 1870057, at *3 (N.D. Cal. Feb. 9, 2023) ("[T]he appropriation of the identity of a relatively unknown person . . . may itself create economic value in what was previously valueless." (quoting *Motschenbacher*, 498 F.2d at 825 n.11)). Defendant has not proposed a different method of calculating fair economic value.

4