**By ECF**

Hon. Edward M. Chen
United State District Judge, Northern District of California
San Francisco Courthouse, Courtroom 5-17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

    Re:    *Nolen v. PeopleConnect Inc.*, No. 3:20-cv-09203-EMC

Dear Judge Chen,

Pursuant to paragraph 4 of the Court's Civil Standing Order on Discovery, Plaintiff Alicia Nolen and Defendant PeopleConnect, Inc. submit this joint discovery letter to resolve a dispute regarding a stipulated protective order for Plaintiff's counsel's access to the Classmates.com website contemplated by the Court's July 17, 2023 Order (Dkt. 222) (the "Order"). The parties "me[t] and confer[red]" by video conference and email regarding an agreed on order but no agreement can be reached regarding the issue of the scope of Plaintiff's counsel's access to Classmates.com.[1]

**Plaintiff's Position**: On July 17, this Court wrote that "PeopleConnect shall provide login credentials so that one attorney of record representing Ms. Nolen *can access the current website as a Free Member*," Dkt. 222 (*emphasis added*), and that "Counsel shall be allowed to take screenshots and print screenshots." Dkt. No. 222. The Court also wrote that "the parties shall meet and confer and reach agreement on [] a protective order, providing, *e.g.*, that counsel for Ms. Nolen is being given access for purposes of this litigation only and that counsel is not to use the access to identify putative class members or potential class representatives for this lawsuit." *Id.*

Consistent with the Order, Plaintiff agreed to stipulate that counsel would not use the login credentials to identify putative class members or potential class representatives for this lawsuit or for any other lawsuit or proceeding.[2] However, PeopleConnect refused to provide "access [to] the current website as a Free Member." Instead, PeopleConnect demanded Plaintiff stipulate that, when using the Free Membership, counsel would only access a single yearbook of PeopleConnect's choice: a 1960 yearbook from Griffin, California that PeopleConnect characterized as a "Test" yearbook. PeopleConnect later offered that counsel could also access one additional yearbook from Maine. Such limited access would exclude more than 99% of the yearbooks and yearbook records at issue, including the yearbook in which Plaintiff's photograph appeared. *See* Motion for Class Certification, Kupperberg Decl., Dkt. 198 (the proposed Class comprises individuals appearing in at least 1,053 separate California yearbooks).

Defendant's refusal to provide access to the "current website" as it exists for "Free Member[s]" flouts this Court's Order, which orders that counsel be allowed to "access the current website as a

---

[1] Pursuant to paragraph 4(e) of the Court's Civil Standing Order on Discovery, Exhibit A is Plaintiff's proposed protective order; Exhibit B is Defendant's proposed protective order; Exhibit C is a comparison between Exhibit A and Exhibit B.

[2] PeopleConnect's accusation that Counsel intends to use the website access to find plaintiffs for different cases is unfounded, as is the suggestion that counsel misused discovery. To be clear, they have not.

Free Member." The Court's Order did not contemplate the Defendant cherry-picking specific portions of the website limited to two yearbooks that are not representative of the putative Class.

PeopleConnect's refusal to provide access to the Free Member website denies Plaintiff equal access to evidence she needs to prove her case. For example, PeopleConnect took the position in its Opposition to Class Certification that whether Class members are "identifiable" varies by Class member. To respond, counsel need access to the profiles of all proposed Class members. Plaintiff plans to introduce exhibits gathered from the website showing that, for every Class member, the combination of name, year, and location serve to identify the individual in question. Plaintiff cannot simply rely on the evidence PeopleConnect chose to submit in support of its own arguments while simultaneously denying Plaintiff access to the evidence that might support Plaintiff's position. This is inconsistent with both this Court's Order and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1) (the scope of discovery must take into account "the parties' relative access to relevant information").

Plaintiff also needs access to the Free Member website: (1) to establish and further refine the estimated Class size; (2) to establish that the pre-subscription advertising flow works the same for all Class members; (3) and to develop evidence for trial showing how Plaintiff's and the Class's yearbook records are used to advertise subscriptions to the website.

Plaintiff respectfully requests the Court order PeopleConnect to provide access to the current version of the website that is available to Free Members – as indeed, the Court already has. Plaintiff also requests that the deadline for her Reply in support of Class Certification be moved to a date one week after PeopleConnect in fact supplies the access this Court ordered.

**Defendant's Position:** Despite PeopleConnect's best efforts to avoid another discovery letter, this dispute is necessitated by Plaintiff's counsel's refusal to agree to guardrails that will ensure that their access to the website will be "for purposes of this litigation only" and not to "to identify putative class members or potential class representatives for this lawsuit," as the Court ordered on July 17, 2023. Dkt. 222 at 1. PeopleConnect presented Plaintiff with a proposal for website access with precisely the limitations contemplated by the Order, which Plaintiff rejected out of hand. Plaintiff's counsel failed to answer PeopleConnect's direct questions about whether they shared PeopleConnect's understanding that the Court's Order prohibits them from using website access to identify new plaintiffs in any other cases (in addition to this one) or otherwise using for other lawsuits. The refusal to answer these questions is concerning, especially in light of her counsel's previous refusal to certify as officers of the court that they had not used a confidential list produced by PeopleConnect in this litigation to identify new clients. PeopleConnect believes Plaintiff wants unrestricted access to all yearbooks on the website to find new clients to bring claims in different cases. Her persistence on this issue and shifting justifications despite PeopleConnect's compromises providing Plaintiff exactly what she needs consistent this Court's Order amplifies that concern. The Court should reject Plaintiff's continued attempts to misuse discovery and adopt PeopleConnect's proposed protective order attached as Exhibit B.

To be clear: Exhibit B allows Plaintiff's counsel to have full Free Member account access on the live Classmates.com website to allow them to fully use the website, including capture screenshots and videos as contemplated by the Court's Order and which was their claimed purpose for needing

access. Her counsel will be allowed to access and capture all flows of the live website in three different yearbooks: (1) the 2016 Tulare Union High School yearbook, in which Plaintiff appeared and is the subject of this lawsuit[3]; (2) the 1960 Classmates High School Test yearbook, which PeopleConnect used in its Declaration to demonstrate the flow of the website; and (3) the 2016 Sanford High School Yearbook from Sanford, ME (the same year as Plaintiff's book, added roughly around the same time). It should be noted that the Classmates Test yearbook is an actual 1960 book from Griffin High School in Griffin, GA, and would be accessible through the live website just like another yearbook. Access to these books and all other portions of the website will allow Plaintiff to use all of the functionalities of the website (except for the ones the parties agreed to carve out) and to test PeopleConnect's representations as to the website flow and create screenshots and videos of the same and respond to PeopleConnect's arguments regarding the variability of which names and images are identifiable in her own book.

Although PeopleConnect's proposal for website access more than meets Plaintiff's stated objective to test the flow, Plaintiff now asserts new reasons as to why she needs access to all yearbooks. Those additional arguments ignore the information PeopleConnect has already provided.

***First***, Plaintiff claims that she needs unfettered access to all yearbooks to confirm that the website flows do not vary among yearbooks. Yet her entire case and class certification motion are premised on her assertion that the flow does not vary by yearbook. PeopleConnect does not dispute this, and in fact, offered to so stipulate. PeopleConnect's opposition to class certification shows that the challenged flow does not vary by yearbook. What varies and thus precludes class certification is whether putative class members are identifiable, among other defects. That is evident from Plaintiff's yearbook which PeopleConnect has agreed her counsel can access on the website.

***Second***, now Plaintiff contends she needs full access "to establish and further refine the estimated Class size," but PeopleConnect has already provided her with the number of California yearbooks onsite, *see* PeopleConnect's Resps. & Objs. to ROG Nos. 19 & 20, which is the only information her expert, Clifford Kupperberg, used in estimating the class size. Dkt. 198 at 5. In any event, PeopleConnect does not contest numerosity in this case and is willing to stipulate that numerosity has been satisfied.

***Third***, Plaintiff says she needs access to all yearbooks "to develop evidence for trial" but fails to explain why the complete free member access PeopleConnect is agreeing to provide is insufficient. In any event, PeopleConnect is willing to revisit and amend the terms of the protective order in advance of trial if Plaintiff is successful in certifying a class. To be clear, Plaintiff's counsel will have full access to all of the functionalities of the website; they do not vary based on the yearbook being searched.

PeopleConnect's proposed protective order attached as Exhibit B gives Plaintiff the full access she claims she needs while imposing the appropriate guardrails contemplated by the Court's Order.

---

[3] As required by the Court's Order, PeopleConnect has produced screenshots of the 2016 Tulare Union High School yearbook as it appeared on the website prior to suppression. PeopleConnect already had produced to Plaintiff to substantiate its claims that there have been no changes to the website flow during the relevant time period.