**JENNER & BLOCK LLP**
Benjamin T. Halbig (Cal. Bar. No. 321523)
bhalbig@jenner.com
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone:     628 267-6800
Facsimile:      628 267-6859

**JENNER & BLOCK LLP**
Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
Clifford W. Berlow (*pro hac vice*)
cberlow@jenner.com
353 North Clark Street
Chicago, Illinois 60654
Telephone:     312 222-9350
Facsimile:      312 527-0484

**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar. No. 269109)
kspelman@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:      213 239-5199

*Attorneys for Defendant PeopleConnect, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA NOLEN, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff.<br><br>        v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br>                              Defendant. | Case No.3:20-cv-09203-EMC<br><br>The Honorable Edward M. Chen<br><br>**DEFENDANT PEOPLECONNECT, INC.'S INITIAL OBJECTIONS TO PLAINTIFF'S CLASS NOTICE PLAN** |

**INTRODUCTION**

PeopleConnect, Inc. ("PeopleConnect") submits these initial objections so that the Court has a more complete picture of the problems with the notice plan that Plaintiff provided to PeopleConnect for the first time on the evening of January 9—just two days before the joint status report was due ("Plaintiff's January 9 Notice Plan"). Upon receiving the January 9 Notice Plan, PeopleConnect asked Plaintiff to agree to seek additional time from the Court so that PeopleConnect could thoroughly evaluate Plaintiff's January 9 Notice Plan and further meet and confer to try to address issues that it raised. Plaintiff refused and presented its notice plan to the Court. While PeopleConnect is still evaluating the January 9 Notice Plan, PeopleConnect feels it is important for the Court to have the benefit of PeopleConnect's concerns now and an understanding of why the January 9 Notice Plan is objectionable.

PeopleConnect objects to Plaintiff's January 9 Notice Plan because it is premature, as the class definition has not been finalized and PeopleConnect's Rule 23(f) petition before the Ninth Circuit remains pending. Plaintiff's January 9 Notice Plan also is improper and deficient in substance in at least two ways. First, Plaintiff improperly seeks to compel PeopleConnect to duplicate its Classmates.com website to allow potential class members to conduct self-assessments regarding whether they are searchable at the time they receive notice. This would impose a substantial burden on PeopleConnect to develop another website while not serving the purpose of notice, which is to give notice to potential class members for them to decide whether to opt out or not. Second, the January 9 Notice Plan does not comply with Rule 23(c)(2)(B) because it does not include the timing for opt outs and has an incomplete description of PeopleConnect's key defenses in this case. Plaintiff also does not provide any detail regarding the content and implementation of the website and telephone hotline she proposes in the plan—without which neither PeopleConnect nor the Court can adequately evaluate the efficacy or propriety of these features—and contains extraneous information that is neither necessary nor helpful. For these reasons and as set forth below, the Court should not approve of Plaintiff's proposed class notice plan and should defer further consideration of notice until the resolution of the Rule 23(f) petition.

**BACKGROUND**

On December 14, 2023, the Court conditionally granted Plaintiff's amended motion for class certification. In its Order, the Court determined that Plaintiff's proposed definition would result in

individualized issues predominating and, therefore, ordered the Parties to meet and confer regarding a new class definition and a proposed class notice plan.

As detailed in the joint status report filed earlier today, PeopleConnect asked Plaintiff to provide details on her proposed notice plan on December 15, 2023. Almost two weeks later, on December 28, 2023, Plaintiff's counsel responded that Plaintiff's proposed notice plan would be consistent with "Mr. Weisbrot's declaration" filed with the class certification motion and attached proposed notice language but did not provide any further detail at that time. Plaintiff's proposed notice language included a requirement that PeopleConnect build a copy of its Classmates.com website in order to allow individuals to self-determine if they are searchable on the website—a feature not present or described in Mr. Weisbrot's declaration or ever mentioned before. The same day, PeopleConnect filed a Rule 23(f) petition regarding the Court's Order with the United States Court of Appeals for the Ninth Circuit.

On January 5, 2024, the Parties met and conferred regarding Plaintiff's new class definition and notice plan. During the meet and confer, PeopleConnect's counsel explained the lack of detail in Plaintiff's notice plan prevented PeopleConnect from reasonably reviewing the proposal. On January 9, Plaintiff's counsel provided some additional elements of her proposed class notice plan, including a revised declaration from her notice expert, but refused to agree to ask the Court for additional time for the Parties to further discuss issued raised by the January 9 Notice Plan. Consequently, PeopleConnect has filed the following initial objections with the Court absent the benefit of further conferral to narrow potential issues.

## ARGUMENT

## I. CLASS NOTICE IS PREMATURE WHEN THE CLASS DEFINTION HAS NOT BEEN FINALIZED AND THERE IS A PENDING RULE 23(f) PETITION.

Because the class definition has not been finalized, the class notice plan cannot be finalized. Without a workable class definition, a notice plan cannot be implemented because there is no clarity regarding the potential class members to notify. A notice plan must be designed to reach potential class members included in the class definition. *See Ravens v. Ifitkar*, 174 F.R.D. 651, 655 (N.D. Cal. 1997) (in analogizing to Rule 23's notice requirement, stating that "[t]he basic purpose of [the] notice requirement [under Rule 23(c)(2)] is to 'present a fair recital of the subject matter of the suit and to inform all class members of their opportunity to be heard.'" (quoting *In re Gypsum Antitrust Cases*, 565 F.2d 1123,

ta

---

1125 (9th Cir. 1977)). In fact, as Plaintiff's own notice expert, Mr. Weisbrot, acknowledges: "The class definition is the starting point when developing a notice plan, specifically when identifying a target audience appropriate for that class." Dkt. 264 ¶7. Thus, absent a workable class definition, it is too early to begin the notice process because there is no clear understanding of who the potential class members are.

Moreover, Mr. Weisbrot's supplemental declaration does nothing to account for the change in Plaintiff's class definition, which further evidences the lack of any discernable difference between the Plaintiff's rejected original definition and the latest version. For example, Mr. Weisbrot in his supplemental declaration indicates that he estimates over a 95% reach of class members. *Id.* ¶20. Not only is it unclear how he arrived at this conclusion, but he also arrived at the *same* estimate for this new class definition as he had for the *prior* class definition that the Court has rejected. *Compare id. with* Dkt. 197 ¶¶19–21. Plaintiff's own expert seems to believe that the new class definition is identical to the definition that the Court denied. In failing to note any differences between these versions of the class definition, Plaintiff tacitly concedes that her new definition has made no difference and, therefore, remains as problematic as the original.

Regardless of whether there is a workable class definition or not, class notice is still inappropriate given the pending Rule 23(f) petition before the Ninth Circuit. Developing and implementing a notice plan while a Rule 23(f) petition remains pending is a potential waste of the Parties' and the Court's resources and also raises a significant risk of confusion to potential class members if the certification order is reversed on appeal. Courts routinely stay proceedings during the pendency of a Rule 23(f) petition for exactly these reasons. *E.g.*, *Gray v. Golden Gate Nat'l Recreational Area*, No. C 08-00722, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011) (staying district court proceedings pending 23(f) petition to "avoid wasting resources on a class action litigation which might be changed in scope on appeal"); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) (staying district court proceedings pending 23(f) petition to conserve resources and avoid "confusion among class members" if notice was issued during appeal, but certification order reversed). To approve Plaintiff's deficient and improper class notice plan now threatens to sow confusion among potential class members and drain resources of all involved.

## II.   PLAINTIFF'S REQUIREMENT FOR PEOPLECONNECT TO REPLICATE ITS WEBSITE PLACES AN UNREASONABLE BURDEN ON PEOPLECONNECT AND IS IMPROPER AT THE NOTICE STAGE.

Rule 23 requires class notice to provide potential class members with information about the lawsuit and an opportunity to opt out. *See* Fed. R. Civ. P. 23(c)(2)(B). Proposals that do not comport with these requirements are not proper in a class notice. *See Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200-HSG, 2019 WL 1512265, at *4 (N.D. Cal. Apr. 8, 2019) (denying plaintiff's proposal to include press release as part of notice plan because it "would not provide any supplemental value in reaching class members and would be substantially overinclusive, especially in a case that is localized geographically"). The question of whether a particular class member is in fact eligible to recover goes to the actual merits of an individual's claim and is inappropriate for class notice. *Cf. Jacobs v. Sea-Land Serv., Inc.*, No. C-76-2772-WAI, 1980 WL 141, at *3 (N.D. Cal. Feb. 22, 1980) (rejecting plaintiff's request to have defendant bear cost of class notice "prior to adjudication on the merits").

Here, Plaintiff would have PeopleConnect reconstruct its entire Classmates.com website in order to allow individuals to determine if they are searchable. In other words, Plaintiff's proposed a new feature—not present in either of Mr. Weisbrot's declarations or any of Plaintiff's filings related to class certification—where the Parties would provide individuals with the ability to determine if they have appeared in a search result on Classmates.com without visiting the website itself. Plaintiff's proposal would impose an unreasonable burden on PeopleConnect to build another version of the Classmates.com website. Plaintiff would have PeopleConnect provide the search engine, the search results, and all the information included therein on an entirely new site. Plaintiff fails to explain why mandating that PeopleConnect take on that substantial and expensive effort to reproduce its entire website is at all helpful to notifying potential class members about the litigation and providing them an opportunity to opt out.

More fundamentally, this requirement is wholly untethered from the purpose of the class notice. Again, the focus at this stage of the litigation is solely on informing potential class members of the lawsuit and providing them an opportunity to opt out. *See* Fed. R. Civ. P. 23(c)(2)(B). This is not the time to verify or validate class membership or claims. Just like the notice plan does not now require potential class members to provide information to attempt to validate that they have never been a registered Classmates.com member or attempt to validate their name or California residency, the notice plan need not

provide potential class members a mechanism to determine if they are searchable at the time that they perform the search. This would be an extraneous requirement, at significant expense, that does not further the purpose of class notice. *See Schneider*, 2019 WL 1512265, at *4. A new manufactured website does not actually bear on searchability on Classmates.com, nor would a potential class member's self-search bear on whether they may have a claim. Even then, potential class members also face a gauntlet of other individualized issues that remain unanswered, including whether they ever consented to the use and whether they are even identifiable. Those questions, like searchability, are all merits determinations, not issues to be resolved in advising class members of their right to opt out. In sum, Plaintiff's proposal of a forced duplication of the Classmates.com website does not facilitate the purpose of class notice. The Court should not condone such an irrelevant and unhelpful provision of the class notice plan, particularly given the onus it places on PeopleConnect.

## III.   PLAINTIFF'S PROPOSED CLASS NOTICE LANGUAGE DOES NOT COMPORT WITH RULE 23(c)(2)(B) AND CONTAINS IMPRECISE AND IRRELEVANT STATEMENTS.

Rule 23(c)(2)(B) provides the requirements needed in a notice including:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Plaintiff's proposed notice fails to meet these requirements.

*First*, Plaintiff fails to provide the timing required to opt out. Without this information, PeopleConnect and the Court cannot determine whether the opt out period is reasonable. *See Shin*, 2019 WL 2515827, at *7.

*Second*, Plaintiff fails to include a key defense in this case regarding the consent element of § 3344. PeopleConnect maintains that individuals who have signed certain consents with their school (or whose parents have signed on their behalf) do not have a claim. Further, anyone who has agreed to the Terms of Service has consented. Plaintiff fails to articulate this important defense that would affect a significant number of potential class members and affect their decision to be part of the class or opt out. This particular

1    defense is of critical importance given the individualized issues surrounding the various forms of consent,

2    as PeopleConnect has demonstrated.

3    *Third*, a class notice plan should include "details about the proposed method of giving notice." *See*

4    Advisory Committee Notes on Rule 23(c)(2) (2018). Absent such information, the Court "cannot assess

5    the reasonableness and efficacy of the proposed notice plan" let alone agree to such a barebones plan. *See*

6    *Shin v. Plantronics, Inc.*, No. 18-cv-05626-NC, 2019 WL 2515827, at *7 (N.D. Cal. June 17, 2019); *see*

7    *also Hawkins v. Kroger Co.*, No. 15cv2320 JM (AHG), 2021 WL 2780647, at *5 (S.D. Cal. July 2, 2021)

8    (rejecting class notice plan where class counsel failed to explain why publication notice through social

9    media and a local newspaper was best method for provided notice to potential class members).

10   In the January 9 Notice Plan, Plaintiff states that there will be a website for the class and a toll-free

11   hotline telephone number. But she fails to provide any information about what the website would look like

12   and what information it would contain. Without a clear understanding of the content of the website and its

13   structure, PeopleConnect cannot adequately analyze it for any potentially objectionable material, nor can

14   the Court assess the efficacy of the website. Moreover, Plaintiff also does not elaborate on how the

15   proposed telephone hotline would operate, including a draft of the script that operators would use to provide

16   information about the lawsuit or how they would receive opt outs. Again, without these details,

17   PeopleConnect and the Court are both left without the ability to determine the efficacy of Plaintiff's

18   proposed notice plan. *See Shin*, 2019 WL 2515827, at *7.

19   *Fourth*, both the short and long notices contain information that is irrelevant to the needs of a class

20   notice. Plaintiff's proposed language contains at the top of the notice in bold, all caps an ominous warning

21   commanding potential class member on what to do: "**[D]o not visit the Defendant's website in response

22   to this notice. Do not register for an account on that website**." Ostensibly, Plaintiff's counsel claims

23   this is relevant to the class notice because of PeopleConnect's argument that individuals who agree to the

24   Terms of Service must arbitrate their claims. Not only is such a warning not required under Rule

25   23(c)(2)(B), but it also fails to properly contextualize the issue. This is an affirmative defense

26   PeopleConnect has raised and, therefore, should be included in the discussion later in the notice along with

27   the other defenses that Plaintiff describes. Plaintiff has not explained why this particular affirmative

28   defense warrants special treatment such that it should be featured front and center at the beginning of the

class notice. Moreover, the emphasis should not be on mandating potential class members avoid the website entirely—rather, it should state that if class members wish to preserve their claims, they may want to consider taking steps to protect their claims. Because Plaintiff's language is misleading and imprecise, PeopleConnect objects to this language.

Given these multiple deficiencies, and others that will become clear as Plaintiffs provide more information, the notice plan should not be approved until Plaintiff can revise the notice to comply with Rule 23(c)(2)(B).

## CONCLUSION

For the reasons stated above, the Court should reject Plaintiff's premature and deficient class notice plan.

Dated:  January 11, 2024

JENNER & BLOCK LLP

By: /s/ *Debbie L. Berman*

Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Wade A. Thomson (*pro hac vice*)
wthomson@jenner.com
Clifford W. Berlow (*pro hac vice*)
cberlow@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Telephone:     312 222-9350
Facsimile:     312 527-0484

Benjamin T. Halbig (Cal. Bar. No. 321523)
bhalbig@jenner.com
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone:     628 267-6800
Facsimile:     628 267-6859

Kate T. Spelman (Cal. Bar. No. 269109)
kspelman@jenner.com
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:     213 239-5199

*Attorneys for Defendant PeopleConnect, Inc.*