UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA NOLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>PEOPLECONNECT, INC.,<br><br>        Defendant. | Case No. 20-cv-09203-EMC<br><br>**ORDER RE CLASS DEFINITION AND CLASS NOTICE**<br><br>Docket Nos. 262, 266 |

        The Court has received the parties' status report and related filings regarding the results of their meet and confer on class definition and class notice. *See* Docket Nos. 262-66. The Court had previously ordered the meet and confer after it conditionally granted Ms. Nolen's motion for class certification.

        Having reviewed those filings, the Court finds that the parties have failed to meet and confer in good faith. The Court therefore orders the parties to further meet and confer with the warning that a party that does not act in good faith risks being sanctioned. To assist the parties in their meet and confer, the Court provides some guidance below.

        First, to the extent PeopleConnect suggests it would be better to defer the meet and confer because it has asked the Ninth Circuit to permit an appeal of the class certification order, the Court rejects that position. Rule 23(f) provides that "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). PeopleConnect has not filed a motion to stay proceedings based on its request for an appeal. It cannot informally seek a stay via a status report. Moreover, PeopleConnect has made no attempt to address the factors that are considered where a request for a stay is made pursuant to Rule 23(f).

*See Garvey v. Kmart Corp.*, No. C 11-02575 WHA, 2012 U.S. Dist. LEXIS 119024, at *2 (N.D. Cal. Aug. 22, 2012) ("Under Rule 23(f), an appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders. In deciding whether to stay this action, the following four factors should be weighed: (1) likelihood of success on the merits of the appeal; (2) harm to the defendant in the absence of a stay; (3) harm to the plaintiff if stayed; and (4) public interest."). Finally, the Court notes that, in some respects, PeopleConnect has effectively obtained, or is effectively obtaining, a stay of proceedings by taking some unreasonable positions during the parties' meet and confer.

Second, with respect to the issue of class definition, the Court finds helpful Judge Chhabria's comments regarding class definition:

> [I]t must be at least "possible" that each class member suffered an injury at the hands of the defendant. More generally, the class definition must be "reasonably co-extensive" with the plaintiff's "chosen theory of liability." If the proposed class includes a distinct subset of members who were not misled, who were not injured, who could not possibly recover, and who would be easy to weed out at the front end, then the proposed class membership does not "fit the theory of legal liability."

*Jensen v. Natrol, LLC*, No. 17-cv-03193-VC, 2020 U.S. Dist. LEXIS 13214, *1-2 (N.D. Cal. Jan. 27, 2020). In light of these comments, the definition proposed by Ms. Nolen – though not perfect – provides at least a solid starting point for the parties' meet and confer. Ms. Nolen proposes: "All persons residing in the State of California who: (1) are not registered users of Classmates.com; (2) have never donated a yearbook to Classmates.com; (3) whose names are or were searchable on the Classmates.com website, where "searchable" means that a search for their name yields at least one result identifying them by name, school, and year of attendance; and (4) where at least one such result became searchable for the first time on or after December 18, 2018." The third and fourth elements likely need some modification – *e.g.*, it is not clear to the Court that "searchable" needs to be defined and Ms. Nolen's definition of "searchable" seems to get into a different issue (that of reasonable identifiability). It may also be helpful to clarify that a search is conducted, through use of a search bar, of a yearbook(s) made available on the Classmates.com website.

Third, regarding class notice, the Court sees no need to defer a meet and confer on class

notice until after the class definition is fixed with 100% precision.  The form of notice and method of delivery will not likely turn on the precise definition of the class.  Also, unless PeopleConnect is arguing, *e.g.*, that a person who simply visits and browses Classmates.com is bound to the Terms of Service, including the arbitration agreement, the parties should be able to work out language for the class notice that, *e.g.*, becoming a registered user of Classmates.com will take a person outside of the class definition.

With the above guidance, the Court expects that the parties should be able to work out any differences and reach agreement on a class definition and class notice.  In stipulating to a class definition, PeopleConnect can still reserve its right to argue on appeal certification of the class.  The parties shall report back on the results of their meet and confer within two weeks of the date of this order.

**IT IS SO ORDERED**.

Dated: January 19, 2024

_____
EDWARD M. CHEN
United States District Judge